# Supreme Court of Florida

_____

No. SC15-44
_____

**IN RE:  AMENDMENTS TO THE FLORIDA SUPREME COURT APPROVED FAMILY LAW FORMS.**

[November 19, 2015]

PER CURIAM.

This matter is before the Court for consideration of amendments to the Florida Supreme Court Approved Family Law Forms.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

Under Amendments to the Florida Family Law Rules of Procedure & Family Law Forms, 810 So. 2d 1, 13-14 (Fla. 2000), the Court internally reviews and maintains the Florida Supreme Court Approved Family Law Forms.  Previously in this case, we adopted amendments to the family law forms in response to the implementation of e-service and e-filing.  Language was added to the instructions sections of the forms to explain e-service and e-filing; e-mail was added as method of service to the certificate of service for forms not requiring personal service; information about e-service and e-filing procedures was added to the General

Instructions for Self-Represented Litigants. Several forms were also amended in response to recent Court opinions or statutory changes; and amendments were made to update the "nonlawyer clause" and the certificate of service in a number of forms. A post-adoption sixty-day period was provided for interested persons to file comments with regard to the amendments. Two comments were filed—one from attorney Mark E. Sullivan, and the other from the Family Law Rules Committee.

Upon consideration of the comments and input from the Advisory Workgroup on the Florida Supreme Court Approved Family Law Forms, we adopt additional amendments to add the following language to the instructions sections of the forms:

> If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

Accordingly, the Florida Supreme Court Approved Family Law Forms are hereby amended as set forth in the appendix to this opinion, fully engrossed, effective for immediate use. The forms may also be accessed and downloaded from the Florida State Courts' website at http://www.flcourts. org/resources-and-services/court-improvement/problem-solving-courts/family-courts/family-law-

forms.stml.  By adoption of the amended forms, we express no opinion as to their correctness or applicability.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Supreme Court Approved Family Law Forms

Mark E. Sullivan of Sullivan & Tanner, P.A., Raleigh, North Carolina; Charles Cole Jeffries, Jr., Chair, Family Law Rules Committee, Tampa, Florida; Elizabeth Ann Blackburn, Past Chair, Family Law Rules Committee, Daytona Beach, Florida; John F. Harkness, Jr., Executive Director, and Gregory A. Zhelesnik, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

Responding with Comments

# APPENDIX

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(1),
## PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)  (11/15)

## When should this form be used?

This form should be used when a husband or wife is filing for a **dissolution of marriage** and you and your spouse have a dependent or minor child(ren) together or the wife is pregnant.  You and/or your **spouse** must have lived in Florida for at least 6 months before filing for a dissolution in Florida.  You must **file** this form if the following is true:

- You and your spouse have a dependent or minor child(ren) together or the wife is pregnant.

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public or deputy clerk.**  You should file the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.  Because you are filing the **petition** in this proceeding, you may also be referred to as the **petitioner** and your spouse as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify your spouse of the **petition**.  If you know where he or she lives, you should use **personal service**.  If you absolutely do not know where he or she lives, you may use **constructive service**.  You may also be able to use constructive service if your spouse resides in another state or country.  However, if constructive service is used, other than granting a divorce, the court may only grant limited relief, which cannot include either spousal support (alimony) or child support. For more information on constructive service, see **Notice of Action for Family Cases with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.913(a)(2), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b).  If your spouse is in the military service of the United States, additional steps for service may be required.  See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b).  In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage  with Dependent  or Minor Child(ren)  (11/15)

- 4 -

If personal service is used, your spouse has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT.** If after 20 days, your spouse has not filed an **answer**, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED.** If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse's income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you and your spouse have reached an agreement on any or all of the issues.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed with the petition if the petitioner seeks to establish child support. Otherwise, it must be filed within 45 days of service of the petition on the respondent.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
- **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), (b), or (c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren)  (11/15)

- 6 -

**Parenting Plan and Time-Sharing... If** you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.

A **parenting course** must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.

Listed below are some terms with which you should become familiar before completing your petition. **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support…** The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Alimony…** Alimony may be awarded to a spouse if the judge finds that he or she has an actual need for it and also finds that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony**, **bridge-the-gap alimony, durational alimony, lump sum alimony**, or **rehabilitative alimony**.

**Marital/Nonmarital Assets and Liabilities…** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. "Equitable" does not necessarily mean "equal." Many factors, including child support, time-sharing, and alimony awards, may lead the court to make an unequal (but still

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 7 -

equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Temporary Relief…** If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.

**Marital Settlement Agreement…** If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a **notary public** or **deputy clerk**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Parenting Plan…** In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file one of the following: **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), **Safety-Focused Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(b), or **Relocation/Long-Distance Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(c), which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. If the parties are unable to agree, a **Parenting Plan will be established by the court.**

**Final Judgment Form…** These family law forms contain a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer…** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 8 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

In re: The Marriage of:

_____,

Husband,

and

_____,

 Wife.

# PETITION FOR DISSOLUTION OF MARRIAGE WITH
# DEPENDENT OR MINOR CHILD(REN)

     I, *{full legal name}* _____, the
*{**Choose only one**}*
_____ Husband _____ Wife, being sworn, certify that the following statements are true:

1.  JURISDICTION/RESIDENCE
_____Husband _____ Wife _____ Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.

2.  The husband _____ is or _____ is not a member of the military service.
The wife  _____ is or _____ is not a member of the military service.

3.  MARRIAGE HISTORY
     Date of marriage: *{month, day, year}* _____
Date of separation: *{month, day, year}*_____ (____Please indicate if approximate)
     Place of marriage: *{county, state, country}* _____

4.  DEPENDENT OR MINOR CHILD(REN)
*{Choose **all** that apply}*
     a.  _____ The wife is pregnant.  Baby is due on: *{date}* _____
     b.  _____ The minor (under 18) child(ren) common to both parties are:

**Name**                                                                                    **Birth date**

_____
_____
_____

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren)  (11/15)

_____
_____
_____

c._____ The minor child(ren) born or conceived during the marriage who are **not** common to both parties are:

**Name**                                                                                      **Birth date**

_____

_____

The birth father(s) of the above minor child(ren) is (are) *{name and address}* _____

_____

d._____The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical disability are:

**Name**                                                                                      **Birth date**

_____

_____

5.  A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) *{choose only **one**}* _____ is filed with this petition or _____ will be timely filed.

6.  A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition. (You **must** complete and attach this form in a dissolution of marriage with minor child(ren)).

7.  A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

8.  This petition for dissolution of marriage should be granted because:
*{Choose only **one**}*
    a.   _____ The marriage is irretrievably broken.
    b.   _____ One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this petition.  A copy of the Judgment of Incapacity is attached.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**

1.  _____ There are no marital assets or liabilities.

**OR**

2.  _____ There are marital assets or liabilities.  All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), filed in this case.
    *{Indicate **all** that apply}*
a._____ All marital assets and liabilities have been divided by a written agreement between the parties, which is attached, to be incorporated into the final judgment of dissolution of marriage. (The parties

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent  or Minor Child(ren)  (11/15)

- 10 -

may use Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).

b.\_\_\_\_\_ The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.

c.\_\_\_\_\_ Husband \_\_\_\_\_Wife  should be awarded an interest in the other spouse's property    because:
_____
_____
_____
_____

**SECTION II.  SPOUSAL SUPPORT (ALIMONY)**

1. **\_\_\_\_\_  Husband  \_\_\_\_\_Wife forever gives up his/her right to spousal support (alimony) from the other spouse**.

**OR**

2. \_\_\_\_\_ Husband \_\_\_\_\_Wife requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has an actual need for the support that he or she is requesting **and that the other spouse has the ability to pay that support**.  Spousal support (alimony) is requested in the amount of $_____ every \_\_\_\_\_ week \_\_\_\_\_ other week \_\_\_\_\_ month, beginning *{date}* _____ and continuing until *{date or event}* _____.
*{Explain why the Court should order \_\_\_\_Husband \_\_\_\_Wife to pay, and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum}:*

3. \_\_\_\_\_Other provisions relating to alimony, including any tax treatment and consequences:
_____
_____
_____.

4. \_\_\_\_\_ Husband \_\_\_\_\_ Wife requests life insurance on the other spouse's life, provided by that spouse, to secure such support.

**SECTION III.  PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING**

1.  The minor child(ren) currently reside(s) with \_\_\_\_\_ Mother \_\_\_\_\_ Father \_\_\_\_\_ Other: *{explain}*

2.  **Parental Responsibility.**  It is in the child(ren)'s best interests that parental responsibility be: *{Choose only **one**}*

    a.  \_\_\_\_ shared by both Father and Mother.

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren)  (11/15)

b. _____ awarded solely to _____ Father _____ Mother.  Shared parental responsibility would
be  detrimental to the child(ren) because:_____
_____
_____
_____.

3.  **Parenting Plan and Time-Sharing.**
It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting
Plan that _____ includes _____ does not include parental time-sharing with the child(ren).  The
Petitioner states that it is in the best interests of the child(ren) that:

*{Choose only **one**}*
a._____ The attached proposed Parenting Plan should be adopted by the court.  The parties
*{Choose only one}* _____ have _____ have **not** agreed to the Parenting Plan.

b._____ The court should establish a Parenting Plan with the following provisions:
_____ No time-sharing for the _____ Father_____ Mother.
_____ Limited time-sharing with the _____Father_____Mother.
_____ Supervised Time-Sharing for the _____ Father_____ Mother.
_____ Supervised or third-party exchange of the child(ren).
_____ Time-Sharing Schedule as follows:

_____
_____
_____

4.   Explain why this request is in the best interests of the child(ren):
_____
_____
_____
_____
_____.

**SECTION IV.  CHILD SUPPORT**
*{Choose **all** that apply}*
1.  _____ Husband _____Wife requests that the Court award child support as determined by Florida's
child support guidelines, section 61.30, Florida Statutes.  A completed Child Support Guidelines
Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), _____ is, or _____ will be
filed.  Such support should be ordered retroactive to:
a.   _____ the date of separation *{date}* _____.
b.   _____ the date of the filing of this petition.
c.   _____ other *{date}*_____ *{explain}* _____.

2.  _____ Husband _____Wife  requests that the Court award child support to be paid beyond the age
of 18 years because:
a._____ the following child(ren) *{name(s)}* _____
is (are) dependent because of a mental or physical incapacity which began before the age of 18.
*{explain}* _____
_____.

b._____ the following child(ren) *{name(s)}*_____is (are) dependent in fact, is (are) in high school, and are between the ages of 18 and 19; said child(ren) is (are) performing in good faith with reasonable expectation of graduation before the age of 19.

3. _____Husband _____ Wife requests that the Court award a child support amount that is more than or less than Florida's child support guidelines and understands that a Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, **must** be filed before the Court will consider this request.

4. _____Husband _____Wife requests that medical/dental insurance for the minor child(ren) be provided by:
*{Choose only **one**}*
   a. _____ Husband.
   b. _____ Wife.

5. _____Husband _____ Wife requests that uninsured medical/dental expenses for the child(ren) be paid:
*{Choose only **one**}*
   a. _____by Husband.
   b. _____by Wife .
   c. _____by Husband and Wife equally [each pay one-half].
   d. _____according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
   e. _____Other *{explain}*: _____
_____
_____

6. _____Husband _____Wife requests that life insurance to secure child support be provided by the other spouse.

**SECTION V. OTHER**
1. _____ Wife requests to be known by her former name, which was *{full legal name}*:
_____.

2. Other relief *{specify}*:
_____
_____
_____
_____

**SECTION VI. REQUEST** (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)

_____Husband ____Wife requests that the Court enter an order dissolving the marriage **and**:
*{Indicate **all** that apply}*
1. _____distributing marital assets and liabilities as requested in Section I of this petition;

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 13 -

2. ____awarding spousal support (alimony) as requested in Section II of this petition;
3. ____ adopting or establishing a Parenting Plan containing provisions for parental responsibility and time-sharing for the dependent or minor child(ren) common to both parties, as requested in Section III of this petition;
4. ____establishing child support for the dependent or minor child(ren) common to both parties, as requested in Section IV of this petition;
5. ____restoring Wife's former name as requested in Section V of this petition;
6. ____awarding other relief as requested in Section V of this petition; and any other terms the Court deems necessary.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated_____

_____
Signature of _____ HUSBAND _____WIFE

Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____

Designated E-mail Address(es): _____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____

_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*
____    Personally known
____    Produced identification
        Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Husband (    ) Wife
This form was completed with the assistance of:
*{name of individual}*_____,

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren)  (11/15)

- 14 -

*{name of business}* _____,
*{address}* _____,
*{city}*_____*{state}*_____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 15 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(2) PETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)(11/15)

## When should this form be used?

This form may be used when a husband or wife is filing for a **dissolution of marriage**, and the husband and wife have **marital assets** and/or **marital liabilities** but they do not have any dependent children nor is the wife pregnant.  You and/or your **spouse** must have lived in Florida for at least 6 months before filing for a dissolution in Florida.  If you and your spouse agree on all issues and both can attend the hearing, you may want to file a **Petition for Simplified Dissolution of Marriage,** Florida Family Law Rules of Procedure Form 12.901(a). However, you cannot file for a simplified dissolution of marriage if **any** of the following are true:

- You disagree about property, debts, or other matters and wish to have a judge settle them for you.
- Either you or your spouse is seeking support (**alimony**).
- You would like to ask questions and get documents concerning your spouse's income, expenses, assets, debts, or other matters before having a trial or settlement.
- You would like to reserve your rights to have any matters reconsidered or appeal the judge's decision.

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or **deputy clerk**.  You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.  Because you are filing the **petition** in this proceeding, you may also be referred to as the **petitioner** and your spouse as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify your spouse of the **petition**.  If you know where he or she lives, you should use **personal service**.  If you absolutely do not know where he or she lives, you may use **constructive service**.  You may also be able to use constructive service if your spouse resides in another state or country.  However, if constructive service is used, other than granting a divorce, the court may only grant limited relief which cannot include spousal support (alimony).  For more information on constructive service, see **Notice of Action for Dissolution of Marriage (No Child or Financial Support)**,

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

- 16 -

Florida Supreme Court Approved Family Law Form 12.913(a)(1), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

If personal service is used, your spouse has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT...** If after 20 days, your spouse has not filed an **answer**, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
**UNCONTESTED...** If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. .** If you elect to participate in electronic service, which means serving or

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

- 17 -

receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

With this form, you must also file the following:

- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) **OR** photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you and your spouse have reached an agreement on any or all of the issues.
- **Notice of Social Security Number,** Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

- 18 -

**Alimony...** Alimony may be awarded to a spouse if the judge finds that he or she has an actual need for it and also finds that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony, bridge-the-gap alimony, durational alimony, lump sum alimony**, or **rehabilitative alimony**.

**Marital/Nonmarital Assets and Liabilities...** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. "Equitable" does not necessarily mean "equal." Many factors, including alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Temporary Relief...** If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, or temporary alimony, you may file a **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form.

**Marital Settlement Agreement...** If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with Property But No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both husband and wife must sign this agreement before a **notary public** or **deputy clerk**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Final Judgment Form...** These family law forms contain a **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(2). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

- 19 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In re: the Marriage of:

Case No: _____
Division: _____

_____,
Husband,
        and

_____,
Wife.


# PETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)


I, *{full legal name}* _____, the
*[Choose **one** only]* (      ) Husband (      ) Wife, being sworn, certify that the following statements are true:

1.  JURISDICTION/RESIDENCE
_____ Husband _____ Wife _____ Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.

2.  The husband _____ is or _____ is not a member of the military service.
The wife _____ is or _____ is not a member of the military service.

3.  MARRIAGE HISTORY
Date of marriage: *{month, day, year}* _____
Date of separation: *{month, day, year}* _____ {_____*Please indicate if approximate*}
Place of marriage: *{county, state, country}* _____

4.  THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.

5.  A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

6.  THIS PETITION FOR DISSOLUTION OF MARRIAGE SHOULD BE GRANTED BECAUSE:

    a.  _____ The marriage is irretrievably broken.
**OR**

Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

- 20 -

b. _____ One of the parties has been adjudged mentally incapacitated for a period of 3 years before the filing of this petition.  A copy of the Judgment of Incapacity is attached.

## SECTION I.  MARITAL ASSETS AND LIABILITIES

1. _____ There are no marital assets or liabilities.

   **OR**

*2.* _____ There are marital assets or liabilities.  All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case*.*
   *[Indicate **all** that apply]*
   a. _____ All marital assets and debts have been divided by a written agreement between the parties, which is attached to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Simplified Dissolution of Marriage, Florida Family Law Rules of Procedure Form 12.902(f)(3) or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2)).

   b. _____ The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.

   c. _____Husband _____Wife  should be awarded an interest in _____ the other spouse's property because:_____
   _____
   _____.

## SECTION II.  SPOUSAL SUPPORT (ALIMONY)

1. _____ **Husband _____ Wife forever gives up his/her right to spousal support (alimony) from the other spouse.**

   **OR**

2. _____ Husband _____Wife requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has an actual need for the support that he or she is requesting **and that the other spouse has the ability to pay that support**.  Spousal support (alimony) is requested in the amount of $ _____ every (    ) week (    ) other week (    ) month, beginning *{date}* _____and continuing until *{date or event}* _____.
   *{Explain why the Court should order _____Husband _____Wife to pay and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum}*:
   _____
   _____
   _____

Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

- 21 -

_____
_____
_____.

3._____Other provisions relating to alimony including any tax treatment and consequences:
_____
_____
_____

4._____ Husband _____Wife requests life insurance on the other spouse's life, provided by that spouse, to secure such support.

**SECTION III.  OTHER**

1.    _____Wife requests to be known by her former name, which was *{full legal name}*
_____.

2.   Other relief *{specify}*: _____.
_____
_____

**SECTION IV.   REQUEST**
 (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)
_____Husband _____Wife requests that the Court enter an order dissolving the marriage **and**:
*[Indicate **all** that apply]*

1.    ____ distributing marital assets and liabilities as requested in Section I of this petition;

2.    ____ awarding spousal support (alimony) as requested in Section II of this petition;

3.    ____ restoring Wife's former name as requested in Section III of this petition;

4.    ____ awarding other relief as requested in Section III of this petition; and any other terms the Court deems necessary.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated: _____               _____
                                                Signature of _____ HUSBAND _____ WIFE

Printed Name: _____

                                                Address: _____
                                                City, State, Zip: _____
                                                Telephone Number: _____
                                                Fax Number: _____
                                                Designated E-mail Address(es): _____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                                _____
                                                NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*
_____ Personally known
_____ Produced identification
_____ Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Husband (    ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____*{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

- 23 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(3)
## PETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY
## (11/15)

### When should this form be used?

This form may be used when a husband or wife is filing for a **dissolution of marriage**, and the husband and wife have no **marital assets** and/or **marital liabilities** and they do not have any dependent children nor is the wife pregnant.  You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida.  If you and your spouse agree on all issues and both can attend the hearing, you may want to file a **Petition for Simplified Dissolution of Marriage,** Florida Family Law Rules of Procedure Form 12.901(a).  However, you may use this form if **all** of the following are true:

- You have no marital assets or marital debts.
- Neither you nor your spouse is seeking support (alimony).

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or **deputy clerk**.  You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.  Because you are filing the **petition** in this proceeding, you may also be referred to as the **petitioner** and your spouse as the **respondent.**

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

### What should I do next?

For your case to proceed, you must properly notify your spouse of the **petition**.  If you know where he or she lives, you should use **personal service**.  If you absolutely do not know where he or she lives, you may use **constructive service**.  You may also be able to use constructive service if your spouse resides in another state or country.  However, if constructive service is used, other than granting a divorce, the court may only grant limited relief, which cannot include spousal support (alimony).  For more information on constructive service, see **Notice of Action for Dissolution of Marriage (No Child or Financial Support)**, Florida Supreme Court Approved Family Law Form 12.913(a)(1), and **Affidavit of Diligent Search and**

Instructions to Florida Supreme Court Approved Family Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (11/15)

- 24 -

**Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

If personal service is used, your spouse has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT...** If after 20 days, your spouse has not filed an **answer**, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED...** If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. .** If you elect to participate in electronic service, which means serving or

Instructions to Florida Supreme Court Approved Family Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (11/15)

- 25 -

receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

With this form, you must also file the following:

- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) **OR** photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)

**Final Judgment Form...** These family law forms contain a **Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you

Instructions to Florida Supreme Court Approved Family Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (11/15)

- 26 -

need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions to Florida Supreme Court Approved Family Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (11/15)

- 27 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In re: the Marriage of:

Case No: _____

Division: _____

_____,
Husband,
     and

_____,
Wife.


# PETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY


I, *{full legal name}* _____, the
*[Choose only **one**]* _____ Husband _____ Wife, being sworn, certify that the following statements are true:

1.  JURISDICTION/RESIDENCE
_____ Husband _____ Wife _____ Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.

2.  The husband _____ is or _____ is not a member of the military service.
The wife _____ is or _____ is not a member of the military service.

3.  MARRIAGE HISTORY
Date of marriage: *{month, day, year}* _____
Place of marriage: *{county, state, country}*_____

4.  THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.

5.  A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

6.  THIS PETITION FOR DISSOLUTION OF MARRIAGE SHOULD BE GRANTED BECAUSE:

    a. _____ The marriage is irretrievably broken.
**OR**
    b. _____ One of the parties has been adjudged mentally incapacitated for a period of 3 years before the filing of this petition.  A copy of the Judgment of Incapacity is attached.

7.  THERE ARE NO MARITAL ASSETS OR LIABILITIES.

Florida Supreme Court Approved Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (11/15)

8.    _____**HUSBAND** _____ **WIFE FOREVER GIVES UP HIS/HER RIGHTS TO SPOUSAL SUPPORT (ALIMONY) FROM THE OTHER SPOUSE.**

9.    _____Wife requests to be known by her former name, which was *{full legal name}*
_____.

10. Other relief *{specify}*: _____
_____
_____
_____
_____
_____.

 **REQUEST**

(This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)

_____Husband _____Wife requests that the Court enter an order dissolving the marriage **and**:

*[Indicate all that apply]*

1.    ____ restoring Wife's former name as specified in paragraph 9 of this petition;

2.    ____ awarding other relief as specified in paragraph 10 of this petition; and any other terms the Court deems necessary.

Florida Supreme Court Approved Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (11/15)

- 29 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated: _____                _____

                                                 Signature of _____ HUSBAND _____ WIFE

Printed Name: _____

                                                 Address: _____

                                                 City, State, Zip: _____

                                                 Telephone Number: _____

                                                 Fax Number: _____

                                                 Designated E-mail Address(es): _____



STATE OF FLORIDA

COUNTY OF _____


Sworn to or affirmed and signed before me on _____ by_____.


                                                 _____

                                                 NOTARY PUBLIC or DEPUTY CLERK


_____

*{Print, type, or stamp commissioned name of notary or deputy clerk.}*

_____    Personally known

_____    Produced identification

_____    Type of identification produced _____



**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Husband (    ) Wife

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____,*{state}* _____,*{zip code}*_____,*{telephone number}* _____.


Florida Supreme Court Approved Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(d) UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (UCCJEA) AFFIDAVIT (11/15)

## When should this form be used?

This form should be used in any case involving custody of, visitation with, or time-sharing with any minor child(ren). This **affidavit** is **required** even if the custody of, visitation, or time-sharing with the minor child(ren) are not in dispute.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should then **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org

Instructions for Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (11/15)

- 31 -

through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see sections 61.501-61.542, Florida Statutes.

## Special notes...

Chapter 2008-61, Laws of Florida, effective October 1, 2008, eliminated such terms as custodial parent, noncustodial parent, primary residential parent, secondary residential parent, and visitation from Chapter 61, Florida Statutes. Instead, parents are to develop a Parenting Plan that includes, among other things, their time-sharing schedule with the minor child(ren). If the parents cannot agree, a parenting plan will be established by the Court. However, because the UCCJEA uses the terms custody and visitation, they are included in this form.

If you are the petitioner in an injunction for protection against domestic violence case and you have filed a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), you should write confidential in any space on this form that would require you to write the address where you are currently living.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (11/15)

- 32 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
     Petitioner,

and

_____,
     Respondent.

# UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (UCCJEA) AFFIDAVIT

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

1.  The number of minor child(ren) subject to this proceeding is _____. The name, place of birth, birth date, and sex of each child; the present address, periods of residence, and places where each child has lived **within the past five (5) years**; and the name, present address, and relationship to the child of each person with whom the child has lived during that time are:

**THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD #  1  :**

Child's Full Legal Name: _____
Place of Birth: _____ Date of Birth: _____ Sex: _____

**Child's Residence for the past 5 years:**

| Dates (From/To) | Address (including city and state) where child lived | Name and present address of person child lived with | Relationship to child |
|---|---|---|---|
| _____/present* | | | |
| ____/____ | | | |
| ____/____ | | | |
| ____/____ | | | |

Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (11/15)

- 33 -

| ___/___ | | | |
|---|---|---|---|
| ___/___ | | | |

**\* If you are the petitioner in an injunction for protection against domestic violence case and you have filed a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), you should write confidential in any space on this form that would require you to enter the address where you are currently living.**

**THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # ____:**

Child's Full Legal Name: _____
Place of Birth: _____ Date of Birth: _____ Sex: _____

**Child's Residence for the past 5 years:**

| Dates (From/To) | Address (including city and state) where child lived | Name and present address of person child lived with | Relationship to child |
|---|---|---|---|
| _____/present | | | |
| ___/___ | | | |
| ___/___ | | | |
| ___/___ | | | |
| ___/___ | | | |
| ___/___ | | | |

**THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # _____:**

Child's Full Legal Name: _____
Place of Birth: _____ Date of Birth: _____ Sex: _____

**Child's Residence for the past 5 years:**

| Dates (From/To) | Address (including city and state) where child lived | Name and present address of person child lived with | Relationship to child |
|---|---|---|---|

Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (11/15)

- 34 -

| /present | | | |
|---|---|---|---|
| ___/___ | | | |
| ___/___ | | | |
| ___/___ | | | |
| ___/___ | | | |
| ___/___ | | | |

Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (11/15)

- 35 -

2. **Participation in custody or time-sharing proceeding(s):**
    *[Choose only **one**]*
    ____    I HAVE NOT participated as a party, witness, or in any capacity in any other litigation or custody proceeding in this or any other state, concerning custody of or time-sharing with a child subject to this proceeding.

    ____    I HAVE participated as a party, witness, or in any capacity in any other litigation or custody proceeding in this or another state, concerning custody of or time-sharing with a child subject to this proceeding. *Explain:*
      a.  Name of each child: _____
      b.  Type of proceeding: _____
      c.  Court and state: _____
      d.  Date of court order or judgment (if any): _____

3. **Information about custody or time-sharing proceeding(s):**
    *[Choose only **one**]*
    ____    I HAVE NO INFORMATION of any custody or time-sharing proceeding pending in a court of this or any other state concerning a child subject to this proceeding.

    ____    I HAVE THE FOLLOWING INFORMATION concerning a custody or time-sharing proceeding pending in a court of this or another state concerning a child subject to this proceeding, other than set out in item 2. *Explain:*
      e.  Name of each child: _____
      f.  Type of proceeding: _____
      g.  Court and state: _____
      h.  Date of court order or judgment (if any): _____

4. **Persons not a party to this proceeding:**
    *[Choose only **one**]*
    ____    I DO NOT KNOW OF ANY PERSON not a party to this proceeding who has physical custody or claims to have custody, visitation or time-sharing with respect to any child subject to this proceeding.


    ____    I KNOW THAT THE FOLLOWING NAMED PERSON(S) not a party to this proceeding has (have) physical custody or claim(s) to have custody, visitation, or time-sharing with respect to any child subject to this proceeding:
    a.        Name and address of person: _____

    _____ has physical custody _____ claims custody rights _____ claims visitation or time-sharing
    Name of each child: _____

    b.        Name and address of person: _____

    _____ has physical custody _____ claims custody rights _____ claims visitation or time-sharing
    Name of each child: _____

Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (11/15)

c.         Name and address of person: _____

_____

_____ has physical custody _____ claims custody rights _____claims visitation or time-sharing
Name of each child: _____

**5. Knowledge of prior child support proceedings:**
*[Choose only **one**]*
_____The child(ren) described in this affidavit are NOT subject to existing child support order(s) in this or any state or territory.

_____The child(ren) described in this affidavit are subject to the following existing child support order(s):
a. Name of each child: _____
b. Type of proceeding: _____
c. Court and address: _____
d. Date of court order/judgment (if any): _____
e. Amount of child support paid and by whom: _____

**6. I acknowledge that I have a continuing duty to advise this Court of any custody, visitation or time-sharing, child support, or guardianship proceeding (including dissolution of marriage, separate maintenance, child neglect, or dependency) concerning the child(ren) in this state or any other state about which information is obtained during this proceeding.**

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____

Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (11/15)

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Address(es):_____

_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____ .

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known

_____ Produced identification

Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Husband (    ) Wife

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____ , *{state}* _____,*{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(1)
# MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)(11/15)

## When should this form be used?

This form should be used when a **Petition for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.901(b)(1), has been **filed** and **the parties** have reached an agreement on some or all of the issues at hand.

This form should be typed or printed in black ink. **Both** parties must sign the agreement and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**).

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings

Instructions for Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 39 -

by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

With this form you must also file a **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if not already filed.

**This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.**

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer,** Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 40 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

In re: the Marriage of:

_____,
Husband,

and

_____,
Wife.


# MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)


We, *{Husband's full legal name}*_____, and
*{Wife's full legal name,*_____ being sworn,
certify that the following statements are true:

1. We were married to each other on *{date}* _____.

2. Because of irreconcilable differences in our marriage (no chance of staying together), we have made this agreement to settle once and for all what we owe to each other and what we can expect to receive from each other. Each of us states that nothing has been held back, that we have honestly included everything we could think of in listing our assets (everything we own and that is owed to us) and our debts (everything we owe), and that we believe the other has been open and honest in writing this agreement.

3. We have both filed a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Because we have voluntarily made full and fair disclosure to each other of all our assets and debts, we waive any further disclosure under rule 12.285, Florida Family Law Rules of Procedure.

4. Each of us agrees to execute and exchange any papers that might be needed to complete this agreement, including deeds, title certificates, etc.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**

**A.   Division of Assets.**  We divide our assets (everything we own and that is owed to us) as follows: Any personal item(s) not listed below is (are) the property of the party currently in possession of the

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

item(s).

1. Wife shall receive as her own and Husband shall have no further rights or responsibilities regarding these assets:

| ASSETS:  DESCRIPTION OF ITEM(S) WIFE SHALL RECEIVE<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers.  Where applicable, include whether the name on any title/deed/account described below is wife's, husband's, or both. | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | |
| | |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |
| | |
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |
| Collectibles | |

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

- 42 -

| ASSETS: DESCRIPTION OF ITEM(S) WIFE SHALL RECEIVE<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is wife's, husband's, or both. | Current Fair Market Value |
|---|---|
| | |
| Jewelry | |
| | |
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |
| | |
| | |
| | |
| Other assets | |
| | |
| | |
| | |
| | |
| | |
| | |
| **Total Assets to Wife** | **$ _____** |

2. Husband shall receive as his own and Wife shall have no further rights or responsibilities regarding these assets:

| ASSETS: DESCRIPTION OF ITEM(S) HUSBAND SHALL RECEIVE<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is wife's, husband's or both. | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | |
| | |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |
| | |

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

- 43 -

| ASSETS: DESCRIPTION OF ITEM(S) HUSBAND SHALL RECEIVE<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is wife's, husband's or both. | Current Fair Market Value |
|---|---|
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |
| Collectibles | |
| | |
| Jewelry | |
| | |
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |
| | |
| | |
| | |
| Other assets | |
| | |
| | |

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

| ASSETS: DESCRIPTION OF ITEM(S) HUSBAND SHALL RECEIVE<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is wife's, husband's or both. | Current Fair Market Value |
|---|---|
| | |
| | |
| | |
| **Total Assets to Husband** | $ _____ |

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

**B.** **Division of Liabilities/Debts.** We divide our liabilities (everything we owe) as follows:
1. Wife shall pay as her own the following and will not at any time ask Husband to pay these debts/bills:

| LIABILITIES:  DESCRIPTION OF DEBT(S) TO BE PAID BY WIFE<br>**Please describe each item as clearly as possible. You do not need to list account numbers.  Where applicable, include whether the name on any mortgage, note, or account described below is wife's, husband's, or both** | **Monthly Payment** | **Current Amount Owed** |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | | |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |
| Other | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Wife** | $ | $ |

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

2. Husband shall pay as his own the following and will not at any time ask Wife to pay these debts/bills:

| LIABILITIES:  DESCRIPTION OF DEBT(S) TO BE PAID BY HUSBAND<br>**Please describe each item as clearly as possible. You do not need to list account numbers.  Where applicable, include whether the name on any mortgage, note or account described below is wife's, husband's, or both.** | Monthly Payment | Current Amount Owed |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | | |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |
| Other | | |
| | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Husband** | $ | $ |

**C.   Contingent Assets and Liabilities (listed in Section III of our Family Law Financial Affidavits) will be divided as follows:**

_____

_____

_____

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

_____
_____
_____.

**D. Beneficiary Designation (Complete only if beneficiary designations continue after entry of Final Judgment of Dissolution of Marriage.)**

_____The Husband and Wife agree that the designation providing for the payment or transfer at death of an interest in the assets set forth below to or for the benefit of the deceased party's former spouse **SHALL  NOT BE VOID** as of the date of entry of the Final Judgment of Dissolution of Marriage.

The Final Judgment of Dissolution of Marriage shall provide that the designations set forth below remain in full force and effect:

_____1. The _____Husband _____Wife shall acquire or maintain the following assets for the benefit of the other spouse or child(ren) to be paid upon his/her death outright or in trust.  This provision only applies if other assets fulfilling such requirement for the benefit of the other spouse or child(ren) do not exist upon his/her death and unless precluded by statute. *{Describe the assets with specificity}:*

_____
_____
_____.

_____2. The _____Husband _____Wife shall not unilaterally terminate or modify the ownership of the following assets, or their disposition upon his/her death. *{Describe the assets with specificity}:*_____
_____
_____
_____.

**SECTION II.  SPOUSAL SUPPORT (ALIMONY)** (If you have not agreed on this matter, write n/a on the lines provided.)

1. **_____Each of us forever gives up any right to spousal support (alimony) that we may have.**

   **OR**

2. _____ HUSBAND _____ WIFE (hereinafter "Obligor") agrees to pay spousal support (alimony) in the amount of $ _____every _____ week _____ other week _____month, beginning *{date}* _____and continuing until *{date or event}* _____ _____.

   *{Explain type of alimony (such as, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum) and any other specifics}:*_____

   _____
   _____

3. _____ Other provisions relating to alimony, including any tax treatment and consequences:
   _____

_____

4.  Life insurance in the amount of $_____ to secure the above support, will be provided by the Obligor.

**SECTION III.  PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING**

1.  **The parties' minor child(ren) are:**

**Name**                                                        **Birth date**

_____

_____

_____

_____

_____

_____

2.  The parties shall have time-sharing and parental responsibility in accordance with the Parenting Plan attached as Exhibit _____.

**SECTION IV.  CHILD SUPPORT**

1.  _____ Wife _____ Husband (hereinafter "Obligor") will pay child support, under Florida's child support guidelines, section 61.30, Florida Statutes, to the other parent.  The Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is completed and attached.

Child support established at the rate of $_____ per month for the _____children {*total number of parties' minor or dependent children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* Child support shall be paid in the amount of $ _____ per _____ *{week, month, other}* which is consistent with the Obligor's current payroll cycle.

Upon the termination of the obligation of child support for one of the parties' children, child support  in the amount of $_____ for the remaining _____ children *{total number of remaining children}* shall be paid commencing_____ *{month, day, year}* and terminating _____ *{month, day, year}.* This child support shall be paid in the amount of $ _____ per _____ *{week, month, other}* consistent with Obligor's current payroll cycle.

***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases.  Please indicate whether the schedule _____appears below or _____is attached as part of this form}***

_____

_____

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

- 49 -

_____
_____
_____
_____

The Obligor shall pay child support until all the minor or dependent child(ren): reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is: dependent in fact; between the ages of 18 and 19; and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support amount above deviates from the guidelines by 5% or more, explain the reason(s) here: _____

2. **Child Support Arrearage.** There currently is a child support arrearage of $ _____ for retroactive child support and/or $ _____ for previously ordered unpaid child support. The total of $ _____ in child support arrearage shall be repaid at the rate of $ _____ every _____ week _____ other week _____ month, beginning *{date}* _____, until paid in full including statutory interest.

3. **Health Insurance.** _____ Wife _____ Husband will maintain health insurance for the parties' minor child(ren). The party providing coverage will provide insurance cards to the other party showing coverage. **OR** ( ) Health insurance is either not reasonable in cost or accessible to the child(ren) at this time. Any uninsured/ unreimbursed medical costs for the minor child(ren) shall be assessed as follows:
a. _____ Shared equally by husband and wife.
b. _____ Prorated according to the child support guideline percentages.
c. _____ Other *{explain}*: _____
As to these uninsured/unreimbursed medical expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

4. **Dental Insurance.**
_____ Wife _____ Husband will maintain dental insurance for the parties' minor child(ren). The party providing coverage will provide insurance cards to the other party showing coverage

**OR**
_____ Dental insurance is either not reasonable in cost or accessible to the child(ren) at this time. Any uninsured/ unreimbursed dental costs for the minor child(ren) shall be assessed as follows:
a. _____ Shared equally by husband and wife.
b. _____ Prorated according to the child support guideline percentages.
c. _____ Other                                                                 *{explain}*:

_____

As to these uninsured/unreimbursed dental expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

5. **Life Insurance.** _____ Wife _____ Husband will maintain life insurance for the benefit of the parties' minor child(ren) in the amount of $ _____ until the youngest child turns 18, becomes emancipated, marries, joins the armed services, or dies.

6. **IRS Income Tax Exemption(s).** The assignment of any tax exemptions for the child(ren) shall be as follows: *{explain}*

_____
_____.

The other parent will convey any applicable IRS form regarding the income tax exemption.

7. _____Other provisions relating to child support (e.g., uninsured medical/dental expenses, health or dental insurance, life insurance to secure child support, orthodontic payments, college fund, etc.):

_____
_____
_____
_____
_____
_____
_____.

**SECTION V.  OTHER**

_____
_____
_____
_____
_____.

**SECTION VI.**  We have not agreed on the following issues:

_____
_____
_____
_____
_____
_____
_____.

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

- 51 -

**I certify that I have been open and honest in entering into this settlement agreement.  I am satisfied with this agreement and intend to be bound by it.**


Dated: _____     _____
Signature of Husband
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*
_____     Personally known
_____     Produced identification
_____     Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (     ) Husband (     ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____,*{zip code}*_____,*{telephone number}* _____.

**I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.**

Dated: _____    _____

Signature of Wife

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Address(es): _____

_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*{Print, type, or stamp commissioned name of notary or deputy clerk.}*

_____    Personally known

_____    Produced identification

_____    Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Husband (    ) Wife

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____, *{state}* _____,*{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

- 53 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(2)
# MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN) (11/15)

## When should this form be used?

This form should be used when a **Petition for Dissolution of Marriage with Property but no Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.901(b)(2), has been **filed** and the **parties** have reached an agreement on some or all of the issues at hand.

This form should be typed or printed in black ink. **Both** parties must sign the agreement and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should file the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**).

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified

Instructions for Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

- 54 -

process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Special notes...

**This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.**

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

- 55 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

In re: the Marriage of:

_____,
Husband,

and

_____,
Wife.

# MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)

We, *{Husband's full legal name}*_____and *{Wife's full legal name}* _____, being sworn, certify that the following statements are true:

1.  We were married to each other on *{date}* _____.

2.  Because of irreconcilable differences in our marriage (no chance of staying together), we have made this agreement to settle once and for all what we owe to each other and what we can expect to receive from each other.  Each of us states that nothing has been held back, that we have honestly included everything we could think of in listing our assets (everything we own and that is owed to us) and our debts (everything we owe), and that we believe the other has been open and honest in writing this agreement.

3.  We have both filed a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).  Because we have voluntarily made full and fair disclosure to each other of all our assets and debts, we waive any further disclosure under rule 12.285, Florida Family Law Rules of Procedure.

4.  Each of us agrees to execute and exchange any papers that might be needed to complete this agreement, including deeds, title certificates, etc.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**

**A.  Division of Assets.**  We divide our assets (everything we own and that is owed to us) as follows:  Any personal item(s) not listed below is the property of the party currently in possession of the item(s).

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

- 56 -

1. Wife shall receive as her own and Husband shall have no further rights or responsibilities regarding these assets:

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

- 57 -

| ASSETS: DESCRIPTION OF ITEM(S) WIFE SHALL RECEIVE Please describe each item as clearly as possible. You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is wife's, husband's, or both. | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | |
| | |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |
| | |
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |
| Collectibles | |
| | |
| Jewelry | |
| | |

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

- 58 -

| | |
|---|---|
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |
| | |
| | |
| | |
| Other assets | |
| | |
| | |
| | |
| | |
| | |
| | |
| **Total Assets to Wife** | $ _____ |

2.  Husband shall receive as his own and Wife shall have no further rights or responsibilities regarding these assets:

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

- 59 -

| ASSETS: DESCRIPTION OF ITEM(S) HUSBAND SHALL RECEIVE Please describe each item as clearly as possible. You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is wife's, husband's or both. | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | |
| | |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |
| | |
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |
| Collectibles | |
| | |
| Jewelry | |
| | |

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

- 60 -

| | |
|---|---|
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |
| | |
| | |
| | |
| Other assets | |
| | |
| | |
| | |
| | |
| **Total Assets to Husband** | $ _____ |

B. **Division of Liabilities/Debts.** We divide our liabilities (everything we owe) as follows:
   1. Wife shall pay as her own the following and will not at any time ask Husband to pay these debts/bills:

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

- 61 -

| LIABILITIES:  DESCRIPTION OF DEBT(S) TO BE PAID BY WIFE<br>Please describe each item as clearly as possible.  You do not need to list account numbers.  Where applicable, include whether the name on any mortgage, note, or account described below is wife's, husband's, or both. | Monthly Payment | Current Amount Owed |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | | |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |
| Other | | |
| | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Wife** | **$** | **$** |

2. Husband shall pay as his own the following and will not at any time ask Wife to pay these debts/bills:

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

- 62 -

| LIABILITIES:  DESCRIPTION OF DEBT(S) TO BE PAID BY HUSBAND  Please describe each item as clearly as possible.  You do not need to list account numbers.  Where applicable, include whether the name on any mortgage, note or account described below is wife's, husband's, or both. | Monthly Payment | Current Amount Owed |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | | |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |
| Other | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Husband** | $ | $ |

C.  **Contingent Assets and Liabilities (listed in Section III of our Family Law Financial Affidavits) will be divided as follows:**

_____

_____

_____ .

**D. Beneficiary Designation (Complete only if beneficiary designations continue after entry of Final Judgment of Dissolution of Marriage.)**

_____The Husband and Wife agree that the designation providing for the payment or transfer at death of an interest in the assets set forth below to or for the benefit of the deceased party's former spouse **SHALL NOT BE VOID** as of the date of entry of the Final Judgment of Dissolution of Marriage.

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

- 63 -

The Final Judgment of Dissolution of Marriage shall provide that the designations set forth below remain in full force and effect:

_____1. The _____Husband _____Wife shall acquire or maintain the following assets for the benefit of the other spouse or child(ren) to be paid upon his/her death outright or in trust. This provision only applies if other assets fulfilling such requirement for the benefit of the other spouse or child(ren) do not exist upon his/her death and unless precluded by statute. *{Describe the assets with specificity}:*

_____
_____
_____.

_____2. The _____Husband _____Wife shall not unilaterally terminate or modify the ownership of the following assets, or their disposition upon his/her death. *{Describe the assets with specificity}:*_____

_____
_____
_____.

**SECTION II. SPOUSAL SUPPORT (ALIMONY)** (If you have not agreed on this matter, write n/a on the lines provided.)

1. _____ **Each of us forever gives up any right to spousal support (alimony) that we may have.**

   **OR**

2. _____ HUSBAND _____ WIFE (hereinafter "Obligor") agrees to pay spousal support (alimony) in the amount of $_____every _____week _____other week _____ month, beginning *{date}* _____ and continuing until *{date or event}*_____
_____ .

Explain type of alimony (permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum) and any other specifics: _____

_____

_____.

3. _____Other provisions relating to alimony, including any tax treatment and consequences:
_____
_____
_____
_____

4. _____ Husband _____ Wife will provide life insurance in the amount of $_____to secure the above support.

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

**SECTION III.  OTHER**

_____
_____
_____
_____
_____
_____.
_____.

**SECTION IV.**  We have not agreed on the following issues:

_____
_____
_____
_____
_____
_____.

**I certify that I have been open and honest in entering into this settlement agreement.  I am satisfied with this agreement and intend to be bound by it.**


Dated: _____          _____
                                      Signature of Husband

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Address(es): _____

_____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                      _____
                                      NOTARY PUBLIC or DEPUTY CLERK


_____
_{Print, type, or stamp commissioned name of notary or deputy clerk.}_
____        Personally known
____        Produced identification
____        Type of identification produced _____


Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Husband (   ) Wife
This form was completed with the assistance of:

*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(11/15)

**I certify that I have been open and honest in entering into this settlement agreement.  I am satisfied with this agreement and intend to be bound by it.**


Dated: _____          _____
Signature of Wife
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                                        _____
                                                        NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*
_____    Personally known
_____    Produced identification
_____    Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Husband (    ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}*_____,*{telephone number}* _____.


Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(i), AFFIDAVIT OF CORROBORATING WITNESS (11/15)

## When should this form be used?

This form may be used to prove residency in a **dissolution of marriage** proceeding.  To get a divorce in Florida, either the husband or the wife must have lived in Florida for at least 6 months before filing the petition.  Residency may be proved by a valid Florida's driver's license, Florida identification card, or voter's registration card (issue date of document must be at least 6 months before the date the case is actually filed with the clerk of the circuit court), or the testimony or **affidavit** of someone other than you or your spouse.  This form is used to prove residency by affidavit.  The person signing this form must know that you have lived in the State of Florida for at least 6 months before the date you filed your **petition** for dissolution of marriage.

This form should be typed or printed in black ink, and signed in the presence of a **notary public** or **deputy clerk**.  After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for you records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party in your case, if it is not **served** on him or her with your initial papers.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**  If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index**.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## Special notes…

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Husband,

and

_____,
Wife.

# AFFIDAVIT OF CORROBORATING WITNESS

I, *{full legal name}* _____, being sworn, certify that the following statements are true: I have known *{name}* _____ _____ since *{approximate date}*_____; to the best of my understanding the petition in this action was filed on *{date}*_____; and I know of my own personal knowledge that this person has resided in the State of Florida for at least 6 months immediately before *{date}* _____.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Corroborating Witness
Printed Name:_____
Address: _____
City, State, Zip: _____
Telephone Number: _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

____ Personally known
____ Produced identification
Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.902(i), Affidavit of Corroborating Witness (11/15)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Husband (    ) Wife
This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____,*{state}* _____,*{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(j), NOTICE OF SOCIAL SECURITY NUMBER (11/15)

## When should this form be used?

This form must be completed and filed by each party in all **paternity**, **child support**, and **dissolution of marriage** cases, regardless of whether the case involves a minor child(ren) and/or property.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party in your case, if it is not **served** on him or her with your initial papers.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## Special notes...

**If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, fax, or e-mail information at the bottom of this form.** Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(i).

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____ ,
Petitioner,

and

_____ ,
Respondent.

# NOTICE OF SOCIAL SECURITY NUMBER

I, *{full legal name}* _____, certify that
my social security number is _____, as required by the applicable section of
the Florida Statutes. My date of birth is _____.

*[Choose **one** only]*

_____ 1.  This notice is being filed in a dissolution of marriage case in which the parties have **no** minor children in common.

_____ 2.  This notice is being filed in a paternity or child support case, or in a dissolution of marriage in which the parties have minor children in common. The minor child(ren)'s name(s), date(s) of birth, and social security number(s) is/are:

| Name | Birth date | Social Security Number |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

*{Attach additional pages if necessary.}*

**Disclosure of social security numbers shall be limited to the purpose of administration of the Title IV-D program for child support enforcement.**

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this notice and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated: _____

_____

Printed Name: _____

Signature

Address: _____
City, State, Zip: _____
Telephone Number:_____
Fax Number: _____
Designated E-mail

Address(es):_____

_____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on by _____.


_____

NOTARY PUBLIC or DEPUTY CLERK


_____

*[Print, type, or stamp commissioned name of notary or clerk]*

___Personally known
___Produced identification
Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only one}* (  ) Petitioner (  ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,


Florida Supreme Court Approved Family Law Form 12.902(j), Notice of Social Security Number (11/15)

*{city}* _____,*{state}* _____,*{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(a)
# ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE (11/15)

## When should this form be used?

This form should be used when you have been served with a **petition** for **dissolution of marriage** and you do not wish to **contest** it or appear at a **hearing**. If you file this form, you are admitting all of the allegations in the **petition**, saying that you do not need to be notified of or appear at the **final hearing**, and that you would like a copy of the **final judgment** mailed to you.

This form should be typed or printed in black ink, and your signature should be witnessed by a **notary public** or **deputy clerk**. After completing this form, you should sign the form before a notary public. You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records. The person filing the **petition** in a dissolution of marriage proceeding is also referred to as the **petitioner** and his or her **spouse** as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

You have 20 days to **answer** after being **served** with your spouse's petition. A copy of this form, along with all of the other forms required with this **answer** and **waiver**, must be mailed, e-mailed, or hand delivered to your spouse.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or

receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## Special notes...

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor child(ren).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor child(ren). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you).
- **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).

Instructions for Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (11/15)

- **Family Law Financial Affidavit,** Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)

**Parenting Plan and Time-Sharing…** By filing this answer and waiver, you are agreeing to any parenting plan and time-sharing requests in the petition. The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.

A **parenting course** must be completed prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.

Listed below are some terms with which you should become familiar before completing your answer to the petition. **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support...** By filing this answer and waiver, you are agreeing to any child support requests in the petition. The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (11/15)

- 79 -

**Alimony...** By filing this answer and waiver, you are agreeing to any alimony requests in the petition. Alimony may be awarded to one spouse if the judge finds that he or she has an actual need for it and also finds that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in a counterpetition and should not use this form. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony**, **bridge-the-gap alimony, durational alimony, lump sum alimony**, or **rehabilitative alimony**.

**Marital/Nonmarital Assets and Liabilities...** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. "Equitable" does not necessarily mean "equal." Many factors, including child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. By filing this answer and waiver, you are agreeing to any requests in the petition regarding division of assets and liabilities.

**Final Judgment...** You should receive a copy of the Final Judgment in the mail. If, for some reason you do not, you should call the clerk's office to request a copy. It is important for you to review a copy of the Final Judgment in your case to see what happened and to know what you must do and what you are entitled to receive.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (11/15)

- 80 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

In re: the Marriage of:

_____,
Husband,
            and

_____,
Wife.

# ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE

I, *{full legal name}* _____, being sworn, certify that the following information is true:

1.   I answer the Petition for Dissolution of Marriage filed in this action and admit all the allegations. By admitting all of the allegations in the petition, I agree to all relief requested in the petition including any requests regarding parenting and time-sharing, child support, alimony, distribution of marital assets and liabilities, and temporary relief.

2.   I hereby waive notice of hearing as well as all future notices in connection with the Petition for Dissolution of Marriage, as filed and also waive my appearance at the final hearing.

3.   I request that a copy of the Final Judgment of Dissolution of Marriage entered in this case be provided to me at the address below.

4.   If this case involves minor child(ren), a completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this answer.

5.   A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this answer.

6.   A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), _____ is filed with this answer or _____ will be timely filed.

Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (11/15)

- 81 -

I certify that a copy of this document was (   ) mailed (   ) faxed and mailed (   ) e-mailed (   ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

Printed Name: _____

_____
Signature of (   ) HUSBAND   (   ) WIFE

Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____

Designated E-mail Address(es): _____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____   Personally known
_____   Produced identification
_____   Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (      ) Husband (      ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____,*{zip code}*_____,*{telephone number}* _____.

Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage, Florida Supreme Court Approved Form 12.903(a)(11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED
## FAMILY LAW FORM 12.903(b)
## ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE
## (11/15)

### When should this form be used?

This form should be used when you are responding to a **petition** for **dissolution of marriage** and you wish to admit or deny all of the allegations in the petition but you do not plan to file a **counterpetition** seeking relief.  You can use this form to answer any petition for dissolution of marriage, whether or not there are minor child(ren).

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or **deputy clerk**.  You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.  This must be done within 20 days of receiving the petition.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

### What should I do next?

A copy of this form, along with all of the other forms required with this **answer**, must be mailed, e-mailed, or hand delivered to the other party in your case.  You have 20 days to answer after being served with the other party's petition.  After you file your answer, the case will generally proceed in one of the following two ways:

**UNCONTESTED...**  If you file an answer that agrees with everything in the other party's petition **and** you have complied with **mandatory disclosure** and filed all of the required papers, either party may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**.  If you request the final hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**,

Instructions for Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (11/15)

- 83 -

Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** If you file an answer which disagrees with or denies anything in the petition, **and** you are unable to settle the disputed issues, either party may file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. See chapter 61, Florida Statutes, for more information.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail**

Instructions for Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (11/15)

- 84 -

**Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Special notes...

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor child(ren).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor child(ren).  (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you).
- **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)

**Parenting and Time-sharing...**  If you and your **spouse** are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan.  The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests.  Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case.  This means that a neutral person will review your situation and report to the judge concerning parenting issues.  The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served.  For more information, you may consult section 61.13, Florida Statutes.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (11/15)

- 85 -

A **parenting course** must be completed prior to the entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.

Listed below are some terms with which you should become familiar before completing your answer to the petition. **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support...** The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Alimony...** Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. **If you want alimony, you must request it in writing in a counterpetition.** Florida Supreme Court Approved Family Law Form 12.903(c)(1) (with dependent or minor child(ren)), or Florida Supreme Court Approved Family Law Form 12.903(c)(2) (no dependent or minor child(ren)). **If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).**

**Marital/Nonmarital Assets and Liabilities...** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. "Equitable" does not necessarily mean "equal." Many factors, including child support, any parenting plan and time-sharing schedule, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and

Instructions for Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (11/15)

- 86 -

**nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Temporary Relief...** If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a), or, if there are no dependent or minor child(ren), **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms.

**Marital Settlement Agreement...** If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a **notary public** or **deputy clerk**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Final Judgment Form...** These family law forms contain a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(1), and **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(1), **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(2), or **Final Judgment of Dissolution of Marriage with No Property and No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a **final judgment** with you to the **hearing**. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of

Instructions for Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (11/15)

- 87 -

the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (11/15)

- 88 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE

I, *{full legal name}* _____, Respondent, being sworn,
certify that the following information is true:

1. I **agree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}*
   _____
_____

2. I **disagree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **deny** those allegations: *{indicate section and paragraph number}*
   _____
_____

3. I currently am unable to admit or deny the allegations raised in the following paragraphs due to lack of information: *{indicate section and paragraph number}* _____
_____

4. If this case involves a dependent or minor child(ren), a completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this answer.

5. If this case involves a dependent or minor child(ren), a completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is *[choose **one** only]* _____ filed with this answer or _____ will be filed after the other party serves his or her financial affidavit.

6. If necessary a completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this answer.

7. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), *[Choose only **one**]* _____ is filed with this answer or _____ will be timely filed.

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed    (    ) hand delivered to the person(s) listed below on *{date}* _____.

**Petitioner or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                                                  Signature of Respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*
_____    Personally known
_____    Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____,*{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(1)
# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (11/15)

## When should this form be used?

This form should be used when you are responding to a **petition** for **dissolution of marriage** with dependent or minor child(ren) and you are asking the court for something not contained in the petition. The **answer** portion of this form is used to admit or deny the allegations contained in the petition, and the **counterpetition** portion of this form is used to ask for whatever you want the court to do for you.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records. The person filing the **petition** in a dissolution of marriage proceeding is also referred to as the **petitioner** and his or her **spouse** as the **respondent.** The person filing a **counterpetition** is also referred to as the **counterpetitioner** and his or her spouse as the **counterrespondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

You have 20 days to answer after being served with your spouse's petition. A copy of this form must be mailed, e-mailed, or hand delivered to your spouse. After you file an answer and counterpetition your case will then generally proceed as follows:

The other party is required to answer your counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

**UNCONTESTED...** Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, **and** you and the other party have complied with **mandatory disclosure** and filed all of the required papers, either party may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. If you request the hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 91 -

Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** Your dissolution is contested if you and your spouse disagree on any issue raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

With this form, you must also file the following:

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d)
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) **OR** photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you have reached an agreement on any or all of the issues.
- **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.9.995(a), **Safety-Focused Parenting Plan**, Form 12.995(b), or **Relocation/Long-Distance Parenting Plan**, Form 12.995(c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan **may** be filed.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)

**Parenting Plan and Time-Sharing...** If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a **judge** will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.

A **parenting course** must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.

Listed below are some terms with which you should become familiar before completing your petition. **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 93 -

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support...** The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Alimony...** Alimony may be awarded to a spouse if the judge finds that he or she has an actual need for it and that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in your counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony**, **bridge-the-gap alimony, durational alimony, lump sum alimony**, or **rehabilitative alimony**.

**Marital/Nonmarital Assets and Liabilities...** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. Equitable does not necessarily mean equal. Many factors, including child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Parenting Plan…** In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), 12.995(b), or 12.995(c), which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan **may** be filed. **If you and your spouse cannot agree, a Parenting Plan will be established by the court.**

**Temporary Relief...** If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 94 -

support, or temporary alimony, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a).  For more information, see the instructions for that form.

**Marital Settlement Agreement...**  If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1).  Both of you must sign this agreement before a **notary public** or **deputy clerk**.  Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Final Judgment Form...**  These family law forms contain a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(1).  You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...**  Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer,** Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 95 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

In re: the Marriage of:

_____,
Husband,

and

_____,
Wife.

## ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)

I, *{full legal name}* _____, being sworn, certify that the following information is true:

**ANSWER TO PETITION**

1. I **agree** with the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}* _____

   _____.

2. I **disagree** with the allegations raised in the following numbered paragraphs in the Petition and, therefore, **deny** those allegations: *{indicate section and paragraph number}* _____

   _____.

3. I currently am unable to admit or deny the following paragraphs due to lack of information: *{indicate section and paragraph number}* _____

   _____.

**COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH MINOR CHILD(REN)**

1. JURISDICTION/RESIDENCE
_____ Husband _____ Wife _____Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.

2. Husband _____ is or _____ is not a member of the military service.
Wife _____ is or _____ is not a member of the military service.

3. MARRIAGE HISTORY
Date of marriage: *{month, day, year}* _____
Date of separation: *{month, day, year}* _____ (_____Indicate if approximate)
Place of marriage: *{county, state, country}* _____ _____

Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

4. DEPENDENT OR MINOR CHILD(REN)
   *[Indicate **all** that apply]*
   a. \_\_\_\_\_The wife is pregnant.  Baby is due on: *{date}* _____

   b. \_\_\_\_\_The minor (under 18) child(ren) common to both parties are:

**Name**                                                          **Birth date**

_____
_____
_____
_____
_____
_____

   c. \_\_\_\_\_The minor child(ren) born or conceived during the marriage who are **not** common to both parties are:

**Name**                                                          **Birth date**

_____
_____

The birth father(s) of the above minor child(ren) is (are) *{name and address}* _____

_____

   d. \_\_\_\_\_ The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical disability are:

**Name**                                                          **Birth date**

_____
_____

5. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this counterpetition. (You **must** complete and attach this form in a dissolution of marriage with minor child(ren).

6. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this counterpetition.

7. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) \_\_\_\_\_ is filed or \_\_\_\_\_ will be timely filed.

8. This counterpetition for dissolution of marriage should be granted because:

   a. \_\_\_\_\_The marriage is irretrievably broken.

**OR**

b. _____One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this counterpetition. A copy of the Judgment of Incapacity is attached.

## SECTION I. MARITAL ASSETS AND LIABILITIES

1. _____There are no marital assets or liabilities.

**OR**

2. _____There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case.

*[Indicate **all** that apply]*

a. _____All marital assets and liabilities have been divided by a written agreement between the parties, which is attached to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1)).

b. _____The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.

c. _____ Husband _____Wife should be awarded an interest in the other spouse's property because: _____
_____
_____.

## SECTION II. SPOUSAL SUPPORT (ALIMONY)

1. **_____Husband _____Wife forever gives up his/her right to spousal support (alimony) from the other spouse.**

   **OR**

2. _____Husband _____Wife requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has an actual need for the support that he or she is requesting **and that the other spouse has the ability to pay that support**. Spousal support (alimony) is requested in the amount of $_____ every _____ week _____ other week _____ month, beginning *{date}*_____ and continuing until *{date or event}* _____.

*{Explain why the Court should order _____Husband _____Wife to pay, and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum}):*

_____
_____
_____
_____
_____
_____

Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 98 -

3. _____Other provisions relating to alimony including any tax treatment and consequences:
_____
_____
_____.

4. _____Husband _____ Wife requests life insurance on the other spouse's life, provided by that spouse, to secure such support.

**SECTION III. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING**

1. The minor child(ren) currently reside(s) with _____ Mother _____ Father _____ Other: *{explain}*
   _____

2. **Parental Responsibility.** It is in the child(ren)'s best interests that parental responsibility be:
   *[Choose only **one**]*
   a. _____shared by both Father and Mother.

   b. _____awarded solely to _____ Father _____ Mother. Shared parental responsibility would be detrimental to the child(ren) because: _____
   _____
   _____
   _____.

3. **Parenting Plan and Time-Sharing.** It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan that _____ includes _____does not include parental time-sharing with the child(ren). The _____ Husband _____ Wife states that it is in the best interests of the child(ren) that:

*[Choose only **one**]*
   a. _____The attached proposed Parenting Plan should be adopted by the court. The parties _____have _____ have **not** agreed to the Parenting Plan.

   b. _____The court should establish a Parenting Plan with the following provisions:
   _____ No time-sharing for the _____ Father _____ Mother.
   _____ Limited time-sharing with the _____ Father _____ Mother.
   _____ Supervised time-sharing for the _____ Father _____ Mother.
   _____ Supervised or third-party exchange of the child(ren).
   _____ Time-sharing as follows: _____
   _____
   _____
   _____

Explain why this request is in the best interests of the child(ren): _____
_____
_____

_____
_____
_____
_____

**SECTION IV.  CHILD SUPPORT**
*[Indicate **all** that apply]*

1. _____Husband _____Wife requests that the Court award child support as determined by Florida᾽s child support guidelines, section 61.30, Florida Statutes.  A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed.  Such support should be ordered retroactive to:

   a.   _____ the date of separation *{date}*_____
   b.   _____the date of the filing of this petition.
   c.   _____other *{date}*_____*{explain}* _____
_____

2. _____Husband _____Wife requests that the Court award child support to be paid beyond the age of 18 years because:

   a.   _____the following child(ren) *{name(s)}* _____
_____
is (are) dependent because of a mental or physical incapacity which began before the age of 18.
*{explain}* _____

   b.   _____the following child(ren) *{name(s)}* _____
       is (are) dependent in fact; is (are) in high school, and are between the ages of 18 and 19; said child(ren) is (are) performing in good faith with reasonable expectation of graduation before the age of 19.

3. _____Husband _____Wife requests that the Court award a child support amount that is more than or less than Florida's child support guidelines and understands that a Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, **must** be filed before the Court will consider this request.

4. _____Husband _____Wife requests that medical/dental insurance  for the minor child(ren) be provided by:
*[Choose only **one**]*
       a.   _____Husband.
       b.   _____Wife.

5. _____Husband _____Wife  requests that uninsured medical/dental expenses for the child(ren) be paid:
*[Choose only **one**]*
       a.   _____ by Husband.
       b.   _____ by Wife.
       c.   _____ by Husband  and Wife each paying one-half.

d. \_\_\_\_\_ according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).

e. \_\_\_\_\_ Other {explain}:
_____

6. \_\_\_\_\_ Husband \_\_\_\_\_Wife  requests that life insurance to secure child support be provided by:

a. \_\_\_\_\_Husband.
b. \_\_\_\_\_ Wife.
c. \_\_\_\_\_ Both.

## SECTION V.  OTHER

1. Wife requests to be known by her former name, which was *{full legal name}* :
_____

2. Other relief *{specify}*: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

## SECTION VI.  REQUEST

(This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)

I request that the Court enter an order dissolving the marriage **and**:
*[Indicate **all** that apply]*
1. \_\_\_\_\_ distributing marital assets and liabilities as requested in Section I of this petition;
2. \_\_\_\_\_ awarding spousal support (alimony) as requested in Section II of this petition;
3. \_\_\_\_\_ adopting or establishing a Parenting Plan containing provisions for parental responsibility and time-sharing for the dependent or minor child(ren) common to both parties, as requested in Section III of this petition;
4. \_\_\_\_\_ establishing child support for the dependent or minor child(ren) common to both parties, as requested in Section IV of this petition;
5. \_\_\_\_\_ restoring Wife's former name as requested in Section V of this petition;
6. \_\_\_\_\_ awarding other relief as requested in Section V of this petition; and any other terms the Court deems necessary.

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand-delivered to the person(s) listed below on *{date}* _____.

Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 101 -

**Other party or his/her attorney:**

Name: _____

Address: _____

City, State, Zip: _____

Fax Number: _____

Designated E-mail Address(es):_____

_____

Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 102 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

_____

Signature of _____ Husband _____ Wife
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*
_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Husband (    ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____,*{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(2)
# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN) (11/15)

## When should this form be used?

This form should be used when you are responding to a **petition** for **dissolution of marriage** with property but no dependent or minor child(ren) and you are asking the court for something not contained in the petition. The **answer** portion of this form is used to admit or deny the allegations contained in the petition, and the **counterpetition** portion of this form is used to ask for whatever you want the court to do for you.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records. The person filing the **petition** in a dissolution of marriage proceeding is also referred to as the **petitioner** and his or her **spouse** as the **respondent**. The person filing the **counterpetition** is referred to as the **counterpetitioner** and his or her spouse as the **counterrespondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

You have 20 days to answer after being served with your spouse's petition. A copy of this form must be mailed, e-mailed, or hand delivered to your spouse. After you file an answer and counterpetition your case will then generally proceed as follows:

Your spouse is required to answer your counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

- 104 -

**UNCONTESTED...** Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, **and** you and the other party have complied with **mandatory disclosure** and filed all of the required papers, either party may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. If you request the hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** Your dissolution is contested if you and your spouse disagree on any issue raised in the petition or counterpetition. If you are unable to settle the disputed issues, either spouse may file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

- 106 -

# Special notes...

With this form, you must also file the following:

- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) **OR** photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of **service** of the petition on you, if not filed at the time you file this answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)

**Alimony...** **Alimony** may be awarded to one spouse if the judge finds that he or she has an actual need for it and also finds that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in your counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony**, **bridge-the-gap alimony, durational alimony, lump sum alimony**, or **rehabilitative alimony**.

**Marital/Nonmarital Assets and Liabilities...** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. Equitable does not necessarily mean equal. Many factors, including alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Temporary Relief...** If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, or temporary alimony, you may file a **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form.

**Marital Settlement Agreement...** If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both of you must sign this agreement before a notary public. Any issues on which you are unable to agree will be

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

- 107 -

considered **contested** and settled by the judge at the final hearing.

**Final Judgment Forms...**  These family law forms contain a **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(2). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...**  Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

- 108 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No:_____
Division:_____

In re: the Marriage of

_____,
Husband,
                and

_____,
    Wife.

# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)

I, *{full legal name}* _____, being sworn, certify that the following information is true:

**ANSWER TO PETITION**

1.  I **agree** with the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}*
    _____
    _____.

2.  I **disagree** with the allegations raised in the following numbered paragraphs in the Petition and, therefore, **deny** those allegations: *{indicate section and paragraph number}*
    _____
    _____.

3.  I currently am unable to admit or deny the following paragraphs due to lack of information: *{indicate section and paragraph number}*
    _____
    _____.

**COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)**

1.  JURISDICTION/RESIDENCE
    _____ Husband _____ Wife _____ Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.

2.  Petitioner _____ is or _____ is not a member of the military service.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

- 109 -

Respondent _____ is or _____ is not a member of the military service.

3.  MARRIAGE HISTORY
Date of marriage: *{month, day, year}* _____
Date of separation: *{month, day, year}*_____(____Indicate if approximate)
Place of marriage: *{county, state, country}*_____

4.  THERE ARE NO MINOR (UNDER 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.

5.  A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this counterpetition.

6.  This counterpetition for dissolution of marriage should be granted because:

    a.  _____ The marriage is irretrievably broken.

**OR**

    b.  _____ One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this counterpetition.  A copy of the Judgment of Incapacity is attached.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**
*[Choose only **one**]*
 1.  _____ There are no marital assets or liabilities.

 2.  _____ There are marital assets or liabilities.  All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case.
*[Indicate **all** that apply]*
    a.  _____ All marital assets and liabilities have been divided by a written agreement between the parties, which is attached to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2).

    b.  _____The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.

    c.  _____ Husband _____Wife should be awarded an interest in the other spouse's property because: _____
_____
_____
_____
_____.

**SECTION II.  SPOUSAL SUPPORT (ALIMONY)**

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

- 110 -

1. **_____ Husband _____ Wife forever gives up his/her right to spousal support (alimony) from the other spouse.**

**OR**

2. _____ Husband _____ Wife requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has an actual need for the support that he or she is requesting **and that the other spouse has the ability to pay that support**. Spousal support (alimony) is requested in the amount of $_____ every _____ week _____ other week _____ month, beginning *{date}* _____ and continuing until *{date or event}* _____ _____.

Explain why the Court should order _____ Husband _____ Wife to pay, and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum):
_____
_____
_____
_____.

3. _____ Other provisions relating to alimony including any tax treatment or consequences:
_____
_____
_____.

4. _____ Husband _____ Wife requests life insurance on the other spouse's life, provided by that spouse, to secure such support

**SECTION III. OTHER**

1. Wife requests to be known by her former name, which was *{full legal name}*
_____.

2. Other relief *{specify}*:
_____
_____
_____
_____
_____
_____
_____

**SECTION IV. REQUEST** (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)

_____ Husband _____ Wife requests that the Court enter an order dissolving the marriage **and**:

1. _____ distributing marital assets and liabilities as requested in Section I of this petition;

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

2. _____ awarding spousal support (alimony) as requested in Section II of this petition;
3. _____ restoring Wife's former name as requested in Section III of this petition;
4. _____ awarding other relief as requested in Section III of this petition; and any other terms the Court deems necessary.

I certify that a copy of this document was _____ mailed _____ faxed and mailed
(    ) e-mailed (    ) hand delivered to the person(s) listed below on *{date}*_____.

**Other party or his/her attorney:**
Printed Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                        Signature of (   ) Husband  (   )Wife
                                        Printed Name:  _____
                                        Address:_____
                                        City, State, Zip:_____
                                        Telephone Number:_____
                                        Fax Number: _____
                                        Designated E-mail Address(es): _____

                                        _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK
_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*
_____   Personally known
_____   Produced identification
_____   Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
 [fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Husband (    ) Wife

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____, *{state}* _____,*{zip code}*_____,*{telephone number}* _____.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (11/15)

- 113 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(3)
# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY (11/15)

## When should this form be used?

This form should be used when you are responding to a **petition** for **dissolution of marriage** with no dependent or minor child(ren) or property and you are asking the court for something not contained in the petition. The **answer** portion of this form is used to admit or deny the allegations contained in the petition, and the **counterpetition** portion of this form is used to ask for whatever you want the court to do for you such as restoring your former name.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

You have 20 days to answer after being served with the other party's petition. A copy of this form must be mailed, e-mailed, or hand delivered to the other party. After you file an answer and counterpetition your case will then generally proceed as follows:

The other party is required to answer your counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

**UNCONTESTED...** Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, **and** you and the other party have complied with **mandatory disclosure** and filed all of the required papers, either party may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. If you request the hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (11/15)

**CONTESTED...** Your dissolution is contested if you and your spouse disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

With this form, you must also file the following:

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (11/15)

- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) **OR** photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)

**Alimony...** By using this form, you are forever giving up your rights to spousal support (alimony) from petitioner. Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. **If you want alimony, you must request it in writing** in an appropriate answer and counterpetition (see the other answer and counterpetition forms included in these forms for the appropriate form).

**Marital/Nonmarital Assets and Liabilities...** By using this form, you are stating that there are no **marital assets** and/or **liabilities**.

**Final Judgment Form...** These family law forms contain a **Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (11/15)

- 116 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____ ,

Husband ,

and

_____ ,

      Wife.


# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY


I, *{full legal name}*_____ , Respondent, being sworn, certify that the following information is true:

## ANSWER TO PETITION

1. I **agree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}* _____
_____ .

2. I **disagree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **deny** those allegations: *{indicate section and paragraph number}* _____
_____ .

3. I currently am unable to admit or deny the following paragraphs due to lack of information: *{indicate section and paragraph number}* _____
_____ .

## COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY

1. JURISDICTION/RESIDENCE
_____Husband _____ Wife _____ Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.

2. Petitioner _____ is or _____ is not a member of the military service.
Respondent _____ is or _____ is not a member of the military service.

Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (11/15)

- 117 -

3. MARRIAGE HISTORY
    Date of marriage: *{month, day, year}* _____
    Place of marriage: *{city, state, country}* _____
    Date of separation: *{month, day, year}* _____ (_____Indicate **if** approximate)

4. THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.

5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this counterpetition.

6. THIS COUNTERPETITION FOR DISSOLUTION OF MARRIAGE SHOULD BE GRANTED BECAUSE:

    a. _____The marriage is irretrievably broken.

        **OR**

b. _____One of the parties has been adjudged mentally incapacitated for a period of 3 years before the filing of this counterpetition.  A copy of the Judgment of Incapacity is attached.

7. THERE ARE NO MARITAL ASSETS OR LIABILITIES.

8. **RESPONDENT FOREVER GIVES UP HIS/HER RIGHTS TO SPOUSAL SUPPORT (ALIMONY) FROM PETITIONER.**

9. _____ *[If Respondent is also the Wife]*, Wife wants to be known by her former name, which was *{full legal name}* _____.

10. Other relief *{specify}*: _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

**REQUEST**
 (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)
Respondent requests that the Court enter an order dissolving the marriage **and**:

Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (11/15)

1.    _____restoring Wife's former name as specified in paragraph 9 of this petition;

2. _____ awarding other relief as specified in paragraph 10 of this petition; and any other terms the Court deems necessary.

I certify that a copy of this document was (   ) mailed (   ) faxed and mailed (    ) e-mailed (   ) hand delivered to the person(s) listed below on *{date}* _____.

**Petitioner or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                        Signature of Respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____    _____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*
_____ Personally known

Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (11/15)

_____ Produced identification
Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the *{choose only one}* (    ) Husband (    ) Wife.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____,*{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(d)
# ANSWER TO COUNTERPETITION (11/15)

## When should this form be used?

This form should be used by a **petitioner** to respond to the **respondent's counterpetition**. You should use this form to admit or deny the allegations contained in the counterpetition.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the case is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

You have 20 days to answer after being served with the other party's counterpetition. A copy of this form must be mailed, e-mailed, or hand delivered to the other party.

To proceed with your case, you should refer to the instructions to your petition regarding setting a case for trial under **UNCONTESTED** and **CONTESTED**.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified

process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner/Counterrespondent,

and

_____,
Respondent/Counterpetitioner.

# ANSWER TO COUNTERPETITION

I, *{full legal name}* _____, being sworn, certify that the following information is true:

1. I **agree** with Respondent as to the allegations raised in the following numbered paragraphs in the Counterpetition and, therefore, **admit** those allegations: *{indicate section and paragraph number}*

   _____.

2. I **disagree** with Respondent as to the allegations raised in the following numbered paragraphs in the Counterpetition and, therefore, **deny** those allegations: *{indicate section and paragraph number}*

   _____.

3. I am currently unable to admit or deny the following paragraphs due to lack of information: *{indicate section and paragraph number}* _____

   _____ _____.


I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand-delivered to the person(s) listed below on *{date}* _____.

**Respondent or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

Florida Supreme Court Approved Family Law Form 12.903(d), Answer to Counterpetition (11/15)

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated:

_____          _____
                                            Signature of Petitioner

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Address(es): _____

_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known

_____ Produced identification

Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the Petitioner.

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____,*{state}* _____,*{zip code}*_____, *{telephone number}*_____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(e), ANSWER TO SUPPLEMENTAL PETITION (11/15)

## When should this form be used?

This form should be used when you are responding to a **supplemental petition** for modification of Parenting Plan, time-sharing schedule, child support, or alimony. This form is used to admit or deny all of the allegations in the supplemental petition if you do not plan to file a **counterpetition**. There is no form for a counterpetition to a supplemental petition in these Family Law Forms. If you want to file a counterpetition to a supplemental petition you will need to either seek legal assistance or create a form yourself. You may construct an answer and counterpetition using the pertinent sections contained in the **Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.903(c)(1), or **Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.903(c)(2).

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the case was filed and keep a copy for your records. This must be done within 20 days of receiving the supplemental petition.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form, along with all of the other forms required with this **answer**, must be mailed, e-mailed, or hand delivered to the other party in your case. Regardless of whether you file a counterpetition, you have 20 days to answer after being served with the other **party**'s supplemental petition. After you file your answer, the case will generally proceed in one of the following two ways:

<u>**UNCONTESTED...**</u>  If you file an answer that agrees with everything in the other party's supplemental petition **and** you have complied with <u>**mandatory disclosure**</u> and filed all of the required papers, either party may call the clerk, <u>**family law intake staff**</u>, or <u>**judicial assistant**</u> to set a <u>**final hearing**</u>.  If you request the hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

<u>**CONTESTED...**</u>  If you file an answer which disagrees with or denies anything in the supplemental petition, **and** you are unable to settle the disputed issues, either party may file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers.  Some circuits may require the completion of <u>**mediation**</u> before a final hearing may be set. If you request the hearing, you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **"<u>bold underline</u>"** in these instructions are defined there. See chapter 61, Florida Statutes, for more information.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature

appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Special notes...

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves child(ren).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if child support is an issue. (If you do not know the other party=s income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Settlement Agreement**, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with [Property but] No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time you file your answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the supplemental petition on you, if not filed at the time of you file your answer, unless you and the other party have agreed not to exchange these documents.)

**Parenting and Time-Sharing...** If you and the other party are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes. A **parenting course** may be required prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.

Listed below are some terms with which you should become familiar before completing your

supplemental petition.  **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

**Shared Parental Responsibility**
**Sole Parental Responsibility**
**Supervised Time-Sharing**
**No contact**
**Parenting Plan**
**Parenting Plan Recommendation**
**Time-Sharing Schedule**

**Child Support...**  If this case involves child support issues, the court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs.  **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.  Florida has adopted guidelines for determining the amount of child support to be paid.  These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same.  From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e).  Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Temporary Relief...**  If you need temporary relief regarding parental responsibility and time-sharing with child(ren), child support or alimony, you may file a **Motion for Temporary Support with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a) or, if you need temporary relief regarding alimony and there are no dependent or minor child(ren), you may file a **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c).  For more information, see the instructions for these forms.

**Settlement Agreement...**  If you and the other party are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement.  Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a **notary public** or **deputy clerk**.  Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Final Judgment Form...**  These family law forms contain a **Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule or Other Relief**, Florida Supreme Court Approved Family Law Form 12.993(a), a **Supplemental Final Judgment Modifying Child Support**, Florida Supreme Court Approved Family Law Form 12.993(b), and a **Supplemental Final Judgment Modifying Alimony**, Florida Supreme Court Approved Family Law Form 12.993(c), which the judge may use, as appropriate. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...**  Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# ANSWER TO SUPPLEMENTAL PETITION

I, *{full legal name}* _____, being sworn, certify that
the following information is true:

1. I **agree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Supplemental Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}* _____

2. I **disagree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Supplemental Petition and, therefore, **deny** those allegations: *{indicate section and paragraph number}* _____

3. I currently am unable to admit or deny the following paragraphs due to lack of information: *{indicate section and paragraph number}* _____

4. If not previously filed in this case, a completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) _____ is filed with this answer, or _____ will be timely filed.

5. If not previously filed in this case, a completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this answer.

6. _____*{If applicable}* This case involves minor child(ren), and a completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this answer.

7. _____*{If applicable}* This case involves child support, and a completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e),_____ is filed or _____ will be timely filed with the court.

I certify that a copy of this document was (   ) mailed (   ) faxed and mailed (     ) e-mailed (   ) hand delivered to the person(s) listed below on *{date}* _____.

**Petitioner or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____        _____
                                       Signature of Respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*
_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,

Florida Supreme Court Approved Family Law Form 12.903(e), Answer to Supplemental Petition (11/15)

*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(a),
# PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
# (11/15)

## When should this form be used?

This form may be used to ask the court to enter a support **order** if your spouse has the ability to contribute to you and your minor child(ren), but has failed to do so.  You can **only** use this form if a **dissolution of marriage** has not been filed **and** based upon the time-sharing schedule, you are entitled to support. If a petition for dissolution of marriage has been filed, you should file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a), instead of using this **petition**.  Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.

This petition cannot address the issues of property, debts, or parental responsibility and time-sharing with child(ren).  It only deals with **alimony** and **child support**.

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or **deputy clerk**.  You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.  Because you are filing this **petition,** you are also referred to as the **petitioner** and your spouse as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify   your spouse of the petition.   Because this petition concerns child support and alimony, you should use **personal service**.    If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b).   Service on a spouse who is in the military can be complicated; therefore, you may wish to consult an attorney regarding this issue.

Instructions for Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 133 -

Your spouse has 20 days to **answer** after being served with your petition.  Your case will then generally proceed in one of the following three ways:

**DEFAULT.**  If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court.  Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED.**  If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing.  You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.**  If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).  If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **bold underline** in these instructions are defined there. For further information, see section 61.09, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

Instructions for Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 134 -

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this form you must also file the following:

- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves minor or dependent child(ren).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)

**Alimony.** Alimony may be awarded to a spouse if the judge finds that he or she has an actual need for it and that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony, bridge-the-gap alimony, durational alimony, lump sum alimony,** or **rehabilitative alimony.**

**Child Support.** The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support

Instructions for Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 135 -

that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e).  Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Temporary Relief.**  If you need temporary relief regarding child support or temporary alimony, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a).  For more information, see the instructions for that form.

**Final Judgment Forms.**  These family law forms contain a **Final Judgment of Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.994(a), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer.**  Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 136 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In re: the Marriage of:                           Case No: _____
                                                  Division: _____

_____,
    Husband,
and

_____,
        Wife.

# PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)

I, *{full legal name}*_____ , the
( ) Husband ( ) Wife, the Petitioner, being sworn, certify that the following statements are true:

1. JURISDICTION
   _____ Husband _____ Wife _____ Both live in Florida at the filing of this Petition for Support Unconnected with Dissolution of Marriage, which is filed pursuant to section 61.09, Florida Statutes.

2. Husband _____ is or _____ is not a member of the military service.
   Wife _____ is or _____ is not a member of the military service.

3. MARRIAGE HISTORY
   Date of marriage: *{month, day, year}* _____
   Date of separation: *{month, day, year}* _____ (_____Indicate if approximate)

4. MINOR CHILD(REN)
   *[Indicate **all** that apply]*
   a. _____The wife is pregnant.  The baby is due on: *{date}* _____.

   b. _____The minor (under 18) child(ren) common to both parties are:

**Name**                          **Birth date**

_____ _____

_____ _____

_____ _____

_____ _____

_____ _____

_____

   c. The minor child(ren) born or conceived during the marriage who are **not** common to both parties are:

Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

**Name**          **Birth date**

_____

_____

_____

_____

_____

The birth father(s) of the above minor child(ren) is (are) *{name and address}* _____

_____

    d.    ____The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical incapacity are:

**Name**          **Birth date**

_____

_____

5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) _____ is filed with this petition or _____ will be timely filed.

7. A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e) _____ is filed with this petition, or _____ will be timely filed.

8. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

## SECTION I.  SPOUSAL SUPPORT (ALIMONY)

**1.    ____Husband ____ Wife does not request spousal support (alimony) from the other spouse at this time.**

<b>OR</b>

2. _____ Husband ____Wife has the ability to contribute to the maintenance of the other spouse and has failed to do so.____ Husband ____Wife requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has a need for the support that he or she is requesting.  Spousal support (alimony) is requested in the amount of $_____ every _____ week _____ other week _____ month, beginning *{date}* _____, and continuing until *{date or event}* _____.

Explain why the Court should order _____ Husband _____ Wife to pay and any specific request(s) for type of alimony (temporary, permanent, rehabilitative, bridge-the-gap, durational, and/or lump sum):_____

_____

_____

_____

Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

_____
_____
_____ .

3. ____Other provisions relating to alimony including any tax treatment and consequences:
_____
_____
_____

4. _____Husband ____ Wife requests life insurance on the other spouse's life, provided by that spouse, to secure such support.


**SECTION II.  CHILD SUPPORT**

1. ____ Husband ____Wife has the ability to contribute to the maintenance of his or her        minor child(ren) and has  failed to do so.  Based upon the time-sharing schedule, the ____Husband  _____Wife is entitled to child support.

*[Indicate **all** that apply]*

2. ____Husband ____Wife requests that the Court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes.

3. ____ Husband ____ Wife requests that the Court award child support to be paid beyond the age of 18 years by ____Husband ____Wife because:

a.____the following child(ren), *{name(s)}*_____,
is (are) dependent because of a mental or physical incapacity which began prior to the age of 18 *{explain}:*

_____
_____
_____

b.____the following child(ren), *{name(s)}* _____,
is (are) dependent in fact, is (are) in high school and is (are) between the ages of 18 and 19; said child(ren) is (are) performing in good faith with a reasonable expectation of graduation before the age of 19.

4. ____ Husband ____ Wife requests that medical/dental insurance for the minor child(ren) be provided by: *[**Choose only one**]*
    a. ____ Husband.

    b. ____ Wife.

5. ____ Husband ____ Wife requests that uninsured medical/dental expenses for the child(ren) be paid: *[**Choose only one**]*

    a. ____ by Husband.

    b. ____ by Wife.

    c. ____ by Husband and Wife each paying one-half.

    d. _____according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).

Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

e.    _____Other *{explain}*: _____.

6.    _____Husband _____ Wife  requests that life insurance to secure child support be provided by:

a._____Husband

b._____Wife

c._____Both


**SECTION III.  OTHER RELIEF**

_____

_____

_____

_____

_____


**SECTION IV.   REQUEST**

 (This section summarizes what you are asking the Court to include in the order for support.)

_____ Husband _____ Wife requests that the Court enter an order establishing support **and**:

*[Indicate **all** that apply]*
  a.    _____ awarding spousal support (alimony) as requested in Section I of this petition;

  b.    _____ establishing child support for the minor child(ren) common to both parties, as requested in Section II of this petition;

  c.        _____ awarding other relief as requested in Section III of this petition; and any other items the  Court deems necessary.


**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated: _____          _____

                                                                        Signature of (    ) Husband (    ) Wife

Printed Name: _____
Address: _____
City, State, Zip: _
Telephone Number: ____
Fax Number: _____
Designated E-mail Address(es): _____

_____

Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (11/15)

- 140 -

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


_____

NOTARY PUBLIC or DEPUTY CLERK


_____

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*
_____ Personally known
_____ Produced identification
    Type of identification produced     _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only one}* (   ) Husband (   ) Wife
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(b), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN)(11/15)

## When should this form be used?

This form may be used if a **dissolution of marriage** has not been filed, and you are requesting **alimony**. If a petition for dissolution has been filed, you should file a **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c), instead of using this **petition**. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.

This petition does not address the issues of property or debts. It only deals with alimony.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records. Because you are filing the **petition** in this proceeding, you are also referred to as the **petitioner** and your **spouse** as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify your spouse of the petition. Because this petition concerns alimony, you should use **personal service**. If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b). Service on a spouse who is in the military can be complicated; therefore, you may wish to consult an attorney regarding this issue.

Your spouse has 20 days to **answer** after being served with your petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT...** If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**.

Instructions for Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (11/15)

- 142 -

You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED...** If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see section 61.09, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (11/15)

- 143 -

# Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this form you must also file the following:

- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)

**Alimony...** Alimony may be awarded to a spouse if the judge finds that he or she has an actual need for it and that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony**, **bridge-the-gap alimony, durational alimony, lump sum alimony**, or **rehabilitative alimony**.

**Temporary Relief...** If you need temporary relief regarding alimony, you may file a **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form.

**Final Judgment Forms...** These family law forms contain a **Final Judgment of Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.994(b), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (11/15)

- 144 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In re: the Marriage of:                                    Case No: _____
                                                           Division: _____

_____,
Husband,
and

_____,
Wife.

# PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN)

I, *{full legal name}* _____, the
*[Choose only one]* _____ Husband _____ Wife, being sworn, certify that the following statements are true:

1.  JURISDICTION
_____ Husband _____ Wife _____ Both live in Florida at the filing of this Petition for Support Unconnected with Dissolution of Marriage, which is filed pursuant to section 61.09, Florida Statutes.

2.  Husband _____ is or _____ is not a member of the military service.
Wife _____ is or _____ is not a member of the military service.

3.  MARRIAGE HISTORY
Date of marriage: *{month, day, year}* _____
Date of separation: *{month, day, year}* _____ (_____Indicate if approximate)

4.  A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c),_____ is filed with this petition  or _____ will be timely filed.

5.  A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), _____is filed with this petition or _____ will be timely filed.

**SECTION I.  SPOUSAL SUPPORT (ALIMONY)**

1.  _____ Husband _____Wife has the ability to contribute to the maintenance of the other spouse and has failed to do so. _____Husband _____Wife requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has a need for the support that he or she is requesting and that the other spouse has the ability to pay.  Spousal support (alimony) is requested in the amount of $_____every _____ week _____ other week _____ month, beginning *{date}* _____, and continuing until *{date or event}*_____
_____.

Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (11/15)

Explain why the Court should order _____ Husband _____Wife to pay and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum):

_____
_____
_____
_____
_____
_____.

2. _____ Other provisions relating to alimony including any tax treatment and consequences:

_____
_____
_____.

3. _____ Husband _____ Wife requests life insurance on the other spouse's life, provided by that spouse, to secure such support.

**SECTION II.  OTHER RELIEF**

_____
_____
_____
_____

**SECTION III.  REQUEST** (This section summarizes what you are asking the Court to include in the order for support.)

_____ Husband _____ Wife requests that the Court enter an order establishing support **and**:
*[Indicate **all** that apply]*

a. _____ awarding spousal support (alimony) pursuant to Section I of this petition;

b. _____ awarding other relief as specified in Section II of this petition; and any other terms the Court deems necessary.

Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (11/15)

- 146 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____     _____

Printed Name: _____ 

Signature of _____ Husband _____ Wife

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Addresses):_____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*
_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
 [fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Husband (    ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (11/15)

- 147 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(a), SUPPLEMENTAL PETITION TO MODIFY PARENTAL RESPONSIBILITY, VISITATION OR PARENTING PLAN/ TIME–SHARING SCHEDULE AND OTHER RELIEF (11/15)

## When should this form be used?

This form should be used when you are asking the court to change the current parental responsibility, visitation, and/or Parenting Plan/time-sharing schedule. A determination of parental responsibility, a Parenting Plan and a time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child(ren).

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or **deputy clerk**.  You should **file** this form in the county where the original order or judgment was entered.  If the order or judgment was entered in another state, or if the child(ren) live(s) in another state, you should speak with an **attorney** about where to file this form. You should file the original with the **clerk of the circuit court** and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify the other party in your case of the **supplemental petition**. If you know where he or she lives, you should use **personal service**.  If you absolutely do not know where he or she lives, you may use **constructive service**.  You may also be able to use constructive service if the other party resides in another state or country.  However, if constructive service is used, other than granting a dissolution of marriage, the court may only grant limited relief.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (11/15)

- 148 -

For more information on constructive service, see **Notice of Action for Family Cases with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.913(a),(2) and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

If personal service is used, the other party has 20 days to **answer** after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT...** If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED...** If the **respondent** files an answer that agrees with everything in your supplemental petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** If the respondent files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your supplemental petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (11/15)

- 149 -

**IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION**

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e) if you are seeking to modify child support. (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Parenting Plan**, Florida Supreme Court Approved Family Law Form, 12.995(a) or 12.995(b). If the parties have reached an agreement, the Parenting Plan should be signed by both parties. If you have not reached an agreement, a proposed Parenting Plan may be filed. **Notice of**

Instructions for Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (11/15)

- 150 -

**Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.

- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). **Certificate of Compliance with Mandatory Disclosure,** Florida Family Law Rules of Procedure Form 12.932 if you are seeking to modify child support. (This must be filed within 45 days of **service** of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)

**Parenting Plan and Time-Sharing...**  If you and the respondent are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan.  The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests.  Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case.  This means that a neutral person will review your situation and report to the judge concerning parenting issues.  The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served.  For more information, you may consult section 61.13, Florida Statutes.

A **parenting course** may be required prior to entry of a final judgment.  You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.

Listed below are some terms with which you should become familiar before completing your supplemental petition.  **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support…**  The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs.  **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.  Florida has adopted guidelines for determining the amount of child support to be paid.  These guidelines are based on the combined income of **both** parents and take into account the financial

Instructions for Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (11/15)

- 151 -

contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Temporary Relief…** If you need temporary relief regarding parental responsibility and time-sharing with child(ren), or temporary child support, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.

**Settlement Agreement…** If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a **notary public**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Final Judgment Form…** These family law forms contain a **Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule And Other Relief**, Florida Supreme Court Approved Family Law Form 12.993(a), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer…** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (11/15)

- 152 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

  Petitioner,

and

_____,

Respondent.

# SUPPLEMENTAL PETITION TO MODIFY PARENTAL RESPONSIBILITY, VISITATION, OR PARENTING PLAN/TIME-SHARING SCHEDULE AND OTHER RELIEF

I, *{full legal name}* _____

_____, being sworn, certify that the following information is true:

1. The parties to this action were granted a final judgment of _____ dissolution of marriage _____ paternity on *{date}* _____. A copy of the final judgment and any modification(s) is attached.

2. Paragraph(s)_____of the _____ final judgment or _____ most recent modification thereof describes the present parental responsibility, visitation, or Parenting Plan/Time-Sharing schedule.

3. Since the final judgment or last modification thereof, there has been a substantial, material and unanticipated change in circumstances, requiring a modification of the parental responsibility, visitation, or Parenting Plan/Time-Sharing schedule. Those changes are as follows: *{explain}*

_____
_____
_____
_____
_____
_____
_____
_____

4. I ask the Court to modify the parental responsibility, visitation, Parenting Plan or Time-Sharing schedule as follows: *{explain}*

_____
_____
_____

Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (11/15)

_____ .
This modification is in the best interests of the child(ren) because: *{explain}*

_____
_____
_____
_____ .

5.  Petitioner _____ requests _____ does not request that child support be modified, consistent with the modification of the Parenting Plan/Time-Sharing schedule.

6.  If necessary, a Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), _____is, or _____ will be filed.

7.  A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is _____, or _____ will be, filed.

8.  A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

9.  If not previously filed in this case, a completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

10. Other: _____
_____
_____
_____
_____.

Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (11/15)

- 154 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated: _____          _____
                                                    Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____


_____
NOTARY PUBLIC or DEPUTY CLERK



                                                    _____

        *[Print, type, or stamp commissioned name of notary*
*or deputy clerk.]*

_____ Personally known
_____ Produced identification
   Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}*_____,*{state}* _____,*{zip code}*_____, *{telephone number}* _____.


Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(b)
# SUPPLEMENTAL PETITION FOR MODIFICATION OF CHILD SUPPORT
# (11/15)

## When should this form be used?

This form should be used when you are asking the court to change a current court-ordered **child support** obligation. The court can change a child support **order** or **judgment** if the judge finds that there has been a **substantial change in the circumstances** of the parties and the change is in the **child(ren)'s best interests**.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** this form in the county where the original order was entered. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an **attorney** about where to file this form. You should file the original with the **clerk of the circuit court** and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify the other party in your case of the **supplemental petition**. If you know where he or she lives, you should use **personal service**. If you absolutely do not know where he or she lives, you may use **constructive service**. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see **Notice of Action for Family Cases with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.913(a)(2), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

If personal service is used, the other party has 20 days to **answer** after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:

Instructions for Florida Supreme Court Approved Family Law Form 12.905(b), Supplemental Petition for Modification of Child Support (11/15)

- 156 -

**DEFAULT...** If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED...** If the **respondent** files an answer that agrees with everything in your supplemental petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** If the respondent files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your supplemental petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please

Instructions for Florida Supreme Court Approved Family Law Form 12.905(b), Supplemental Petition for Modification of Child Support (11/15)

- 157 -

**CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this form, you must also file the following:

- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Settlement Agreement**, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)

**Child Support...** The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Temporary Relief...** If you need temporary relief regarding child support, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.

**Settlement Agreement...** If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in

Instructions for Florida Supreme Court Approved Family Law Form 12.905(b), Supplemental Petition for Modification of Child Support (11/15)

- 158 -

**Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1).  Both parties must sign this agreement before a **notary public** or **deputy clerk.**  Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Final Judgment Form...**  These family law forms contain a **Supplemental Final Judgment Modifying Child Support**, Florida Supreme Court Approved Family Law Form 12.993(b), which the judge may use.  You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...**  Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(b), Supplemental Petition for Modification of Child Support (11/15)

- 159 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# SUPPLEMENTAL PETITION FOR MODIFICATION OF CHILD SUPPORT

I, *{full legal name}* _____, being sworn, certify that the
following information is true:

1. The parties to this action were granted a final judgment _____ of dissolution of marriage _____
   of paternity _____ for support unconnected with a dissolution of marriage _____ Other
   *[describe]* _____on *{date}* _____.
   A copy of the final judgment and any modification(s) is attached.

2. Paragraph(s) _____ of the _____ final judgment or _____ most recent modification
   thereof establishes the present child support at $_____every _____week _____other
   week _____ month, beginning on *{date}* _____.

3. Since the final judgment or most recent modification thereof, there has been a substantial
   change in circumstances, requiring a modification in child support.  This change in circumstance
   is as follows: *{explain}* _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____.

4. I ask the Court to modify child support as follows: *{explain}* _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____.

Florida Supreme Court Approved Family Law Form 12.905(b), Supplemental Petition for Modification of Child
Support (11/15)

5. This change is in the best interests of the child(ren) because: *{explain}* _____

_____.

6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is _____, or _____will be, filed.

7. If not previously filed in this case, a completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed.

8. A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), _____ is, or _____ will be, filed.

9. Other:_____

_____.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

Printed Name: _____

_____
Signature of Petitioner

Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.905(b), Supplemental Petition for Modification of Child Support (11/15)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the Petitioner.

This form was completed with the assistance of:

*{name of individual}*

_____,

*{name of business}*

_____

,

*{address}*

_____

,

*{city}* _____,*{state}* _____,*{zip code}*_____, *{telephone number}*

_____.

Florida Supreme Court Approved Family Law Form 12.905(b), Supplemental Petition for Modification of Child Support (11/15)

- 162 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(c), SUPPLEMENTAL PETITION FOR MODIFICATION OF ALIMONY (11/15)

## When should this form be used?

This form should be used when you are asking the court to change a current court-ordered **alimony** obligation. The court can change an order for temporary, permanent periodic, durational, and rehabilitative alimony if the judge finds that there has been a **substantial change in the circumstances** of the parties. Lump sum and bridge-the-gap alimony cannot be modified.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** this form in the county where the original order was entered. If the order was entered in another state, or if the respondent lives in another state, you should speak with an **attorney** about where to file this form. You should file the original with the **clerk of the circuit court** and keep a copy for your records. Because you are filing the **petition** in this proceeding, you are also referred to as the **petitioner** and your **spouse** as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify the other party in your case of the **supplemental petition**. Because this petition concerns alimony, you should use **personal service**. If the other party is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding this issue.

If personal service is used, the other party has 20 days to **answer** after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT...** If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(c), Supplemental Petition for Modification of Alimony (11/15)

- 163 -

**UNCONTESTED...**  If the **respondent** files an answer that agrees with everything in your supplemental petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...**  If the respondent files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your supplemental petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).  If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(c), Supplemental Petition for Modification of Alimony (11/15)

- 164 -

# Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this form you must also file the following and serve a copy on the other party:

- **Settlement Agreement**, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2).

- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).

- **Certificate of Compliance with Mandatory Disclosure,** Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the other party, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)

**Alimony...** In order to modify an order for alimony, a **judge** must find that there has been a substantial change in circumstances.

**Temporary Relief...** If you need temporary relief regarding modification of alimony, you may file a **Motion for Temporary Support with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a), or **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(d), whichever is appropriate. For more information, see the instructions for those forms.

**Settlement Agreement...** If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.

**Final Judgment Form...** These family law forms contain a **Supplemental Final Judgment Modifying Alimony**, Florida Supreme Court Approved Family Law Form 12.993(c), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(c), Supplemental Petition for Modification of Alimony (11/15)

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(c), Supplemental Petition for Modification of Alimony (11/15)

- 166 -

IN THE CIRCUIT COURT OF THE_____JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,


_____,
Respondent.

# SUPPLEMENTAL PETITION FOR MODIFICATION OF ALIMONY

I, *{full legal name}* _____, being sworn, certify that the
following information is true:

1. The parties to this action were granted a final judgment (    ) of dissolution of marriage (    ) for
   support unconnected with a dissolution of marriage on *{date}* _____.
   A copy of the final judgment and any modification(s) is attached.

2. Paragraph(s) _____of the _____ final judgment or _____ most recent modification
   thereof establishes the present alimony at $ _____ every _____ week _____other
   week _____ month, beginning on *{date}* _____.

3. Since the final judgment or most recent modification thereof, there has been a substantial
   change in circumstances, requiring a modification in alimony.  This change in circumstance is as
   follows: *{explain}* _____

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____.

4. I ask the Court to modify alimony as follows: *{explain}* _____

   _____
   _____
   _____

Florida Supreme Court Approved Family Law Form 12.905(c), Supplemental Petition for Modification of Alimony
(11/15)

_____
_____
_____
_____
_____.

    5.   A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is _____ , or _____will be, filed.

    6.   Other: _____
_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____     _____
                                               Signature of PETITIONER

Printed Name: _____

                                      Address: _____

                                      City, State, Zip: _____

                                      Telephone Number: _____

                                      Fax Number: _____

                                      Designated E-mail Address(es): _____

                                      _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

                                      _____

                       NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*
____     Personally known
____     Produced identification
          Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

Florida Supreme Court Approved Family Law Form 12.905(c), Supplemental Petition for Modification of Alimony (11/15)

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.905(c), Supplemental Petition for Modification of Alimony (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(d)
# SUPPLEMENTAL PETITION FOR TEMPORARY MODIFICATION OF PARENTING ISSUES FOR CHILD(REN) OF PARENT ACTIVATED, DEPLOYED, OR TEMPORARILY ASSIGNED TO MILITARY SERVICE (11/15)

## When should this form be used?

This form should be used when a parent seeks a temporary modification of an order establishing custody, visitation, a parenting plan, or time-sharing schedule because the parent is activated, deployed, or temporarily assigned to military service and the parent's ability to comply with the prior order (s) and time-sharing schedule is materially affected.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should file the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.  This form and these instructions do not apply to modification of temporary orders.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify the other party in your case of the **supplemental petition**. If you know where he or she lives, you should use **personal service**.  If you absolutely do not know where he or she lives, you may use **constructive service**.  You may also be able to use constructive service if the other party resides in another state or country.  However, if constructive service is used, other than granting dissolution of marriage, the court may only grant limited relief.  For more information on constructive service, see **Notice of Action for Family Cases with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.913(a)(2) , and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b).  If the other party is in the military service of the United States, additional steps for service may be

Instructions for Florida Supreme Court Approved Family Law Form 12.905(d), Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service (11/15)

- 170 -

required.  See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a).  In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

If personal service is used, the other party has 20 days to **answer** after being served with your supplemental petition.  Your case will then generally proceed in one of the following three ways:

**DEFAULT...**  If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court.  Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**.  You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED...**  If the **respondent** files an answer that agrees with everything in your supplemental petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing.  You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...**  If the respondent files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your supplemental petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).  If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  The words that are in **"bold underline"** in these instructions are defined there. For further information, see section 61.13002, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all

Instructions for Florida Supreme Court Approved Family Law Form 12.905(d), Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service (11/15)

documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if you are seeking modification of the child support obligation. (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Settlement Agreement**, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), if you are seeking modification of the child support obligation.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(d), Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service (11/15)

- **Parenting Plan**, Florida Supreme Court Approved Family Law Form, 12.995(a), (b), or (c).  If the parties have reached an agreement, a signed and notarized Parenting Plan should be attached.  If you have not reached an agreement, a proposed Parenting Plan may be filed.
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932, if you are seeking modification of the child support obligation. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)

**Temporary Judgment Form...**   These family law forms contain a **Supplemental Temporary Judgment Modifying Parenting Issues for Children of a Parent Activated, Deployed or Temporarily Assigned to Military Service** Florida Supreme Court Approved Family Law Form 12.993(d)), which the judge may use.  You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...**   Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(d), Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service (11/15)

- 173 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,
And

_____,
Respondent.

# SUPPLEMENTAL PETITION FOR TEMPORARY MODIFICATION OF PARENTING ISSUES FOR CHILD(REN) OF PARENT ACTIVATED, DEPLOYED, OR TEMPORARILY ASSIGNED TO MILITARY SERVICE

I, *{full legal name}* _____, being sworn, certify that the following information is true:

1.  The parties to the action, *{names}* _____, were granted a final judgment of *[Choose **one** only]* _____ dissolution of marriage _____ paternity on {*date*} _____, _____ other {*describe*}_____.
    A copy/copies of the final judgment or any modification(s) is/are attached.

2.  Paragraph(s) _____ of the *[Choose **one** only]* _____ final judgment or _____ most recent modification of it grants custody, primary care, or time-sharing of the minor child(ren), *{name(s)}* _____, with *{name of parent}* _____.

3.  The parent, *{name}* _____, is: *[Choose **all** that apply]*
    _____ activated
    _____ deployed
    _____ temporarily assigned to military service.

4.  The parent, *{name}* _____, is temporarily unable to continue the current parenting plan and  time-sharing schedule with the minor child(ren) during the period of time that the parent is *[Choose **all** that apply]*
    _____ activated
    _____ deployed

Florida Supreme Court Approved Family Law Form 12.905(d), Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service (11/15)

_____ temporarily assigned to military service.

5. I ask the court to temporarily modify/amend the parental responsibility and time-sharing schedule of the minor child(ren) during the period of time that the parent, *{name}* _____, is *[ Choose **all** that apply]*
_____ activated
_____ deployed
_____ temporarily assigned to military service as follows:
*{explain}*_____
_____
_____
_____.

6. This temporary modification/amendment is in the best interests of the child(ren).

7. I ask that the court adopt _____ the attached temporary Parenting Plan _____ time-sharing schedule set forth below during the time that the parent is *[Choose **all** that apply]*
_____ activated
_____deployed
_____ temporarily assigned to military service:
_____
_____
_____.

8. If the requested modification/amendment is granted, Petitioner requests that child support be temporarily modified/amended, consistent with the temporary modification/amendment of the Parenting Plan and time-sharing schedule. A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e) is, or will be, filed if a modification of child support is requested.

9. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) is filed with this Petition.

10. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

11. Other: _____
_____
_____
_____
_____
_____.

Florida Supreme Court Approved Family Law Form 12.905(d), Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service (11/15)

- 175 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____         _____
                                        Signature of PETITIONER

Printed Name: _____

                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-mail Address(es):_____
                                        _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                        _____
          NOTARY PUBLIC or DEPUTY CLERK


_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*
_____     Personally known
_____     Produced identification
_____     Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.905(d), Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service (11/15)

- 176 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.910(b),
## PROCESS SERVICE MEMORANDUM
## (11/15)

### When should this form be used?

You should use this form to give the sheriff's department (or private process server) instructions for serving the other **party** in your case with the **Summons: Personal Service on an Individual**, Florida Family Law Rules of Procedure Form 12.910(a), and other papers to be served. On this form you can tell the sheriff's department the best times to find the person at work and/or at home. You can also include a map to the other person's home or work place to help the sheriff find the person and deliver the summons. Do not forget to attach to the summons a copy of your initial petition and any other papers you want personally served on the other party.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your petition was filed and attach a copy to the **Summons: Personal Service on an Individual**, Florida Family Law Rules of Procedure Form 12.910(a). You should also keep a copy for your records.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

### Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** You should read the instructions for **Summons: Personal Service on an Individual**, Florida Family Law Rules of Procedure Form 12.910(a), for additional information.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain

circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you fear that disclosing your address would put you in danger because you are the victim of sexual battery, aggravated child abuse, stalking, aggravated stalking, harassment, aggravated battery, or domestic violence, you should complete a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), file it with the clerk, and write confidential in the space provided on the petition.

**Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# PROCESS SERVICE MEMORANDUM

**TO:** _____ Sheriff of _____ County, Florida; _____ Division

_____ Private process server: _____

Please serve the *{name of document(s)}* _____

_____

in the above-styled cause upon:

Party: *{full legal name}* _____

Address or location for service: _____

_____

Work Address: _____

_____

If the party to be served owns, has, and/or is known to have guns or other weapons, describe what type of weapon(s): _____

SPECIAL INSTRUCTIONS: _____

_____

_____

_____

Dated: _____          _____
                                     Signature of Party

*Printed Name: _____

*Address: _____

*City, State, Zip: _____

*Telephone Number: _____

*Fax Number: _____

*Designated E-mail Address(es): _____

_____

Florida Supreme Court Approved Family Law Form 12.910(b), Process Service Memorandum (11/15)

**\* Please see the Special Notes section in the instructions to this form regarding Florida Supreme Court Approved Family Law Form 12.980(h), Request for Confidential Filing of Address, which may be used if you need to keep your addresses or telephone numbers confidential for safety reasons.**

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* ___, *{zip code}* _____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.912(b), AFFIDAVIT OF MILITARY SERVICE (11/15)

## When should this form be used?

An Affidavit of Military Service is required in every case where the Respondent has not filed an answer or appearance. The purpose is to protect the men and women serving in the U.S. military from having a court judgment entered against them without first receiving notice of the lawsuit and a chance to defend the case.

## You should use this form when ALL of the following statements are true:

- The other person in your case has been served, whether by **personal service** or **constructive service**.
- The other person in your case has not responded to your petition.
- You are requesting that the court enter a default judgment against the other person.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You must **file** the original of this form with the **clerk of the circuit court** when you file your **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a). You must also attach copies of all verifications of nonmilitary service that you received from each branch of the United States' military service. You should keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of

Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# AFFIDAVIT OF MILITARY SERVICE

I, *{full legal name}* _____ , am the Petitioner in this case.  To support my application for a default judgment and to comply with the Servicemembers Civil Relief Act (SCRA) (formerly known as Soldiers' and Sailors' Civil Relief Act of 1940), I swear or affirm that the following information is true:
*{Please choose only one}*

1. _____I know of my own personal knowledge that the Respondent **IS** on active duty in the military service of the United States.

2. _____ I know of my own personal knowledge that Respondent **IS NOT** now on active duty in the military service of the United States, nor has the Respondent been on active military service of the United States within a period of thirty (30) days immediately before this date.  "Active Service" includes reserve members of the Army, Navy, Air Force, Coast Guard, and Marines who have been ordered to report for active duty and members of the Florida National Guard who have been ordered to report to active duty for a period of more than thirty (30) days.

3. _____ I have contacted the military services of the United States and the U.S. Public Health Service and have obtained certificates showing that the Respondent is not on active duty status.  These certificates are attached.

4. _____ I have attempted to determine the military status of the Respondent, but do not have sufficient information.  This is what I have done to determine whether or not Respondent is on active duty in the United States military:

_____
_____
_____
_____
_____.
I have no reason to believe that s/he is on active duty at this time.

Florida Supreme Court Approved Family Law Form 12.912(b), Affidavit of Military Service (11/15)

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated:_____          _____
                                                          Signature of Petitioner

Printed Name: _____
Address:_____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*
_____ Personally known

_____ Produced identification

_____ Type of identification produced _____.


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual},* _____,
*{name of business}*_____,
*{address}* _____,
*{city}*_____,*{state}* _____, *{zip code}*_____,*{telephone number}*_____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.913(a)(1) NOTICE OF ACTION FOR DISSOLUTION OF MARRIAGE (NO CHILD OR FINANCIAL SUPPORT) (11/15)

## When should this form be used?

This form may be used to obtain **constructive service** (also called service by publication) in a **dissolution of marriage** case that does not involve a minor child or financial support if you do not know where your **spouse** lives or if your spouse lives outside Florida and you are unable to obtain **personal service**. Constructive notice will allow the court to dissolve the marriage, but personal service is required before a court can order payment of financial support, such as **spousal** support (**alimony)** or costs. If you are asking the court to decide how real or personal property located in Florida should be divided, the **Notice of Action** must include a specific description of the property. If you use constructive service, the court can grant only limited relief because its jurisdiction is limited. This is a complicated area of the law and you should consult an attorney before using constructive service.

You should complete this form by typing or printing the appropriate information in black ink. You should insert your spouse's name and last known address and then **file** this form with the **clerk of the circuit court** in the county where your petition for dissolution of marriage was filed. You must also complete and file an **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b). You should keep a copy for your records.

After the **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b), is filed, the clerk will sign this form. The form must then be given to a qualified local newspaper in the county where the case is pending to be published once each week for four consecutive weeks. When in doubt, ask the clerk which newspapers in your area are "qualified." The newspaper will charge you for this service. If you cannot afford to pay the cost of publication of this notice in a qualified newspaper, you may ask the clerk to post the notice at a place designated for such postings. You will need to file an **Application for Determination of Civil Indigent Status,** which you can obtain from the clerk. If the clerk determines that you cannot afford these costs, the clerk will post the notice of action.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

Instructions for Florida Supreme Court Approved Family Law Form 12.913(a)(1), Notice of Action for Dissolution of Marriage  (No Child or Financial Support) (11/15)

- 185 -

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see rule 12.070, Florida Family Law Rules of Procedure, and chapter 49, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If the other party fails to respond to your **petition** within the time limit stated in the notice of action that is published or posted, you are entitled to request a **default**. (See **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), and **Default**, Florida Supreme Court Approved Family Law Form 12.922(b).)

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.913(a)(1), Notice of Action for Dissolution of Marriage  (No Child or Financial Support) (11/15)

- 186 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____ ,

Petitioner

and

_____ ,

Respondent.

# NOTICE OF ACTION FOR DISSOLUTION OF MARRIAGE
# (NO CHILD OR FINANCIAL SUPPORT)

TO: {name of Respondent} _____

{Respondent's last known address} _____

YOU ARE NOTIFIED that an action for dissolution of marriage has been filed against you and that you are required to serve a copy of your written defenses, if any, to it on {name of Petitioner}

_____

,

whose address is _____

on or before {date} _____, and file the original with the clerk of this Court at {clerk's address}

_____,

before service on Petitioner or immediately thereafter. **If you fail to do so, a default may be entered against you for the relief demanded in the petition.**

The action is asking the court to decide how the following real or personal property should be divided: {insert "none" or, if applicable, the legal description of real property, a specific description of personal property, and the name of the county in Florida where the property is located}

_____

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents upon request.**

**You must keep the Clerk of the Circuit Court's office notified of your current address. (You may file Designation of Current Mailing and E-Mail Address, Florida Supreme Court Approved Family Law Form 12.915.) Future papers in this lawsuit will be mailed or e-mailed to the address(es) on record at the clerk's office.**

**WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.**

Florida Supreme Court Approved Family Law Form 12.913(a)(1), Notice of Action for Dissolution of Marriage (No Child or Financial Support)(11/15)

Dated: _____          CLERK OF THE CIRCUIT COURT


By: _____
    Deputy Clerk




**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}*_____.

Florida Supreme Court Approved Family Law Form 12.913(a)(1), Notice of Action for Dissolution of Marriage (No Child or Financial Support)(11/15)

- 188 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.913(a)(2)
# NOTICE OF ACTION FOR FAMILY CASES WITH MINOR CHILD(REN) (11/15)

## When should this form be used?

This form may be used to obtain **constructive service** (also called service by publication) in an action involving a parenting plan for a minor child under chapter 61, Florida Statutes; an action to determine temporary custody by extended family under chapter 751, Florida Statutes; and termination of a legal father's parental rights when another man is alleged to be the biological father. "Parenting plan" means a document created to govern the relationship between the parents relating to decisions that must be made regarding the minor child and must contain a time-sharing schedule for the parents and child. Section 61.046(14), Florida Statutes. You may use constructive service if you do not know where the other party lives or if the other party lives outside Florida and you are unable to obtain **personal service**. Constructive notice will allow the court to grant the relief requested, but personal service is required before a court can order payment or termination of **child support,** spousal support (**alimony**), or costs. If you are asking the court to decide how real or personal property located in Florida should be divided, the **Notice of Action** must include a specific description of the property. If you use constructive service, the court can grant only limited relief because its jurisdiction is limited. This is a complicated area of the law and you should consult an attorney before using constructive service.

You should complete this form by typing or printing the appropriate information in black ink. You must insert the other party's name and last known address and then **file** this form with the **clerk of the circuit court** in the county where your petition was filed. You must also complete and file an **Affidavit of Diligent Search and Inquiry**. Use Florida Family Law Rules of Procedure Form 12.913(b) unless you are serving the legal father in a paternity case where another man is alleged to be the biological father, in which case, you must use Form 12.913(c). You should keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

After the **Affidavit of Diligent Search and Inquiry**, Family Law Rules of Procedure Form 12.913(b) or 12.913(c), is filed, the clerk will sign this form. You will need to publish notice once each week for four consecutive weeks in a "qualified" newspaper in the county where the case is pending. When in doubt, ask the clerk which newspapers are "qualified." The newspaper will charge you for this service. If you cannot afford to pay the cost of publishing this notice, you may ask the

Instructions for Florida Supreme Court Approved Family Law Form 12.913(a)(2), Notice of Action For Family Cases With Minor Child(ren) (11/15)

- 189 -

clerk to post the notice at a place designated for such postings. You will need to file an **Application for Determination of Civil Indigent Status,** which you can obtain from the clerk. If the clerk determines that you cannot afford these costs, the clerk will post the notice of action. If your case involves termination of a legal father's parental rights when another man is alleged to be the biological father, you need to publish the notice only in the county where the legal father was last known to have resided. You are responsible for locating a "qualified" newspaper in the county where the other party last resided and paying the cost of publication.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see rule 12.070, Florida Family Law Rules of Procedure, rule 1.070, Florida Rules of Civil Procedure, sections 61.501–61.542, Florida Statutes and chapter 49, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If the other party fails to respond to your **petition** within the time limit stated in the notice of action that is published or posted, you are entitled to request a **default**. (See **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), and **Default**, Florida Supreme Court Approved Family Law Form 12.922(b).)

Instructions for Florida Supreme Court Approved Family Law Form 12.913(a)(2), Notice of Action For Family Cases With Minor Child(ren) (11/15)

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.913(a)(2), Notice of Action For Family Cases With Minor Child(ren) (11/15)

- 191 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____ ,
Petitioner

and

_____ ,
Respondent.

# NOTICE OF ACTION FOR

*{Specify action}* _____

TO: *{name of Respondent}* _____
*{Respondent's last known address}* _____

YOU ARE NOTIFIED that an action for *{identify the type of case}* _____ has been
filed against you and that you are required to serve a copy of your written defenses, if any, to it on
*{name of Petitioner}*
_____ ,
          ,
whose address is _____
on or before *{date}*_____, and file the original with the clerk of this Court at *{clerk's address}*

_____
          ,
before service on Petitioner or immediately thereafter. **If you fail to do so, a default may be entered
against you for the relief demanded in the petition.**

*{If applicable, insert the legal description of real property, a specific description of personal property, and
the name of the county in Florida where the property is located}*
          _____
_____.

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit
Court's office. You may review these documents upon request.**

**You must keep the Clerk of the Circuit Court's office notified of your current address. (You may file
Designation of Current Mailing and E-Mail Address, Florida Supreme Court Approved Family Law Form
12.915.) Future papers in this lawsuit will be mailed or e-mailed to the addresses on record at the clerk's
office.**

Florida Supreme Court Approved Family Law Form 12.913(a)(2), Notice of Action For Family Cases With Minor
Child(ren) (11/15)

- 192 -

**WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.**


Dated: _____.                    CLERK OF THE CIRCUIT COURT


                           By: _____
                           Deputy Clerk


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}*_____.

Florida Supreme Court Approved Family Law Form 12.913(a)(2), Notice of Action For Family Cases With Minor Child(ren) (11/15)

- 193 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.914
## CERTIFICATE OF SERVICE
## (11/15)

### When should this form be used?

After a petition or supplemental petition has been properly served (through either **personal service** or **constructive service**), both parties **must** serve copies of all additional documents or papers they **file** with the clerk on the other **party,** or his or her attorney, if he or she has one. Each time you file a document, you must certify that you provided the other party with a copy. Many of the Florida Family Law Forms already have a place above the signature line for this certification. It looks like this:

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed   (    ) hand-delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

If a form you are filing has a certificate, you do not need to file a separate **Certificate of Service**, Florida Supreme Court Approved Family Law Form 12.914. However, **each time** you file a document that does **not** have a certificate like the one above, you must file a **Certificate of Service**, Florida Supreme Court Approved Family Law Form 12.914, and serve a copy of the document on the other party.

This form should be typed or printed in black ink. After completing this form (giving the name of each form, document, or paper filed), you should sign the form before a **notary public** or **deputy clerk**. You should file the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

# What should I do next?

The copy you are providing to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For more information, see rule 1.080, Florida Rules of Civil Procedure and rule 12.080, Florida Family Law Rules of Procedure.

## Special notes

Instructions for Florida Supreme Court Approved Family Law Form 12.914, Certificate of Service (11/15)

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# CERTIFICATE OF SERVICE

I certify that a copy of *{name of document(s)}* _____

_____

was (   ) mailed (   ) faxed and mailed (   ) e-mailed (   ) hand-delivered to the person listed below on *{date}* _____.

| |
|---|
| **Other party or his/her attorney:** |
| Name: _____ |
| Address: _____ |
| City, State, Zip: _____ |
| Fax Number: _____ |
| Designated E-mail Address(es):_____ |
| _____ |
| |
| _____ |
| Signature of Party |
| Printed Name: _____ |
| Address: _____ |
| City, State, Zip: _____ |
| Telephone Number: _____ |
| Fax Number: _____ |
| Designated E-mail Address(es):_____ |
| _____ |
| |
| |

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

Florida Supreme Court Approved Family Law Form 12.914, Certificate of Service (11/15)

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:

*{name of individual}* _____,

*{name                                                                                of
business}*_____,

*{address}* _____,

*{city}* _____,*{state}* ____,*{zip    code}*_____,*{telephone    number}*
_____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.915,
## DESIGNATION OF CURRENT MAILING AND E-MAIL ADDRESS (11/15)

### When should this form be used?

This form should be used to inform the clerk and the other **party** of your current mailing and e-mail address(es) or **any change of address**.  It is very important that the court and the other party in your case have your correct address.

A party not represented by an attorney may choose to designate e-mail address(es) for **service.**  A primary and up to two secondary e-mail addresses can be designated.  If you do so and the other party is represented by an attorney or has also designated e-mail address(es) for service, e-mail will be the **exclusive means of service.**

If there is any change in your mailing or e-mail address(es), you must complete a new form, file it with the clerk, and serve a copy on any other party or parties in your case.

### What should I do next?

This form should be typed or printed in black ink.  After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records.  A copy of this form must be served on any other party in your case.  **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial**

Instructions for Florida Supreme Court Approved Family Law Form 12.915, Designation of Current Mailing and E-mail Address (11/15)

- 199 -

**Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.915, Designation of Current Mailing and E-mail Address (11/15)

- 200 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# DESIGNATION OF CURRENT MAILING AND E-MAIL ADDRESS

I, {full legal name} _____, being sworn, certify that
 my current mailing address is: {Street} _____
{City}_____, {State} _____ {Zip} _____
{Telephone No.} _____ {Fax No.} _____.

I designate as my current e-mail address(es):_____
_____
_____

**I understand that I must keep the clerk's office and the opposing party or parties notified of my current mailing and e-mail address(es) and that all future papers in this lawsuit will be served at the address(es) on record at the clerk's office.**

 I certify that a copy of this document was: (    ) e-mailed (    ) mailed (    ) faxed
(    ) hand-delivered to the person(s) listed below on {date}_____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

Florida Supreme Court Approved Family Law Form 12.915, Designation of Current Mailing and E-mail Address (11/15)

Dated:

_____          _____
                                              Signature of Party


STATE OF FLORIDA
COUNTY OF
Sworn to or affirmed and signed before me on _____ by _____.


_____
NOTARY PUBLIC or DEPUTY CLERK
                    *[Print, type, or stamp commissioned name of notary or clerk.]*


_____    Personally known
_____    Produced identification
Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{street}* _____,
*{city}* _____,*{state}* ___, *{zip code}*_____,*{telephone number}*_____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.921, NOTICE OF HEARING (CHILD SUPPORT ENFORCEMENT HEARING OFFICER)(11/15)

## When should this form be used?

A **child support enforcement hearing officer** is an attorney who has been appointed by administrative order of the court to take testimony and recommend decisions in cases involving the establishment, enforcement, and/or modification of **child support**. If your case only involves issues pertaining to child support, you cannot object to the referral of your case to a hearing officer.

Use this form anytime you have set a **hearing** before a child support enforcement hearing officer and have been instructed to send notice of the hearing to the other party. Before you fill out this form, you should coordinate a hearing time and date with the hearing officer and the other party. If the Department of Revenue is a party to the case, you may need to schedule your hearing time with the attorney for the Department of Revenue.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand-delivered to the other party in your case.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial**

Instructions for Florida Supreme Court Approved Family Law Form 12.921, Notice of Hearing (Child Support Enforcement Hearing Officer) (11/15)

- 203 -

**Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self Represented Litigants found at the beginning of these forms.** For further information, See Rule 12.941, Florida Family Law Rules of Procedure.

## Special notes...

An attorney who has been appointed by the court to serve as a child support enforcement hearing officer can also be appointed to serve as a general magistrate. If your case involves only child support issues, your case may properly be referred to a general magistrate acting as a child support enforcement hearing officer.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.921, Notice of Hearing (Child Support Enforcement Hearing Officer) (11/15)

- 204 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# NOTICE OF HEARING
## (CHILD SUPPORT ENFORCEMENT HEARING OFFICER)

TO: *{name of other party}*: _____

There will be a hearing before Child Support Enforcement Hearing Officer *{name}* _____,

on *{date}* _____, at *{time}* _____ m., in Room _____ of the _____

County Courthouse, on the following issues: _____

_____.

_____ hour(s)/_____ minutes have been reserved for this hearing.

If the matter before the Child Support Enforcement Hearing Officer is a Motion for Civil Contempt/Enforcement, **FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.**

This part to be filled out by the court or filled in with information you have obtained from the court:

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

_____

***{identify applicable court personnel by name, address, and telephone number}* at least 7 days before your scheduled court appearance, or immediately upon**

Florida Supreme Court Approved Family Law Form 12.921, Notice of Hearing (Child Support Enforcement Hearing Officer) (11/15)

**receiving this notification if the time before the scheduled appearance is less than 7 days;  if you are hearing or voice impaired, call 711.**

If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.

If this matter is resolved, the moving party shall contact the hearing officer's office to cancel this hearing.

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand-delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney**:
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number:_____
Fax Number:_____

Designated E-mail Address(es):_____

_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual }* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.921, Notice of Hearing (Child Support Enforcement Hearing Officer) (11/15)

- 206 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORMS 12.922(a), MOTION FOR DEFAULT, AND 12.922(b), DEFAULT (11/15)

## When should these forms be used?

If the other **party** has failed to **file** or **serve** any documents within 20 days after the date of service of your **petition**, you may ask the **clerk of the circuit court** to enter a **default** against him or her by filling out this form and filing it with the court. Generally, a default allows you to obtain an earlier **final hearing** to finish your case. Once the default is signed by the clerk, you can request a **trial** or final hearing in your case.

To obtain a default, you will need to complete **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a). You will then need to file your motion for default along with the **Default**, Florida Supreme Court Approved Family Law Form 12.922(b), so that the clerk can enter a default for you if your motion is proper.

This form should be typed or printed in black ink. After completing this form, you should file the original with the **clerk of the circuit court** in the county where you filed your petition and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

After the default has been entered, you must ask for a hearing, so that the **judge** can consider your petition. To do this, you must contact the clerk's office, **family law intake staff**, or **judicial assistant** to schedule a hearing and file a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, with the clerk. A copy of the notice of hearing must be mailed, e-mailed, or hand-delivered to each party in the case. **You must send a notice of final hearing to the defaulted party.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

Instructions for Florida Supreme Court Approved Family Law Forms 12.922(a), Motion for Default, and 12.922(b), Default (11/15)

- 207 -

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see Florida Rules of Civil Procedure 1.500, concerning defaults and Rule 1.140, concerning the time within which a party can file an answer or other responsive pleading to a petition. See also Florida Family Law Rule of Procedure 12.080.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Forms 12.922(a), Motion for Default, and 12.922(b), Default (11/15)

- 208 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA


Case No.: _____
Division: _____
_____,
Petitioner,

and

_____,
Respondent.

# MOTION FOR DEFAULT

TO THE CLERK OF THE CIRCUIT COURT:

**PLEASE ENTER A DEFAULT AGAINST RESPONDENT WHO HAS FAILED TO RESPOND TO THE PETITION.**

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand-delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es): _____


_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
                          Designated E-mail
Address(es):_____

_____

Florida Supreme Court Approved Family Law Form 12.922(a), Motion for Default (11/15)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent
This form was prepared with the assistance of:
*{name of individual}* _____,
*{name of business}*

_____,
*{address}* _____

_____,
*{city}* _____, *{state}*_____, *{zip code}*_____,*{telephone number}*_____.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# DEFAULT

A default is entered in this action against Respondent for failure to serve or file a response or any paper as is required by law.

Dated: _____

CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____

   Deputy Clerk

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the person(s) listed below on *{date}*_____.

**Other party or his/her attorney:**

Name: _____

Address: _____

City, State, Zip: _____

Fax Number: _____

Designated E-mail Address(es): _____

_____

Signature of Petitioner

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

                  Designated E-mail Address(es): _____.

Instructions for Florida Supreme Court Approved Family Law Form 12.922(b), Motion to Set Aside Default or Default Judgment (11/15)

_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent
This form was completed with the assistance of:
*{name of individual}*,_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}*_____,*{zip code}*_____,*{telephone number}* _____.

Instructions for Florida Supreme Court Approved Family Law Form 12.922(b), Motion to Set Aside Default or Default Judgment (11/15)

- 212 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.922(c), MOTION TO SET ASIDE DEFAULT OR DEFAULT JUDGMENT (11/15)

## When should this form be used?

If a **default** or default judgment has been entered against you, and you believe, because of a mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud, that it should not have been entered against you, you can use this form to request that the court set aside the default or default judgment.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the default was entered and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

After you file this form with the clerk and serve a copy on the other party in the case, you must schedule a **hearing** so that the court can consider your motion. You should contact the clerk, **family law intake staff**, or **judicial assistant** to schedule a hearing. Once you have scheduled the hearing date and time, you will need to complete and send out a notice for that hearing. To do so, use **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida

Instructions for Florida Supreme Court Approved Family Law Form 12.922(c), Motion to Set Aside Default or Default Judgment (11/15)

- 213 -

Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see Florida Family Law Rule of Procedure 12.540, and Florida Rules of Civil Procedure 1.500(d) and 1.540(d).

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.922(c), Motion to Set Aside Default or Default Judgment (11/15)

- 214 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# MOTION TO SET ASIDE DEFAULT OR DEFAULT JUDGMENT

I, *{full legal name}* _____, request that the Court enter an order to set aside the _____ Default _____ Default Judgment entered against me and that I be given the opportunity to present my views.

The Court should do this because:

1.      I became aware of this Default/Default Judgment on *{date}* _____.

2.      I found out about this in the following manner *{explain how you found out}*: _____

_____

_____

_____

_____

_____

3.      I did not answer or appear at the hearing because: _____

_____

_____

_____

_____

4.      If I am given an opportunity, these are the defenses and arguments that I would like to tell the

Supreme Court Approved Family Law Form 12.922(c), Motion to Set Aside Florida Default or Default Judgment (11/15)

court about: _____

_____

_____

_____

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand-delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
Signature of Respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____

Designated E-mail Address(es): _____

_____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____

*[Print, type, or stamp commissioned name of notary or*
*clerk.*
_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}*_____, *{zip code}*_____,*{telephone number}*_____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.923, NOTICE OF HEARING (GENERAL) (11/15)

## When should this form be used?

Anytime you have set a hearing before a **judge**, you must send notice of the **hearing** to the other party.

**IMPORTANT**: If your hearing has been set before a general magistrate, you should use **Notice of Hearing Before General Magistrate**, Florida Family Law Rules of Procedure Form 12.920(c). If your hearing has been set before a child support enforcement hearing officer, you should use **Notice of Hearing (Child Support Hearing Officer)**, Florida Supreme Court Approved Family Law Form 12.921.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party in your case. If a **default** has been entered, you must still send this form to the other party to notify the other party of the **final hearing**.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida

Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information on serving notices of hearing, see rule 1.090(d), Florida Civil Rules of Procedure.

## Special notes...

To set a hearing date and time, you will usually have to make a good-faith effort to coordinate a mutually convenient date and time for you, the other parties in the case, and the judge, except in certain emergency situations.  Some circuits may have additional procedural requirements that you must follow when you notify the court and other parties of your scheduled hearing.  Therefore, before you complete this form, you should contact the clerk's office, **family law intake staff**, or **judicial assistant** for information regarding the proper procedure to follow.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.923, Notice of Hearing (General) (11/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____


_____,

Petitioner,

and


_____,

Respondent.


## NOTICE OF HEARING (GENERAL)

[fill in **all** blanks]

TO: *{name of other party}*: _____

There will be a hearing before Judge *{name}* _____,

on *{date}* _____, at *{time}* _____m., in Room _____ of the _____

County Courthouse, on the following issues: _____

_____

_____.

_____ hour(s)/_____ minutes have been reserved for this hearing.


**This part is to be filled out by the court or to be filled in with information you obtained from the court:**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

_____

*{identify applicable court personnel by name, address, and telephone number}* **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**


Florida Supreme Court Approved Family Law Form 12.923, Notice of Hearing (General) (11/15)

If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.

If this matter is resolved, the moving party shall contact the judge's office to cancel this hearing.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the person(s) listed below on *{date}*_____.

**Other party or his/her attorney**:
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address:_____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* ( ) Petitioner ( ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, (*state}* _____, *{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED
# FAMILY LAW FORM 12.924, NOTICE FOR TRIAL (11/15)

## When should this form be used?

Generally, the court will have **trials** (or **final hearings**) in contested cases.  This form is to be used to notify the court that your case is ready to be set for trial.  Before setting your case for trial, certain requirements such as completing **mandatory disclosure** and **filing** certain papers and having them **served** on the other **party** must be met. These requirements vary depending on the type of case and the procedures in your particular circuit. In some circuits you must complete **mediation** or a **parenting course** before you can set a final hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. Other circuits may require that you set the trial using an **Order Setting Trial**. Contact the **clerk of the circuit court**, **family law intake staff**, or **judicial assistant** to determine how the **judge** assigned to your case sets trials.  For further information, you should refer to the instructions for the type of form you are filing.

This form should be typed or printed in black ink.  After completing this form, you should **file** the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand-delivered to the other party in your case.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  For further information, see rule 12.440, Florida Family Law Rules of Procedure.

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Special notes...

These family law forms contain **orders** and **final judgments**, which the judge may use. You should ask the clerk of court, family law intake staff, or judicial assistant if you need to bring one of these forms with you to the hearing or trial. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA


Case No.: _____
Division: _____
_____,
         Petitioner,

and


_____,
         Respondent.

# NOTICE FOR TRIAL

Pursuant to Rule 12.440, Florida Family Law Rules of Procedure, the party signing below states that the case is ready to be set for trial.  The estimated time needed for the parties to present their cases is: *{hours}* _____.

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand-delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es): _____


_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
                    Designated E-mail Address(es): _____


_____


Florida Supreme Court Approved Family Law Form 12.924, Notice for Trial (11/15)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____

_____,
*{city}* _____,*{state}* _____,*{zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.927, NOTICE OF VOLUNTARY DISMISSAL (11/15)

## When should this form be used?

If you are the **petitioner** in a case and you wish to discontinue (dismiss) the case, you may use this form to request that the court dismiss your **petition**. If you are the **respondent** in a case and you have filed a **counterpetition**, you may use this form to request that the court dismiss your counterpetition.

**WARNING:** If your case involves both a petition and a counterpetition, a notice of voluntary dismissal filed by one party will NOT dismiss the other party's petition or counterpetition. The other party also must file a notice of voluntary dismissal for the entire case to stop completely.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed or hand-delivered to each party in the case.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the

Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see 12.420, Florida Family Law Rule of Procedure 12.420.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA


Case No.: _____
Division: _____

_____,
Petitioner,

and


_____,
Respondent.

# NOTICE OF VOLUNTARY DISMISSAL

I, *{full legal name}* _____, give notice that:
*[choose **one** only]*

a. _____ I am the Petitioner in this case and I voluntarily dismiss my petition.

b. _____ I am the Respondent in this case and I voluntarily dismiss my counterpetition.


I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____


_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____


Florida Supreme Court Approved Family Law Form 12.927, Notice of Voluntary Dismissal (11/15)

_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}*_____ , *{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR SUPREME COURT APPROVED FAMILY LAW FORMS 12.931(a), NOTICE OF PRODUCTION FROM NONPARTY AND 12.931(b), SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NONPARTY (11/15)

## When should these forms be used?

These forms should be used if you need copies of documents (for a purpose relating to your case) from a **nonparty** in your case.  Both forms should be typed or printed in black ink.

**Notice of Production from Nonparty**, Florida Supreme Court Approved Family Law Form 12.931(a), is used to notify the other **party** in your case that in 10 days you are going to subpoena documents from a nonparty. **Subpoena for Production of Documents from Nonparty**, Florida Supreme Court Approved Family Law Form 12.931(b), is the actual subpoena directing the nonparty to produce specific documents. You must **file** the originals of these forms with the **clerk of the circuit court**. A copy of these forms must be mailed, e-mailed, **or** hand delivered to any other party in your case.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**  If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the

Instructions for Florida Supreme Court Approved Family Law Forms 12.931(a) Notice of Production from Nonparty and 12.931(b) Subpoena for Production of Documents from Nonparty (11/15)

- 230 -

procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

**Ten** days after you serve the **Notice of Production from Nonparty**, Florida Supreme Court Approved Family Law Form 12.931(a), on the other party in your case (15 days if service is by mail or e-mail), you should ask the clerk of the court to sign the subpoena. You should contact the deputy sheriff or private process server and have the subpoena **personally served** on the person named in the subpoena.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** Because these papers must also comply with rule 12.280, Florida Family Law Rule of Procedure, and rules 1.280, 1.350, 1.351, and 1.410, Florida Rules of Civil Procedure, you also should read those rules.

## Special Notes

If the other party in your case objects in writing within **10 days** (allow an additional 5 days if served by mail or e-mail) of service of the **Notice of Production from Nonparty**, Florida Supreme Court Approved Family Law Form 12.931(a), you may not use this procedure to obtain documents from the nonparty unless and until the court orders otherwise.

The nonparty receiving the subpoena may charge you a reasonable fee for copies of the documents.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Forms 12.931(a) Notice of Production from Nonparty and 12.931(b) Subpoena for Production of Documents from Nonparty (11/15)

- 231 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# NOTICE OF PRODUCTION FROM NONPARTY

TO: _____

*{all parties}*

YOU ARE NOTIFIED that, after **10 days** from the date of service of this notice, the undersigned will apply to the clerk of this Court for issuance of the attached subpoena directed to *{name of person, organization, or agency}* _____ , who is not a party, to produce the items listed at the time and place specified in the subpoena. Objections to the issuance of this subpoena must be filed with the clerk of the circuit court within **10 days**.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed
( ) e-mailed ( ) hand-delivered to the person(s) listed below on
*{date}*_____.

<u>Other party or his/her attorney (if represented)</u>          <u>Other</u>

_____          _____
Printed Name                                                       Printed Name

_____          _____
Address                                                              Address

_____          _____
City, State, Zip                                                  City, State, Zip

_____          _____
Telephone (area code and number)                    Telephone (area code and number)

_____          _____
Fax (area code and number)                             Fax (area code and number)

_____
_____
Designated E-mail Address(es)                        Designated E-mail Address(es)

Florida Supreme Court Approved Family Law Form 12.931(a) Notice of Production from Nonparty (11/15)

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (     ) Petitioner (     ) Respondent
This form was completed with the assistance of:
*{name of individual}*,_____,
*{name of business}* _____,
*{address}* _____
,
*{city}* _____, *{state}*_____,*{zip code}*_____, *{telephone number}* _____
.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case
No.:_____

Division: _____

_____,
Petitioner,

and

_____,
Respondent.


# SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NONPARTY

THE STATE OF FLORIDA
TO: _____

YOU **MUST** go to *{place}*_____, on
*{date}* _____, at *{time}* _____, a.m./p.m. and bring with you at that time and place the
following:_____
_____
_____
_____
_____
_____
_____
_____
_____
These items will be inspected and may be copied at that time. You will not have to leave the original
items.

You may obey this subpoena by providing readable copies of the items to be produced to the party **or**
his/her attorney whose name appears on this subpoena on or before the scheduled date of production.
You may condition the preparation of the copies upon payment in advance of the reasonable cost of
preparation. If you mail or deliver the copies to the attorney whose name appears on this subpoena
before the date indicated above, you do not have to appear in person.

Florida Supreme Court Approved Family Law Form 12.931(b), Subpoena for Production from a Nonparty
(11/15)

**You may be in contempt of court if you fail to: (1) appear as specified; (2) furnish the records instead of appearing as provided above; or (3) object to this subpoena.**

You can only be excused by the person whose name appears on this subpoena and, unless excused by that person of the Court, you shall respond as directed.

**This part to be filled out by the court or filled in with information obtained from the court:**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:_____**

**_____**
*{identify applicable court personnel by name, address, and telephone number}*
**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days;  if you are hearing or voice impaired, call 711.**

Dated:_____

CLERK OF THE CIRCUIT COURT (SEAL)

By:_____

Deputy Clerk

I CERTIFY that I gave notice to every other party to this action of my intent to serve a subpoena upon a person who is not a party to this action directing that person to produce documents or things without deposition.  I also certify that no objection under Florida Rule of Civil Procedure 1.351 has been received by the undersigned within 10 days of service of this notice, if service was by hand-delivery or appropriate facsimile transmission, and within 15 days if service was by mail or e-mail.

Dated: _____

_____

Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual }* _____,
*{name of*
Florida Supreme Court Approved Family Law Form 12.931(b), Subpoena for Production from a Nonparty (11/15)

*business}_____,*
*{address} _____,*
*{city}_____,{state}____ , {zip code}_____, {telephone*
*number}_____.*

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.940(d), MOTION TO MODIFY OR DISSOLVE TEMPORARY INJUNCTION (11/15)

## When should this form be used?

If a temporary **injunction**, either **ex parte** or after a **hearing**, has been entered against you, you may use this form to ask the court to modify or dissolve that injunction. **This motion should not be used to dissolve a Temporary Injunction for Protection Against Domestic Violence.**

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the injunction was entered and keep a copy for your records. You should ask the clerk to process your motion through their emergency procedures. A **hearing** will be held within 5 working days. You should ask for the date and time of your hearing and should file **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923 or other appropriate notice of hearing form, and send a copy to the other party.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party, along with a notice of hearing.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in

Instructions for Florida Supreme Court Approved Family Law Form 12.940(d), Motion to Modify or Dissolve Temporary Injunction (11/15)

- 238 -

certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.

## Special notes...

If parental responsibility or time-sharing of a minor child(ren) is at issue, you must also file the following, if you have not already done so:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).

**Order...** These family law forms contain an **Order Dissolving Temporary Injunction**, Florida Supreme Court Approved Family Law Form 12.940(e), which the judge may use. You should check with the clerk, **family law intake staff**, or **judicial assistant** to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Instructions for Florida Supreme Court Approved Family Law Form 12.940(d), Motion to Modify or Dissolve Temporary Injunction (11/15)

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.940(d), Motion to Modify or Dissolve Temporary Injunction (11/15)

- 240 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# MOTION TO MODIFY OR DISSOLVE TEMPORARY INJUNCTION

_____ Petitioner _____ Respondent requests the Court to enter an order _____ dissolving the temporary injunction issued in the above styled case _____ modifying the temporary injunction issued in the above styled case in the following manner: _____

_____

_____.

I am the party against whom this temporary injunction has been granted and under rule 1.610, Florida Rules of Civil Procedure, I request that a hearing be held within 5 days after the filing of this motion.

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

Florida Supreme Court Approved Family Law Form 12.940(d), Motion to Modify or Dissolve Temporary Injunction (11/15)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (     ) Petitioner (     ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.941(a), VERIFIED MOTION FOR TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES (11/15)

## When should this form be used?

You should use this form if you want the court to enter an **order** that your minor child(ren) is (are) not to be removed from the State of Florida while a case involving parenting or time-sharing is pending, that passport services for the minor child(ren) be prohibited, and/or that existing passports be turned over to you.

This form should be typed or printed in black ink. If you want the court to enter an **ex parte** order, without giving the other side advance notice of the hearing, you should explain your reasons in paragraph 5 of this form. After completing this form, you should sign the form before a **notary public**. You should **file** the original with the **clerk of the circuit court** in the county where your case is pending and keep a copy for your records. You should also ask the clerk to process your **motion** though their emergency procedures.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

If the court enters an order without advance notice to the other party, you should take a **certified copy** of the order to the sheriff's office for further assistance. You must have this form and the court's order, served by **personal service** on the other party. You should read the court's order carefully. Look for directions in the order that apply to you and note the time and place of the **hearing** scheduled in the order. You should go to the hearing with whatever evidence you have regarding your motion.

Instructions for Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (11/15)

- 243 -

If the court will not enter an order without advance notice to the other side, you should check with the clerk of court, **family law intake staff**, or **judicial assistant** for information on the local procedure for scheduling a hearing on your motion, unless the court sets a hearing in its order denying your request for an ex parte hearing. When you know the date and time of your hearing, you should file **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923 or other appropriate notice of hearing form, and use personal service to notify the other party of your motion, the court's order, if any, and the hearing.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (11/15)

- 244 -

# Special notes...

If you have an attorney, your attorney must certify in writing the efforts that have been made to give the other party notice, if no notice is given. The court may require you to post a **<u>bond</u>** as a condition of the injunction.

With this form you must also file the following, if you have not already done so, and provide a copy to the other party:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).

**Temporary Injunctions...** These family law forms contain a **Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (Ex Parte)**, Florida Supreme Court Approved Family Law Form 12.941(b), which the **<u>judge</u>** may use if he or she enters an order without a hearing, and a **Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (After Notice)**, Florida Supreme Court Approved Family Law Form 12.941(c), which the judge may use if he or she enters an order after a hearing. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (11/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# VERIFIED MOTION FOR TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES

_____ Petitioner _____ Respondent requests the Court to enter a temporary injunction to prevent removal of the following listed minor child(ren) from the jurisdiction of this Court and deny passport services for the child(ren) and says:

1. The minor child(ren) subject to this request is (are):

**Name**                                                          **Birth date**

_____

_____

_____

_____

_____

2. The child(ren) has (have) been a resident(s) of _____ County, Florida since *{date}* _____.

3. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), _____ is filed with this motion or _____ has already been filed.

4. It is in the best interests of the minor child(ren) that the Court order the following: *{Indicate **all** that apply}*

   a. _____ The child(ren) not be removed from the jurisdiction of this Court while litigation is

Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (11/15)

pending because:_____

_____

_____

    b. _____Passport services for the minor child(ren) be prohibited because:_____

_____

_____

    c. ____Existing passports for the minor child(ren) be immediately turned over to _____Petitioner _____ Respondent because: _____

_____

_____

_____

5.  This motion should be granted _____ with _____ without notice to the other party. *{If without notice, explain why there would be immediate and irreparable harm if the other party is given notice.}*

_____

_____

_____

_____

_____

WHEREFORE, _____ Petitioner _____ Respondent requests the following from the Court:
*{Indicate **all** that apply}*

    a. ____enter a temporary injunction to prevent removal of the child(ren) named above from the jurisdiction of this Court while this action is pending;

    b. ____enter an order denying passport services for the minor child(ren);

    c. ____enter an order requiring that any existing passports for the minor child(ren) be immediately delivered to _____ Petitioner _____ Respondent;

    d. ____enter a temporary injunction without notice to the other party.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand delivered to the person(s) listed below on *{date}* _____ or ( ) was **not** delivered to the person(s) listed below because _____

_____

_____

Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (11/15)

- 247 -

_____

_____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this verified motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated: _____          _____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____          _____



STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*[Print, type, or stamp commissioned name of notary or clerk.]*
_____ Personally known
_____ Produced identification


Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (11/15)

Type of identification produced _____

**If the party filing this motion is represented by an attorney, the attorney must complete the following:**

I, the undersigned attorney for the movant, hereby certify in that the following efforts have been made to give notice. *{if no efforts have been made, why}* _____

_____

_____

_____

_____

_____

_____

_____

Signature
Printed Name:_____
Florida Bar Number:_____
Address:_____
City, State, Zip:_____
Telephone Number:_____
Fax Number:_____
Designated E-mail Address(es):_____

_____

Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (11/15)

- 249 -

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____
_____,
*{address}*_____ _____,
*{city}* _____,*{state}* _____, *{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.941(d)
# EMERGENCY VERIFIED MOTION FOR CHILD PICK-UP ORDER
# (11/15)

## When should this form be used?

You may use this form to request that the court enter an **order** directing the sheriff or other law enforcement officer to take a minor child(ren) from the person who currently has physical possession of the child(ren) and deliver the child(ren) to your physical custody or possession. **This form should only be used in an emergency by a person who has a pre-existing legal right to physical possession of a minor child.** This means that you already have a court order awarding you legal custody of or time-sharing with the child(ren) **OR** you are the birth mother of one or more children born out of wedlock and no court order has addressed any other person's parental rights. Before proceeding, you should read **General Information for Self-Represented Litigants** found at the beginning of these forms.

This form should be typed or printed in black ink. This form presumes that you want the court to enter an **ex parte** order without giving the other side advance notice of the **hearing**. You should explain your reasons for why such an ex parte order should be entered in paragraph 7 of this form. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original, along with all of the other forms required, with the **clerk of the circuit court** in the county where the child(ren) is (are) physically located and keep a copy for your records. You should also ask the clerk to process your motion though their emergency procedures.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of

Instructions for Florida Supreme Court Approved Family Law Form 12.941(d), Emergency Verified Motion for Child Pick-Up Order (11/15)

- 251 -

Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

If the court enters an order without advance notice to the other party, you should take a certified copy of the order to the sheriff's office for further assistance.  You must have this form and the court's order served by **personal service** on the other party.  You should read the court's order carefully.  The order may require the sheriff to place the child(ren) somewhere other than in your physical possession.  Look for directions in the order that apply to you and note the time and place of the hearing scheduled in the order.  You should go to the hearing with whatever evidence you have regarding your motion.

If the court will not enter an order without advance notice to the other side, you should check with the clerk of court, **judicial assistant**, or **family law intake staff** for information on the local procedure for scheduling a hearing on your motion, unless the court sets a hearing in its order denying your request for an **ex parte** hearing. When you know the date and time of your hearing, you should file **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, and use personal service to notify the other party of your motion, the court's order, if any, and the hearing.

## Special notes...

With this form you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).

- A **certified copy** of the court order showing that you have legal custody of or time-sharing with the child(ren), if any.

Instructions for Florida Supreme Court Approved Family Law Form 12.941(d), Emergency Verified Motion for Child Pick-Up Order (11/15)

- 252 -

**OR**

- A **<u>certified copy</u>** of the child(ren)'s birth certificate(s), if you are the birth mother of a child born out of wedlock and no court order addressing paternity exists.

**OR**

- A **<u>certified copy</u>** of any judgment establishing paternity, time-sharing with or custody of the minor child(ren).

**Order...** These family law forms contain an **Order to Pick-Up Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.941(e), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.941(d), Emergency Verified Motion for Child Pick-Up Order (11/15)

- 253 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____ ,

Petitioner,

and

_____ ,

Respondent.

# EMERGENCY VERIFIED MOTION FOR CHILD PICK-UP ORDER

I, *{full legal name}* _____ , being sworn, certify that the following information is true:

1. This is a motion to enforce existing custody or time -sharing rights (as an operation of law or court-ordered) regarding the following minor child(ren):

| **Name** | **Sex** | **Birth Date** | **Race** | **Physical Description** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

2. Currently, the child(ren) subject to this motion is (are) in the physical possession of *{full legal name}* _____ whose address or present physical location is: _____

This individual's relationship to the minor child(ren) is: _____

3. I _____ am _____ am not married to the person named in paragraph 2.

4. **Status of minor child(ren).** I have a superior right to custody of or time-sharing with the minor child(ren) over the person named in paragraph 2 because:
   *{Indicate **all** that apply}:*
   a. _____ **Custody or Time-Sharing has been established by a court.**

Florida Supreme Court Approved Family Law Form 12.941(d), Emergency Verified Motion for Child Pick-Up Order (11/15)

A final judgment or order awarding custody of or time-sharing with the minor child(ren) was made on *{date}*_____in *{name of court}* _____
*{case number}* _____.   This order awarded custody of or specific time-sharing with the minor child(ren) to me.   This final judgment or order applies to the following minor child(ren): *{list name(s) of the child(ren) or write all}*

_____
_____

A certified copy of said final judgment or order is attached, has not been modified, and is still in effect. *{Indicate if applicable}* _____ This order is an out-of-state court order which is entitled to full faith and credit enforcement under the Uniform Child Custody Jurisdiction and Enforcement Act and/or the federal Parental Kidnaping Prevention Act.

    b.  _____ **Custody or time-sharing is established as an operation of law.**  I am the birth mother of the minor child(ren) who was (were) born out of wedlock and there is no final judgment or order awarding custody of or time-sharing with  the following minor child(ren): *{list name(s) of the child(ren) or write all}* _____

_____
_____

      1.  ____  **Paternity has NOT been established.** A certified copy of the minor child(ren)'s birth certificate is attached and has not been amended.
      2.  ____  **Paternity has been established.**  A certified copy of the final judgment of paternity, which shows no award of custody or time-sharing was made, is attached. This order has not been changed and is still in effect.

    c.  _____  Other: _____
_____
_____

  5. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this motion.

  6. **Facts relating to the minor child(ren)'s current situation.**
   *[Indicate **all** that apply]*
   a.  _____The person named in paragraph 2 wrongfully removed or wrongfully detained the minor child(ren) on *{date}* _____ as follows: _____

    _____
    _____
    _____
    _____

    _____ Please indicate here if you are attaching additional pages to continue these facts.

b. _____ I believe that the minor child(ren) is (are) in immediate danger of harm or removal from this court's jurisdiction while with the person named in paragraph 2 based on the following: _____

_____ .

_____ .

c. _____ The current location of the minor child(ren) is: *{choose only **one**}* (    ) unknown (    ) believed to be at the following address(es) with the following people *{list both the address and the people you believe will be there}*: _____

_____

_____

7. Advance notice of this motion to the individual named in paragraph 2 should **not** be required because:

_____

_____

_____

_____

_____

8. If needed, I can be contacted for notice of an emergency or expedited hearing at the following addresses/locations:

_____

Name of Contact Person:

_____

Address:

_____

Telephone number(s) where I (or my designee) can be reached: *{give name of individual to call}* _____

Name of Contact Person: _____

Address: _____

Telephone number(s) where I (or my designee) can be reached: *{give name of individual to call}* _____

9. **Attorneys' Fees, Costs, and Suit Monies.**
   *[Indicate if applicable]*
   _____ I have filed this motion because of wrongful acts of the person listed in paragraph 2 above. I request that this Court award reasonable attorney's fees, costs, and suit monies as applicable or authorized under Florida law, the UCCJEA, and other legal authorities.

WHEREFORE, I request an Emergency Order to Pick-Up Minor Child(ren), without advance notice,

Florida Supreme Court Approved Family Law Form 12.941(d), Emergency Verified Motion for Child Pick-Up Order (11/15)

directing all sheriffs of the State of Florida or other authorized law enforcement officers in this state or any other state to pick up the previously named minor child(ren) and deliver them to my physical custody.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made above and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated:

_____                    _____
                                           Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____


STATE OF FLORIDA
 COUNTY OF_____
Sworn to or affirmed and signed before me on _____ by _____

_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*[Print, type, or stamp commissioned name of notary or clerk.]*
_____    Personally known
_____    Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* ___, *{zip code}*_____,*{telephone number}* _____.
I certify that a copy of the *{name of document(s)}* _____
was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand-delivered to the parties listed below on *{date}*_____.


                                           _____
                                           By: *{Clerk of the Court or designee}*


Florida Supreme Court Approved Family Law Form 12.941(d), Emergency Verified Motion for Child Pick-Up Order (11/15)

Petitioner (or his or her attorney)
Respondent (or his or her attorney)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.942(a)
## MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM (11/15)

## When should this form be used?

This form may be used by either **party** in a family law case involving parenting, time–sharing, or **paternity** of a minor child(ren) to request that the judge appoint a **guardian ad litem** to represent the best interests of the minor child(ren).  You should use this form if you feel that your child(ren) needs someone other than you to ensure that both the judicial system and the other **party**(ies) act(s) in the best interests of the child(ren). A guardian ad litem may be a volunteer who has been trained and certified by the State of Florida Guardian ad Litem Program **or** an **attorney** who is a member in good standing with The Florida Bar.

This form should be typed or printed in black ink.  After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party in your case.

It is possible that there will be a **hearing** on your motion.  The **judge** may want to hear the reasons you feel an appointment of a guardian ad litem is necessary, or, the other party may object to your motion.  If a hearing is required, check with the clerk of court, **family law court staff**, or **judicial assistant** for information on the local procedure for scheduling a hearing.  When you know the date and time of your hearing, you should file **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form, and provide a copy to the other party.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

Instructions for Florida Supreme Court Approved Family Law Form 12.942(a), Motion for Appointment of Guardian ad Litem (11/15)

- 260 -

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** You may also want to contact the Guardian ad Litem Program office in your area or see sections 61.401-405, Florida Statutes.

## Special notes...

**Order.** These family law forms contain an **Order Appointing a Guardian ad Litem**, Florida Supreme Court Approved Family Law Form 12.942(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.942(a), Motion for Appointment of Guardian ad Litem (11/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____ ,

Petitioner,

and

_____ ,

Respondent.

# MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM

_____ Petitioner _____ Respondent requests that the Court enter an order appointing a guardian ad litem with all powers, privileges, and responsibilities authorized in section 61.403, Florida Statutes, and states:

1. The following minor child(ren) is (are) subject to this proceeding:

| Name | Birth date | Age | Sex | Location/Address |
|------|-----------|-----|-----|------------------|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

2. Verified allegations of child abuse or neglect as defined in sections 39.01(2) or (45), Florida Statutes, _____ HAVE _____ HAVE NOT been made in this case.

3. The matters before the Court regarding the minor child(ren) are _____ establishment or _____ modification of:
   a. sole/shared parental responsibility
   b. Parenting Plan and time-sharing schedule
   c. Other:_____

Florida Supreme Court Approved Family Law Form 12.942(a), Motion for Appointment of Guardian ad Litem (11/15)

4. It is in the best interests of the minor child(ren) that a guardian ad litem be appointed to advance the best interests of the minor child(ren) because:

_____

_____

_____

_____

_____.

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

_____

Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____,*{telephone number}*_____.

Florida Supreme Court Approved Family Law Form 12.942(a), Motion for Appointment of Guardian ad Litem (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.943, MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES (11/15)

## When should this form be used?

Child support in Florida is determined by the child support guidelines found in section 61.30, Florida Statutes. The court, at its discretion, may raise or lower the child support guidelines amount by up to 5%. In addition, the court may raise or lower the guidelines support amount by more than 5%, if written reasons are given for the adjustment. The court may make these additional adjustments based on certain considerations, which are reflected in this form. You should review this form to determine if any of the reasons for adjusting the child support guidelines amount apply to your situation and you should complete this form **only** if you want the court to order **more child support or less child support** than the amount required by the child support guidelines.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party in your case.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the

Instructions for Florida Supreme Court Approved Family Law Form 12.943, Motion to Deviate from Child Support Guidelines (11/15)

- 264 -

Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see section 61.30, Florida Statutes.

## Special notes...

More information on the child support guidelines as well as a chart for converting income and expenses to monthly amounts if paid or incurred on other than a monthly basis is contained in the instructions to **Florida Family Law Financial Affidavit,** Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the **Child Support Guidelines Worksheet,** Florida Family Law Rules of Procedure Form 12.902(e).

With this form you must also file the following, if not already filed:

- **Florida Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).

- **Child Support Guidelines Worksheet,** Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you should file this worksheet as soon as you receive a copy of his or her **financial affidavit**.)

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.943, Motion to Deviate from Child Support Guidelines (11/15)

- 265 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES

_____ Petitioner _____ Respondent requests that the Court enter an order granting the following:

**SECTION I**
*[Choose **A or B**]*
**A.____ MORE** child support than the amount required by the child support guidelines. The Court should order **MORE** child support than the amount required by the child support guidelines because of*: [Choose **all** that apply to your situation]*
1. ____Extraordinary medical, psychological, educational, or dental expenses;
2. ____Seasonal variations in one or both parent's income or expenses
3. ____Age(s) of the child(ren), taking into account the greater needs of older child(ren);
4. ____Special needs, such as costs that may be associated with the disability of a child or child(ren), that have traditionally been met within the family budget even though the fulfilling of those needs will cause support to exceed the presumptive amount established by the guidelines;
5. ____Total available assets of obligee, obligor, and the child(ren);
6. ____Impact of the Internal Revenue Service Child & Dependent Care Tax Credit, Earned Income Tax Credit, and dependency exemption and waiver of that exemption;
7. ____The Parenting Plan, such as where the child or children spend a significant amount of time, but less than 20 percent of the overnights, with one parent, thereby reducing the financial expenditures incurred by the other parent, or the refusal of a parent to become involved in the activities of the child(ren) has increased the financial expenditure incurred by the obligee;
8. ____The obligee parent's low income and ability to maintain the basic necessities of the home for the child(ren);
9. ____The likelihood that either parent will actually exercise the time-sharing schedule set forth in the parenting plan and/or whether all the children are exercising the same time-sharing schedule;

Florida Supreme Court Approved Family Law Form 12.943, Motion to Deviate from Child Support Guidelines (11/15)

10. _____Any other adjustment that is needed to achieve an equitable result, which may include reasonable and necessary expenses or debts jointly incurred during the marriage.

Explain any items marked above: _____

_____

_____.

**B._____ LESS** child support than the amount required by the child support guidelines. The Court should order **LESS** child support than the amount required by the child support guidelines because of: *[Choose all that apply to your situation]*

1. _____ Extraordinary medical, psychological, educational, or dental expenses;
2. _____Independent income of child(ren), excluding the child(ren)'s SSI (supplemental security income)
3. _____Payment of support for a parent which has been regularly paid and for which there is a demonstrated need;
4. _____Seasonal variations in one or both parent's income or expenses;
5. _____Age of the child(ren), taking into account the greater needs of older child(ren);
6. _____ Total available assets of obligee, obligor, and child(ren);
7. _____Impact of the Internal Revenue Service Child & Dependent Care Tax Credit, Earned Income Tax Credit, and dependency exemption and waiver of that exemption;
8. _____ Application of the child support guidelines which requires the obligor to pay more than 55% of gross income for a single support order;
9. _____ Residency of subsequently born or adopted child(ren) with the obligor, include consideration of the subsequent spouse's income;
10. _____ The Parenting Plan, where the child(ren) spend a significant amount of time, but less than 20 percent of the overnights, with one parent, thereby reducing the financial expenditures incurred by the other parent; or the refusal of a parent to become involved in the activities of the child(ren)has reduced the financial expenditure of that parent;
11. _____Any other adjustment that is needed to achieve an equitable result, which may include reasonable and necessary expenses or debts jointly incurred during the marriage.
    Explain any items marked above:_____

    _____

    _____.

**SECTION II. INCOME AND ASSETS OF CHILD(REN) COMMON TO BOTH PARTIES**

List the total of any independent income or assets of the child(ren) common to both parties (income from Social Security, gifts, stocks/bonds, employment, trust fund(s), investment(s), etc.). Attach an explanation.

**TOTAL VALUE OF ASSETS OF CHILD(REN)**                    $ _____

**TOTAL MONTHLY INCOME OF CHILD(REN)**                    $ _____

Florida Supreme Court Approved Family Law Form 12.943, Motion to Deviate from Child Support Guidelines (11/15)

**SECTION III. EXPENSES FOR CHILD(REN) COMMON TO BOTH PARTIES**

All amounts must be MONTHLY. See the instructions with this form to figure out money amounts for anything that is NOT paid monthly. Attach more paper, if needed. Items included under "other" should be listed separately with separate dollar amounts.

1. $ _____ Monthly nursery, babysitting, or other child care
2. $ _____ Monthly after-school care
3. $ _____ Monthly school tuition
4. $ _____ Monthly school supplies, books, and fees
5. $ _____ Monthly after-school activities
6. $ _____ Monthly lunch money
7. $ _____ Monthly private lessons/tutoring
8. $ _____ Monthly allowance
9. $ _____ Monthly clothing
10. $ _____ Monthly uniforms
11. $ _____ Monthly entertainment (movies, birthday parties, etc.)
12. $ _____ Monthly health and dental insurance premiums
13. $ _____ Monthly medical, dental, prescription charges (unreimbursed)
14. $ _____ Monthly psychiatric/psychological/counselor (unreimbursed)
15. $ _____ Monthly orthodontic (unreimbursed)
16. $ _____ Monthly grooming
17. $ _____ Monthly non-prescription medications/cosmetics/toiletries/sundries
18. $ _____ Monthly gifts from children to others (other children, relatives, teachers, etc.)
19. $ _____ Monthly camp or other summer activities
20. $ _____ Monthly clubs (Boy/Girl Scouts, etc.) or recreational fees
21. $ _____ Monthly visitation expenses (for nonresidential parent)
    *{Explain}* _____
22. $ _____ Monthly insurance (life, etc.)
    *{explain}*: _____

Other *{explain}*:

23. _____
24. _____
25. _____
26. $_____**TOTAL EXPENSES FOR CHILD(REN) COMMON TO BOTH PARTIES**
    (add lines 1 through 25)

Florida Supreme Court Approved Family Law Form 12.943, Motion to Deviate from Child Support Guidelines (11/15)

I have filed, will file, or am filing with this form the following additional documents:

1. Florida Family Law Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
2. Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney**:
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-Mail Address(es):_____

_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

_____
Signature of Party or his/her attorney

Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____

_____
STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

Florida Supreme Court Approved Family Law Form 12.943, Motion to Deviate from Child Support Guidelines (11/15)

_____ Personally known
_____ Produced identification
Type of identification produced_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (     ) Petitioner (     ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}*___, *{zip code}*_____*{telephone number}*_____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.944(a), MOTION FOR TESTIMONY AND ATTENDANCE OF MINOR CHILD(REN) (11/15)

## When should this form be used?

Rule 12.407, Florida Family Law Rules, provides that minor children may not be deposed (have their **deposition** taken), brought to court to appear as a **witness** or to attend a **hearing**, or **subpoenaed** to appear at a hearing without prior order of the court. This rule applies in all cases except when there is an emergency or the case is an uncontested adoption. You should use this form to request that the court enter an order authorizing a minor child(ren) to appear at a court proceeding.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to any other party(ies) in your case, including the guardian ad litem, if one has been appointed.

It is possible that there will be a hearing on your motion. The **judge** may want to hear the reasons you feel this motion should be granted, or the other party may object to your motion. If a hearing is required, check with the clerk of court, **judicial assistant**, or **family law intake staff** for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file **Notice of Hearing (General)**,Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form, and provide a copy to any other party.

## Where can I look for more information?

Instructions for Florida Supreme Court Approved Family Law Form 12.944(a), Motion for Testimony and Attendance of Minor Child(ren) (11/15)

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see rule 12.407, Florida Family Law Rules of Procedure.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.944(a), Motion for Testimony and Attendance of Minor Child(ren) (11/15)

- 272 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# MOTION FOR TESTIMONY AND ATTENDANCE OF MINOR CHILD(REN)

_____ Petitioner _____ Respondent requests that the Court enter an order authorizing one or more of the actions listed below related to the following minor child(ren):

| Name | Birth date | Age |
|------|-----------|-----|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*[Indicate **all** that apply]*

1.____ Minor child(ren), *{name(s)}* _____,
be subpoenaed to appear at hearing now scheduled for *{date}* _____.

2.____ Minor child(ren), *{name(s)}* _____,
attend deposition of *{name(s)}* now scheduled for *{date}* _____ at
*{location}* _____.

3. ____ Minor child(ren)'s, *{name(s)}* _____,
deposition be taken on *{date}* _____ at *{location}* _____.

4. ____ Minor child(ren), *{name(s)}* _____,
be brought to court to attend hearing now scheduled for *{date}* _____ at
*{location}* _____.

5. ____ Minor child(ren), *{name(s)}* _____,
be brought to court to testify in a hearing now scheduled for *{date}* _____ at
*{location}* _____.

Florida Supreme Court Approved Family Law Form 12.944(a), Motion for Testimony and Attendance of Minor Child(ren) (11/15)

The Court should do this because: _____

_____

_____

_____

_____

_____

_____.

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es): _____

_____


_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____

_____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}*

_____,
*{city}* _____,*{state}*_____,*{zip code}* _____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.944(a), Motion for Testimony and Attendance of Minor Child(ren) (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.947(a), MOTION FOR TEMPORARY SUPPORT, TIME-SHARING, AND OTHER RELIEF WITH DEPENDENT OR MINOR CHILD(REN) (11/15)

## When should this form be used?

This form may be used by:

(1) The **respondent** or the **petitioner** in a pending **dissolution of marriage** action. For you to use this form, a **petition** for dissolution of marriage must have already been filed. You should use this form to ask the court to award any of the following: temporary use of assets; temporary exclusive use of the marital home; temporary responsibility for liabilities/debts; temporary spousal support (**alimony**); temporary time-sharing schedule with minor child(ren); temporary **child support**; and other relief.

**OR**

(2) The petitioner in a pending action for support unconnected with dissolution. For you to use this form, a petition for support unconnected with dissolution of marriage must have already been filed. You should use this form to ask the court to award temporary spousal support (alimony) and/or temporary child support.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the petition for dissolution of marriage was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form, along with all of the other forms required with this motion, must be mailed, e-mailed,

Instructions for Florida Supreme Court Approved Family Law Form 12.947(a), Motion for Temporary Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren)(11/15)

- 275 -

or hand delivered to the other party in your case.  When you have filed all of the required forms, you are ready to set a **hearing** on your motion.  You should check with the clerk, **family law intake staff**, or **judicial assistant** for information on the local procedure for scheduling a hearing.  When you know the date and time of your hearing, you should notify the other party using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**  If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

### Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  Words in **bold underline** in these instructions are defined there.  For further information, see chapter 61, Florida Statutes, rule 12.285, Florida Family Law Rules of Procedure, and rule 1.610, Florida Rules of Civil Procedure.

### Special notes...

Instructions for Florida Supreme Court Approved Family Law Form 12.947(a), Motion for Temporary Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren)(11/15)

If you use paragraph 1.c. of this form to ask the court to enter a temporary injunction, the court may require you to post a **bond**.

With this form you must also file the following, if not already filed:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), if this case involves a minor or dependent child(ren).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that temporary child support be ordered. (If you do not know the other party's income, you may file this worksheet as soon as a copy of his or her financial affidavit has been served on you.)

The parties seeking relief shall serve a financial affidavit (Florida Family Law Rules of Procedure Form 12.902 (b) or (c) ) and certificate of compliance (Florida Family Law Rules of Procedure Form 12.932) with the notice of hearing on the motion for temporary support and time-sharing.

**Parenting Plan…** If you have reached an agreement on either a temporary Parenting Plan or time-sharing schedule, either one of the following proposed temporary Parenting Plans or a time-sharing schedule, signed by both parties, should be filed. **Parenting Plan,** Florida Supreme Court Approved Family Law Form 12.995(a), **Safety-Focused Parenting Plan,** Florida Supreme Court Approved Family Law Form 12.995(b), or **Relocation/Long Distance,** Florida Supreme Court Approved Family Law Form 12.995(c). If you have **not** reached an agreement, a proposed Parenting Plan or temporary time-sharing schedule may be filed for consideration by the Court.

**Temporary Order...** These family law forms contain a **Temporary Order for Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren),** Florida Supreme Court Approved Family Law Form 12.947(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.947(a), Motion for Temporary Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren)(11/15)

- 277 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# MOTION FOR TEMPORARY SUPPORT, TIME-SHARING, AND OTHER RELIEF WITH DEPENDENT OR MINOR CHILD(REN)

The _____ Petitioner _____ Respondent requests that the Court enter an order granting the following temporary support:

*{Complete **all** that apply}*

1. **Assets and Liabilities.**
   a. _____**Award temporary exclusive use and possession of the marital home.** *{address}* _____

The Court should do this because: _____

_____

   b. _____ **Award temporary use and possession of marital assets.** *{Specify, without giving account numbers}*

_____

The Court should do this because: _____

_____

   c. _____ **Enter a temporary injunction** prohibiting the parties from disposing of any marital assets, other than ordinary and usual expenses. *{Explain}* _____

_____

_____

_____

The Court should do this because: _____

Florida Supreme Court Approved Family Law Form 12.947(a), Motion for Temporary Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (11/15)

- 278 -

d. _____ **Require temporary payment of specific marital debts.** *{Explain without using account numbers}*_____

The Court should do this because: _____

_____

2. **Child(ren).**
   a. _____ Enter a temporary Parenting Plan with a time-sharing schedule for the parties' minor child(ren).
   b. _____ Enter a temporary injunction prohibiting the parties from permanently removing the child(ren) from the jurisdiction of the Court. The Court should do this because:

_____

3. **Support.**
   a. _____ Award temporary child support of $ _____ per month.
   b. _____ Award temporary spousal support/alimony of $ _____ per month.
The Court should do this because: _____

_____

4. **Attorney's fees and costs.**
   a. _____ Award temporary attorney's fees of $ _____.
   b. _____ Award temporary costs of $ _____.
The Court should do this because: _____

_____

5. **Other Relief.** *{specify}*_____

_____

6. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this motion or has already

Florida Supreme Court Approved Family Law Form 12.947(a), Motion for Temporary Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (11/15)

- 279 -

been filed with the Court.

7. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this motion or has already been filed with the Court.

Florida Supreme Court Approved Family Law Form 12.947(a), Motion for Temporary Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (11/15)

- 280 -

8.  I request that the Court hold a hearing on this matter and grant the relief specifically requested and any other relief this Court may deem just and proper.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

_____
Signature of Party or his/her attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____

_____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* ( ) Petitioner ( ) Respondent
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}* _____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.947(a), Motion for Temporary Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (11/15)

- 281 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED
# FAMILY LAW FORM 12.947(c)
# MOTION FOR TEMPORARY SUPPORT AND OTHER RELIEF WITH NO
# DEPENDENT OR MINOR CHILD(REN)(11/15)

## When should this form be used?

This form may be used by:

(1) the **respondent** or the **petitioner** in a pending **dissolution of marriage** action. For you to use this form, a **petition** for dissolution of marriage must have already been filed. You should use this form to ask the court to award any of the following: temporary use of assets; temporary exclusive use of the marital home; temporary responsibility for liabilities/debts; temporary spousal support (**alimony**); and other relief.

**OR**

(2) the petitioner in a pending action for support unconnected with a dissolution. For you to use this form, a petition for support unconnected with a dissolution of marriage must have already been filed. You should use this form to ask the court to award temporary spousal support (alimony).

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the petition for dissolution of marriage was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form, along with all of the other forms required with this motion, must be mailed, e-mailed, or hand delivered to the other party in your case. When you have filed all of the required forms, you are

Instructions for Florida Supreme Court Approved Family Law Form 12.947(c), Motion for Temporary Support and Other Relief with No Dependent or Minor Child(ren) (11/15)

- 282 -

ready to set a hearing on your motion.  You should check with the clerk, **family law intake staff**, or **judicial assistant** for information on the local procedure for scheduling a hearing.  When you know the date and time of your hearing, you should notify the other party using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**  If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  Words in **bold underline** in these instructions are defined there.  For further information, see chapter 61, Florida Statutes, rule 12.285, Florida Family Law Rules of Procedure, and rule 1.610, Florida Rules of Civil Procedure.

## Special notes...

If you use paragraph 1.c. of this form to ask the court to enter a temporary injunction, the court may require you to post a **bond**.

Instructions for Florida Supreme Court Approved Family Law Form 12.947(c), Motion for Temporary Support and Other Relief with No Dependent or Minor Child(ren) (11/15)

With this form you must also file the following, if not already filed:

- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days if not filed at the time of the petition.)
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932.

**Temporary Order...** These family law forms contain an **Order for Temporary Support and Other Relief with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(d), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.

**Nonlawyer…** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.947(c), Motion for Temporary Support and Other Relief with No Dependent or Minor Child(ren) (11/15)

- 284 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,
          and

_____,
Respondent.


# MOTION FOR TEMPORARY SUPPORT AND OTHER RELIEF
# WITH NO DEPENDENT OR MINOR CHILD(REN)


_____ Petitioner _____ Respondent requests that the Court enter an order granting the following temporary support:

*{Complete **all** that apply}*
1. **Assets and Liabilities.**
    a. _____ **Award temporary exclusive use and possession of the marital home.** *{address}* _____
    _____
    The Court should do this because: _____
    _____
    _____

    b. _____ **Award temporary use and possession of marital assets.** *{Specify, without using account numbers}*_____
    _____
    _____
    _____
    The Court should do this because: _____
    _____
    _____.
    c. _____ **Enter a temporary injunction** prohibiting the parties from disposing of any marital assets, other than ordinary and usual expenses. *{Explain}* _____
    _____
    _____
    _____

Florida Supreme Court Approved Family Law Form 12.947(c), Motion for Temporary Support and Other Relief with No Dependent or Minor Child(ren) (11/15)

- 285 -

The Court should do this because: _____
_____
_____
_____

    d.   _____ Require temporary payment of specific marital debts. *{Explain, without using account numbers}*

_____
_____
_____

The Court should do this because: _____
_____
_____

2. **Support.** Award temporary spousal support/alimony of $_____ per month.
The Court should do this because: _____
_____
_____

3. Other provisions relating to alimony including any tax treatment and consequences:_____
_____

4. **Attorney's fees and costs.**
    a.   _____ Award temporary attorney's fees of $_____.
    b.   _____ Award temporary costs of $_____.
    The Court should do this because: _____
    _____
    _____

5. **Other Relief.** *{specify}*_____
_____
_____
_____
_____

6. A completed Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932, is filed with this motion or has already been filed with the Court.

7. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this motion or has already been filed with the Court.

Florida Supreme Court Approved Family Law Form 12.947(c), Motion for Temporary Support and Other Relief with No Dependent or Minor Child(ren) (11/15)

- 286 -

I request that the Court hold a hearing on this matter and grant the relief specifically requested and any other relief this Court may deem just and proper.

Florida Supreme Court Approved Family Law Form 12.947(c), Motion for Temporary Support and Other Relief with No Dependent or Minor Child(ren) (11/15)

- 287 -

I certify that a copy of this document was (   ) mailed (   ) faxed and mailed (    ) e-mailed (   ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____

Address: _____

City, State, Zip: _____

Fax Number: _____

Designated E-mail Address(es):_____

_____.

_____
Signature of Party or his/her attorney
Printed Name: _____

Address: _____

                               City, State, Zip: _____

                               Telephone Number: _____

                               Fax Number: _____

                               Designated E-mail Address(es): _____

                               _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____
_____,
*{name of business}* _____
_____,
*{address}* _____
_____,
*{city}* _____,*{state}* ____,*{zip code}*_____*{telephone number}* _____
_____.

Florida Supreme Court Approved Family Law Form 12.947(c), Motion for Temporary Support and Other Relief with No Dependent or Minor Child(ren) (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(a)
# AGREEMENT FOR RELOCATION WITH MINOR CHILD(REN)
# (11/15)

## When should this form be used?

This form should be used when the parents and every other person entitled to access to, visitation, or time-sharing with the minor child(ren) are in agreement and are asking the court to permit the relocation of the child(ren)'s principal residence. "Other Person" means an individual who is not the parent, but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren). This form can be used at any time after either a petition or supplemental petition to relocate has been filed and the parties reach an agreement; OR can be used when the parties are in agreement and there is an existing cause of action, judgment, or decree of record pertaining to the child(ren)'s residence or time-sharing schedule.  Either an agreement for relocation or a petition to relocate is required when:

1. You plan to relocate the child(ren)'s residence more than 50 miles from the child(ren)'s principal residence at the time of the last order which established or modified either a Parenting Plan or time-sharing schedule or at the time of filing of the pending action.

2. The court has not already entered an order granting permission to relocate.

3. The relocation will be for a period of 60 consecutive days or more, not including any absence for purposes of vacation, education, or health care for the child(ren).

4. Your order or final judgment defining custody, primary residence, the Parenting Plan, or time-sharing was entered before October 1, 2009 and the order does not expressly govern the relocation of the child(ren); or was entered on or after October 1, 2009, or your case was pending on October 1, 2009.

5. If the visitation or time-sharing schedule will change due to the relocation, a Parenting Plan with a time-sharing schedule must be included with the Agreement.  Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

This form should be typed or printed in black ink. **You must fill in all sections of the form.** If you are an "other person" entitled to access, visitation, or time-sharing with the child(ren), substitute your name for Mother or Father in the form and "parties" for "parents." After completing the form, you should sign the form before a **notary public** or **deputy clerk.**

Instructions for Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (11/15)

- 289 -

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify the court by filing the original of the Agreement and a **Motion for Order Permitting Relocation by Agreement**, Florida Supreme Court Approved Family Law Form, 12.950 (b), with the clerk of the circuit court of one of the following: the circuit court which has jurisdiction in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act; the circuit court in the county in which either parent and the child(ren) reside; or the circuit court in which the original action was adjudicated.  If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an **attorney** about where to file this form.  You should file the original with the **clerk of the circuit court** and keep a copy for your records.

If the issue of the child(ren)'s physical residence is already before the court in an ongoing proceeding or through a judgment issued by the court, the court may enter an order adopting the Agreement without holding a hearing once both parties have signed it and neither has  requested a hearing.  When a hearing is not timely requested, the court shall presume that relocation is in the best interest of the child(ren) and may adopt the Agreement without holding a hearing.

 If one or more of the parties to the Agreement timely requests a hearing in writing within 10 days after the date the Agreement is filed with the court, then you must notify the other party(ies) of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.  The court will then enter an order after the hearing.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial

Instructions for Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (11/15)

- 290 -

Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

If your case involves a modification of any provision relating to child support, you should also check with the clerk of the circuit court in the county in which you are filing this Agreement for Relocation to determine if any other forms must be filed.

If the parties agree to a modification of child support, the following forms should be filed with this Agreement:

- A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e),
- A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
- A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).

## Special notes...

The Agreement for Relocation with Minor Children must contain a **Parenting Plan** with a **time-sharing schedule**. At a minimum, the Parenting Plan must describe in adequate detail:
- How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
- The time-sharing schedule that specifies the time that the minor child(ren) will spend with each parent and every other person entitled to access or time-sharing,
- A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, and any other activities,
- The methods and technologies that the parents will use to communicate with the child(ren), and

Instructions for Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (11/15)

- Any transportation arrangements related to access or time-sharing.

The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parties, including the parties' historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of the family as listed in s. 61.13(3), Florida Statutes.

This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.

The Parenting Plan and time-sharing schedule may be set forth in the body of the Agreement for Relocation with Minor Children or may be attached as a separate document. You may attach a **Relocation/Long-Distance Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(c), or similar form.

In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.

**Nonlawyer. . .** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (11/15)

- 292 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,

And

_____,
Respondent.


# AGREEMENT FOR RELOCATION WITH MINOR CHILD(REN)
## ____INCLUDING OR ____ NOT INCLUDING MODIFICATION OF CHILD SUPPORT


I, *{full legal name}* _____, (Petitioner) and I, *{full legal name}* _____, (Respondent) being sworn, certify that the following information is true:

1.  The parties to this action were granted a final judgment of ____ dissolution of marriage ____ paternity on *{date}* _____.  A copy of the final judgment and any modification(s) is/are attached.

2.  *{If Applicable}*.  The following other person is an individual who is not a parent, but with whom the child resides pursuant to a court order, or who has the right of access to, time-sharing with, of visitation with the child(ren)_____.

3.  Paragraph(s)_____of the ____ final judgment or ____ most recent modification thereof describes the present custody, visitation, or time-sharing schedule.

4.  The dependent or minor child(ren) referred to in this Agreement are:

**Name(s)**                                                    **Birth Date(s)**
_____
_____
_____
_____
_____

**SECTION I. RELOCATION**

A.  Since the final judgment or last modification thereof, there has been a substantial change in

circumstances, requiring a modification of the present visitation, Parenting Plan, or time-sharing schedule.  Both parties agree and stipulate to the following terms regarding modification to allow the _____to relocate with the minor child (ren) and modify the terms regarding visitation or time-sharing, with or without a hearing.

B.  The following relocation information is true and correct:
1.  The location of the intended new residence, including the state, city, and physical address, if known, is:  _____
_____
_____.

2.  The mailing address of the new physical residence, if not the same as the physical address, is: _____.

3.  The home telephone number of the intended new residence, if known, is:_____.

4.  The date of the intended move or proposed relocation is: _____.

**SECTION II:  PARENTAL RESPONSIBILITY AND TIME-SHARING SCHEDULE** *{Choose only **one**}*

1.____  Parental Responsibility and Time-Sharing shall remain the same as previously set out in the: ____ Final Judgment of Dissolution, ____ Final Judgment of Paternity or subsequent ____ Other *{title of supplemental order or judgment}*_____ dated _____ and will continue without modification;

**OR**

2.____  The parties shall comply with the Parenting Plan which is attached and incorporated herein as Exhibit ____.

**OR**

3.____  The parties shall comply with the following Parenting Plan and time-sharing schedule:

A.  **JURISDICTION**
The United States is the country of habitual residence of the child(ren).

The State of Florida is the child(ren)'s home state for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act.

This Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. Sections 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980, and for all other state and federal laws.

Other: _____.

**PARENTAL RESPONSIBILITY AND DECISION MAKING**

1.  **Parental Responsibility** *{Choose only one}*

    a._____Shared Parental Responsibility.
    It is in the best interests of the child(ren) that the parents confer and **jointly** make all major decisions affecting the welfare of the child(ren). Major decisions include, but are not limited to, decisions about the child(ren)'s education, healthcare, and other responsibilities unique to this family.

    **OR**

    b._____Shared Parental Responsibility with Decision Making Authority.
    It is in the best interests of the child(ren) that the parents confer and attempt to agree on the major decisions involving the child(ren).  If the parents are unable to agree, the authority for making major decisions regarding the child(ren) shall be as follows:

    | | | |
    |---|---|---|
    | Education/Academic decisions | ____ Mother | ____ Father |
    | Non-emergency health care | ____ Mother | ____ Father |
    | _____ | ____ Mother | ____ Father |
    | _____ | ____ Mother | ____ Father |
    | _____ | ____ Mother | ____ Father |

    **OR**

    c._____Sole Parental Responsibility:
    It is in the best interests of the child(ren) that the ____ Mother ____ Father shall have sole authority to make major decisions for the child(ren.) It is detrimental to the child(ren) for the parents to share decision making because: _____ _____.

2.  **Day-to-Day Decisions**
    Unless otherwise specified in this Parenting Plan, each parent shall make decisions regarding day-to-day care and control of each child, including the performance of daily tasks, while the child is with that parent.  Regardless of the allocation of decision making in the Parenting Plan, either parent may make emergency decisions affecting the health or safety of the child(ren) when the child is residing with that parent.  A parent who makes an emergency decision shall share the decision with the other parent as soon as reasonably possible.

3.  **Extracurricular Activities *{Choose all that apply}***

a._____Either parent may register the child(ren) and allow them to participate in the activity of the child(ren)'s choice.

b._____The parents must mutually agree to all extra-curricular activities.

c._____The costs of the extra-curricular activities shall be paid by:
Mother _____%        Father _____ %

d._____The uniforms and equipment required for the extra-curricular activities shall be paid by: Mother _____ %     Father _____%

e._____Other: _____ .

C.      **INFORMATION SHARING**.  **Unless Otherwise Indicated or Ordered by the Court**:

1.   Unless otherwise prohibited by law, both parents shall have access to medical and school records pertaining to the child(ren) and shall be permitted to independently consult with any and all professionals involved with the child(ren). The parents shall cooperate with each other in sharing information related to the health, education, and welfare of the child(ren) and they shall sign any necessary documentation ensuring that both parents have access to said records.

2.   Each parent shall be responsible for obtaining records and reports directly from the school and health care providers.

3.   Both parents have equal rights to inspect and receive governmental agency and law enforcement records concerning the child(ren).

4.   Both parents shall have equal and independent authority to confer with the child(ren)'s school, day care, health care providers, and other programs with regard to the child(ren)'s educational, emotional, and social progress.

5.   Both parents shall be listed as "emergency contacts" for the child(ren).

6.   Each parent has a continuing responsibility to provide a residential and mailing address, and contact telephone number(s) to the other parent.  Each parent shall notify the other parent in writing within 24 hours of any changes.  Each parent shall notify the court in writing within seven (7) days of any changes.

7.   Other:
_____

_____.

D**.      SCHEDULING**

1. **School Calendar**
   If necessary, on or before _____ of each year, both parents should obtain a copy of the school calendars for the next school year. The parents shall discuss the calendars and the time-sharing schedule so that any differences or questions can be resolved.


   The parents shall follow the school calendar of: *{Choose **all** that apply}*
   _____    the oldest child
   _____    the youngest child
   _____    the school calendar for _____ County
   _____    the school calendar for _____ School

2. **Academic Break Definition**
   When defining academic break periods, the period shall begin at the end of the last scheduled day of classes before the holiday or break and shall end on the first day of regularly scheduled classes after the holiday or break.

3. **Schedule Changes**  *{Choose **all** that apply}*

   a._____A parent making a request for a schedule change will make the request as soon as possible, but in any event, except in cases of emergency, no less than _____ before the change is to occur.

   b._____A parent requesting a change of schedule shall be responsible for any additional child care, or transportation costs caused by the change.

   c._____Other _____.

E.     **TIME-SHARING SCHEDULE**


   1. **Weekday and Weekend Schedule**
   The following schedule shall apply beginning on _____ with the _____ Mother _____ Father and continue as follows:

   The child(ren) shall spend time with the **Mother** on the following dates and times:
   **WEEKENDS**: ____ Every ____ Every Other ____ Other (*specify*): _____
   From_____ to _____
   **WEEKDAYS**: Specify days _____
   From _____ to _____
   **OTHER**: (Specify) _____
   _____
   _____
   .

   The child(ren) shall spend time with the **Father** on the following dates and times:

**WEEKENDS**: _____ Every _____ Every Other _____ Other *{specify}*: _____
From_____ to _____
**WEEKDAY**S: *{Specify days}* _____
From _____ to _____
**OTHER**: *{specify}* _____
_____
_____
.

The child(ren) shall spend time with _____on the following dates
and times:
**WEEKENDS:** _____ Every _____ Every Other _____ Other *{specify}*:_____
From _____to_____
**WEEKDAYS:** *{Specify days}*_____
From_____to_____
**OTHER:** *{specify}* _____
_____
_____

**Please indicate below if there is a different time-sharing schedule for any child. Complete a separate Attachment for each child for whom there is a different time-sharing schedule.**

_____ There is a different time-sharing schedule for the following child(ren) in Attachment _____.

_____, and _____.
(Name of Child)             (Name of Child)

2. **Holiday Schedule** *{Choose only **one**}*

a.____ No holiday time sharing shall apply. The regular time-sharing schedule set forth above shall apply.

b.____ Holiday time-sharing shall be as the parties agree.

c.____ Holiday time-sharing shall be in accordance with the following schedule. The holiday schedule will take priority over the regular weekday, weekend, and summer schedules. Fill in the blanks with Mother or Father to indicate where the child(ren) will be for the holidays. Provide the beginning and ending times. If a holiday is not specified as even, odd, or every year with one parent, then the child(ren) will remain with the parent in accordance with the regular schedule

| **Holidays** | **Even Years** | **Odd Years** | **Every Year** | **Begin/End Time** |
|---|---|---|---|---|
| Mother's Day | _____ | _____ | _____ | _____ |
| Father's Day | _____ | _____ | _____ | _____ |

Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (11/15)

President's Day _____ _____ _____ _____
Martin Luther King Day _____ _____ _____ _____
Easter ____ _____ _____ _____
Passover ____ _____ _____ _____
Memorial Day Weekend ____ _____ _____ _____
4th of July ____ _____ _____ _____
Labor Day Weekend ____ _____ _____ _____
Columbus Day Weekend ____ _____ _____ _____
Halloween ____ _____ _____ _____

Thanksgiving ____ _____ _____ _____
Veteran's Day ____ _____ _____ _____
Hanukkah ____ _____ _____ _____
Yom Kippur ____ _____ _____ _____
Rosh Hashanah ____ _____ _____ _____
Child(ren)'s Birthdays ____ _____ _____ _____
_____ _____ _____

3. **Winter Break**

A.    Winter Break *{Choose only **one**}*

1._____The ____Mother _____ Father shall have the child(ren) from the day and time school is dismissed until December _____ at _____ a.m./p. m in ____odd-numbered years ____ even-numbered years ____ every year. The other parent will have the children for the second portion of the Winter Break. The parties shall alternate the arrangement each year.

2._____The _____ Mother _____ Father shall have the child(ren) for the entire Winter Break during ____ odd-numbered years ____ even-numbered years ____ every year.

3._____Other:
_____
_____
_____.

B.   Specific Winter Holidays
If not addressed above, the specific Winter Holidays such as Christmas, New Year's Eve, Hanukkah, Kwanzaa, etc. shall be shared as follows:

_____
_____
_____
_____.

4. **Spring Break** *{Choose only **one**}*

a.\_\_\_\_\_The parents shall follow the regular schedule.

b.\_\_\_\_\_The parents shall alternate the entire Spring Break with the Mother having the child(ren) during the \_\_\_\_\_ odd-numbered \_\_\_\_\_ even-numbered years.

c.\_\_\_\_\_The \_\_\_\_\_ Father \_\_\_\_\_ Mother shall have the child(ren) for the entire Spring Break every year.

d.\_\_\_\_\_The Spring Break will be evenly divided. The first half of the Spring Break will go to the parent whose regularly scheduled weekend falls on the first half and the second half going to the parent whose weekend falls during the second half.

e.\_\_\_\_\_Other: _____

5. **Summer Break** *{Choose only **one**}*

a.\_\_\_\_\_The parents shall follow the regular schedule through the summer.

b.\_\_\_\_\_The \_\_\_\_\_ Mother \_\_\_\_\_Father shall have the entire Summer Break from _____ after school is out until _____ before school starts.

c.\_\_\_\_\_The parents shall equally divide the Summer Break. During \_\_\_\_ odd-numbered years \_\_\_\_ even-numbered years, the \_\_\_\_\_Mother \_\_\_\_\_ Father shall have the child(ren) from _____after school is out until_____. The other parent shall have the child(ren) for the second half of the summer break. The parents shall alternate the first and second halves of Summer Break each year unless otherwise agreed. During the extended periods of time-sharing, the other parent shall have the child(ren)_____.

d.\_\_\_\_\_Other:_____.

6. **Number of Overnights:**
Based upon the time-sharing schedule, the Mother has a total of \_\_\_\_\_ overnights per year and the Father has a total of \_\_\_\_\_ overnights per year. **Note: The two numbers must equal 365.**

F.   **TRANSPORTATION AND EXCHANGE OF CHILD(REN)**

Both parents shall have the child(ren) ready on time with sufficient clothing packed and ready at the agreed upon time of exchange. All necessary information and medicines will accompany the child(ren).

The parties shall exchange travel information and finalize travel plans at least _____ days in advance of the date of travel. Except in cases of emergency, any parent requesting a change of travel plans after the date of finalization shall be solely responsible for any additional costs.

1. **Automobile Transportation and Exchange**
   If a parent is more than _____ minutes late without contacting the other parent to make other arrangements, the parent with the child(ren) may proceed with other plans and activities. *{Choose only **one**}*

   a._____The _____ Mother _____ Father shall provide all transportation.

   b._____The _____ Mother _____ Father shall pick up the child(ren) at the beginning of the visit and the other parent shall pick up the child(ren) at the end of the visit. The exchange shall take place:

   c._____At the parents' homes unless otherwise agreed

   d._____At the following location unless the parties agree in advance to a different place_____.
   e._____The parents shall meet at the following central location:

   _____.

   f._____ Other: _____.

2. **Airplane and Other Public Transportation and Exchange**
   Airline regulations govern the age at which a child may fly unescorted. An older child or children may fly under such regulations as each airline may establish.

   Airline reservations should be made well in advance, and preferably non-stop.

   All flight information shall be sent to the other party(ies) at least _____days in advance of the flight by the party purchasing the tickets.

   If the child(ren) are flying accompanied by a party, the parent picking up the child(ren) shall exchange the child(ren) with the other parent at _____and the parent returning the child(ren) shall exchange the child(ren) at_____.

   If the exchange is to be made at the airport, the party flying in to pick up or drop off the child(ren) from/to the airport must notify the other party of any flight delays.

   Unless otherwise agreed in advance, if the child(ren) are flying unaccompanied, the parent taking the child(ren) to the airport must call the other parent immediately upon departure to notify the other parent that the child(ren) is/are arriving, and the parent who meets the child(ren) must immediately notify the other parent upon the

Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (11/15)

child(ren)'s arrival. *{Indicate all that apply}*

a.\_\_\_\_\_Until a child reaches the age of \_\_\_\_\_, the parties agree that the child(ren) shall take a direct flight and/or fly accompanied by_____.

b.\_\_\_\_\_Once a child reaches the age of \_\_\_\_ the child shall be permitted to fly accompanied by an airline employee.

c.\_\_\_\_\_Once a child reached the age of \_\_\_\_ the child shall be permitted to fly unescorted.

d.\_\_\_\_\_Other: _____.

3. **Costs of Airline and Other Public Transportation**
   The parents shall work together to purchase the most convenient and least expensive tickets.

   Unless otherwise agreed or in the case of an unavoidable emergency, any costs incurred by a missed travel connection shall be the sole responsibility of the parent who failed to timely deliver the child(ren) to the missed connection.*{Indicate all that apply}*

   a.\_\_\_\_\_Transportation costs are included in the Child Support Worksheets and/or the Order for Child Support and should not be included here.

   b.\_\_\_\_\_The Mother shall pay _____% and the Father shall pay _____ % of the transportation costs.

   c.\_\_\_\_\_The Mother shall pay _____% and the Father shall pay \_\_\_\_\_% of the transportation costs for an adult to accompany the child(ren) during travel.

   d.\_\_\_\_\_If the parents are sharing travel costs, the non-purchasing parent shall reimburse the other parent within \_\_\_\_ days of receipt of documentation establishing the travel costs.

   e.\_\_\_\_\_Other: _____.

4. **Foreign and Out-Of-State Travel** *{Indicate **all** that apply}*

   a.\_\_\_\_\_Either parent may travel within the United States with the child(ren) during his/her time-sharing. The parent traveling with the child(ren) shall give the other parent at least \_\_\_\_\_ days written notice before traveling out of state unless there is an emergency, and shall provide the other parent with a detailed itinerary, including locations and telephone numbers where the child(ren) and parent can be reached at least \_\_\_\_\_ days prior to traveling.

b._____Either parent may travel out of the country with the child(ren) during his/her time-sharing.  At least _____ days prior to traveling, the parent shall provide a detailed itinerary, including locations, and telephone numbers where the child(ren) and parent may be reached during the trip.  Each parent agrees to provide whatever documentation is necessary for the other parent to take the child(ren) out of the country.

c._____If a parent wishes to travel out of the country with the child(ren), he/she shall provide the following security for the return of the child(ren) _____
_____
_____.

d._____Other _____.

5. **Other travel and exchange arrangements**:
_____
_____

G. **EDUCATION**

1. **School designation.** For purposes of school boundary determination and registration, the _____ Mother's _____ Father's address shall be designated.

2. *{If Applicable}* The following provisions are made regarding private or home schooling:
_____
_____
_____
_____
.

3. **Other.**
_____
_____
_____

H. **DESIGNATION FOR OTHER LEGAL PURPOSES**

The child(ren) named in this Relocation Agreement are scheduled to reside the majority of the time with the _____ Mother _____ Father. This majority designation is **SOLELY** for purposes of all other state and federal laws which require such a designation. **This designation does not affect either parent's rights or responsibilities under this Relocation Agreement.**

I. **COMMUNICATION**

1. **Between Parents**

All communications regarding the child(ren) shall be between the parents.  The parents shall not use the child(ren) as messengers to convey information, ask questions, or set up schedule changes.

The parents shall communicate with each other by: *{Indicate **all** that apply}*
a._____in person
b._____by telephone
c._____by letter
d._____by e-mail
e._____Other:_____.

2. **Between Parent and Child(ren)**

Both parents shall keep contact information current.  Telephone or other electronic communication between the child(ren) and the other parent shall not be monitored by or interrupted by the other parent.  "Electronic communication" includes telephones, electronic mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless technologies or other means of communication to supplement face to face contact.

The child(ren) may have _____ telephone ____ e-mail _____ other electronic communication in the form of _____ with the other parent: (Choose only **one**)
a.____ Anytime
b.____ Every day during the hours of _____ to _____.
c.____ On the following days_____
during the hours of _____ to _____.
d.____ Other: _____.

3. **Costs of Electronic Communication** shall be addressed as follows:
_____
_____
_____

J.  **CHANGES OR MODIFICATIONS OF THE PARENTING PLAN**

Temporary changes may be made informally without a written document.  When the parents do not agree, the Parenting Plan remains in effect until further order of the court.

Any substantial changes to the Parenting Plan must be sought through the filing of a supplemental petition for modification.

K.  **DISPUTES OR CONFLICT RESOLUTION**

Parents shall attempt to cooperatively resolve any disputes which may arise over the terms of the Parenting Plan. The parents may wish to use mediation or other dispute resolution methods and assistance, such as Parenting Coordinators and Parenting Counselors, before filing a court action.

**SECTION III: CHILD SUPPORT AND INSURANCE**

A. If the requested modification is granted, the parties:
   1.____ agree that child support should be modified, consistent with the modification of the time-sharing schedule
   2.____ agree that child support will NOT be modified.

B. The ____ Mother ____ Father (hereinafter "Obligor") will pay child support, under Florida's child support guidelines, section 61.30, Florida Statutes, to the other parent. The Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is completed and attached.

   This parent shall be obligated to pay child support at the rate of $_____, per month for the _____children *{number of parties' minor or dependent children}* beginning *{month, day, year}* _____ and terminating _____*{month, day, year}*. Child support shall be paid in the amount of $_____ per _____*{week, month, other}*, which is consistent with the Obligor's current payroll cycle.

   Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____ for the remaining_____ children *{total number of remaining children}* shall be paid beginning _____ *{month, day, year}* and terminating _____ *{month, day, year}*. This child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

   ***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule either _____ appears below or _____ is attached as part of this form.***

   The Obligor shall pay child support until all the minor or dependent children: reach the age of 18, become emancipated, marry, die, joins the armed services; or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18, and until high school graduation for any child who is: dependent in fact; between the ages of 18 and 19; and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

   If the child support amount above deviates from the guidelines by 5% or more, explain the reason(s) here:
   _____
   _____

_____.

C. **Child Support Arrearage.** There currently is a child support arrearage of $ _____ for retroactive child support and/or $_____ for previously ordered unpaid child support. The total of $ _____ in child support arrearage shall be repaid at the rate of $ _____every ____ week ____ other week ____ month, beginning *{date}* _____, until paid in full including statutory interest.

D. **Health Insurance.**
1.____The ____ Mother ____ Father will maintain health insurance for the parties' minor child(ren). The party providing health insurance will provide insurance cards to the other party showing coverage.

 **OR**

2.____ Health insurance is either not reasonable in cost or accessible to the child(ren) at this time. Any uninsured/ unreimbursed medical costs for the minor child(ren) shall be assessed as follows:
a.____Shared equally by both parents.
b.____Prorated according to the child support guideline percentages.
c.____Other *{explain}*: _____

 As to these uninsured/unreimbursed medical expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

E. **Dental Insurance.**
1.____The ____ Mother ____ Father will maintain dental insurance for the parties' minor child(ren). The party providing dental insurance will provide insurance cards to the other party showing coverage.

 **OR**

2.____ Dental insurance is either not reasonable in cost or available to the children at this time. Any uninsured/unreimbursed dental costs for the minor child(ren) shall be assessed as follows:
d. _____Shared equally by both parents.
e. _____Prorated according to the child support guideline percentages.
f. _____Other *{explain}*: _____

As to these uninsured/unreimbursed dental expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

F. **Life Insurance.**

The _____ Mother _____ Father shall be required to maintain life insurance coverage for the benefit of the parties' minor child(ren) in the amount of $ _____ until the youngest child turns 18, becomes emancipated, marries, joins the armed services, or dies.


**SECTION IV: OTHER**

_____
_____
_____
_____
_____

**I certify that I have been open and honest in entering into this relocation agreement. I am satisfied with this agreement and intend to be bound by it.**

Dated: _____          _____
                                        Signature of Mother

                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-mail Address(es):_____
                                        _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK


                                        _____
                                        *{Print, type, or stamp commissioned name of notary or deputy clerk.}*

____     Personally known
____     Produced identification
____     Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (11/15)

**I certify that I have been open and honest in entering into this relocation agreement. I am satisfied with this agreement and intend to be bound by it.**

Dated: _____

_____
Signature of Father

Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks]
This form was prepared for the: *{choose only one}* _____Mother _____Father.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* ____, *{zip code}* _____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(b)
# MOTION FOR ORDER PERMITTING RELOCATION BY AGREEMENT
# (11/15)

## When should this form be used?

This form should be used when the parents and every other person entitled to access to, visitation, or time-sharing with the minor child(ren) are in agreement and are asking the court to permit the relocation of the child(ren). "Other Person" means an individual who is not the parent, but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren). You may file a Motion for Order Permitting Relocation with Agreement if the following are true:

- One of the parents or a person entitled to access to or time-sharing with the children wishes to relocate the child(ren) to a residence more than 50 miles from the child(ren)'s principal place of residence at the time of the last order establishing or modifying time-sharing or at time of filing of the pending action.

- There is an existing cause of action, judgment, or decree of record pertaining to the child(ren)'s residence or time sharing schedule.

- The parents and every other person entitled to access to or time-sharing with the children have signed a written agreement, **Agreement for Relocation with Minor Child(ren),** Florida Supreme Court Approved Family Law Form, 12.950(a), or similar form which:
  1. Reflects the consent to the relocation;
  2. Defines an access or time-sharing schedule for the non-relocating parent and any other persons who are entitled to access or time-sharing; and
  3. Describes, if necessary, any transportation arrangements related to access or time-sharing.

- Your order regarding custody, primary residence, the parenting plan, time-sharing, or access to or with the child(ren) was entered before October 1, 2009 and the order does not expressly govern the relocation of the child(ren); was entered on or after October 1, 2009; or your case was pending on October 1, 2009.

This form should be typed or printed in black ink. **You must fill in all sections of the form**. If you are an "other person" entitled to access, visitation, or time-sharing with the child(ren), substitute your name for Mother or Father in the form. After completing the form, you should sign the form before a **notary public** or **deputy clerk.** You should **file** the form in the county where the original order or judgment was entered. If the order or judgment was entered in another state, or if the child(ren) live(s) in another state, you should speak with an **attorney** about where to file this form.

Instructions for Motion for Order Permitting Relocation by Agreement, Florida Supreme Court Approved Family Law Form 12.950(b)(11/15)

- 310 -

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

After completing this form, you should file the original with the **clerk of the circuit court** where there is an existing cause of action, judgment, or decree of record pertaining to the child(ren)'s residence or time-sharing schedule and keep a copy for your records. The original Agreement for Relocation with Minor Child(ren) should be attached to Motion or filed with the clerk of the circuit court at the same time.

If both parties agree, the court may ratify the Agreement without the necessity of an evidentiary hearing. You should check with the clerk, family law intake staff, or judicial assistant for the proper way to submit the Motion and a proposed **Final Judgment/Supplemental Final Judgment Granting Relocation**, Florida Supreme Court Approved Family Law Form 12.950(i), to the judge. If one or more of the parties to the Agreement timely requests a hearing in writing within 10 days after the date the Agreement is filed with the court, then you must notify the other party(ies) of the hearing by using a **Notice of Hearing (General)**,

Instructions for Motion for Order Permitting Relocation by Agreement, Florida Supreme Court Approved Family Law Form 12.950(b)(11/15)

- 311 -

Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. The court will then enter an order after hearing. If a hearing is not timely requested, the court shall presume that relocation is in the best interest of the child(ren) and may ratify the Agreement without an evidentiary hearing.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

If your case involved a modification of any provision relating to child support, you should also check with the clerk of the circuit court in the county in which you are filing the Motion for Order Permitting Relocation with Minor Child(ren) and Agreement for Relocation with Minor Child(ren) to determine if any other forms must be filed.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Former 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Motion for Order Permitting Relocation by Agreement, Florida Supreme Court Approved Family Law Form 12.950(b)(11/15)

- 312 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                    Petitioner,
And

_____,
                    Respondent.

# MOTION FOR ORDER PERMITTING RELOCATION WITH AGREEMENT

We, _____ Father, *{full legal name}*
_____, Mother, *{full legal name}* and/or
_____ *{full legal name}* of Other Person entitled to Access or Time-Sharing with child(ren),  being sworn, certify that the following  information is true: *{fill in **all** blanks}*

1.   We are asking the Court to permit relocation of the minor child(ren) to a residence at least 50 miles from the child(ren)'s principal place of residence at the time of entry of the last order establishing or modifying time-sharing, or at the time of filing of the pending action.

2.   There is an existing cause of action, judgment, decree of record pertaining the child(ren)'s residence or time-sharing schedule.

3.   **WE CONSENT TO THE RELOCATION OF THE MINOR CHILD(REN)** to the following address:
     _____.

4.   The dependent or minor child(ren) is (are):
     **Name(s)     Birth Date(s)**

     _____
     _____
     _____
     _____
     _____

5.   **Agreement.** A written **Agreement for Relocation with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.950(a) or similar form,  is filed with this motion which reflects consent to the relocation; defines an access or time-sharing schedule for the nonrelocating parent and any other persons who are entitled to access or time-sharing; and describes, if necessary, any transportation arrangements related to access or time-sharing.

6.   The specific reasons for the proposed relocation of the child(ren) are:_____
     _____

_____

_____

_____

_____

Attach additional sheets if necessary.

7.  This modification is in the best interests of the child (ren) because: *{explain}* _____
    _____

    _____

    _____

    _____

8.  **Hearing.**  We seek ratification of the agreement by court order: *{choose only **one**}*
    a.____  With hearing
    b.____  Without hearing

9.  A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this Agreement.

10. If not previously filed in this case, a completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this Agreement.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                        Signature of PETITIONER

                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip:_____
                                        Telephone Number: _____
                                        Fax Number:_____
                                        Designated E-mail Address(es):_____

                                        _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK

                                        _____
                                        *[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____    Personally known
_____    Produced identification
_____    Type of identification produced _____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of RESPONDENT

Printed Name: _____
Address: _____
City, State, Zip:_____
Telephone Number: _____
Fax Number:_____
Designated E-mail Address(es)_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks]  This form was prepared for the: *{choose only **one**}* ____Petitioner ____Respondent
This form was completed with the assistance of:
*{name of individual_____,*
*{name of business} _____,*
*{address} _____,*
*{city} _____,{state}____, {zip code} _____,{telephone number} _____.*

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(c), PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) AND RELOCATION (11/15)

## When should this form be used?

This form should be used when a husband or wife is filing for **dissolution of marriage,** there are dependent or minor children and pursuant to Section 61.13001, Florida Statutes:

1.  You plan to relocate your residence more than 50 miles from the principal place of residence you have at the time of filing this petition; and

2.  The change of location is for at least 60 consecutive days, not including a temporary absence from your principal place of residence for purposes of vacation, education or the provision of health care for the minor child(ren).

You and/or your **spouse** must have lived in Florida for at least 6 months before filing for dissolution of marriage in Florida.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public or deputy clerk.** You should file the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (11/15)

- 317 -

Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

For your case to proceed, you must properly notify your spouse and every other person entitled to access or time-sharing with the child(ren) of the petition. "Other Person" means an individual who is not the parent but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren). If you know where he or she lives, you should use **personal service**. If you absolutely do not know where he or she lives, you may use **constructive service**. You may also be able to use constructive service if your spouse or the other person resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see **Notice of Action for Dissolution of Marriage**, Florida Supreme Court Approved Family Law Form 12.913(a), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

If personal service is used, the **respondent** has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT.** If after 20 days, your spouse has not filed an **answer**, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (11/15)

- 318 -

**UNCONTESTED.**   If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing.  You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.**  If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers.  Some circuits may require the completion of **mediation** before a final hearing may be set.  You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).  If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **"bold underline"** in these instructions are defined there.  For further information, see chapter 61, Florida Statutes.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form.   Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment.  (If you do not know your spouse's income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) OR

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent  or Minor Child(ren) and Relocation (11/15)

- 319 -

photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).

- **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you and your spouse have reached an agreement on any or all of the issues.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed with the petition if the petitioner seeks to establish child support. Otherwise, it must be filed within 45 days of service of the petition on the respondent.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
- **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), Safety-Focused Parenting Plan, Form 12.995(b), or Relocation/Long-Distance Parenting Plan, Form 12.995(c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.

**Updating Information.** A parent or other person seeking to relocate has a continuing duty to provide current and updated information required by the relocation statute when that information becomes known.

**Parenting Plan and Time-Sharing. If** you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.

A **parenting course** must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.

Listed below are some terms with which you should become familiar before completing your petition. **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (11/15)

- 320 -

- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support.**  The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs.  **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.  Florida has adopted guidelines for determining the amount of child support to be paid.  These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents.  You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same.  From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e).  Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Alimony.**  Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it.  **If you want alimony, you must request it in writing in the original petition or counterpetition.  If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).**  You may request either **permanent alimony**, **bridge-the-gap alimony, durational alimony, lump sum alimony**, or **rehabilitative alimony**.

**Marital/Nonmarital Assets and Liabilities.**  Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**.  "Equitable" does not necessarily mean "equal."  Many factors, including child support, time-sharing, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities.  **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties.  If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Temporary Relief.**  If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility, relocation and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a) and a **Motion for Temporary Relocation**, Florida Supreme Court Approved Family Law From 12.950(e).   For more information, see the instructions for those forms.

**Marital Settlement Agreement.**   If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1).  Both of you must sign this agreement before a **notary public** or **deputy clerk**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Parenting Plan.**  In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent  or Minor Child(ren) and Relocation (11/15)

- 321 -

or established by the court. As you are seeking to relocate, the Parenting Plan must include a post-relocation schedule for access and time-sharing together with the necessary transportation arrangements. If you and your spouse have reached an agreement, you should file a **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), a **Safety-Focused Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(b), or a **Relocation/Long-Distance Parenting Plan,** Florida Supreme Court Approved Family Law Form 12.995(c), which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. If the parties are unable to agree, a **Parenting Plan will be established by the court.**

**Final Judgment Form.** These family law forms contain a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (11/15)

- 322 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Husband,

And

_____,
Wife.

# PETITION FOR DISSOLUTION OF MARRIAGE
# WITH DEPENDENT OR MINOR CHILD(REN) AND RELOCATION

I, *{full legal name}* _____, the
*{Choose only **one**}* _____ Husband _____ Wife, being sworn, certify that the following statements are true:

5.  JURISDICTION/RESIDENCE
    _____ Husband _____ Wife _____ Both Spouses has/have lived in Florida for at least six (6) months before the filing of this Petition for Dissolution of Marriage.

6.  The husband *{Choose only **one**}* _____ is _____ is not a member of the military service.
    The wife *{Choose only **one**}*          _____ is _____ is not a member of the military service.

7.  MARRIAGE HISTORY
    Date of marriage: *{month, day, year}*_____.
    Place of marriage: *{city, county, state}*_____.
    Date of separation: *{month, day, year}*_____ *(Please indicate if approximate).*

8.  DEPENDENT OR MINOR CHILD(REN)
    *{Indicate **all** that apply}*
    c.  _____ The wife is pregnant.  Baby is due on: *{date}* _____
    d.  _____ The minor (under 18) child(ren) common to both parties are:

    **Name(s)     Birth Date(s)**
    _____
    _____
    _____
    _____
    _____

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (11/15)

- 323 -

e. _____The minor child(ren) born or conceived during the marriage who are **not** common to both parties are:
**Name(s)**      **Birth Date(s)**

_____
_____

The birth father(s) of the above minor child(ren) is/are *{name(s) and address(es)}* _____
_____
_____

f. _____ The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical disability are:
**Name(s)**      **Birth Date(s)**

_____
_____

9. A completed **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c) *{Choose only **one**}*____ has been filed or ____ will be filed.

10. A completed **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition. (You **must** complete and attach this form in a dissolution of marriage with minor child(ren)).

11. A completed **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

12. This petition for dissolution of marriage should be granted because:
*{Choose only **one**}*
   c. _____ The marriage is irretrievably broken.
   d._____ One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this petition. A copy of the Judgment of Incapacity is attached to this Petition.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**
*{Choose only **one**}*
3. _____ There are no marital assets or liabilities.

4. _____ There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case.
   *{Choose **all** that apply}*
   a. _____ All marital assets and liabilities have been divided by a written agreement between the parties, which is attached, to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1)).

b. _____ The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.

c. _____Husband _____Wife  should be awarded an interest in the other spouse's  property because: _____

_____
_____
_____

## SECTION II.  SPOUSAL SUPPORT (ALIMONY)

*{Choose only **one**}*

**1.** **_____ Husband _____Wife forever gives up his/her right to spousal support (alimony) from the other spouse.**

2. _____ Husband _____Wife requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has a need for the support that he or she is requesting **and that the other spouse has the ability to pay that support**.  Spousal support (alimony) is requested in the amount of $_____ every _____ week _____ other week _____month, beginning *{date}*_____ and continuing until *{date or event}* _____.

Explain why the Court should order _____Husband _____Wife to pay and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum): _____

_____
_____
_____
_____
_____
_____
.

*{Indicate if applicable}* _____ Husband _____Wife requests life insurance on the other spouse's life, provided by that spouse, to secure such support.

## SECTION III.  RELOCATION

1. The _____ Mother _____ Father seeks to relocate his/her residence to a place more than 50 miles from his/her place of residence at the time of filing of the Petition.  The change of location is for a period of at least consecutive 60 days not including a temporary absence from the principal residence for purposes of vacation, education, or the provision of health care for the child(ren).

2. *{ If applicable}*  The following other person is an individual who is not a parent but with whom the child resides pursuant to a court order, or who has the right of access to, time-sharing with, or visitation with the child(ren)_____.

3.   Pursuant to Section 61.13001(3), Florida Statutes, the following information is provided:

a.     The location of the intended new residence, including the state, city, and physical address, if

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (11/15)

- 325 -

known, is: _____
_____
_____

b.     The mailing address of the new physical residence, if not the same as the physical address, is:
_____
_____
_____

c.     The home telephone number of the intended new residence, if known, is: _____.

d.     The date of the intended move or proposed relocation is: _____.

e.     The specific reasons for the proposed relocation are:
_____
_____
_____
_____.
Attach additional sheets, if necessary.

f.     One of the reasons for the proposed relocation is a job
_____ Yes _____ No.  A copy of the written job offer is attached to this Petition.

4.   The relocation and time-sharing have been agreed to by the parties. *{Choose only **one**}* _____ Yes _____ No.  If yes, attach a copy of the Agreement for Relocation to the Petition.

**Failure to obtain an Order prior to the relocation renders the petition to relocate legally insufficient.**

**SECTION IV.  PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING**

1.   The minor child(ren) currently reside(s) with _____ Mother _____ Father _____ Other Person: *{explain}* _____.

2.   **Parental Responsibility.**
It is in the child(ren)'s best interests that parental responsibility be: *{Choose only **one**}*
c.   ____ shared by both Father and Mother.

d.   ____ awarded solely to _____ Father _____ Mother.  Shared parental responsibility would be detrimental to the child(ren) because:_____
_____
_____
_____.

3.   **Parenting Plan and Time-Sharing.**
It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan that _____ includes _____ does not include parental time-sharing with the child(ren).  It is in the best interests of the child (ren) that:
*{Choose only **one**}*
a.   _____ The attached proposed Parenting Plan should be adopted by the court.  The parties: _____ have _____ have **not** agreed to the Parenting Plan.

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (11/15)

b. _____ The court should establish a Parenting Plan with the following provisions:
_____ No time-sharing for the _____ Father _____ Mother.
_____ Limited time-sharing with the _____ Father _____ Mother.
_____ Supervised Time-Sharing for the _____ Father _____ Mother.
_____ Supervised or third-party exchange of the child(ren).
_____ Time-Sharing Schedule as follows:

_____
_____
_____.

4. The proposed post-relocation transportation arrangements are as follows: _____
_____
_____
_____
_____.

5. Explain why the relocation time-sharing schedule is in the best interests of the child(ren): _____
_____
_____
_____
_____.

**SECTION V.  CHILD SUPPORT**
*{Indicate **all** that apply}*

7. _____Husband _____Wife requests that the Court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes.  A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed.  Such support should be ordered retroactive to:

          d.____ the date of separation *{date}* _____
          e.____the date of the filing of this petition.
          f. ____  other *{date}*_____ *{explain}*
                _____

8. _____ Husband _____Wife requests that the Court award child support to be paid beyond the age of 18 years because:

a. _____ the following child(ren): *{name(s)}* _____
is (are) dependent because of a mental or physical incapacity which began before the age of 18. *{explain}*_____
_____

b. _____ the following child(ren): *{name(s)}* _____
is (are) dependent in fact;  is (are) in high school; between the ages of 18 and 19; and is (are) performing in good faith with reasonable expectation of graduation before the age of 19.

9. _____Husband _____Wife requests that the Court award a child support amount that is more than or less than Florida's child support guidelines. _____Husband _____Wife understands that Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, **must** be filed before the court will consider this request.

10. _____Husband _____Wife requests that medical/dental insurance for the minor child(ren) be

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (11/15)

- 327 -

provided by:
*{Choose only **one**}*
c. \_\_\_\_ Father.
d. \_\_\_\_ Mother.

11. \_\_\_\_\_Husband \_\_\_\_\_Wife requests that uninsured medical/dental expenses for the child(ren) be paid: *{Choose only **one**}*
    f. \_\_\_\_by Father.
    g. \_\_\_\_by Mother.
    h. \_\_\_\_by Father and Mother [each pay one-half].
    i. \_\_\_\_according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
    j. \_\_\_\_Other *{explain}*: _____
    _____
    _____

12. \_\_\_\_\_Husband \_\_\_\_\_Wife requests that life insurance to secure child support be provided by:
    a. \_\_\_\_Husband
    b. \_\_\_\_Wife
    c. \_\_\_\_Both.

**SECTION VI.  OTHER**

3. *{If applicable}* \_\_\_\_\_Wife requests to be known by her former name, which was *{full legal name}*_____.

4. Other relief *{specify}*:

    _____
    _____
    _____
    _____
    _____
    _____

**SECTION VII.   REQUEST** (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)

\_\_\_\_\_Husband \_\_\_\_\_Wife requests that the Court enter an order dissolving the marriage **and**: *{Indicate **all** that apply}*

7. \_\_\_\_\_distribute marital assets and liabilities as requested in Section I of this petition;
8. \_\_\_\_\_award spousal support (alimony) as requested in Section II of this petition;
9. \_\_\_\_\_adopt or establish a Parenting Plan containing provisions for parental responsibility and time-sharing for the dependent or minor child(ren) common to both parties, as requested in Section IV of this petition;
10. \_\_\_\_\_permit relocation in accordance with Section III of this petition;
11. \_\_\_\_\_establish child support for the dependent or minor child(ren) common to both parties, as requested in Section V of this petition;
12. \_\_\_\_\_restore Wife's former name as requested in Section VI of this petition;
13. \_\_\_\_\_award other relief as requested in Section VI of this petition; and any other terms the Court deems necessary.

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (11/15)

**A RESPONSE TO THE PETITION OBJECTING TO THE RELOCATION MUST BE MADE IN WRITING, FILED WITH THE COURT, AND SERVED ON THE SPOUSE SEEKING TO RELOCATE WITHIN 20 DAYS AFTER SERVICE OF THIS PETITION TO RELOCATE. IF YOU FAIL TO TIMELY OBJECT TO THE RELOCATION, THE RELOCATION WILL BE ALLOWED, UNLESS IT IS NOT IN THE BEST INTERESTS OF THE CHILD, WITHOUT FURTHER NOTICE AND WITHOUT A HEARING.**

The Response is in the form of an Answer and it must be sworn to under oath and must include the specific factual basis supporting the reasons for objecting to the relocation, including a statement of the amount of participation or involvement you currently have or have had in the life of the child(ren).

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                         Signature of _____ HUSBAND _____WIFE

                                         Printed Name: _____
                                         Address: _____
                                         City, State, Zip: _____
                                         Telephone Number: _____
                                         Fax Number: _____
                                         Designated E-mail Address(es):_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

                                         _____
                                         NOTARY PUBLIC or DEPUTY CLERK

                                         _____
                                         *[Print, type, or stamp commissioned name of notary or deputy clerk.]*
_____  Personally known
_____  Produced identification
_____  Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
 [fill in **all** blanks] This form was prepared for the _____Husband _____Wife

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (11/15)

- 329 -

This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (11/15)

- 330 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(d) SUPPLEMENTAL PETITION TO PERMIT RELOCATION WITH MINOR CHILD(REN) (11/15)

## When should this form be used?

This form should be used when you are asking the court to permit the relocation of the principal residence of the petitioner if:

1. You plan to relocate your residence more than 50 miles from your principal residence at the time of entry of the last order which established or modified primary residence, custody, visitation, or time-sharing;

2. The court has not entered an order granting permission to relocate.

3. The relocation will be for a period of 60 consecutive days or more, not including any absence for purposes of vacation, education, or health care for the child(ren).

4. Your order regarding custody, primary residence, visitation, time-sharing or parenting plan was entered before October 1, 2009 and the order does not expressly govern the relocation of the child(ren); was entered on or after October 1, 2006; or your case was pending on October 1, 2009.

This form should be typed or printed in black ink. **You must fill in all sections of the form.** After completing the form, you should sign the form before a **notary public** or **deputy clerk.** You should **file** this form in the county where the original order was entered. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an **attorney** about where to file this form. You should file the original with the **clerk of the circuit court** and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

Instructions for Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren)(11/15)

- 331 -

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# What should I do next?

For your case to proceed, you must properly notify the other parent and every other person entitled to, access, time-sharing, or visitation with the child(ren) in your case of the **supplemental petition**. "Other Person" means an individual who is not the parent but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren). If you know where he or she lives, you should use **personal service**. If you absolutely do not know where he or she lives, you may use **constructive service**. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, the court may only grant limited relief. For more information on constructive service, see **Notice of Action For**, Florida Supreme Court Approved Family Law Form 12.913(a)(2), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a). The law regarding constructive service and service on an individual in the military service is very complex. If you have any questions about service, you may wish to consult an attorney regarding these issues.

If personal service is used, the other party has 20 days to **answer** after being served with your

Instructions for Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren)(11/15)

- 332 -

supplemental petition.  Your case will then generally proceed in one of the following three ways:

**DEFAULT...**  If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court.  Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**.  You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED...**  If the **respondent** files either an answer that agrees with everything in your supplemental petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing.  You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...**  If the respondent files either an answer or an answer and **counterpetition**, which disagrees with or denies anything in your supplemental petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).  If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **"bold underline"** in these instructions are defined there.  For further information, see chapter 61, Florida Statutes.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

If there is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone number, and fax information at the bottom of this form.  Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

Instructions for Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren)(11/15)

- 333 -

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Agreement for Relocation,** if you have reached an agreement on any or all of the issues attach the proposed Agreement For Relocation with Minor Child(ren). Florida Supreme Court Approved Family Law 12.950(a). Both parties must sign this agreement before a **notary public**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)

**Updating Information.** A parent or other person seeking to relocate has a continuing duty to provide current and updated information required by the relocation statute when that information becomes known.

**Parenting and Time-Sharing...** If you and the other parent and every other person entitled to access to or time-sharing with the child(ren) are unable to agree on the parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and a time-sharing schedule based upon the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

**Failure to obtain an Order prior to relocation renders the supplemental petition to relocate legally insufficient.**

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.

If one has not already been completed, the court may require the completion of a **parenting course** before a final hearing is set. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.

**Child Support...** The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial**

Instructions for Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren)(11/15)

- 334 -

**support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Temporary Relief...** If you need temporary relief regarding relocation of the minor child(ren), complete paragraph eleven contained in the Supplemental Petition To Permit Relocation of Minor Child(ren).

**Final Judgment Form...** These family law forms contain a **Final Judgment/Supplemental Final Judgment Permitting Relocation,** Florida Supreme Court Approved Family Law Form 12.950(i), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren)(11/15)

- 335 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                    Petitioner,
And

_____,
                    Respondent.

# SUPPLEMENTAL PETITION TO PERMIT RELOCATION
# WITH MINOR CHILD(REN)

I, *{full legal name}* _____, being sworn, certify that the
following information is true:

1. The parties to this action were granted a final judgment of _____ dissolution of marriage
   _____paternity on *{date}* _____. A copy of the final judgment and any
   modification(s) is/are attached to this supplemental petition.

2. *{If applicable}* The following other person is an individual who is not a parent but with
   whom the child resides pursuant to court order, or who has the right of access to, time-
   sharing with, or visitation with the child(ren) _____.

3. Paragraph(s) _____ of the _____ final judgment or _____ most recent
   modification thereof describes the present custody, visitation, and/or time-sharing ordered.

4. The parties _____have _____have not reached an agreement on relocation. If yes, a copy
   of the agreement is attached to this supplemental petition.

5. The parties' dependent or minor child(ren) is (are):
   **Name**                                             **Birth Date**
   _____
   _____
   _____
   _____
   _____

6. Since the final judgment or last modification thereof, there has been a substantial change in
   circumstances, requiring a modification of the present visitation or time-sharing schedule
   because I seek to relocate my principal residence at least 50 miles from my principal
   residence. Pursuant to Section 61.13001(3), Florida Statutes, the following information is
   provided:

Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation
with Child(ren)(11/15)

- 336 -

a.  The location of the intended new residence, including the state, city, and physical address, (if known), is:_____

_____

b.  The mailing address of the new physical residence, if not the same as the physical address, is: _____

_____
_____

c.  The home telephone number of the intended new residence, (if known), is: _____

d.  The date of the intended move or proposed relocation is: _____

7.  The specific reasons for the proposed relocation are: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____.
Attach additional sheets if necessary.

8.  One of the reasons for the proposed relocation is a job offer. *{Choose only **one**}* ____ Yes _____ No.  The job offer is in writing. *{Choose only **one**}* _____ Yes _____ No. A copy of the written job offer is attached to this supplemental petition.

9.  I ask the Court to modify access and time-sharing as follows:

_____
_____
_____
_____
_____.

10. This modification is in the best interests of the child(ren) because: *{explain}* _____
_____
_____
_____
_____.

11. If the requested modification is granted, Petitioner requests that child support be modified, consistent with the modification of visitation or time-sharing.  A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed. *{Choose only **one**}* _____ Yes _____ No.

Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren)(11/15)

- 337 -

12. I am requesting a temporary relief hearing to permit relocation prior to the final hearing. *{Choose only **one**}* _____ Yes _____ No. If yes, explain why you cannot wait for a final hearing date.

_____
_____
_____
_____.

**Failure to obtain an Order prior to relocation renders the supplemental petition to relocate legally insufficient.**

13. A completed **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), _____is, or _____will be, filed.

14. A completed **Uniform Child Custody Jurisdiction and Enforcement Act** (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

15. If not previously filed in this case, a completed **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

16. Other: _____
_____.

**A RESPONSE TO THE SUPPLEMENTAL PETITION OBJECTING TO RELOCATION MUST BE MADE IN WRITING, FILED WITH THE COURT, AND SERVED ON THE PARENT OR OTHER PERSON SEEKING TO RELOCATE WITHIN 20 DAYS AFTER SERVICE OF THIS SUPPLEMENTAL PETITION TO RELOCATE. IF YOU FAIL TO TIMELY OBJECT TO THE RELOCATION, THE RELOCATION WILL BE ALLOWED, UNLESS IT IS NOT IN THE BEST INTERESTS OF THE CHILD, WITHOUT FURTHER NOTICE AND WITHOUT A HEARING.**

A response is in the form of an Answer and it must be sworn to under oath and must include the specific factual basis supporting the reasons for objecting to the relocation, including a statement of the amount of participation or involvement you currently have or have had in the life of the child(ren).

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____       _____
                                                            Signature of PETITIONER
                                                            Printed Name: _____
                                                            Address:_____
                                                            City, State, Zip:_____

Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren)(11/15)

Telephone Number:_____

Fax Number: _____

Designated E-mail Address(es):_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known

_____ Produced identification

_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks] This form was prepared for the Petitioner.

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}*_____,

*{address}* _____,

*{city}* _____,*{state}* _____, *{zip code}*_____*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren)(11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(e)
# MOTION FOR TEMPORARY ORDER GRANTING RELOCATION
# (11/15)

## When should this form be used?

This form should be used when you have filed a Petition or Supplemental Petition to permit relocation of a child or children, or you are seeking relocation in a pending action. You should use this form to ask the court to permit a temporary relocation of the child(ren)'s principal residence, temporary modification of visitation or time-sharing, temporary modification of child support, and other relief before the court has had an opportunity to make a permanent decision on the question of relocation.

This form should be typed or printed in black ink. **You must fill in all sections of the form.** After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the Petition or Supplemental Petition for Modification to Permit Relocation with Minor Child(ren) was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form, along with all of the other forms required with this motion, must be mailed, e-mailed, or hand-delivered to the other party in your case. When you have filed all of the required forms, you are ready to set a **hearing** on your motion. You should check with the clerk, **family law intake staff**, or **judicial assistant** for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should notify the other party using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

Instructions for Florida Supreme Court Approved Family Law Form 12.950 (e), Motion for Temporary Order Granting Relocation (11/15)

- 340 -

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** Words in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## Special notes...

If the temporary relocation of the child(ren) is approved, the court may require you to provide reasonable security, financial or otherwise, and guarantee that the court-ordered contact with the child(ren) will not be interrupted or interfered with by you.

If the relocation is not permitted and the child(ren) is/are relocated nevertheless, there could be serious consequences affecting the person violating the court order, including his or her parental responsibility and time-sharing or access with the child(ren)

Instructions for Florida Supreme Court Approved Family Law Form 12.950 (e), Motion for Temporary Order Granting Relocation (11/15)

With this form you must also file the following, **if not already filed**:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days if not filed at the time of the petition.)
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking for a temporary modification of child support. (If you do not know the other party's income, you may file this worksheet as soon as a copy of his or her financial affidavit has been served on you.)

**Temporary Order...** These family law forms contain a **Temporary Order Granting/Denying Relocation**, Florida Supreme Court Approved Family Law Form 12.950(f) which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.

**Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.950 (e), Motion for Temporary Order Granting Relocation (11/15)

- 342 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,

And

_____,
Respondent.

# MOTION FOR TEMPORARY ORDER GRANTING RELOCATION

The _____ Petitioner _____ Respondent requests that the Court enter a temporary order permitting relocation of the minor child(ren).

1. I have filed a Petition or a Supplemental Petition to Permit Relocation to the following:

   a.  The location of the intended new residence, including the state, city, and physical address, if known, is _____
   _____
   _____

   b.  The new principal residence is more than 50 miles from my principal place of residence at the time of the entry of the last order establishing or modifying time-sharing, or at the time of filing the pending action to establish or modify time-sharing. The change of location is at least 50 miles from that residence and is for at least 60 consecutive days.

   c.  The mailing address of the new physical residence, if not the same as the physical address, is:
   _____
   _____.

   d.  The home telephone number of the intended new residence, if known, is _____.

   e.  The date of the intended move or proposed relocation is:_____.

2. The dependent or minor child(ren) is (are):
   **Name**                                         **Birth Date**

   _____
   _____
   _____

Florida Supreme Court Approved Family Law Form 12.950(e), Motion for Temporary Order Granting Relocation (11/15)

_____

3.  A petition or supplemental petition to relocate has been filed with the court and was served on the _____ Petitioner _____ Respondent _____ Other Person *{name}* _____ entitled to access or time-sharing with the child(ren) on _____.

    _____ A response objecting to the Relocation was filed
        OR
    _____ The time for filing a response has not passed as of the filing of this Motion.

4.  The specific reasons for the proposed temporary relocation of the child(ren) are: _____
    _____
    _____
    _____.
    *{Attach additional sheets if necessary.}*

5.  One of the reasons for the proposed temporary relocation is a job offer.
    *{Choose **one** only}*_____Yes _____ No.
    The job offer is in writing. *{Choose one only}* _____ Yes _____ No.
    If yes, a copy of the written job offer is attached to this Motion.

6.  I am requesting a temporary relief hearing to permit relocation and cannot wait for the final hearing because _____
    _____
    _____
    _____.

7.  The temporary relocation is in the best interests of the child(ren) because: *{explain}* _____
    _____
    _____
    _____.

8.  I ask the Court to temporarily establish or modify visitation or the time-sharing schedule as follows: *{explain}* _____
    _____
    _____
    _____.
    _____

9.  *{Choose only **one**}* _____ Yes _____ No. I ask the Court to temporarily modify child support, consistent with the modification of visitation or the time-sharing schedule. A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e),_____ is, or_____ will be filed.

10. **Other Relief.** *{specify}*_____

_____
_____
_____

11. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this motion or has already been filed with the Court.

12. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is filed with this motion or has already been filed with the Court.

13. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this motion or has already been filed with the Court.

14. I request that the Court hold a hearing on this matter and grant the relief specifically requested and any other relief this Court may deem just and proper.

I certify that a copy of this document was (   ) mailed (   ) faxed and mailed (   ) e-mailed (   ) hand-delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____.
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

_____
Signature of Party or his/her attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the *{choose only one}* (     ) Petitioner (     ) Respondent
This form was completed with the assistance of:

Florida Supreme Court Approved Family Law Form 12.950(e), Motion for Temporary Order Granting Relocation (11/15)

*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(g)
# MOTION FOR CIVIL CONTEMPT AND/OR RETURN OF CHILD(REN)
# (11/15)

## When should this form be used?

You may use this form to ask the court to enforce a prior court **order**, **final judgment** or to request the return of a child(ren) who has been relocated in violation of Section 61.13001, Florida Statutes .

## What should I do next?

To initiate a civil contempt/enforcement proceeding against a **party** who has relocated with a child contrary to the requirements of a prior court order, or is otherwise not complying with a prior court order concerning relocation, or in the event there has been a relocation in violation of Section 61.13001, Florida Statutes, you must file a **motion** with the court explaining what the party has failed to do.  This form should be typed or printed in black ink.  After completing this form, you should sign it before a **notary public** or **deputy clerk**.  You should then **file** the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the

Instructions for Florida Supreme Court Approved Family Law Form 12.950(g), Motion for Civil Contempt And/Or Return of Child(ren) (11/15)

- 347 -

A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

A copy of this form must be **personally served** by a sheriff or private process server or mailed*, e-mailed* **or** hand delivered to any other party(ies) in your case. **\***Please note that if notice is mailed or e-mailed, the court in certain circumstances may not consider mailing or e-mailing to be adequate notice. If you want to be sure, you should have the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for **Summons: Personal Service on an Individual,** Florida Family Law Rules of Procedure Form 12.910(a).

The court will then set a **hearing**. You should check with the clerk of court, **judicial assistant**, or **family law intake staff** for information on the local procedure for scheduling a hearing. Once you know the time and date of the hearing, you will need to complete **Notice of Hearing on Motion for Contempt/Enforcement**, Florida Supreme Court Approved Family Law Form 12.961, Florida Supreme Court Approved Family Law Form 12.921, or **Order of Referral to General Magistrate,** Florida Family Law Rules of Procedure Form 12.920(b), which will specify a time and place for a hearing on the issue. A copy of the form you used to schedule the hearing must be mailed, e-mailed, or hand-delivered to the other party. Again, if notice is mailed or e-mailed, the court in certain circumstances may not consider that to be adequate notice. If you want to be sure, you should have the notice personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for **Summons: Personal Service on an Individual,** Florida Family Law Rules of Procedure Form 12.910(a).

At the hearing, as in other civil proceedings, you, as the party seeking contempt or return of children, will have the burden of proof. The other party will have an opportunity to put on defenses, if any apply. If the judge finds the other party to be in willful contempt or in violation of Section 61.13001, Florida Statutes, the judge may order appropriate sanctions to compel compliance or return of the child(ren) by the other party, including jail, payment of attorneys' fees, suit money, court costs, coercive or compensatory fines, and may order any other relief permitted by law.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(g), Motion for Civil Contempt And/Or Return of Child(ren) (11/15)

- 348 -

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** See also section 61.14, Florida Statutes and rule 12.615, Florida Family Law Rules of Procedure.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer,** Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(g), Motion for Civil Contempt And/Or Return of Child(ren) (11/15)

- 349 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                              Petitioner,
And

_____,
                              Respondent.

# MOTION FOR CIVIL CONTEMPT AND/OR RETURN OF CHILD(REN)

_____ Petitioner _____ Respondent requests that the Court enter an order of civil contempt and/or an order for return of child(ren)  against _____ Petitioner _____ Respondent because he/she has relocated with the parties' minor child(ren) or has taken other action with respect to relocation.

**I.     NONCOMPLIANCE OR VIOLATION**

A.   The other party in this case has willfully failed to comply with the: *{Choose only **one**}*

1.____ **Court order or judgment** entered on *{date}*_____, by *{court, city, and state}*_____.

____ Please indicate here if the judgment or order is not from this Court and attach a copy of the judgment or order to this motion.

2.____ **Written Agreement** of the parties.

3.____ **Relocation procedures** of Section 61.13001, Florida Statutes.

B.   This order, judgment, agreement, or statute, required the other party in this case to do or not do the following: *{Explain what the other party was ordered to do or not do}* _____

_____
_____
_____.

____ Please indicate here if additional pages are attached.

C.   The other party in this case has willfully failed to comply with this order  or judgment of the court , a written agreement, or the requirements of Section 61.13001,Florida Statutes: *{Explain what the other party has or has not done}.*_____

_____
_____

Florida Supreme Court Approved Family Law Form 12.950(g), Motion for Civil Contempt And/Or Return of Child(ren) (11/15)

_____.
____ Please indicate here if additional pages are attached.

**II.    REQUEST FOR RELIEF OR SANCTION**

A. _____ There **IS** a prior court order or judgment and I respectfully request that the court issue an order holding the above-named person in civil contempt, if appropriate, and/or providing the following relief:    *{Indicate **all** that apply}*

1. _____ ordering the immediate return of the minor child(ren);

2. _____ granting a temporary order restraining the relocation of minor child(ren);

3. _____ enforcing or compelling compliance with the prior order or judgment;

4. _____ requiring the other party to pay costs and fees in connection with this motion;

5. _____ if the other party is found to be in civil contempt, ordering a compensatory fine;

6. _____ if the other party is found to be in civil contempt, ordering a coercive fine;

7. _____ if the other party is found to be in civil contempt, ordering incarceration of the other party after setting an appropriate purge;

8. _____ issuing a writ of bodily attachment as appropriate;

9. _____ awarding make-up time-sharing with minor child(ren) as follows *{explain}*

_____
_____
_____

10. _____ awarding attorney's fees*; and/or*

11. _____ awarding other relief, including  sanctions , *{explain}*:_____

_____
_____

**OR**

B. _____ There **is NO** prior court order; however, the above-named person has violated the requirements of Section 61.13001, Florida Statutes, and I respectfully request that the court issue an order providing the following relief:

1. _____ ordering the immediate return of the minor child(ren);

2. _____ granting a temporary order restraining the relocation of the minor child(ren);

3. _____ enforcing or compelling compliance with Section 61.13001, Florida Statutes;

4. _____ requiring the other party to pay costs and fees in connection with this motion;

5. _____ awarding make-up time-sharing with minor child(ren) as follows *{explain}*: _____

_____
_____

6. _____ awarding attorneys' fees; and/or

7. _____ awarding other relief, including sanctions, *{explain}*: _____

_____
_____

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the person(s) listed below on *{date}*_____.

**Other party or his/her attorney:**
Name:_____
Address:_____
City, State, Zip:_____
Fax Number: _____
Designated E-mail Address(es):_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____         _____
                                       Signature of Party

                                       Printed Name: _____
                                       Address: _____
                                       City, State, Zip: _____
                                       Telephone Number: _____
                                       Fax Number: _____
                                       Designated E-mail Address(es):_____
                                       _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____

Florida Supreme Court Approved Family Law Form 12.950(g), Motion for Civil Contempt And/Or Return of Child(ren) (11/15)

*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent.
This form was completed with the assistance of:
*{name                                     of                                     individual}*
_____
,
*{name                                                                               of
business}*_____ _____
,
*{address}*
_____
,
*{city}* _____,*{state}* _____, *{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.951(a)
# PETITION TO DISESTABLISH PATERNITY AND/OR TERMINATE CHILD SUPPORT OBLIGATION (11/15)

## When should this form be used?

This form should be used by a man who wishes to disestablish paternity or terminate a child support obligation because he is not the biological father of the child(ren). The petition must be **filed**

- in the circuit court having jurisdiction over the child support obligation; or

- if the child support was determined administratively and has not been ratified by a court, in the circuit court in which the mother or legal guardian or custodian of the child(ren) resides; or

- if the mother or legal guardian or custodian no longer resides in the state, in the circuit court in the county in which the petitioner resides.

This form should be typed or printed in black ink. After completing the form, you should sign the form before a **notary public** or **deputy clerk.**

A copy of any judgment or order regarding paternity or child support and a copy of any scientific test results showing that you cannot be the father of the child(ren) must be attached to the petition and filed with the court.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

The petition must be served on the mother or legal guardian or custodian of the child(ren). If the child support obligation was determined administratively and has not been ratified by a court, the petition must also be served on the Department of Revenue.

Instructions for Florida Supreme Court Approved Family Law Form 12.951(a), Petition to Disestablish Paternity and/or Terminate Child Support Obligation (11/15)

- 355 -

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see Section 742.18, Florida Statutes.

## Special notes . . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer,** Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.951(a), Petition to Disestablish Paternity and/or Terminate Child Support Obligation (11/15)

- 356 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# PETITION TO DISESTABLISH PATERNITY AND/OR TERMINATE CHILD SUPPORT OBLIGATION

I, *{full legal name}* _____, certify that the following information is true.

1. **Paternity.** My paternity of the child(ren), *{name(s) and birth date(s)}* _____

   _____

   _____ was established by

   *{Choose only **one**}*
   a. _____ operation of law because I was married to the child(ren)'s mother.
   b. _____ adjudication of paternity, entered by *{court}* _____
      on *{date}* _____ .
   c. _____ acknowledgment of paternity executed on *{date}* _____ .
   d. _____ other: *{specify}* _____

   A copy of any judgment is attached.

2. **Child support.** My child support obligation for the child(ren), *{name(s) and birth date(s)}*,

   _____

   _____ was established by

   *{Choose only **one**}*
   a. _____ a final judgment of dissolution of marriage, entered by *{court}* _____
      _____ on *{date}* _____ .
   b. _____ an administrative proceeding to establish child support in *{location}*
      _____ on *{date}* _____ .
   c. _____ a paternity proceeding in *{court}* _____ on
      *{date}* _____ .
   d. _____ other *{specify}* _____

   A copy of any judgment is attached.

Florida Supreme Court Approved Family Law Form 12.951(a), Petition to Disestablish Paternity and/or Terminate Child Support Obligation (11/15)

- 357 -

3. **Newly discovered evidence.** Newly discovered evidence concerning the paternity of this/these child(ren) has come to my knowledge since the initial paternity determination or establishment of the child support obligation. *{Explain}*

_____
_____
_____
_____.

4. **Scientific tests.**

   a. _____The results of scientific tests that are generally acceptable within the scientific community to show a probability of paternity, administered within 90 days prior to the filing of this petition, indicate that I cannot be the father of the child(ren) for whom support is required. A copy of the test results is attached.

   b. _____ I did not have access to the child(ren) to have scientific testing performed before the filing of this petition and I request that the court order the child(ren) to be tested.

5. **Fulfillment of child support obligation.**
   *{Choose only **one**}*
   a. _____ I am current on all child support payments for the child(ren) for whom relief is sought.

   b. _____I have substantially complied with my child support obligation for the child(ren) and any delinquency in my child support obligation for the child(ren) arose from my inability for just cause to pay the delinquent child support when the delinquent child support became due.

I ask the court to enter an order to:

*{Indicate **all** that apply}*

a. _____disestablish my paternity to *{name(s) of child(ren)}* _____
_____

b. _____terminate my obligation to pay child support for *{name(s) of child(ren)}* _____
_____

c. _____other: _____
_____
_____
   .

Florida Supreme Court Approved Family Law Form 12.951(a), Petition to Disestablish Paternity and/or Terminate Child Support Obligation (11/15)

- 358 -

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (  ) e-mailed (  ) hand delivered to the person(s) listed below on *{date}* _____.

**Respondent or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____*{state}* ____, *{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.951(a), Petition to Disestablish Paternity and/or Terminate Child Support Obligation (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.960, MOTION FOR CIVIL CONTEMPT/ENFORCEMENT (11/15)

## When should this form be used?

You may use this form to ask the court to enforce a prior court **order** or **final judgment**.

## What should I do next?

To initiate a civil contempt/enforcement proceeding against a **party** who is not complying with a prior court order, you must file a **motion** with the court explaining what the party has failed to do. This form should be typed or printed in black ink. After completing this form, you should sign it before a **notary public** or **deputy clerk**. You should then **file** the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail,

Instructions for Florida Supreme Court Approved Family Law Form 12.960, Motion for Civil Contempt/Enforcement (11/15)

the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

A copy of this form must be **personally served** by a sheriff or private process server or mailed,\* e-mailed\*, **or** hand delivered to any other party(ies) in your case. \*Please note that if notice is mailed or e-mailed, the court in certain circumstances may not consider mailing or e-mailing, to be adequate notice. If you want to be sure, you should have the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for **Summons: Personal Service on an Individual,** Florida Family Law Rules of Procedure Form 12.910(a).

The court will then set a **hearing**. You should check with the clerk of court, **judicial assistant**, or **family law intake staff** for information on the local procedure for scheduling a hearing. Once you know the time and date of the hearing, you will need to complete **Notice of Hearing on Motion for Contempt/Enforcement**, Florida Supreme Court Approved Family Law Form 12.961, or, if applicable, **Notice of Hearing (Child Support Enforcement Hearing Officer),** Florida Supreme Court Approved Family Law Form 12.921, or [**Notice of Hearing Before**] **General Magistrate,** Florida Family Law Rules of Procedure Form 12.920[(c)], which will specify a time and place for a hearing on the issue. A copy of this form must be mailed, e-mailed, or hand delivered to the other party. Again, if notice is mailed, the court in certain circumstances may not consider mailing or e-mailing to be adequate notice. If you want to be sure, you should have the notice personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for **Summons: Personal Service on an Individual,** Florida Family Law Rules of Procedure Form 12.910(a).

At the hearing, as in any other civil proceeding, you, as the moving party, will have the burden of proving the other party has not obeyed a prior court order. Once noncompliance is established, the other party will have an opportunity to show an inability to comply with the prior court order. If he or she is unable to do so, the judge may find the other party to be in contempt. If so, the judge may order appropriate sanctions to compel compliance by the other party, including jail, payment of attorneys' fees, suit money, or costs, and coercive or compensatory fines, and may order any other relief permitted by law.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** See also section 61.14, Florida Statutes and rule 12.615, Florida Family Law Rules of Procedure.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer,** Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____ ,
Petitioner,

and

_____ ,
Respondent.

# MOTION FOR CIVIL CONTEMPT/ENFORCEMENT

_____ Petitioner _____ Respondent requests that the Court enter an order of civil contempt/enforcement against _____ Petitioner _____ Respondent in this case because:

1. A final judgment or order *{title of final judgment or order}*_____
   in this case was entered on *{date}*_____, by *{court, city, and state}*_____
   _____.
   _____Please indicate here if the judgment or order is not from this Court and attach a copy.

2. This order of the Court required the other party in this case to do or not do the following:
   *{Explain what the other party was ordered to do or not do.}* _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____Please indicate here if additional pages are attached.

3. The other party in this case has willfully failed to comply with this order of the Court: *{Explain what the other party has or has not done.}* _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____ Please indicate here if additional pages are attached.

4. I respectfully request that the Court issue an order holding the above-named person in civil contempt, if appropriate, and/or providing the following relief:

a. _____enforcing or compelling compliance with the prior order or judgment;

b. _____awarding a monetary judgment;

c. _____if a monetary judgment was included in the prior order, issuing a writ of execution or garnishment or other appropriate process;

d. _____awarding prejudgment interest;

e. _____requiring the other party to pay costs and fees in connection with this motion;

f. _____if the other party is found to be in civil contempt, ordering a compensatory fine;

g. _____if the other party is found to be in civil contempt, ordering a coercive fine;

h. _____if the other party is found to be in civil contempt, ordering incarceration of the other party with a purge;

i. _____issuing a writ of possession for real property, writ for possession of personal property, or other appropriate writ;

j. _____issuing a writ of bodily attachment if the other party fails to appear at the hearing set on this motion;

k. _____requiring the other party to make payments through the central governmental depository;

l. _____requiring the support payments to be automatically deducted from the other party's income or funds;

m. _____requiring the other party to seek employment;

n. _____awarding make-up time-sharing with minor child(ren) as follows *{explain}*: ___
_____
_____
_____
_____
_____; and

o. _____awarding other relief *{explain}*: _____
_____
_____
_____
_____
_____.

I certify that a copy of this document was:   (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand-delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney**:

Name: _____

Address: _____

City, State, Zip: _____

Fax Number: _____

Designated E-mail Address(es):_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

 

 

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

 

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

 

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known
_____ Produced identification
        Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only one}* (    ) Petitioner (    ) Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}*_____,
*{city}* _____,*{state}* _____, *{zip code}* _____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.961
## NOTICE OF HEARING ON MOTION FOR CONTEMPT/ENFORCEMENT
## (11/15)

## When should this form be used?

Use this form anytime you have set a **hearing** on a **Motion for Contempt/Enforcement**, Florida Supreme Court Approved Family Law Form 12.960, for a support matter under rule 12.615, Florida Family Law Rules of Procedure. Before you fill out this form, you should coordinate a hearing time and date with the **judge** or **hearing officer** and the other party. If the Department of Revenue is a party to the case, you may need to schedule your hearing time with the attorney for the Department of Revenue.

If your case is to be heard by a child support enforcement hearing officer, the following information applies: A child support enforcement **hearing officer** is an attorney who has been appointed by administrative order of the court to take testimony and recommend decisions in cases involving the establishment, enforcement, and/or modification of **child support**, and the enforcement of alimony in conjunction with an ongoing child support arrearage order. If your case only involves issues pertaining to child support, you cannot object to the referral of your case to a hearing officer. If your case is going to be heard by a **general magistrate**, you should use **Notice of Hearing Before General Magistrate**, Florida Family Law Rules of Procedure Form 12.920(c).

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be **personally served** by a sheriff or private process server, mailed*, e-mailed*, **or** hand-delivered to any other party(ies) in your case. Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service,

Instructions for Florida Supreme Court Approved Family Law Form 12.961, Notice of Hearing on Motion for Contempt /Enforcement (11/15)

- 366 -

see the instructions for **Summons: Personal Service on an Individual,** Florida Family Law Rules of Procedure Form 12.910(a).

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see rules 12.615 and 12.941, Florida Family Law Rules of Procedure.

## Special notes

An attorney who has been appointed by the court to serve as a child support enforcement hearing officer can also be appointed to serve as a general magistrate. If your case involves only child support issues, your case properly may be referred to a general magistrate acting as a child support enforcement hearing officer.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of

Instructions for Florida Supreme Court Approved Family Law Form 12.961, Notice of Hearing on Motion for Contempt /Enforcement (11/15)

- 367 -

Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.961, Notice of Hearing on Motion for Contempt /Enforcement (11/15)

- 368 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

## NOTICE OF HEARING ON MOTION FOR
## CONTEMPT/ENFORCEMENT IN SUPPORT MATTERS
## (RULE 12.615)

TO: *{name of other party}* _____

There will be a hearing before _____ *{name of judge or hearing officer}*,
on *{date}*_____, at *{time}*_____ m., in room _____ of the
_____

Courthouse, on the _____ Petitioner's _____ Respondent's Motion for Contempt in Support Matters.
_____hour(s)/_____ minutes have been reserved for this hearing.

**FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY
ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS
BEFORE A HEARING IS HELD.**

This part is to be filled out by the court or to be filled in with information obtained from the court:

**If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the
provision of certain assistance. Please contact:**

_____

Florida Supreme Court Approved Family Law Form 12.961, Notice of Hearing on Motion for Contempt/
Enforcement (11/15)

***{identify applicable court personnel by name, address, and telephone number }*** **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.

If this matter is resolved, the moving party shall contact the judge or hearing officer's office to cancel this hearing.

I certify that a copy of this document was (   ) mailed (   ) faxed and mailed (   ) e-mailed  (   ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney**:
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-Mail Address(es):_____
_____

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only one}* (   ) Petitioner (   ) Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}*_____,
*{city}* _____, *{state}* ____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.961, Notice of Hearing on Motion for Contempt/ Enforcement (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.970(a)
# PETITION FOR TEMPORARY CUSTODY BY EXTENDED FAMILY (11/15)

## When should this form be used?

This form should be used by an **extended family member** to obtain temporary custody of a child or children pursuant to Chapter 751, Florida Statutes.  This form **should not** be used if you are a parent seeking to establish parental responsibility or time-sharing with a child or children.

An **Extended Family Member** is:
A relative of a minor child within the third degree by blood or marriage to the parent;
OR
The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)'s parents as an adverse party.

You may file a Petition for Temporary Custody if:
You have the signed, notarized consents of the child(ren)'s legal parents;
OR
You are an extended family member who is caring full time for the child(ren) in the role of a substitute parent and with whom the child(ren) is (are) presently living.

If one of the minor child(ren)'s parents objects to the Petition, the court shall grant the Petition only upon a finding, by clear and convincing evidence, that the child(ren)'s parent or parents are unfit to provide for the care and control of the child(ren).  In determining that a parent is unfit, the court must find that the parent has abused, abandoned, or neglected the child(ren), as defined in Chapter 39, Florida Statutes.  If you do not have the parents' consents **you should consult a family law attorney before you file your papers.**

If you do not meet the qualifications above, you should talk to an attorney about other options.  You may also report any suspected abuse, abandonment, or neglect to the appropriate authorities.

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or **deputy clerk**.  You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file.

Instructions for Florida Supreme Court Approved Family Law Form 12.970(a), Petition for Temporary Custody By Extended Family (11/15)

**The rules and procedures should be carefully read and followed.**
## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

IF YOU HAVE SIGNED AND NOTARIZED WAIVERS OF SERVICE OF PROCESS AND CONSENTS from the child(ren)'s mother and father, and the case is uncontested, you may call the clerk, **family law intake staff**, or **judicial assistant**, to set a **final hearing.** You must notify the child(ren)'s parents of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

If one of the parents is deceased, you must file a certified copy of the proof of death.

IF YOU DO NOT HAVE SIGNED AND NOTARIZED WAIVERS OF SERVICE OF PROCESS AND CONSENTS from the child(ren)'s parents, you must properly notify the parents of the **petition**. If you know where he or she lives, you should use **personal service.** If you absolutely do not know where he or she lives after conducting a diligent search, you may use **constructive service.** You must complete all of the searches listed in the **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b), and file the form with the clerk. You should seek legal advice on constructive service as this is a complicated area of the law. If the identity of one parent is unknown, you will need to seek legal advice to determine the proper way to serve an unknown parent. For more information, see Chapter 49, Florida Statutes.

Instructions for Florida Supreme Court Approved Family Law Form 12.970(a), Petition for Temporary Custody By Extended Family (11/15)

If personal service is used, the **parents** have 20 days to answer after being served with your petition.  Your case will generally proceed in one of the following ways:

**DEFAULT...** If after 20 days, no **answer** has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court.  You must file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924.  Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant**, to set a **final hearing.**  You must notify the child(ren)'s parents of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** If either parent files an answer which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you must file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, to request a final hearing.  Some circuits may require the completion of **mediation** before a final hearing may be set.  You should contact the clerk, **family law intake staff**, or **judicial assistant** for instructions on how to set your case for **trial** (final hearing).

At any time, either or both of the child(ren)'s parents may petition the court to modify or terminate the order granting temporary custody.  The court shall terminate the order upon a finding that the parent is a fit parent, or by the consent of the parties.  The court may modify an order granting temporary custody if the parties consent or if the modification is in the best interest of the child(ren).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  The words that are in **bold underline** in these instructions are defined there. For further information, see Chapter 751 and Chapter 39, Florida Statutes.

## Special Notes. . .

If you do not have the money to pay the filing fee, you may obtain an application for Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this petition, you must file the following and provide a copy to the other party:
- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit,** Florida Supreme Court Approved Family Law Form 12.902(d).
- **Notice of Related Cases**, Florida Family Law Rules of Procedure Form 12.900(h).
- **Family Court Cover Sheet**, Florida Family Law Rules of Procedure Form 12.928.
- **Non-Military Affidavit**, Florida Supreme Court Approved Family Law Form 12.912(b). (Required only for obtaining a default on petitions that have been personally or constructively served.  Not required if both parents have signed a waiver and consent)

Remember, a person who is NOT an attorney is called a nonlawyer.  If a nonlawyer helps you fill out these

Instructions for Florida Supreme Court Approved Family Law Form 12.970(a), Petition for Temporary Custody By Extended Family (11/15)

forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms **must** also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.970(a), Petition for Temporary Custody By Extended Family (11/15)

- 374 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                    Petitioner,
and

_____,
                    Respondent/Mother,

_____,
                    Respondent/Father.


# PETITION FOR TEMPORARY CUSTODY BY EXTENDED FAMILY


Petitioner, *{full legal name}* _____, being sworn, certifies that the
following information is true:

1.  This is an action for temporary custody pursuant to Chapter 751, Florida Statutes.

2.  Petitioner requests temporary custody of the following minor child(ren):
    Name                    Date of Birth              Current Address

    _____
    _____
    _____
    _____

3.  Petitioner completed a **Uniform Child Custody Jurisdiction and Enforcement Act Affidavit**,
    Florida Supreme Court Approved Family Law Form 12.902(d), which was filed with this Petition.
    The affidavit includes the names and current addresses of the persons with whom the child(ren)
    has(have) lived during the past 5 years, the places where the child(ren) has(have) lived during the
    past 5 years, and information concerning any custody proceeding in this or any other state with
    respect to the child(ren). **If the Affidavit is not completely filled out, signed under oath, and filed
    with the Petition**, **the case may be dismissed without hearing.**

4.  Petitioner is an extended family member who is: *{Choose **one** only}*
    _____ Related to the minor child(ren) within the third degree by blood or marriage to a parent;
    **OR**
    _____ The stepparent of the minor child(ren), is married to the _____ Mother _____ Father and
    is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or
    criminal proceeding in any court of competent jurisdiction involving one or both of the
    child(ren)'s parents as an adverse party.

5. Petitioner's relationship to the minor child(ren) is: _____.

6. The residence and post office address of the Petitioner is: _____
_____.

7. Petitioner is a proper person to be awarded temporary custody because: *{Choose **one** only}*
____ Petitioner has the signed, notarized consent from **both** of the child(ren)'s legal parents;
OR
____ Petitioner is caring full time for the child(ren) in the role of a substitute parent and the child(ren) currently live with the Petitioner.

**If Petitioner does not have the signed consents from both parents or is not caring for the child(ren) full time as a substitute parent, Petitioner cannot obtain temporary custody under Chapter 751, Florida Statutes.  Petitioner should consult an attorney about other options.**

8. The legal mother of the child(ren) is _____, whose current address is: _____.

9. The legal father of the child(ren) is _____, whose current address is: _____.

10. The Consents of _____ Father **and/or** _____ Mother is/are attached to the Petition.
OR
*{If Applicable}* The Consent of the _____ is not attached because that parent is deceased. A certified copy of the proof of death is attached.
OR
Consent has NOT been obtained from the parents.  The specific acts or omissions of the parents which demonstrate that the parents have abused, abandoned, or neglected the child(ren) as defined in Chapter 39, Florida Statutes are: (attach additional sheets if necessary) _____
_____
_____
_____
_____
.

11. Petitioner requests temporary custody be granted for the following period of time:_____
_____-
_____
.
The reasons that support this request are: _____
_____
_____
_____
.

12. It is in the best interests of the child(ren) that the Petitioner have temporary custody of the child(ren) for the following reasons: _____

_____

_____

_____

13. **ORDER OF PROTECTION**

_____ Petitioner **IS NOT** aware of any temporary or permanent order for protection entered on behalf of or against either parent, the Petitioner, or the child(ren) in Florida or any other jurisdiction.

OR

_____ Petitioner **IS** aware of the following temporary or permanent orders for protection entered on behalf of or against either parent, the Petitioner, or the child(ren) in Florida or any other jurisdiction. The court entering the order and the case number is: _____

_____

_____

_____.

14. **TEMPORARY OR PERMANENT CHILD SUPPORT ORDERS**

_____ Petitioner **IS NOT** aware of any temporary or permanent orders for child support for the minor child(ren).

OR

_____ Petitioner **IS** aware of the following temporary or permanent order for child support for the minor child(ren).  The court entering the order and the case number is:_____

_____

_____

_____.

15. **CHILD SUPPORT** *(Choose **one** only}*

(You must have proof or waiver of service of process upon the parent(s) or a Waiver of Service of Process and Consent for the court to consider an award for child support)

_____ Petitioner requests the court to order the parents to pay child support.

_____ Petitioner requests the court to redirect all or part of Mother's and/or Father's existing child support obligation to the Petitioner.

_____ Petitioner requests the court to redirect all or part of Mother's and/or Father's existing child support obligation to the Petitioner, and to award the Petitioner child support arrearages.

16. Petitioner _____ requests _____ does not request that the court establish reasonable visitation or a time-sharing schedule with the parents.

17. Other

_____

_____

_____

_____.

WHEREFORE, Petitioner requests that this Court grant the Petitioner temporary custody of the child(ren) subject to this proceeding; award the Petitioner other relief as requested; and award any other relief that the Court deems necessary.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated:_____      _____

Signature of Petitioner

Printed Name: _____
Address: _____
City, State, Zip Code: _____
Telephone Number: _____
Number: _____
E-Mail Address(es):_____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC OR DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*

____ Personally known
____ Produced identification
    Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* ____,*{zip code}* _____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.970(a), Petition for Temporary Custody By Extended Family (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.970(b)
# PETITION FOR CONCURRENT CUSTODY BY EXTENDED FAMILY (11/15)

## When should this form be used?

This form should be used by an **extended family member** to obtain concurrent custody of a child or children pursuant to Chapter 751, Florida Statutes. This form **should not** be used if you are a parent seeking to establish parental responsibility or time-sharing with a child or children. "Concurrent custody" means that an eligible extended family member is awarded custodial rights to care for a child or children concurrently with the child(ren)'s parent or parents.

An **Extended Family Member** is:
A relative of a minor child within the third degree by blood or marriage to the parent;
OR
The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)'s parents as an adverse party.

You may file a Petition for Concurrent Custody if:
You have the signed, notarized consents of the child(ren)'s legal parents;
OR
You are an extended family member who is caring full time for the child(ren) in the role of a substitute parent and with whom the child(ren) is (are) presently living.

In addition, you must currently have physical custody of the child(ren) and have had physical custody of the child(ren) for at least 10 days in any 30-day period within the last 12 months; and not have signed, written documentation from a parent which is sufficient to enable you to do all the things necessary to care for the child(ren).

If you do not meet the qualifications above, you should talk to an attorney about other options. You may also report any suspected abuse, abandonment, or neglect to the appropriate authorities.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file.

Instructions for Florida Supreme Court Approved Family Law Form 12.970(b), Petition for Concurrent Custody By Extended Family (11/15)

- 380 -

**The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

IF YOU HAVE SIGNED AND NOTARIZED WAIVERS OF SERVICE OF PROCESS AND CONSENTS from the child(ren)'s mother and father, you may call the clerk, **family law intake staff**, or **judicial assistant**, to set a **final hearing.** You must notify the child(ren)'s parents of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

If one of the parents is deceased, you must file a certified copy of the proof of death.

If one of the minor child(ren)'s parents objects to the Petition for Concurrent Custody in writing, the court may not grant the petition even if the other parent consents, in writing, to the entry of the order. If a parent objects, you have the option of converting the Petition to a **Petition for Temporary Custody by Extended Family,** Florida Supreme Court Approved Family Law Form 12.970(a)**.** If the Petition is not converted into a **Petition for Temporary Custody by Extended Family**, it shall be dismissed without prejudice.

At any time, the Petitioner or either or both of the child(ren)'s parents may move the court to terminate the order granting concurrent custody. The court shall terminate the order upon a finding that either or both of the child(ren)'s parents objects to the order. The fact that the order for concurrent custody has been terminated does not preclude any person who is otherwise eligible to petition for temporary custody

Instructions for Florida Supreme Court Approved Family Law Form 12.970(b), Petition for Concurrent Custody By Extended Family (11/15)

from filing such petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see Chapter 751 and Chapter 39, Florida Statutes.

## Special Notes. . .

If you do not have the money to pay the filing fee, you may obtain an application for Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this petition, you must file the following and provide a copy to the other party:
- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit,** Florida Supreme Court Approved Family Law Form 12.902(d).
- **Notice of Related Cases**, Florida Family Law Rules of Procedure Form 12.900(h).
- **Family Court Cover Sheet**, Florida Family Law Rules of Procedure Form 12.928.
- **Non-Military Affidavit**, Florida Supreme Court Approved Family Law Form 12.912(b). (Required only for obtaining a default on petitions that have been personally or constructively served. Not required if both parents have signed a waiver and consent.)

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms **must** also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.970(b), Petition for Concurrent Custody By Extended Family (11/15)

- 382 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent/Mother,

_____,
Respondent/Father.

# PETITION FOR CONCURRENT CUSTODY BY EXTENDED FAMILY

Petitioner, *{full legal name}* _____, being sworn, certifies that the following information is true:

1.  This is an action for concurrent custody pursuant to Chapter 751, Florida Statutes.

2.  Petitioner requests concurrent custody of the following minor child(ren):
    Name                Date of Birth              Current Address

    _____
    _____
    _____
    _____

3.  Petitioner completed a **Uniform Child Custody Jurisdiction and Enforcement Act Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), which was filed with this Petition. The affidavit includes the names and current addresses of the persons with whom the child(ren) has (have) lived during the past 5 years, the places where the child(ren) has(have) lived during the past 5 years, and information concerning any custody proceeding in this or any other state with respect to the child(ren). **If the Affidavit is not completely filled out, signed under oath, and filed with the Petition**, **the case may be dismissed without a hearing.**

4.  Petitioner is an extended family member who is: *{Choose **one** only}*
    _____ Related to the minor child(ren) within the third degree by blood or marriage to a parent;
    OR
    _____ The stepparent of the minor child(ren), is married to the (  )Mother (  )Father and is not

a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)'s parents as an adverse party.

5. Petitioner's relationship to the minor child(ren) is: _____.
6. The residence and post office address of the Petitioner is: _____
_____.

7. The legal mother of the child(ren) is _____, whose current address is:_____
.

8. The legal father of the child(ren) is _____, whose current address is: _____.

9. Petitioner currently has physical custody of the child(ren) and has had physical custody of the child(ren) for at least 10 days in any 30-day period within the last 12 months. Detail the time periods during the past 12 months when the child(ren) have resided with the Petitioner:
_____
_____
_____.

10. Petitioner does not have signed, written documentation from a parent which is sufficient to enable the Petitioner to do all of the things necessary to care for the child(ren).

11. *{If applicable}* Describe the type of documents, if any, provided by the parent or parents which enables the Petitioner to act on behalf of the child(ren): _____
_____.
These documents are attached to this Petition as Exhibit _____.

12. Petitioner is unable to obtain or undertake the following services or actions without an order of custody:
_____
_____
_____
_____.

13. The Consents of _____Father **and/or** _____ Mother is/are attached to the Petition.
OR
*{If applicable}* The Consent of the _____ is not attached because that parent is deceased. A certified copy of the proof of death is attached.

14. Petitioner requests concurrent custody be granted for the following period of time:_____.
The reasons that support this request are: _____
_____
_____
_____.

15. It is in the best interests of the child(ren) that the Petitioner have concurrent custody of the child(ren) for the following reasons: _____
_____
_____
_____.

16. **ORDER OF PROTECTION**
____ Petitioner **IS NOT** aware of any temporary or permanent order for protection entered on behalf of or against either parent, the Petitioner, or the child(ren) in Florida or any other jurisdiction.
**OR**
____ Petitioner **IS** aware of the following temporary or permanent orders for protection entered on behalf of or against either parent, the Petitioner, or the child(ren) in Florida or any other jurisdiction. The court entering the order and the case number is: _____
_____
_____
_____.

17. **TEMPORARY OR PERMANENT CHILD SUPPORT ORDERS**
____ Petitioner **IS NOT** aware of any temporary or permanent orders for child support for the minor child(ren).
**OR**
____ Petitioner **IS** aware of the following temporary or permanent order for child support for the minor child(ren). The court entering the order and the case number is:_____
_____
_____
_____.

18. **CHILD SUPPORT (If Petitioner is seeking child support)** *{Choose **one** only}*
(You must have proof of service upon or waiver of process by the parent(s) or a Waiver of Service of Process and Consent for the court to consider an award for child support)

____ Petitioner requests the court to order the parents to pay child support.
____ Petitioner requests the court to redirect all or part of Mother's and/or Father's existing child support obligation to the Petitioner.
____ Petitioner requests the court to redirect all or part of Mother's and/or Father's existing child support obligation to the Petitioner, **and** to award the Petitioner child support

arrearages.

19. Petitioner _____ requests _____ does not request that the court establish reasonable visitation or a time-sharing schedule with the parents.

20. Other _____
_____
_____
_____

WHEREFORE, Petitioner requests that this Court grant the Petitioner concurrent custody of the child(ren) subject to this proceeding; award the Petitioner other relief as requested; and award any other relief that the Court deems necessary.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____        _____
                                                                        Signature of Petitioner

                                                                        Printed Name: _____
                                                                        Address: _____
                                                                        City, State, Zip Code: _____
                                                                        Telephone Number: _____
                                                                        Fax Number: _____
                                                                        Designated E-mail Address(es):_____
                                                                        _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


                                                                        _____
                                                                        NOTARY PUBLIC OR DEPUTY CLERK


                                                                        _____
                                                                        *Print, type, or stamp commissioned name of notary or deputy clerk.*

_____ Personally known
_____ Produced identification
        Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}* _____

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(a) PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE (11/15)

## When should this form be used?

If you are a victim of any act of domestic violence or have reasonable cause to believe that you are in imminent danger of becoming a victim of domestic violence, you can use this form to ask the court for a protective order prohibiting domestic violence. Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. **Domestic violence includes**: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to petitioner by any of petitioner's family or household members. In determining whether you have reasonable cause to believe you are in imminent danger of becoming a victim of domestic violence, the court must consider all relevant factors alleged in the petition, including, but not limited to the following:

1. The history between the petitioner and the respondent, including threats, harassment, stalking, and physical abuse.
2. Whether the respondent has attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
3. Whether the respondent has threatened to conceal, kidnap, or harm the petitioner's child or children.
4. Whether the respondent has intentionally injured or killed a family pet.
5. Whether the respondent has used, or has threatened to use, against the petitioner any weapons such as guns or knives.
6. Whether the respondent has physically restrained the petitioner from leaving the home or calling law enforcement.
7. Whether the respondent has a criminal history involving violence or the threat of violence.
8. The existence of a verifiable order of protection issued previously or from another jurisdiction.
9. Whether the respondent has destroyed personal property, including, but not limited to, telephones or other communications equipment, clothing, or other items belonging to the petitioner.
10. Whether the respondent engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence.

The domestic violence laws only apply to your situation if the respondent is your **spouse**, former spouse,

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (11/15)

- 388 -

related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren) whether or not you have ever been married or ever lived together. With the exception of persons who have a child in common, the family or household members must be currently residing together or have in the past resided together in the same single dwelling unit. If the respondent is not one of the above, you should look at **Petition for Injunction for Protection Against Repeat Violence**, Florida Supreme Court Approved Family Law Form 12.980(f), to determine if your situation will qualify for an injunction for protection against repeat violence, or **Petition for Injunction for Protection Against Dating Violence**, Florida Supreme Court Approved Family Law Form 12.980(n), to determine if your situation will qualify for an injunction for protection against dating violence, or **Petition for Injunction for Protection Against Sexual Violence,** Florida Supreme Court Approved Family Law Form 12.980(q), to determine if your situation will qualify for an injunction for protection against sexual violence.

If you are under the age of eighteen and you have never been married or had the disabilities of nonage removed by a court, then one of your parents, custodians, or your legal guardian must sign this petition with you.

This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it in front of a **notary public** or the **clerk of the circuit court** in the county where you live. The clerk will take your completed **petition** to a **judge**. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that you are a victim of domestic violence or that an **imminent danger of domestic violence** exists, the judge will sign either an immediate **Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.980(c)(1) or an immediate **Temporary Injunction for Protection Against Domestic Violence without Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.980(c)(2). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side-- YOU. The temporary injunction gives a date that you must appear in

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (11/15)

- 389 -

court for a hearing. At that hearing, you will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue either a **Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren)(After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(d)(1), or a **Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren)(After Notice),** Florida Supreme Court Approved Family Law Form 12.980(d)(2). Either of these final judgments will remain in effect for a specific time period or until modified or dissolved by the court. **If either you or the respondent do not appear at the final hearing, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction issued at the final hearing.**

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one <u>certified copy</u> of the injunction with you at all times!**

## What can I do if the judge denies my petition?

If your petition is denied solely on the grounds that it appears to the court that no imminent danger of domestic violence exists, the court will set a full hearing, at the earliest possible time, on your petition, unless you request that no hearing be set. The respondent will be notified by **<u>personal service</u>** of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic Violence, Repeat or Dating Violence**, Florida Family Law Form 12.980 (g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **<u>bold underline</u>** are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic violence forms and can give you information about local domestic violence victim assistance programs, shelters, and other related services. You may also call the Domestic Violence Hotline at 1-800-500-1119. For further information, see Chapter 741, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other**

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (11/15)

**pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

With this form you may also need to file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and filed if you are asking the court to determine issues with regard to your **parenting plan** or **time-sharing** for a minor child(ren).
- **Parenting plan** means a document created to govern the relationship between the parents relating to the decisions that must be made regarding the minor child(ren) and must contain a time-sharing schedule for the parents and child(ren). The issues concerning the minor child(ren) may include, but are not limited to, the child(ren)'s education, health care, and physical, social, and emotional well-being. In creating the plan, all circumstances between the

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (11/15)

parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. The Parenting Plan shall be developed and agreed to by the parents and approved by a court, or, established by the court, with or without the use of a court-ordered parenting plan recommendation.  If the parents cannot agree, or if the parents agreed to a plan that is not approved by the court, a Parenting Plan shall established by the court.  "**Time-sharing schedule**" means a timetable that must be included in the Parenting Plan that specifies the time, including overnights and holidays, that a minor child will spend with each parent. If developed and agreed to by the parents of a minor child, it must be approved by the court. If the parents cannot agree, of if their agreed-upon schedule is not approved by the court, the schedule shall be established by the court.

- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), must be completed and filed if you are asking the court to determine issues of temporary child support.
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and filed if you are seeking temporary alimony or temporary child support.
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), MUST be filed with the court at or prior to a hearing to establish or modify child support.

Additionally, if you fear that disclosing your address to the respondent would put you in danger, you should complete a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit court and write confidential in the space provided on the petition.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (11/15)

- 392 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,
and

_____,

Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION
# AGAINST DOMESTIC VIOLENCE

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

**SECTION I.  PETITIONER**

(This section is about you.  It must be completed.  However, **if you fear that disclosing your address to the respondent would put you in danger**, you should complete and file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and write confidential in the space provided on this form for your address and telephone number.)

　　1.　Petitioner's current address is: *{street address}* _____

*{city, state and zip code}* _____

Telephone Number: *{area code and number}* _____

Physical description of Petitioner:

Race: _____   Sex:  Male _____   Female _____   Date of Birth: _____

　　2.　Petitioner's attorney's name, address, and telephone number is: _____

_____.

(If you do not have an attorney, write none.)

**SECTION II.  RESPONDENT**

(This section is about the person you want to be protected from.  It must be completed.)

　　1.　Respondent's current address is: *{street address, city, state, and zip code}* _____

_____.

Respondent's Driver's License number is: *{if known}* _____.

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (11/15)

2. Respondent is: *{Indicate all that apply}*

a. _____ the spouse of Petitioner.  Date of Marriage: _____
b. _____ the former spouse of Petitioner.
      Date of Marriage: _____
      Date of Dissolution of Marriage: _____
c. _____ related by blood or marriage to Petitioner.
      Specify relationship: _____
           d. _____ a person who is or was living in one home with Petitioner, as if a family.
e._____ a person with whom Petitioner has a child in common, even if Petitioner and    Respondent never were married or living together.

3. Petitioner has known Respondent since *{date}* _____.

4. Respondent's last known place of employment: _____
Employment address: _____
Working hours: _____

5. Physical description of Respondent:
Race: _____ Sex: Male _____ Female _____Date of Birth: _____
Height: _____ Weight: _____ Eye Color: _____ Hair Color: _____
Distinguishing marks or scars: _____
Vehicle: (make/model) _____ Color: _____ Tag Number: _____

6. Other names Respondent goes by (aliases or nicknames): _____

7. Respondent's attorney's name, address, and telephone number is: _____

_____

(If you do not know whether Respondent has an attorney, write unknown.  If Respondent does not have an attorney, write none.)

**SECTION III.   CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1. Has Petitioner ever received or tried to get an injunction for protection against domestic violence against Respondent in this or any other court?
_____ Yes _____ No     If yes, what happened in that case? *{Include case number, if known}*

_____

_____

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (11/15)

- 394 -

2. Has Respondent ever received or tried to get an injunction for protection against domestic violence against Petitioner in this or any other court?

_____ Yes _____ No   If yes, what happened in that case? *{Include case number, if known}*

_____

_____.

3. Describe **any other** court case that is either going on now or that happened in the past, including a dissolution of marriage, paternity action, or child support enforcement action, **between Petitioner and Respondent** *{Include city, state, and case number, if known}*: _____

_____.

4. Petitioner is either a victim of domestic violence or has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence because respondent has: *{mark all sections that apply and describe in the spaces below the incidents of violence or threats of violence, specifying when and where they occurred, including, but not limited to, locations such as a home, school, place of employment, or time-sharing exchange}*

   a. _____committed or threatened to commit domestic violence defined in section 741.28, Florida Statutes, as any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another. With the exception of persons who are parents of a child in common, the family or household members must be currently residing or have in the past resided together in the same single dwelling unit.
   b. _____previously threatened, harassed, stalked, or physically abused the petitioner.
   c. _____attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
   d. _____threatened to conceal, kidnap, or harm the petitioner's child or children.
   e. _____intentionally injured or killed a family pet.
   f. _____used, or has threatened to use, against the petitioner any weapons such as guns or knives.
   g. _____physically restrained the petitioner from leaving the home or calling law enforcement.
   h. _____a criminal history involving violence or the threat of violence (if known).
   i. _____another order of protection issued against him or her previously or from another jurisdiction (if known).
   j. _____destroyed personal property, including, but not limited to, telephones or other communication equipment, clothing, or other items belonging to the petitioner.
   k. _____engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence.

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (11/15)

- 395 -

Below is a brief description of the latest act of violence or threat of violence that causes Petitioner to honestly fear imminent domestic violence by Respondent.
(Use additional sheets if necessary.)

On *{date}* _____, at *{location}* _____,
 Respondent:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

_____ Please indicate here if you are attaching additional pages to continue these facts.

5. **Additional Information**
>    *{Indicate **all** that apply}*

a.____Other acts or threats of domestic violence as described on attached sheet.

b.____This or other acts of domestic violence have been previously reported to *{person or agency}*:_____

c.____ Respondent owns, has, and/or is known to have guns or other weapons.
   Describe weapon(s): _____

>    d. ____ Respondent has a drug problem.

>    e.____ Respondent has an alcohol problem.

>    f. ____ Respondent has a history of mental health problems.  If checked, answer the following, if known:
>        Has Respondent ever been the subject of a Baker Act proceeding?  _____ Yes _____ No

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (11/15)

Is Respondent supposed to take medication for mental health problems?
\_\_\_\_\_Yes \_\_\_\_\_ No
If yes, is Respondent currently taking his/her medication? \_\_\_\_\_ Yes \_\_\_\_\_ No

**SECTION IV. TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME** (Complete this section **only** if you want the Court to grant you temporary exclusive use and possession of the home that you share with the Respondent.)

1. Petitioner claims the following about the home that Petitioner and Respondent share or that Petitioner left because of domestic violence:
   *{Indicate **all** that apply}*

a.\_\_\_\_ Petitioner needs the exclusive use and possession of the home that the parties share at *{street address}* _____ ,
*{city, state, zip code}* _____ .

b.\_\_\_\_Petitioner cannot get another safe place to live because: _____

_____

_____

_____ .

c. \_\_\_\_If kept out of the home, Respondent has the money to get other housing or may live without money at *{street address}* _____ ,
*{city, state, zip code}* _____ .

2. The home is:
*{Choose **one** only}*

a.\_\_\_\_ owned or rented by Petitioner and Respondent jointly.

b.\_\_\_\_ solely owned or rented by Petitioner.

c.\_\_\_\_ solely owned or rented by Respondent.

**SECTION V. TEMPORARY PARENTING PLAN WITH TEMPORARY TIME-SHARING SCHEDULE FOR MINOR CHILD(REN)** (Complete this section **only** if you are asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children of the parties which might involve prohibiting or limiting time-sharing or requiring that it be supervised by a third party. You must be the natural parent, adoptive parent, or guardian by court order of the minor child(ren). If you are asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children of the parties which might involve prohibiting or

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (11/15)

limiting time-sharing or requiring that it be supervised by a third party, you must also complete and file a **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).)

**Note:  If the paternity of the minor child(ren) listed below has not been established through either marriage or court order, the Court may deny a request to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children, and/or a request for child support.**

1.  Petitioner is the natural parent, adoptive parent, or guardian by court order of the minor child(ren) whose name(s) and age(s) is (are) listed below.

**Name**                                                      **Birth date**

_____

_____

_____

_____

_____

2.  The minor child(ren) for whom Petitioner is asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to:

*{Choose **one** only}*

a.____saw the domestic violence described in this petition happen.

b.____were at the place where the domestic violence happened but did not see it.

c.____were not there when the domestic violence happened this time but have seen previous acts of domestic violence by Respondent.

d.____have not witnessed domestic violence by Respondent.

3.  Name **any other** minor child(ren) who were there when the domestic violence happened.  Include child(ren)'s name, age, , and parents' names. _____

_____

_____

_____

4.  **Temporary Parenting Plan and Temporary Time-Sharing Schedule**

*{Indicate **all** that apply}*

a.____ Petitioner requests that the Court provide a temporary parenting plan, including a temporary time-

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (11/15)

- 398 -

sharing schedule with regard to, the minor child or children of the parties, as follows: _____

_____

_____

_____.

b._____ Petitioner requests that the Court order supervised exchange of the minor child(ren) or exchange through a responsible person designated by the Court.  The following person is suggested as a responsible person for purposes of such exchange.  *{Explain}:* _____

_____.

c._____ Petitioner requests that the Court limit time-sharing by Respondent with the minor child(ren). *{Explain}:* _____

_____

_____.

d._____ Petitioner requests that the Court prohibit time-sharing by Respondent with the minor child(ren) because Petitioner genuinely fears that Respondent imminently will abuse, remove, or hide the minor child(ren) from Petitioner. *{Explain}:* _____

_____

_____.

e._____Petitioner requests that the Court allow only supervised time-sharing by Respondent with      the minor child(ren).  *Explain:* _____

        _____

        _____.

Supervision should be provided by a Family Visitation Center, or other
*(specify)*:_____

**SECTION VI.  TEMPORARY SUPPORT** (Complete this section **only** if you are seeking financial support from the Respondent.  You must also complete and file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if you are seeking child support. A **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), must be filed with the court at or prior to a hearing to establish or modify child support.) *{Indicate **all** that apply}*

  1.  _____Petitioner claims a need for the money he or she is asking the Court to make Respondent pay, and that Respondent has the ability to pay that money.

  2.  _____Petitioner requests that the Court order Respondent to pay the following temporary alimony to Petitioner.  (Petitioner must be married to Respondent to ask for temporary alimony.)

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (11/15)

- 399 -

Temporary Alimony Requested $_____every: _____ week _____ other week _____ month.

3. _____Petitioner requests that the Court order Respondent to pay the following temporary child support to Petitioner. (The Respondent must be the natural parent, adoptive parent, or guardian by court order of the minor child(ren) for the court to order the Respondent to pay child support.) Temporary child support is requested in the amount of $_____ every: _____ week _____ other week _____ month.

**SECTION VII.  INJUNCTION** (This section summarizes what you are asking the Court to include in the injunction.  This section must be completed.)

1. Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against domestic violence that will be in place from now until the scheduled hearing in this matter.

2. Petitioner asks the Court to enter, after a hearing has been held on this petition, a final judgment on injunction prohibiting Respondent from committing any acts of domestic violence against Petitioner **and**:

a.  prohibiting Respondent from going to or within 500 feet of any place the Petitioner lives;

b. prohibiting Respondent from going to or within 500 feet of the Petitioner's place(s) of employment or school; the address of Petitioner's place(s) of employment or school is: _____ _____.

c. prohibiting Respondent from contacting Petitioner by mail, by telephone, through another person, or in any other manner;

d. prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle.

e. prohibiting Respondent from defacing or destroying Petitioner's personal property.

*{Indicate all that apply}*
f. _____prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner's minor child(ren) must go often *{include address}*: _____

_____
_____.

g.____ granting Petitioner temporary exclusive use and possession of the home Petitioner and

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (11/15)

Respondent share;

h.____ granting Petitioner on a temporary basis 100% of the time sharing with the parties' minor child(ren);

i.____establishing a temporary parenting plan including a temporary time-sharing schedule for the parties' minor child(ren);

j.____granting temporary alimony for Petitioner;

k.____granting temporary child support for the minor child(ren);

l.____ordering Respondent to participate in treatment, intervention, and/or counseling services;

m.____referring Petitioner to a certified domestic violence center; and any other terms the Court deems necessary for the protection of Petitioner and/or Petitioner's child(ren), including injunctions or directives to law enforcement agencies, as provided in Section 741.30, Florida Statutes.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING. I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION ISSUED AT THAT HEARING.**

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.**

_____

(initials)

Dated: _____          _____
                                                                        Signature of Petitioner

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (11/15)

- 401 -

_{Print, type, or stamp commissioned name of notary or clerk.}_

_____ Personally known

_____ Produced identification

Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (11/15)

- 402 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(f) PETITION FOR INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE (11/15)

## When should this form be used?

If you or a member of your immediate family are a victim of **repeat violence**, you can use this form to ask the court for a protective order prohibiting repeat violence. Repeat violence means that **two** incidents of violence have been committed against you or a member of your immediate family by another person, **one of which must have been within 6 months of filing this petition.** Repeat violence includes assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death. Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.

The parent or legal guardian of any minor child *who is living at home* may seek an injunction for protection against repeat violence on behalf of the minor child. With respect to a minor child who is living at home, the parent or legal guardian must have been an eye-witness to, or have direct physical evidence or **affidavits** from eye-witnesses of, the specific facts and circumstances that form the basis of the petition.

If the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you should use **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.

This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the **clerk of the circuit court** in the county where you live. The clerk will take your completed petition to a **judge**. You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that you or a member of your immediate family are a victim of repeat violence and that an **immediate and present danger of repeat violence** to you or that family exists, the judge will sign a **Temporary Injunction for Protection Against Repeat Violence**,

Instructions for Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (11/15)

- 403 -

Florida Supreme Court Approved Family Law Form 12.980(k). A temporary injunction is issued without notice to the respondent. The clerk will give your **petition**, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side--YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a **Final Judgment of Injunction for Protection Against Repeat Violence (After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(l), which will remain in effect for a specific time period or until modified or dissolved by the court. **If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one certified copy of the injunction with you at all times**!

## What can I do if the judge denies my petition?

If your petition is denied on the grounds that it appears to the court that no immediate and present danger of repeat violence exists, the court will set a full hearing on your petition. The respondent will be notified by **personal service** of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection**, Florida Supreme Court Approved Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of the circuit court or **family law intake staff** will help you complete any necessary forms. For further information, see Section 784.046, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (11/15)

- 404 -

# IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**


# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (11/15)

- 405 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,
and

_____,

Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION
# AGAINST REPEAT VIOLENCE

I, *{full legal name}*_____, being sworn, certify that the following statements are true:

**SECTION I.  PETITIONER**
(This section is about you. It must be completed.)

1.      Petitioner currently lives at the following address: *{address, city, state, zip code}* _____
_____ .

*[Indicate **if** applicable]*
_____**Petitioner seeks an injunction for protection on behalf of a minor child.**  Petitioner is the parent
or legal guardian of *{full legal name}*_____, a minor child who is
living at home.

2.      Petitioner's attorney's name, address, and telephone number is: _____
_____ .
(If you do not have an attorney, write "none.")

**SECTION II. RESPONDENT**
(This section is about the person you want to be protected from. It must be completed.)

1.      Respondent currently lives at the following address: *{address, city, state, and zip code}* _____
_____ .
Respondent's Driver's License number is: *{if known}* _____ .

2.      Petitioner has known Respondent since: *{date}* _____ .

 Family Supreme Court Approved Law Form 12.980(f), Petition for Injunction for Protection Against Repeat
Violence (11/15)

3.       Respondent's last known place of employment: _____

Employment address: _____

Working hours: _____

4.       Physical description of Respondent:

Race: _____ Sex: Male _____ Female _____ Date of Birth: _____

Height: _ Weight: _____ Eye Color: _____ Hair Color: ___

Distinguishing marks and/or scars: _____

Vehicle: (make/model) _____ Color: _____ Tag Number: _____

5.       Other names Respondent goes by (aliases or nicknames): _____

6.       Respondent's attorney's name, address, and telephone number is: _____

_____ .

(If you do not know whether Respondent has an attorney, write "unknown."  If Respondent does not have an attorney, write "none.")

**SECTION III.  CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1.       Has Petitioner ever received or tried to get an injunction for protection against domestic violence, repeat violence, dating violence, or sexual violence against Respondent in this or any other court?

_____ Yes  _____ No   If yes, what happened in that case? *{include case number, if known}*

_____

_____

2.       Has Respondent ever received or tried to get an injunction for protection against domestic violence, repeat violence, dating violence, or sexual violence against Petitioner in this or any other court?

_____ Yes  _____ No If yes, what happened in that case? *{include case number, if known}*

_____

_____

3.       Describe **any other** court case that is either going on now or that happened in the past **between Petitioner and Respondent** *{include case number, if known}*:

_____

_____

4.       Respondent has directed at least two incidents of violence, meaning assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death against Petitioner or a member of Petitioner's immediate family.  One of these two incidents of violence has occurred within 6 months of the date of filing of this petition.  The most recent incident (including date and location) is described below.

Family Supreme Court Approved Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (11/15)

- 407 -

On *{date}* _____ , at *{location}*_____ ,
Respondent _____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

_____Please indicate here if you are attaching additional pages to continue these facts.

5.      Other prior incidents (including dates and location) are described below:

On *{date}* _____ , at *{location}*_____ ,
Respondent _____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

_____Please indicate here if you are attaching additional pages to continue these facts.

6.      Petitioner genuinely fears repeat violence by Respondent.  Explain:_____

_____

_____

_____

_____

_____

_____.

7.      **Additional Information**
        *[Choose **all** that apply]*
a.              ____Respondent owns, has, and/or is known to have guns or other weapons.

Family Supreme Court Approved Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (11/15)

- 408 -

Describe weapon(s): _____
_____ .

b. _____This or prior acts of repeat violence have been previously reported to: *{person or agency}* _____

_____
.

**SECTION IV.  INJUNCTION**  (This section must be completed.)

1. _____Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against repeat violence that will be in place from now until the scheduled hearing in this matter.

2. _____Petitioner asks the Court to enter, after a hearing has been held on this petition, a final judgment of injunction prohibiting Respondent from committing any acts of violence against Petitioner **and**:

a. prohibiting Respondent from going to or within 500 feet of any place Petitioner lives;

b. prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends;  the address of Petitioner's place(s) of employment and/or school is:_____

_____ ;

c. prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner;

d. ordering Respondent not to use or possess any guns or firearms;

*[Indicate **all** that apply]*
e. _____ prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner's immediate family must go to often: _____

_____
.

f. _____ prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle; and any other terms the Court deems necessary for the safety of Petitioner and Petitioner's immediate family.

 **I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST**

Family Supreme Court Approved Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (11/15)

- 409 -

**APPEAR AT THE HEARING. I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

**I UNDERSTAND THAT I AM SWEARING OR AFFIRMING UNDER OATH TO THE TRUTHFULNESS OF THE CLAIMS MADE IN THIS PETITION AND THAT THE PUNISHMENT FOR KNOWINGLY MAKING A FALSE STATEMENT INCLUDES FINES AND/OR IMPRISONMENT.**

Dated: _____     _____
Signature of Petitioner

Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____

Designated E-Mail Address(es):_____

_____

STATE OF FLORIDA
COUNTY OF _____.

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk}*
_____ Personally known
_____ Produced identification
Type of identification produced _____

Family Supreme Court Approved Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (11/15)

- 410 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(g)
# SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC, REPEAT, DATING, OR SEXUAL VIOLENCE, OR STALKING (11/15)

## When should this form be used?

You may use this form if your **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), your **Petition for Injunction for Protection Against Repeat Violence**, Florida Supreme Court Approved Family Law Form 12.980(f), your **Petition for Injunction for Protection Against Dating Violence**, Florida Supreme Court Approved Family Law Form 12.980(n),  your **Petition for Injunction for Protection Against Sexual Violence,**  Florida Supreme Court Approved Family Law Form 12.890(q), or your **Petition for Injunction for Protection Against Stalking,** Florida Supreme Court Approved Family Law Form 12.980(t),was denied by the **judge**.

You should use this supplemental **affidavit** to add facts or clarify the facts you wrote in your original **petition**.

For a domestic violence case, you should include facts that establish that you have been a victim of violence or are in **imminent** danger of becoming a victim of violence from the **respondent**.

For a repeat violence case, you should include facts that establish that you or a member of your immediate family have or has been a victim of at least two prior incidents of violence, that one of those incidents occurred within the last six months and that there is an immediate and present risk of danger to you or a member of your immediate family.

For a dating violence case, you should include fact that establish that you have been a victim of violence or are in imminent danger of becoming a victim of violence from the **respondent** who is an individual with whom you have or have had a continuing and significant relationship of a romantic or intimate nature, to be determined by consideration of such facts as: whether the dating relationship existed within the past six months; whether the nature of the relationship included an expectation of affection or sexual involvement;  and whether the frequency and type of interaction between you and the individual included involvement over time and on a continued basis.  Dating violence does not include violence in a casual acquaintanceship or violence between individuals who have only engaged in ordinary fraternization in a business or social context.

For a sexual violence case, you should include facts that establish that you are a victim of sexual violence or the parent of a minor child living at home who is a victim of sexual violence, and that you have reported the sexual violence to law enforcement and are cooperating in the criminal proceeding if there is one.  If the respondent was in state prison for sexual violence against you or the minor child and the respondent

Instructions for Florida Supreme Court Approved Family Law Form 12.980(g), Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking (11/15)

- 411 -

is out of prison or is getting out within 90 days of the petition, include that information in your supplemental affidavit, along with a copy of the notice of inmate release.

For a stalking case, you should include facts that establish that you are either a victim of stalking or cyberstalking, or that you are the parent or legal guardian of a minor child living at home who is a victim of stalking or cyberstalking. The facts must establish that stalking exists in order for the judge to order a temporary injunction for protection against stalking. Please be specific as to where the incidents of stalking took place. These locations may include, but need not be limited to, a home, school, or place of employment. For cyberstalking, please include a description of all evidence of contacts and/or threats made by the respondent in voice messages, texts, emails, or other electronic communication.

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or the **clerk of the circuit court**.  You should then **file** the original with the clerk in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

After you complete this supplemental affidavit, the clerk will attach it to your original petition and all the documents will be submitted to the judge as your Amended Petition.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the

Instructions for Florida Supreme Court Approved Family Law Form 12.980(g), Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking (11/15)

- 412 -

procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(g), Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking (11/15)

- 413 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
            Petitioner,
and

_____,
            Respondent.

## SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PETITION FOR INJUNCTION FOR PROTECTION AGAINST
## (   ) DOMESTIC VIOLENCE (   ) REPEAT VIOLENCE
## (   ) DATING VIOLENCE   (   ) SEXUAL VIOLENCE (   ) STALKING

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

*{Please complete all paragraphs that relate to your case}*

1.      On *{date}* _____, at *{place and address}* _____
_____,
Respondent said or did the following things that hurt me or a member of my immediate family and made me afraid for my or my family member's safety:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

_____Please indicate here if you are attaching additional pages to continue these facts.

Florida Supreme Court Approved Family Law Form 12.980(g), Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking  (11/15)

2.     On *{date}* _____, at *{place and address}* _____

_____,

the following event(s) took place: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

_____ Please indicate here if you are attaching additional pages to continue these facts.


3.     On *{date}* _____ the following incidents of stalking occurred at the following locations: *{the locations may include, but need not be limited to, a home, school, or place of employment}* _____

_____

_____

_____

_____

.

For cyberstalking, the following is a description of all evidence of contacts and/or threats made by Respondent in voice messages, texts, emails, or other electronic communication: _____

_____

_____

_____

_____

.

_____ Please indicate here if you are attaching additional pages to continue these facts.

4.     _____Please indicate here if you are attaching copies of medical records for treatment you may have received for injuries referred to in your petition or in this supplemental affidavit, copies of any police or sheriff reports concerning incidents of violence involving you and Respondent, or any notice of inmate release.

Florida Supreme Court Approved Family Law Form 12.980(g), Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking  (11/15)

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this supplemental affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated: _____          _____
Signature of Petitioner


STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or clerk}*

_____ Personally known
_____ Produced identification
 Type of identification produced

Florida Supreme Court Approved Family Law Form 12.980(g), Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking  (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(i)
# MOTION FOR EXTENSION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC, REPEAT, DATING, OR SEXUAL VIOLENCE, OR STALKING (11/15)

## When should this form be used?

If you are the **petitioner** on a previously entered injunction for protection against domestic violence, repeat violence, dating violence, sexual violence, or stalking, and that injunction will soon expire, you may use this form to request that the court **extend the injunction. You must file a motion for extension BEFORE the previously entered order expires.**

This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public or the **clerk of the circuit court**. You should then **file** the original with the clerk in the county where the petition was filed and keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do next?

For your case to proceed, you will need to set a **hearing** on your motion. You must properly notify the other party of the motion and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. You will need to serve a copy of your motion and Notice of Hearing on the other party by U.S. mail, e-mail, or hand delivery. Service of your motion must be in in a manner that is reasonably calculated to apprise the other party of your motion and the hearing. Please note that if notice is mailed or e-mailed, the court in certain circumstances may not consider mailing or e-mailing to be adequate notice. If you want to be sure, you should consider using certified mail, return receipt requested, or having the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for **Summons: Personal Service on an Individual,** Florida Family Law Rules of Procedure Form 12.910(a).

You will need to appear at the hearing on your motion. After the hearing, if the judge grants your motion, he or she will prepare an **Order Extending Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, or Sexual Violence**, **or Stalking,** Florida Supreme Court Approved Family Law Form 12.980(m). After the judge signs the order, the clerk will provide you with the necessary copies. **Make sure that you keep a <u>certified copy</u> of the previously entered injunction AND a certified copy of the order extending that injunction with you at all times.**

Instructions for Florida Supreme Court Approved Family Law Form 12.980(i), Motion for Extension of Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence; or Stalking (11/15)

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic, repeat, dating, or sexual violence, or stalking forms and will answer any question that you may have.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

Instructions for Florida Supreme Court Approved Family Law Form 12.980(i), Motion for Extension of Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence; or Stalking (11/15)

- 418 -

With this form you may also file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), if you fear that disclosing your address would put you in danger because you are the victim of sexual battery, aggravated child abuse, stalking, aggravated stalking, harassment, aggravated battery, or domestic violence, and you wish to keep your address confidential.

When completing this form, you should make sure that your reasons for requesting that the injunction be extended are stated clearly and that you include all relevant facts.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(i), Motion for Extension of Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence; or Stalking (11/15)

- 419 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
                          Petitioner,
and

_____,
                 Respondent.

# MOTION FOR EXTENSION OF INJUNCTION FOR PROTECTION AGAINST
## ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE
## ( ) DATING VIOLENCE ( ) SEXUAL VIOLENCE ( ) STALKING

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

**SECTION I. PETITIONER**

(This section is about you. It must be completed; however, **if you fear that disclosing your address would put you in danger because you are the victim of sexual battery, aggravated child abuse, stalking, aggravated stalking, harassment, aggravated battery, or domestic violence**, you should complete and file **a Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and write "confidential" in the space provided on this form for your address and telephone number.)

1.      Petitioner currently lives at the following address: *{street address}* _____
*{city, state, and zip code}* _____
Telephone Number: *{area code and number}* _____

2.      Petitioner's attorney's name, address and telephone number is: _____
_____.
(If you do not have an attorney, write "none.")

**SECTION II.  RESPONDENT**

(This section is about the person you want to be protected from. It must be completed.)

**New** information about Respondent, since the current injunction was issued: (If known, write Respondent's new address, place of employment, physical description, vehicle, aliases or nicknames, or

Florida Supreme Court Approved Family Law Form 12.980(i), Motion for Extension of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence; or Stalking (11/15)

attorney's name.) _____

_____

_____

_____

_____

_____ .

**SECTION III.  CASE HISTORY AND REASON FOR SEEKING EXTENSION OF INJUNCTION**

1.        Describe any attempts since the date of the current injunction by either Petitioner or Respondent to get an injunction for protection in this or any other court (other than the injunction you are asking to extend in this motion). _____

_____

_____ .

2.        Describe any other court cases (including city, state, and case numbers, if known) since the date of the current injunction between Petitioner and Respondent, including any cases involving the parties' minor child(ren), divorce, juvenile dependency, guardianship, or other civil or criminal cases. _____

_____

_____ .

3.        Petitioner requests that the previously entered injunction for protection against domestic violence, repeat violence, dating violence,  sexual violence, or stalking, be extended for the following **specific** reasons: *{State **in detail** why you wish the injunction to remain in effect.}* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ .

_____Please indicate here if you are attaching additional pages to continue these facts.

4.        Petitioner genuinely fears the continued threat of violence or stalking by Respondent.

**SECTION IV.  REQUESTED RELIEF**

1.        Petitioner understands that the Court will hold a hearing on this motion and that he or she must

Florida Supreme Court Approved Family Law Form 12.980(i), Motion for Extension of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence; or Stalking (11/15)

- 421 -

appear at the hearing.

2.      Petitioner asks the Court to enter an order in this case that extends the previously entered injunction for a period of (   ) _____ or (   ) until modified or dissolved by the court.


I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) mailed by certified mail, return receipt requested, (    ) furnished to a law enforcement officer for personal service to the person(s) listed below on *{date}*_____.

**Other party or his/her attorney**:
Name:_____
Address:_____
City, State, Zip:_____
Fax Number:_____
Designated E-Mail Address(es):_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____        _____
Signature of Petitioner


STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or clerk}*
_____ Personally known
_____ Produced identification
Type of identification produced

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(j)
# MOTION FOR MODIFICATION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC, REPEAT, DATING, OR SEXUAL VIOLENCE, OR STALKING (11/15)

## When should this form be used?

This form may be used if you are a **party** to a previously entered injunction for protection against domestic, repeat, dating, or sexual violence, or stalking, and you want the court to **modify the terms** of the injunction. If you use this form, you are called the moving party.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or the **clerk of the circuit court**. You should then file the original with the clerk in the county where the original petition was filed and keep a copy for your records. **You must file a motion for modification before the previously entered order expires.** If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do next?

For your case to proceed, you will need to set a **hearing** on your motion. You must properly notify the other party of the motion and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. You will need to serve a copy of your motion and Notice of Hearing on the other party. Service of your motion must be in in a manner that is reasonably calculated to apprise the other party of your motion and the hearing. Please note that if notice is mailed or e-mailed, the court in certain circumstances may not consider mailing or e-mailing to be adequate notice. If you want to be sure, you should consider using certified mail, return receipt requested, or having the motion personally served. **If you are not represented by an attorney in this action, you must file proof that the other party personally received notice of your motion.** This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for **Summons: Personal Service on an Individual,** Florida Family Law Rules of Procedure Form 12.910(a).

You will need to appear at a hearing on your motion for modification of injunction. After the hearing, if the judge grants your motion, he or she will prepare a new injunction for protection that contains the modifications. After the judge signs the new injunction, the clerk will provide you with the necessary copies. **Make sure that you keep a certified copy of the new injunction with you at all times!**

Instructions for Florida Supreme Court Approved Family Law Form 12.980(j), Motion for Modification of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (11/15)

- 423 -

# Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic, repeat, dating, or sexual violence; or stalking forms and will answer any question that you may have.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

Instructions for Florida Supreme Court Approved Family Law Form 12.980(j), Motion for Modification of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (11/15)

If the injunction you are seeking to modify is for domestic violence and you want the court to modify **alimony**, **child support**, or **time-sharing** of minor child(ren), you must establish that there has been a change in circumstance(s), as required by chapter 61, Florida Statutes, or chapter 741, Florida Statutes, as applicable, that requires this (these) modification(s). Be sure that you make these change(s) clear in your motion.

With this form you may also file the following:

- **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), if you fear that disclosing your address would put you in danger because you are the victim of sexual battery, aggravated child abuse, stalking, aggravated stalking, harassment, aggravated battery, or domestic violence, and you wish to keep your address confidential.

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and attached if the modification(s) you are seeking involves temporary custody of any minor child(ren).

- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and attached if the modification(s) you are seeking involves temporary alimony or temporary child support.

When completing this form, you should make sure that your reasons for requesting that the injunction be modified are stated clearly and that you include all relevant facts.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(j), Motion for Modification of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (11/15)

- 425 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# MOTION FOR MODIFICATION OF INJUNCTION FOR PROTECTION AGAINST ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE ( ) DATING VIOLENCE (   ) SEXUAL VIOLENCE (   ) STALKING

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

**SECTION I.  MOVING PARTY**

(This section is about you. It must be completed. However, **if you fear that disclosing your address would put you in danger because you are the victim of sexual battery, stalking, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence,** you should complete and file **a Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and write "confidential" in the space provided on this form for your address and telephone number.)

1.      Moving Party is the _____ Petitioner _____ Respondent in this case.

2.      Moving Party currently lives at the following address: *{street address}* _____
*{city, state, and zip code}* _____
Telephone Number: *{area code and number}* _____

3.      Moving Party's attorney's name, address and telephone number is: _____
_____.
(If you do not have an attorney, write "none.")

**SECTION II.  NEW INFORMATION**

Florida Supreme Court Approved Family Law Form 12.980(j), Motion for Modification of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (11/15)

**New** information since the previous injunction was issued: (If known, write the other party's new address, place of employment, physical description, vehicle, aliases or nicknames, or attorney's name.)

_____

_____

_____

_____

_____

_____ .

**SECTION III. CASE HISTORY AND REASON FOR SEEKING MODIFICATION OF INJUNCTION**

1.      Describe any attempts since the date of the current injunction by either Petitioner or Respondent to get an injunction for protection in this or any other court (other than the injunction you are asking to modify in this motion). _____

_____

_____ .

2.      Describe any other court cases (including case numbers, if known) since the date of the current injunction between Petitioner and Respondent, including any cases involving the parties' minor child(ren), divorce, juvenile dependency, guardianship, or other civil or criminal cases. _____

_____

_____ .

3.      Moving Party requests that the previously entered injunction for protection against domestic violence, repeat violence, dating violence, sexual violence, or stalking, be modified for the following **specific** reasons: _{State why you wish the injunction to be changed.}_ _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ .
_____Please indicate here if you are attaching additional pages to continue these facts.

Florida Supreme Court Approved Family Law Form 12.980(j), Motion for Modification of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (11/15)

- 427 -

**SECTION IV.  REQUESTED RELIEF**

1.       Moving Party understands that the Court will hold a hearing on this motion and that he or she must appear at the hearing.

2.       Moving Party asks the Court to enter an order in this case that modifies the previously entered injunction in the following ways: *{State how you wish the injunction to be changed.}* _____

_____

_____

_____

_____

_____

_____

_____

_____.

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (   ) e-mailed (    ) mailed by certified mail, return receipt requested, (   ) furnished to a law enforcement officer for personal service to the person(s) listed below on *{date}*_____.

**Other party or his/her attorney**:
Name:_____
Address:_____
City, State, Zip:_____
Fax Number:_____
Designated E-Mail Address(es): _____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                                          Signature of Party

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

Florida Supreme Court Approved Family Law Form 12.980(j), Motion for Modification of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (11/15)

_____

*{Print, type, or stamp commissioned name of notary or clerk}*

_____ Personally known

_____ Produced identification

       Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.980(j), Motion for Modification of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (11/15)

- 429 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(n)
## PETITION FOR INJUNCTION FOR
## PROTECTION AGAINST DATING VIOLENCE (11/15)

## When should this form be used?

If you are a victim of **dating violence**, and have reasonable cause to believe you are in **imminent danger** of becoming the victim of another act of dating violence, **or** if you have reasonable cause to believe that you are in **imminent danger** of becoming a victim of dating violence, you can use this form to ask the court for a protective order prohibiting dating violence. Dating violence means violence between individuals who have or have had a continuing and significant relationship of a romantic or intimate nature. **The dating relationship must have existed within the past six months, the nature of the relationship must have been characterized by the expectation of affection or sexual involvement between the parties, and the frequency and type of interaction must have included that the persons have been involved over time and on a continuous basis during the course of the relationship. Dating violence does not include violence in a casual acquaintanceship or violence between individuals who have only engaged in ordinary fraternization in a business or social context.**

Dating violence includes assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death. Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.

## If you are filing on behalf of a child or children

The parent or legal guardian of any minor child *who is living at home* may seek an injunction for protection against dating violence on behalf of the minor child. With respect to a minor child who is living at home, if the party against whom the protective injunction is sought is also a parent, stepparent, or legal guardian, you, as the parent or legal guardian filing the petition, must have been an eye-witness to, or have direct physical evidence or **affidavits** from eye-witnesses of, the specific facts and circumstances that form the basis of the petition. if the party against whom the protective injunction is sought is a person **OTHER THAN** a parent, stepparent, or legal guardian of the minor child, you, as the parent or legal guardian filing the petition, must state why you have reasonable cause to believe that the minor child is a victim of dating violence.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (11/15)

- 430 -

# Additional Information

If the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you should use **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.

This form should be typed or printed in black ink.  You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the **clerk of the circuit court** in the county where you live. The clerk will take your completed petition to a **judge**.  You should keep a copy for your records.  If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

# What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that an **immediate and present danger of dating violence** exists, the judge will sign a **Temporary Injunction for Protection Against Dating Violence**, Florida Supreme Court Approved Family Law Form 12.980(o).  A temporary injunction is issued without notice to the respondent. The clerk will give your **petition**, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first.  The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**.  This means that the judge has considered only the information presented by one side--YOU.  Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition.  The respondent will be given the opportunity to testify at this hearing, also.  At the hearing, the judge will decide whether to issue a **Final Judgment of Injunction for Protection Against Dating Violence (After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(p), which will remain in effect for a specific time period or until modified or dissolved by the court.  **If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one certified copy of the injunction with you at all times**!

Instructions for Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (11/15)

- 431 -

## What can I do if the judge denies my petition?

If your petition is denied on the grounds that it appears to the court that no immediate and present danger of dating violence exists, the court will set a full hearing on your petition. The respondent will be notified by **personal service** of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection**, Florida Supreme Court Approved Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of the circuit court or **family law intake staff** will help you complete any necessary forms. For further information, see Section 784.046, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT**

Instructions for Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (11/15)

- 432 -

**REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (11/15)

- 433 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION AGAINST DATING VIOLENCE

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

**SECTION I. PETITIONER**
(This section is about you. It must be completed.)

1.      Petitioner currently lives at the following address: *{address, city, state, zip code}*_____

_____
Date of Birth of Petitioner: _____.

*[Indicate **if** applicable]*
_____  **Petitioner seeks an injunction for protection on behalf of a minor child.**  Petitioner is the parent or legal guardian of *{full legal name}*_____,
a minor child who is living at home.

2.      Petitioner's attorney's name, address, and telephone number is: _____
.
(If you do not have an attorney, write "none.")

**SECTION II. RESPONDENT**
 (This section is about the person you want to be protected from. It must be completed.)

1.      Respondent currently lives at the following address: *{address, city, state, and zip code}*_____

_____
Respondent's Driver's License number is: *{if known}* _____

2.      Petitioner has known Respondent since *{date}*_____

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (11/15)

3.     Respondent's last known place of employment:_____

Employment address:_____

Working hours: _____

4.     Physical description of Respondent:

Race: _____   Sex: Male _____   Female _____        Date of Birth:_____

Height: _____   Weight: _____   Eye Color: _____        Hair

Color:_____

Distinguishing marks and/or scars:

Vehicle:     (make/model)     _____        Color:     _____        Tag     Number:
_____

5.     Other names Respondent goes by (aliases or nicknames):_____

6.     Respondent's attorney's name, address, and telephone number is:     _____

_____

(If you do not know whether Respondent has an attorney, write "unknown."  If Respondent does not have an attorney, write "none.")

7.     If Respondent is a minor, the address of Respondent's parent or legal guardian is:_____

_____

**SECTION III.   CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1.     Have the Petitioner and Respondent been involved in a dating relationship within the past six months? _____ Yes _____ No

2.     Describe the nature of the relationship between the Petitioner and Respondent *{include the length of time of the relationship, the romantic or intimate nature of the relationship, the frequency or type of interaction, and any other facts that characterize the relationship}*

_____
_____
_____
_____
_____.

_____Please indicate here if you are attaching additional pages to continue these facts.

3.     Has Petitioner ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence, or stalking against Respondent in this or any other court?

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (11/15)

_____ Yes     _____ No          If yes, what happened in that case? *{Include case number, if known}*

_____

_____ .

4.      Has Respondent ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence, or stalking against Petitioner in this or any other court?

_____ Yes     _____No          If yes, what happened in that case? *{Include case number, if known}*

_____

_____ .

5.      Describe **any other** court case that is either going on now or that happened in the past **between Petitioner and Respondent** *{include case number, if known}:*_____

_____

_____

_____ .

6.      Respondent has directed an incident of violence, meaning assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death against Petitioner or a minor child living at home.  The incident (including date and location) is described below.

On *{date}* _____ , at *{location}* _____ ,

Respondent _____

_____

_____

_____

_____

_____ .

_____Please indicate here if you are attaching additional pages to continue these facts.

7.      Other prior incidents (including dates and location) are described below:

On *{date(s)}* _____ , at *{location(s)}* _____ ,

Respondent_____

_____

_____

_____

_____ .

_____Please indicate here if you are attaching additional pages to continue these facts.

8.      **Imminent Danger**

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (11/15)

*{Please complete **either** paragraph a or b below}*

a. _____Petitioner is a victim of dating violence and has reasonable cause to believe he or she is in **imminent danger** of becoming a victim of another act of dating violence. *{Explain what Respondent has done to make you a victim of dating violence and to make you fear that you are in **imminent danger** of becoming a victim of another act of dating violence.}*:_____

_____

_____

_____

_____

_____.

   **OR**

b**.** _____ Petitioner has reasonable cause to believe he or she is in imminent danger of becoming a victim of dating violence as demonstrated by the fact that Respondent has: *{Explain what Respondent has done that makes you fear that you are in **imminent danger** of becoming a victim of dating violence.}*

_____

_____

_____

_____

_____

_____ Please indicate here if you are attaching additional pages to continue these facts.

9.   **Additional Information**
   *{Indicate **all** that apply}*
   a.____ Respondent owns, has, and/or is known to have guns or other weapons.
Describe weapon(s):_____

_____.

   b.____ This or prior acts of dating violence have been previously reported to: *{person or agency}*

_____

_____
.

**SECTION IV.  INJUNCTION**
(This section must be completed.)

   1. Petitioner asks the Court to enter a **TEMPORARY INJUNCTION** for protection against dating violence that will be in place from now until the scheduled hearing in this matter.

   2. Petitioner asks the Court to enter an injunction prohibiting Respondent from committing any acts of violence against Petitioner and:

a. prohibiting Respondent from going to or within 500 feet of any place Petitioner lives;

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (11/15)

- 437 -

b. prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends;  the address of Petitioner's place(s) of employment and/or school is:_____

_____ ;

c. prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner;

d. ordering Respondent not to use or possess any guns or firearms;

*{Choose **all** that apply}*
 e. ____prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner's immediate family must go to often: _____

_____ ;

f. ____ prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle;
and any other terms the Court deems necessary for the safety of Petitioner and Petitioner's immediate family.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING. I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

**I UNDERSTAND THAT I AM SWEARING OR AFFIRMING UNDER OATH TO THE TRUTHFULNESS OF THE CLAIMS MADE IN THIS PETITION AND THAT THE PUNISHMENT FOR KNOWINGLY MAKING A FALSE STATEMENT INCLUDES FINES AND/OR IMPRISONMENT.**

Dated: _____        _____
                                           Signature of Petitioner
Printed Name: _____
Address:_____
City, State, Zip: _____
Telephone Number:_____
Fax Number: _____
                                           Designated E-Mail Address(es):_____
STATE OF FLORIDA                           _____

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (11/15)

COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____ .

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*
_____ Personally known
_____ Produced identification
Type of identification produced

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (11/15)

- 439 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(q) PETITION FOR INJUNCTION FOR PROTECTION AGAINST SEXUAL VIOLENCE (11/15)

## When should this form be used?

If you are a victim of **sexual violence** or the parent or legal guardian of a minor child who is living at home and is a victim of sexual violence, you can use this form to ask the court for a protective order prohibiting sexual violence.  Sexual violence means any one incident of:

- sexual battery, as defined in Chapter 794, Florida Statutes;
- a lewd or lascivious act, as defined in Chapter 800, Florida Statutes, committed upon or in the presence of a person younger than 16 years of age;
- luring or enticing a child, as described in Chapter 787, Florida Statutes;
- sexual performance by a child, as described in Chapter 827, Florida Statutes; or
- any other forcible felony wherein a sexual act is committed or attempted

In order to get an injunction you must have reported the sexual violence to a law enforcement agency and be cooperating in the criminal proceeding if there is one. It does not matter whether criminal charges based on the sexual violence have been filed, reduced, or dismissed by the state attorney's office. You may also seek an injunction for protection against sexual violence if the respondent was sent to prison for committing one of the sexual violence crimes listed above against you or your minor child living at home and respondent is out of prison or is getting out of prison within 90 days of your petition. Attach the notice of inmate release to your petition.

Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. If you are seeking an injunction for protection against sexual violence on behalf of a minor child who is living at home, the parent or legal guardian must have been an eyewitness to, or have direct physical evidence or **affidavits** from eyewitnesses of, the specific facts and circumstances that form the basis of the petition. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.

If the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or is the other parent of your child(ren) whether or not you have ever been married or ever lived together, you should use **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.

This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the **clerk of the circuit court** in the county

Instructions for Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (11/15)

- 440 -

where you live. The clerk will take your completed petition to a **judge**. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that an immediate and present danger of violence exists, the judge will sign a **Temporary Injunction for Protection Against Sexual Violence**, Florida Supreme Court Approved Family Law Form 12.980(r).  A temporary injunction is issued without notice to the respondent. The clerk will give your **petition**, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first, unless the **respondent** is incarcerated, and in such instance the temporary injunction is effective for 15 days following the date the **respondent** is released from incarceration. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side--YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition.  The respondent will be given the opportunity to testify at this hearing, also.  At the hearing, the judge will decide whether to issue a **Final Judgment of Injunction for Protection Against Sexual Violence (After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(s), which will remain in effect for a specific time period or until modified or dissolved by the court.  **If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one certified copy of the injunction with you at all times**!

## What can I do if the judge denies my petition?

If your petition is denied on the grounds that it appears to the court that no immediate and present danger of sexual violence exists, the court will set a full hearing on your petition.  The respondent will be notified by **personal service** of your petition and the hearing.  If your petition is denied, you may: amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection**, Florida

Instructions for Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (11/15)

- 441 -

Supreme Court Approved Family Law Form 12.980 (g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of the circuit court or **family law intake staff** will provide you with necessary forms. For further information, see section 784.046, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (11/15)

- 442 -

## Special Notes . . .

If you fear that disclosing your address would put you in danger, you should complete a **Request for Confidential Filing of Address,** Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit court and write confidential in the space provided for your address on the petition.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (11/15)

- 443 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.:_____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION AGAINST SEXUAL VIOLENCE

I, *{full legal name}* _____ being sworn, certify that the following statements are true:

**SECTION I. PETITIONER**
(This section is about you. It must be completed; however, **if you fear that disclosing your address to the respondent would put you in danger,** you should complete and file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), and write confidential in the space provided on this form for your address.)

1.      Petitioner currently lives at the following address: *{address, city, state, zip code}* _____
_____
Date of Birth of Petitioner:_____

*{Indicate **if** applicable}*
_____      **Petitioner seeks an injunction for protection on behalf of a minor child.**
Petitioner is the parent or legal guardian of *{full legal name}*_____,
a minor child who is living at home.

2.      Petitioner's attorney's name, address, and telephone number is:_____
_____
(If you do not have an attorney, write "none.")

**SECTION II. RESPONDENT**
(This section is about the person you want to be protected from. It must be completed.)

1.      Respondent currently lives at the following address: *{address, city, state, and zip code}* _____

Family Supreme Court Approved Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (11/15)

- 444 -

_____

_____

Respondent's Driver's License number is: *{if known}* _____

2.      Respondent's last known place of employment:_____

Employment address:_____

Working hours: _____

3.      Physical description of Respondent:

Race:  _____     Sex:  Male _____     Female _____          Date of Birth:_____

Height: _____     Weight: _____     Eye Color: _____     Hair Color: _____

Distinguishing marks and/or scars: _____

Vehicle: (make/model) _____     Color: _____ Tag Number:_____

4.      Other names Respondent goes by (aliases or nicknames):_____

_____

5.      Respondent's attorney's name, address, and telephone number is: _____

_____

(If you do not know whether Respondent has an attorney, write "unknown."  If Respondent does not have an attorney, write "none.")

6.      If Respondent is a minor, the address of Respondent's parent or legal guardian is: _____

_____

**SECTION III.   CASE HISTORY AND REASON FOR SEEKING PETITION**

(This section must be completed.)

1.      Petitioner has suffered sexual violence as shown by the fact that the Respondent has: *{describe the acts of violence}* _____

_____

_____

_____

_____

_____ .

_____ Please indicate here if you are attaching additional pages to continue these facts.

   *{Indicate **all** that apply}*

      a.   ____ Petitioner reported the sexual violence to law enforcement and is cooperating in any criminal   proceeding.   The   incident   report   number   by   law   enforcement   is: _____.

Family Supreme Court Approved Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (11/15)

- 445 -

b. *{If there is a criminal case, include case number, if known}* _____ .

c. _____Respondent was sent to prison for committing sexual violence against Petitioner or Petitioner's minor child living at home and Respondent is out of prison or is getting out of prison within 90 days. The notice of inmate release is attached.

2. Has Petitioner ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence against Respondent in this or any other court? _____ Yes _____No If yes, what happened in that case? *{Include case number, if known}*
_____
_____
_____ .

3. Has Respondent ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence against Petitioner in this or any other court? _____ Yes _____ No If yes, what happened in that case? *{Include case number, if known}*
_____
_____
_____ .

4. Describe **any other** court case that is either going on now or that happened in the past **between Petitioner and Respondent** *{Include case number, if known}*:_____
_____
_____
_____ .

5. **Additional Information**
*{Indicate **all** that apply}*
a. ____Respondent owns, has, and/or is known to have guns or other weapons.
Describe                                                                                    weapon(s):
_____

b. ____This or prior acts of violence have been previously reported to: *{person or agency}* _____
_____

**SECTION IV. INJUNCTION**
(This section must be completed.)

1. Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against sexual

Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (11/15)

violence that will be in place from now until the scheduled hearing in this matter.

   2.   Petitioner asks the Court to enter an injunction prohibiting Respondent from committing any acts of violence against Petitioner and:
      a.  prohibiting Respondent from going to or within 500 feet of any place Petitioner lives;

      b.     prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends; the address of Petitioner's place(s) of employment and/or school is: _____
   _____ ;

   c.        prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner;

   d.        ordering Respondent not to use or possess any guns or firearms;

         *{Indicate **all** that apply}*
   e.        _____ prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner     or     Petitioner's     immediate     family     must     go     to     often: _____
   _____
   _____ ;

         f. _____ prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle;
         AND any other terms the Court deems necessary for the safety of Petitioner and Petitioner's immediate family.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING. I UNDERSTAND THAT IF EITHER RESPONDENT OF I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

**I UNDERSTAND THAT I AM SWEARING OR AFFIRMING UNDER OATH TO THE TRUTHFULNESS OF THE CLAIMS MADE IN THIS PETITION AND THAT THE PUNISHMENT FOR KNOWINGLY MAKING A FALSE STATEMENT INCLUDES FINES AND/OR IMPRISONMENT.**

Dated: _____     _____
Signature of Petitioner

Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (11/15)

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-Mail Address(es); _____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on_____ by_____.



_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or clerk.}*
_____ Personally known
_____Produced identification
Type of identification produced_____

_____
Respondent

Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(t)
# PETITION FOR INJUNCTION FOR PROTECTION AGAINST STALKING
# (11/15)

## When should this form be used?

If you are a victim of stalking, you can use this form to ask the court for a protective order prohibiting stalking. Stalking means the repeated following, harassment, or cyberstalking of one person by another. Cyberstalk means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.

Because you are making a request to the court, you are called the **petitioner**.  The person whom you are asking the court to protect you from is called the **respondent**.  If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, and are living at home, one of your parents or your legal guardian must sign this petition on your behalf.

The parent or legal guardian of any minor child *who is living at home* may seek an injunction for protection against stalking on behalf of the minor child.

If the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you may, instead, choose to use the **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.

This form should be typed or printed in black ink.  You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the **clerk of the circuit court** in one of the following: the circuit where you currently or temporarily reside; the circuit where the respondent resides; or the circuit where the stalking occurred. The clerk will take your completed petition to a **judge**.  You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you. There is no filing fee for a petition for protection against stalking.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that stalking or cyberstalking exists, the judge will sign a **Temporary Injunction for Protection Against Stalking**, Florida Supreme Court Approved Family Law Form 12.980(u). A temporary injunction is issued without notice to the respondent. The clerk will give

Instructions for Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (11/15)

- 449 -

your **petition**, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a **hearing** can be held or for a period of 15 days, whichever comes first.

The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side--YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing also. At the hearing, the judge will decide whether to issue a **Final Judgment of Injunction for Protection Against Stalking (After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(v), which will remain in effect for a specific time period or until modified or dissolved by the court. **If either you or the respondent do not appear at the hearing, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and the respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER YOU OR THE RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one certified copy of the injunction with you at all times**!

### What can I do if the judge denies my petition or does not issue a Temporary Injunction?

If your petition is denied, you may amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection**, Florida Supreme Court Approved Family Law Form 12.980(g). If the only ground for not granting an ex parte temporary injunction is no appearance of immediate and present danger of stalking, the court shall set a full hearing on your petition for injunction at the earliest possible time. The respondent will be notified by **personal service** of your petition and the hearing. You must attend the hearing, present facts, and bring evidence that supports your petition; failure to attend the hearing may result in dismissal of your petition.

### Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of

Instructions for Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (11/15)

- 450 -

the circuit court or **family law intake staff** will help you complete any necessary forms. For further information, see Section 784.0485, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special Notes

If you require that your address be confidential for safety reasons, you should complete a **Request for**

Instructions for Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (11/15)

- 451 -

**Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit. You should then write confidential in the space provided on the petition.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (11/15)

- 452 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION AGAINST STALKING

I, *{full legal name}*_____, being sworn, certify that the following statements are true:

**SECTION I.  PETITIONER**
(This section is about you. It must be completed; **however, if you require that your address be confidential for safety reasons,** you should complete and file a **Request for Confidential Filing of Address,** Florida Supreme Court Approved Family Law Form 12.980(h), and write confidential in the space provided on this form for your address and telephone number.)

1.      Petitioner resides at the following address: *{address, city, state, zip code}* _____
_____.

*{Indicate **if** applicable}*
_____**Petitioner seeks an injunction for protection on behalf of a minor child.** Petitioner is the parent or legal guardian of *{full legal name}*_____,
a minor child who is living at home.

2.      Petitioner's attorney's name, address, and telephone number is: _____
_____.
(If you do not have an attorney, write "none.")

**SECTION II. RESPONDENT**
(This section is about the person you want to be protected from. It must be completed.)

1.      Respondent resides at the following address: *{provide last known street address, city, state, and zip code}* _____
_____.

Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (11/15)

- 453 -

2.	Respondent's last known place of employment:  
Employment address:  
Working hours of Respondent:  

3.	Physical description of Respondent:  
Race:  Sex:  Male  Female  Date of Birth:  
Height:  Weight:  Eye Color:  Hair Color:  
Distinguishing marks and/or scars:  
	Vehicle: (make/model)  Color:  Tag Number *(if known)*  

4.	Other names Respondent goes by (*aliases or nicknames*):  
  

5.	Respondent's attorney's name, address, and telephone number is:  
  

(If you do not know whether Respondent has an attorney, write "unknown."  If Respondent does not have an attorney, write "none.")

**SECTION III.  CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1.	Has Petitioner ever received or tried to get an injunction for protection against stalking against Respondent in this or any other court?  
  Yes   No	If yes, what happened in that case? *{include case number, if known}*  
  
  .

2.	Has Respondent ever received or tried to get an injunction for protection against stalking against Petitioner in this or any other court?  
  Yes   No	If yes, what happened in that case? *{include case number, if known}*  
  
  .

3.	Describe any other court case that is either going on now or that happened in the past **between Petitioner and Respondent** *{include case number, if known}*:  
  
  .

4.	Petitioner is a victim of stalking because Respondent has: *{please mark all sections that apply}*  
a.	____Committed stalking;  
b.	____Previously threatened, harassed, stalked, cyberstalked, or physically abused the Petitioner;  
c.	____Threatened to harm Petitioner or family members or individuals closely associated with Petitioner;

Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (11/15)

- 454 -

d.	_____Intentionally injured or killed a family pet;

e.	_____Used, or threatened to use, against Petitioner any weapons such as guns or knives;

f.	_____A criminal history involving violence or the threat or violence, if known;

g.	_____Another order of protection issued against him or her previously from another jurisdiction, if known;

h.	_____ Destroyed personal property, including, but not limited to, telephones or other communication equipment, clothing, or other items belonging to Petitioner.


5.	Below is a description of the specific incidents of stalking or cyberstalking: *{for cyberstalking, please include a description of all evidence of contacts and/or threats made by Respondent in voice messages, texts, emails, or other electronic communication}*

On *{dates}* _____ the following incidents of stalking occurred at the following locations:

*{the locations may include, but need not be limited to, a home, school, or place of employment}*

_____

_____

_____

_____.

_____Please indicate here if you are attaching additional pages to continue these facts.


6.	**Additional Information**

_____Respondent owns, has, and/or is known to have guns or other weapons.

Describe weapon(s) and where they may be located, if known: _____

_____.


**SECTION IV.  INJUNCTION**  *{This section must be completed}*


1.	Petitioner asks the Court to enter a **TEMPORARY INJUNCTION** for protection against stalking that will be in place from now until the scheduled hearing in this matter, which will immediately restrain Respondent from committing any acts of stalking, and which will provide any terms the Court deems necessary for the protection of a victim of stalking, including any injunctions or directives to law enforcement agencies.


2.	Petitioner asks the Court to enter, after a hearing has been held on this petition, a **FINAL JUDGMENT** for protection against stalking prohibiting Respondent from committing any acts of stalking against Petitioner **and**:


a.	prohibiting Respondent from going to or within 500 feet of any place Petitioner lives, or to any specified place regularly frequented by Petitioner and any named family members or individuals closely associated with Petitioner; _____

_____.


Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (11/15)

b. prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends;  the address of Petitioner's place(s) of employment and/or school is:_____ _____ ;

c. _____ prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner;

d. _____ ordering Respondent that he or she shall not have in his or her care, custody, possession, or control any firearm or ammunition;

e. _____ prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle, whether or not that vehicle is occupied;

3. _____ Petitioner asks the Court to enter any other terms it deems necessary to protect Petitioner from stalking by Respondent.

  **I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING. I UNDERSTAND THAT IF EITHER THE RESPONDENT OR I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITION AND EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.**

Dated: _____          _____
                                Signature of Petitioner
Printed Name:_____
Address: _____
City, State, Zip: _____
Telephone Number: _____
                                Designated E-Mail Address(es);_____
                                _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____ .

_____
NOTARY PUBLIC or DEPUTY CLERK

Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (11/15)

_____

*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known

_____ Produced identification

Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (11/15)

- 457 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(w)
# PETITION BY AFFIDAVIT FOR ORDER TO SHOW CAUSE FOR A VIOLATION OF FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC, REPEAT, DATING, OR SEXUAL VIOLENCE, OR STALKING (11/15)

## When should this form be used?

You may use this form if you have a valid **Final Judgment of Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking,** in force which has been violated. You should use this **affidavit** to state the essential facts which establish a violation of the Final Judgment of Injunction.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or the **clerk of the circuit court**. You should then **file** the original with such clerk or judge as determined by the chief judge of your circuit to be the recipient of affidavits of violation, provide a copy to the state attorney of that circuit and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(w), Petition by Affidavit for Order to Show Cause for a Violation of Final Judgment of Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking (11/15)

- 458 -

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(w), Petition by Affidavit for Order to Show Cause for a Violation of Final Judgment of Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking (11/15)

- 459 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
　　　　　　　Petitioner,
and

_____,
　　　　　　　Respondent.

# PETITION BY AFFIDAVIT FOR ORDER TO SHOW CAUSE FOR A VIOLATION  OF FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST
# (   ) DOMESTIC VIOLENCE (   ) REPEAT VIOLENCE
# (   ) DATING VIOLENCE   ( ) SEXUAL VIOLENCE (   ) STALKING

I, {full legal name} _____, being sworn, certify that I have actual knowledge of the following facts as set forth and the following statements are true:

1.　　　The Court previously issued a {Choose **one** only}
a. _____ Final Judgment of Injunction for Protection Against Domestic Violence
b. _____ Final Judgment of Injunction for Protection Against Repeat Violence
c. _____ Final Judgment of Injunction for Protection Against Dating Violence
d. _____ Final Judgment of Injunction for Protection Against Sexual Violence
e. _____ Final Judgment of Injunction for Protection Against Stalking
in this case on {date} _____.

The Final Judgment of Injunction for Protection was served on Respondent on {date} _____.

2.　　　On {dates} _____, at {place and address} _____
_____
,
the following event(s) took place: _____

Florida Supreme Court Approved Family Law Form 12.980(w), Petition by Affidavit for Order to Show Cause for a Violation of Final Judgment of Injunction for Protection Against Domestic, Repeat, Dating,  or Sexual Violence, or Stalking (11/15)

_____

_____

_____

_____.

*{For cyberstalking, please include a description of all evidence of contacts and/or threats made    by Respondent in voice messages, texts, emails, or other electronic communication}*

_____

_____

_____

_____

_____Please indicate here if you are attaching additional pages to continue these facts.

3.	Respondent has willfully violated the Injunction by: *{explain what Respondent did that violated the Order of Protection}*

_____

_____

_____

_____

_____.

_____Please indicate here if you are attaching additional pages to continue these facts.

5.	_____ Please indicate here if you are attaching copies of medical records for treatment you may have received for injuries referred to in your affidavit, or copies of any police or sheriff reports concerning incidents of violence involving you and Respondent.

6.	Respondent acted to impair, interfere with, delay, hinder, lessen the authority of, dignity of, and embarrass the cause of justice in a manner contemptuous of this court.

WHEREFORE, I respectfully request that the Court issue an Order to Show Cause, requiring Respondent to appear before the Court to show cause why Respondent should not be held in contempt of court for failure to abide by the terms and conditions of the Final Judgment of Injunction for Protection.

**I understand that by filing this affidavit, I am asking the court to hold a hearing, that both Respondent and I will be notified of the hearing, and that I must appear at the hearing.  In addition to my own testimony, I understand that I can bring other proof of the violation such as, for example, people who saw Respondent violate the order, pictures, medical records, police reports, or anything might help show the judge how Respondent violated the Final Judgment of Injunction for Protection.**

Florida Supreme Court Approved Family Law Form 12.980(w), Petition by Affidavit for Order to Show Cause for a Violation of Final Judgment of Injunction for Protection Against Domestic, Repeat, Dating,  or Sexual Violence, or Stalking (11/15)

**I have read every statement made in this affidavit and each statement is true and correct. I understand that the statements made in this affidavit are being made under penalty of perjury, punishable as provided in Section 837.02, Florida Statutes and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____     _____
Signature of Petitioner

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____Personally known
_____Produced identification
        Type of identification produced _____

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney**:
Name:_____
Address:_____
City, State, Zip:_____
Fax Number:_____
Designated E-mail Address(es):_____
_____

Florida Supreme Court Approved Family Law Form 12.980(w), Petition by Affidavit for Order to Show Cause for a Violation of Final Judgment of Injunction for Protection Against Domestic, Repeat, Dating,  or Sexual Violence, or Stalking (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(a)(1)
## STEPPARENT ADOPTION: CONSENT AND WAIVER BY PARENT (11/15)

## When should this form be used?

This form is to be completed and signed by the parent who is giving up all rights to, custody of, and time-sharing with the minor child to be adopted. This consent shall not be executed before the birth of the minor child. For more information about consenting to adoption, you should refer to Chapter 63, Florida Statutes, and sections 63.062 - 63.082, Florida Statutes, in particular.

This form should be typed or printed in black ink. It must be signed in the presence of a **notary public** or **deputy clerk** and two witnesses other than the notary or clerk. You should **file** this form with the **Joint Petition for Adoption by Stepparent**, Florida Supreme Court Approved Family Law Form 12.981(b)(1).

After completing this form, you should hand deliver a copy or duplicate original to the parent giving consent and have them sign the original saying they received a copy. Then you should file the original with the **clerk of the circuit court** in the county where the **Joint Petition for Adoption by Stepparent**, Florida Supreme Court Approved Family Law Form 12.981(b)(1) is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the

Instructions for Florida Supreme Court Approved Family Law Form 12.981(a)(1), Stepparent Adoption: Consent and Waiver by Parent (11/15)

- 463 -

procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.981(a)(1), Stepparent Adoption: Consent and Waiver by Parent (11/15)

- 464 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN THE MATTER OF THE ADOPTION OF

_____
*{use name to be given to minor child(ren)}* Adoptee(s).

# CONSENT AND WAIVER BY PARENT

1. I, *{full legal name}* _____, am the *{Choose only one}*
   _____ father **or** _____ mother of the minor child(ren) subject to this consent who is/are:

   | | Child's Current Name | Gender | Birth date | Birthplace *{city, county, state}* |
   |---|---|---|---|---|
   | a. | | | | |
   | b. | | | | |
   | c. | | | | |
   | d. | | | | |
   | e. | | | | |
   | f. | | | | |

2. I relinquish all rights to, custody of, and time sharing with this (these) minor child(ren),
   *{name(s)}* _____,
   with full knowledge of the legal effect of the stepparent adoption and consent to the adoption
   by the child(ren)'s stepparent whose name is: *{Choose only one}*
   _____ *{name}* _____
   _____ not required for my granting of this consent.

3. I understand my legal rights as a parent and I understand that I do not have to sign this consent
   and release of my parental rights. I acknowledge that this consent is being given knowingly, freely,
   and voluntarily. I further acknowledge that my consent is not given under fraud or duress. I
   understand that there is a "grace period" in Florida during which I may revoke my consent. If the
   child to be adopted is older than 6 months at the time of consent, this grace period is for 3 days
   or until the child has been placed with the prospective adoptive parents, whichever is later. I
   understand that, in signing this consent, I am permanently and forever giving up all my parental
   rights to and interest in this (these) minor child(ren) and that this consent may only be withdrawn
   if the Court finds it was obtained by fraud or duress. I voluntarily, permanently relinquish all my
   parental rights to this (these) minor child(ren).

Florida Supreme Court Approved Family Law Form 12.981(a)(1), Stepparent Adoption: Consent and Waiver by
Parent (11/15)

4. I consent, release, and give up permanently, of my own free will, my parental rights to this (these) minor child(ren), for the purpose of stepparent adoption.

5. I waive any further notice of the stepparent adoption proceeding.

6. I understand that pursuant to Chapter 63, Florida Statutes, "an action or proceeding of any kind to vacate, set aside, or otherwise nullify a judgment of adoption or an underlying judgment terminating parental rights on any ground may not be filed more than 1 year after entry of the judgment terminating parental rights."

7. I understand I have the right to choose a person who does not have an employment, professional, or personal relationship with the adoption entity or the prospective adoptive parents to be present when this affidavit is executed and to sign it as a witness. The witness I selected is: *{full legal name}* _____.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this consent and waiver and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

Signature of Parent: _____

Printed Name:  _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Address(es): _____

_____

_____

Signature of Witness

Printed Name:  _____

Business Address: _____

Home Address: _____

Driver's License No.: _____

State ID Card No.: _____

_____

Signature of Witness

Printed Name:  _____

Business Address: _____

Home Address: _____

Driver's License No.: _____

State ID Card No.: _____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on *{date}* _____ .


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*


_____ Personally known
_____ Produced identification
Type of identification produced

I hereby acknowledge receipt of a copy or duplicate original of this executed **Consent and Waiver**.


_____
Signature of Parent


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Mother (    ) Father
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(a)(5), INDIAN CHILD WELFARE ACT AFFIDAVIT (11/15)

## When should this form be used?

This form should be used in cases involving stepparent adoption of a child. This **affidavit** is **required**.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should then **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleading or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the

Instructions for Florida Supreme Court Approved Family Law Form 12.981(a)(5), Indian Child Welfare Act Affidavit (11/15)

- 468 -

procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.981(a)(5), Indian Child Welfare Act Affidavit (11/15)

- 469 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN THE MATTER OF THE ADOPTION OF

_____,
*{use name to be given to the minor child(ren)}* Adoptee(s).

# INDIAN CHILD WELFARE ACT AFFIDAVIT

I, *{full legal name}*_____, being sworn, certify that the following statements are true:

Upon information and belief the child _____ *{name}* subject to this proceeding*: {choose **one** only}*

1._____is not an Indian child.  The Indian Child Welfare Act does not apply to this proceeding.

2._____is an Indian child within the meaning of the Indian Child Welfare Act of 1978 (25 U.S.C. Section 1901 et seq.).

I certify that a copy of this document was (  ) mailed (  ) faxed and mailed (  ) e-mailed (  ) hand-delivered to the person(s) listed below on *{date}* _____.

Other party or his/her attorney:
Name:_____
Address:_____
City, State, Zip:_____
Fax Number: _____
Designated E-mail Address(es): _____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____       _____

Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

Florida Supreme Court Approved Family Law Form 12.981(a)(5), Indian Child Welfare Act Affidavit (11/15)

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____ .

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* ____, *{zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(a)(6),
# MOTION FOR SEARCH OF THE PUTATIVE FATHER REGISTRY (11/15)

## When should this form be used?

This form should be used when a stepparent is adopting his or her **spouse's** child.  Section 63.054, Florida Statutes, requires that a search of Florida's Putative Father Registry be conducted in every adoption proceeding.  The Office of Vital Statistics of the Department of Health has an application available called Florida Putative Father Registry - Application for Search which should be completed and attached to this form. The Office of Vital Statistics is allowed to charge for searching the registry.  You may wish to contact that office in advance to find out what amount and method of payment will be accepted.

This form should be typed or printed in black ink.  The name to be given to the adoptee **after** the adoption should be used in the heading of the **petition**.  The stepparent is the **petitioner**, because he or she is the one who is asking the court for legal action. You must have your signature witnessed by a **notary public** or **deputy clerk**.

After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where you have filed the **Joint Petition for Adoption by Stepparent,** Florida Supreme Court Approved Family Law Form 12.981(b)(1) and keep a copy for your records.  These family law forms contain an **Order Granting Motion for Search of Putative Father Registry,** Florida Supreme Court Approved Family Law Form 12.981(a)(7), which the judge may use.  You should check with the clerk, family law intake staff or judicial assistant to see if you need to provide this form order to the judge with your motion.  If so, you should type or print the heading, including the circuit, county, case number, division, and the child(ren)'s name, and leave the rest blank for the judge to complete.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

If the judge grants your motion, you will need to take the order, your completed application, and any fee to the Office of Vital Statistics.  That office will conduct the search and file the results with the clerk of court.  You may call the clerk's office to determine when the results have been filed in order to set a final hearing.

Instructions for Florida Supreme Court Approved Family Law Form 12.981(a)(6), Motion for Search of Putative Father Registry (11/15)

- 472 -

# Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** See Chapter 63, Florida Statutes, and Florida Family Law Rule 12.200(a)(2) for further information.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

### THIS ADOPTION MAY AFFECT THE ADOPTEE'S INHERITANCE.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.981(a)(6), Motion for Search of Putative Father Registry (11/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

IN THE MATTER OF THE ADOPTION OF


_____,
*{use name to be given to the minor child}* Adoptee.


# MOTION FOR SEARCH OF THE PUTATIVE FATHER REGISTRY

Petitioner, *{full legal name}* _____, files this Motion for Search of the Putative Father Registry, pursuant to Chapter 63, Florida Statutes, and states:

1.      This is an action for adoption of a minor by the child's stepparent, who is the Petitioner. .

2.      Section 63.054, Florida Statutes, requires that in every adoption, a search of the Putative Father Registry maintained by the Department of Health, Office of Vital Statistics be conducted.  Section 63.0541, Florida Statutes, makes information maintained by the Registry confidential and exempt from public disclosure, except that it may be disclosed to adoption entities, registrant unmarried biological fathers, and the court, upon issuance of a court order concerning a petitioner acting pro se.

3.      The Florida Putative Father Registry - Application for Search is completed and attached to this Motion.

WHEREFORE, I request that this Court enter an Order Granting Motion for Search of the Putative Father Registry.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated:_____

Signature of Party

Printed Name:_____
Address: _____
City, State, Zip:_____
Telephone Number: _____
Fax Number:
Designated E-mail Address(es): _____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on_____by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the petitioner.
This form was completed with the assistance of:

Florida Supreme Court Approved Family Law Form 12.981(a)(6), Motion for Search of Putative Father Registry (11/15)

*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}*_____,*{state}* _____, *{zip code}*_____, *{telephone number}*_____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(b)(1), JOINT PETITION FOR ADOPTION BY STEPPARENT (11/15)

## When should this form be used?

This form should be used when a stepparent is adopting his or her **spouse**'s child.  Both the stepparent and his or her spouse must sign this **petition**.  You must attach all necessary consents or acknowledgments that apply to your case, as listed under the Special Notes section below.  Florida Statutes require that consent to adoption be obtained from:

- The mother of the minor.
- The father of the minor if:
    1. The minor was conceived or born while the father was married to the mother;
    2. The minor is his child by adoption;
    3. The minor has been established by a court proceeding to be his child;
    4. He has filed an affidavit of paternity pursuant to section 382.013(2)(c) Florida Statutes; or
    5. In the case of an unmarried biological father, he has acknowledged in writing, signed in the presence of a competent witness, that he is the father of the minor, has filed such acknowledgment with the Office of Vital Statistics of the Department of Health within the required timeframes, and has complied with the requirements of section 63.062(2), Florida Statutes.

Determining whether someone's consent is required, or when consent may not be required is a complicated issue and you may wish to consult an attorney. For more information about consenting to adoption, you should refer to Chapter 63, Florida Statutes, and sections 63.062-63.082 in particular.

This form should be typed or printed in black ink.  The name to be given to the child(ren) **after** the adoption should be used in the heading of the petition.  The stepparent is the **petitioner**, because he or she is the one who is asking the court for legal action. After completing this form, you and your spouse must sign it before a **notary public** or **deputy clerk**.  You should then **file** the original and 1 copy with the **clerk of the circuit court** in the county where the minor resides unless the court changes the venue.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

Instructions for Florida Supreme Court Approved Family Law Form 12.981(b)(1), Joint Petition for Adoption by Stepparent (11/15)

- 477 -

# What should I do next?

For your case to proceed, you must have the written consent of the other birth parent and the child, if applicable. The **court** may choose not to require consent to an adoption in some circumstances. For more information about situations where consent may not be required, see section 63.064, Florida Statutes. If you are attempting to proceed without the consent of the other birth parent, you may wish to consult with an attorney. Section 63.054, Florida Statutes, requires that in each adoption proceeding, the Florida Putative Father Registry be searched. You will need an order from the judge to do this, which you can request by filing a **Motion for Search of the Putative Father Registry,** Florida Supreme Court Approved Family Law Form 12.981(a)(6)**.**

When you have filed all of the required forms and met the requirements as outlined above, you are ready to set a **hearing** on your petition. You should check with the clerk of court, **family law intake staff** or the **judicial assistant** to set a **final hearing**. If all persons required to consent have consented and the consents/affidavits of nonpaternity have been filed with the court, the hearing may be held immediately. If not, notice of the hearing must be given as provided by the Rules of Civil Procedure. See Form 1.902, Florida Rules of Civil Procedure. If you know where the other birth parent lives, you should use **personal service.** If you absolutely do not know where he or she lives, you may use **constructive service**. In order to use constructive service you will need to complete and submit to the court **Stepparent Adoption: Affidavit of Diligent Search**, Florida Supreme Court Approved Family Law Form 12.981(a)(4). For more information about personal and constructive service, you should refer to the **"General Instructions for Self-Represented Litigants"** found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.

# Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** See Chapter 63, Florida Statutes, and Florida Family Law Rule 12.200(a)(2) for further information.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

Instructions for Florida Supreme Court Approved Family Law Form 12.981(b)(1), Joint Petition for Adoption by Stepparent (11/15)

- 478 -

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

With this petition you must file the following:
- Consent form executed by the birth parent, **Stepparent Adoption**: **Consent and Waiver by Parent,** Florida Supreme Court Approved Family Law Form 12.981(a)(1) or **Stepparent Adoption**: **Affidavit of Nonpaternity,** Florida Supreme Court Approved Family Law Form 12.981(a)(3).
- If any person whose consent is required is deceased, a certified copy of the death certificate must be attached to this Petition.
- Consent form executed by the minor child(ren), if the child(ren) is/are over 12 years of age, **Stepparent Adoption: Consent of Adoptee,** Florida Supreme Court Approved Family Law Form 12.981(a)(2)**.** The court can excuse filing of this form under certain circumstances.
- Certified copy of the child(ren)'s birth certificate.
- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- If applicable, **Stepparent Adoption: Motion for Search of the Putative Father Registry,** Florida Supreme Court Approved Family Law Form 12.981(a)(6).

These family law forms contain a **Final Judgment of Stepparent Adoption**, Florida Supreme Court Approved Family Law Form 12.981(b)(2), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment form with you to the hearing. If so, you should type or print the heading, including the circuit, county case number, division, and the child(ren)'s names, and leave the rest blank for the judge to complete at your hearing.
You should decide how many **certified copies** of the final judgment you will need and be prepared to obtain them after the hearing. There is a charge for certified copies, and the clerk can tell you how much. The file will be sealed after the final hearing, and then it will take an order from a judge to open the file and obtain a copy of the final judgment.

**AN ADOPTIVE STEPPARENT WILL CONTINUE TO HAVE PARENTAL RIGHTS, INCLUDING CUSTODY AND TIME-SHARING, WHERE APPROPRIATE, IN THE EVENT OF A LATER DISSOLUTION OF MARRIAGE, AND MAY BE LIABLE FOR CHILD SUPPORT IN THE EVENT OF A LATER DISSOLUTION OF MARRIAGE. YOU**

Instructions for Florida Supreme Court Approved Family Law Form 12.981(b)(1), Joint Petition for Adoption by Stepparent (11/15)

479

**COULD BE LIABLE IN LITIGATION FOR THE ACTIONS OF THE ADOPTEE(S). THIS ADOPTION MAY ALSO AFFECT THE ADOPTEE'S INHERITANCE.**

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.981(b)(1), Joint Petition for Adoption by Stepparent (11/15)

480

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN THE MATTER OF THE ADOPTION OF

_____,
*{use name to be given to child(ren)}* Adoptee(s).

# JOINT PETITION FOR ADOPTION BY STEPPARENT

Petitioner, *{full legal name}* _____being sworn,
joined by the above-named child(ren)'s _____ mother _____ father, *{full legal name}* _____
_____, being sworn, files this joint petition for adoption of the above-named
minor child(ren), under chapter 63, Florida Statutes.

1. This is an action for adoption of a minor child(ren) by his or her (their) stepparent.

2. I desire to adopt the following child(ren):

   | **Name to be given to child(ren)** | **Birth date** | **Birthplace** |
   |---|---|---|
   | a. | | |
   | b. | | |
   | c. | | |
   | d. | | |
   | e. | | |
   | f. | | |

   A certified copy of the birth certificate(s) is/are attached.

3. The child(ren) has (have) resided with me since *{date}* _____.
   I wish to adopt the child(ren) because I would like to legally establish the parent-child
   relationship already existing between the child(ren) and me. Since the above date, I have been
   able to provide adequately for the material needs of the child(ren) and am able to continue
   doing so in the future, as well as to provide for the child(ren)'s mental and emotional well-being.
   Other reasons I wish to adopt the children are: _____
   _____
   _____

4. I am _____ years old, and have resided at *{street address}*, _____
   *{city}* _____ *{county}* _____ *{state}* _____ for _____ years.

5. I married the _____ father or _____ mother of the child(ren) on *{date}*_____,

in *{city}* _____, *{county}*_____ , *{state}* _____.
The following are the dates and places of my dissolutions of marriage, if any:

      Date                                   Place

    a. _____

    b. _____

6. A completed **Uniform Child Custody Jurisdiction and Enforcement Act Affidavit (UCCJEA)**, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

7. A description and estimate of the value of any property of the adoptee(s) is as follows:

    _____

    _____

    _____

    _____.

8. Consent by the adoptee(s):

    _____ is attached for: *Name(s)* _____

    _____is not required because the adoptee(s) is/are not 12 years of age: *Name(s)* _____

    _____ was excused by the court for: *Name(s)* _____

9. The following person(s) is/are required to consent and the consent form or affidavit of nonpaternity is/are attached _____

10. The following person(s) whose consent is required has not consented. The facts/circumstances that excuse the lack of consent and would justify termination of this person's parental rights are:

    Name                Address                   Facts/circumstances

    _____

    _____

    _____

    _____

11. A copy of this Petition was served on all known persons whose consent is required but did not waive notice, as well as on all persons whose consent is required but did not provide consent. Proof of service is attached.

    *{Indicate if applicable}:*

    _____ A search of the Putative Father Registry maintained by the Office of Vital Statistics of the Department of Health has been requested, and if granted, the certificate from the State Registrar will be filed in this action.

WHEREFORE, I request that this Court terminate the parental rights of _____, *{name of parent whose rights are sought to be terminated}*, enter a Final Judgment of Adoption of the

Minor Child(ren) by Petitioner Stepparent and, as requested, change the name of the adoptee(s).

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                          Signature of Stepparent

                                          Printed Name: _____
                                          Address: _____
                                          City, State, Zip: _____
                                          Telephone Number: _____
                                          Fax Number: _____
                                          Designated E-mail Address(es): _____
                                          _____

                                          Designated E-mail Address(es):_____


                                          _____

STATE OF FLORIDA
COUNTY OF_____

Sworn to or affirmed and signed before me on _____by _____

                                          _____
                                          NOTARY PUBLIC or DEPUTY CLERK

                                          _____
                                          *[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
          Type of identification produced _____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated:_____

_____
Signature of _____ Mother _____ Father
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: (   ) parent (   ) stepparent (   ) both .
This form was prepared with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}*_____, *{zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR SUPREME COURT APPROVED FAMILY LAW
## FORM 12.981(c)(1)
## PETITION FOR ADOPTION OF ADULT BY STEPPARENT (11/15)

### When should this form be used?

This form should be used when a stepparent is adopting his or her **spouse's** **adult** child. You must obtain the written consent of the adult child to be adopted, as well as the written consent of his or her spouse (if married).

This form should be typed or printed in black ink. The name to be given to the adoptee **after** the adoption should be used in the heading of the **petition**. The stepparent is the **petitioner**, because he or she is the one who is asking the court for legal action. You must have your signature witnessed by a **notary public** or **deputy clerk**.

After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where either you or the adoptee live and keep a copy for your records.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file a petition or other pleadings electronically; however, they are not required to do so.** If you choose to file your petition, or other pleading or document electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

### What should I do next?

For your case to proceed, you must have the written consent of the adoptee, and his or her spouse if married. Consent of the birth parent is not required, but written notice of the final hearing on the adoption must be provided to the parents, if any, or proof of service of process must be filed showing notice has been served on the parents. If you know where they live, you must use **personal service**. If you absolutely do not know where they live, you may use **constructive service**. For more information about personal and constructive service, you should refer the **General Instructions for Self-Represented Litigants** found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.

When you have filed all of the required forms and met the requirements for consent as outlined above,

Instructions for Florida Supreme Court Approved Family Law Form 12.981(c)(1), Petition for Adoption of Adult by Stepparent (11/15)

- 486 -

you are ready to set a **hearing** on your petition. You should check with the clerk of court, **family law intake staff**, or **judicial assistant** to set a **final hearing**, and notify the other party(ies) using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** See Chapter 63, Florida Statutes, and Florida Family Law Rule 12.200(a)(2) for further information.

## Special notes...

With this petition you must file the following forms:

**Stepparent Adoption: Consent of Adoptee**, Florida Supreme Court Approved Family Law Form 12.981(a)(2)

**Stepparent Adoption: Consent of Adult Adoptee's Spouse**, Florida Supreme Court Approved Family Law Form 12.981(c)(2), if the adoptee is married

Instructions for Florida Supreme Court Approved Family Law Form 12.981(c)(1), Petition for Adoption of Adult by Stepparent (11/15)

**THIS ADOPTION MAY AFFECT THE ADOPTEE'S INHERITANCE.**

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.981(c)(1), Petition for Adoption of Adult by Stepparent (11/15)

- 488 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN THE MATTER OF THE ADOPTION OF

_____,
*{use name to be given to adult}* Adoptee.

# PETITION FOR ADOPTION OF ADULT BY STEPPARENT

Petitioner, *{full legal name}* _____, files this petition for adoption of the above-named adult, pursuant to Chapter 63, Florida Statutes, and states:

1.      This is an action for adoption of an adult by the adult's stepparent, Petitioner.

2.      I desire to adopt *{adult's full legal name}* _____,
who was born on *{date}* _____, at *{city, county, and state}* _____
_____.

3.      I desire to adopt the adult because: _____
_____
_____.

4.      I am _____ years old, and I have resided at *{address}* _____,
_____, Florida for _____ years.

5.      The adoptee's name shall be: _____.

6.      The adoptee's birth parents are:

_____
Father's Name                                                        Birth date

_____
Address

Instructions for Florida Supreme Court Approved Family Law Form 12.981(c)(1), Petition for Adoption of Adult by Stepparent (11/15)

- 489 -

_____

Mother's Name                              Birth date

_____

Address

7.    **Notice.**  Notice to the birth parents was made by: _____.

8.    **Consent.**
      *{Indicate **all** that apply}*

      a. _____ The consent of the adoptee is attached.
      b. _____ The adoptee is married to *{full legal name of adoptee=s spouse}* _____
      _____, and the consent of the spouse is attached.
      c. _____ The adoptee is not married.

9.    Written notice of this final hearing was provided to the parents or proof of service of process
      showing notice has been served on the parents is attached.

WHEREFORE, I request that this Court enter a Final Judgment of Adoption of the Adult by Petitioner
Stepparent and change the name of the adoptee.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this
petition and that the punishment for knowingly making a false statement includes fines and/or
imprisonment.**

Dated: _____

                                        _____
                                        Signature of Petitioner
                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-mail Address(es):_____

                                        _____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

                                        _____

Florida Supreme Court Approved Family Law Form 12.981(c)(1), Petition for Adoption of Adult by Stepparent
(11/15)

NOTARY PUBLIC or DEPUTY CLERK

_____

*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known

_____ Produced identification

Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the petitioner.

This form was completed with the assistance of:

*{name of individual}*_____ _____,

*{name of business}* _____ _____,

*{address}* _____ _____,

*{city}* _____,*{state}* _____ , *{zip code}*_____ , *{telephone number}* _____.

.

Florida Supreme Court Approved Family Law Form 12.981(c)(1), Petition for Adoption of Adult by Stepparent (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.982(a)
# PETITION FOR CHANGE OF NAME (ADULT) (11/15)

## When should this form be used?

This form should be used when an adult wants the court to change his or her name. This form is **not** to be used in connection with a dissolution of marriage or for adoption of child(ren). If you want a change of name because of a **dissolution of marriage** or adoption of child(ren) that is not yet final, the change of name should be requested as part of that case.

This form should be typed or printed in black ink and must be signed before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

**Unless you are seeking to restore a former name, you must have fingerprints submitted for a state and national criminal records check.** The fingerprints must be taken in a manner approved by the Department of Law Enforcement and must be submitted to the Department for a state and national criminal records check. **You may not request a hearing on the petition until the clerk of court has received the results of your criminal history records check**. The clerk of court can instruct you on the process for having the fingerprints taken and submitted, including information on law enforcement agencies or service providers authorized to submit fingerprints electronically to the Department of Law Enforcement. The process may take several weeks and you will have to pay for the cost of processing the fingerprints and conducting the state and national criminal history records check.

Next, you must obtain a **hearing** date for the court to consider your request. If you are seeking to restore a former name, a hearing on the petition MAY be held immediately after the petition is filed. The final hearing on any other petition for a name change may be held immediately after the clerk of court receives the results of your criminal history records check. You should ask the clerk of court, **family law intake staff**, or **judicial assistant** about the local procedure for setting a hearing. You may be required to attend

the **final hearing**.  Included in these forms is a **Final Judgment of Change of Name (Adult)**, Florida Supreme Court Approved Family Law Form 12.982(b), which the **judge** may use. You should check with the clerk, family law intake staff, or judicial assistant, to see if you need to bring a **final judgment** form with you. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

If the judge grants your **petition**, he or she will sign this **order**.  This officially changes your name.  The clerk can provide you with **certified copies** of the signed order.  There will be charges for the certified copies, and the clerk can tell you the amount of the charges.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  For further information, see Section 68.07, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

The heading of the form calls for the name of the **petitioner**.  Your current legal name should be used, as you are the one who is asking the court for relief.  The judicial circuit, case number, and division may be obtained from the clerk of court's office when you file the petition.

Instructions for Florida Supreme Court Approved Family Law Form 12.982(a), Petition for Change of Name (Adult) (11/15)

It may be helpful to compile a list of all of the people and/or places that will need a copy of your final judgment.  This list may include the driver's license office, social security office, banks, schools, etc.  A list will help you know how many copies of your order you should get from the clerk of court after your hearing.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____JUDICIAL CIRCUIT,
IN AND FOR_____COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner.

# PETITION FOR CHANGE OF NAME (ADULT)

I, *{full legal name}* _____, being sworn, certify that the following information is true:

1. My complete present name is: _____.
   I request that my name be changed to: _____.

2. I live in _____ County, Florida, at *{street address}* _____
   _____.

3. I was born on *{date}*_____, in *{city}* _____, *{county}* _____,
   *{state}* _____, *{country}* _____.

4. My father's full legal name : _____
   My mother's full legal
   name:_____
   My mother's maiden name: _____

5. I have lived in the following places since birth:
   Dates (to/from)                    Address

   _____/_____        _____

   _____/_____        _____

   _____/_____        _____

   _____/_____        _____
   (____ Please indicate here if you are continuing these facts on an attached page.)

6. **Family**
   *{Indicate **all** that apply}*
   a. _____ I am not married.
   b. _____ I am married. My spouse's full legal name is: _____
   c. _____ I do not have child(ren).

Florida Supreme Court Approved Family Law Form 12.982(a), Petition for Change of Name (Adult) (11/15)

d. _____ The name(s), age(s), and address(es) of my child(ren) are as follows (all children, **including those over 18**, must be listed):

**Name** *{last, first, middle initial}*          **Age**          **Address, City, State**

_____

_____

_____

_____

_____

(_____Please indicate here if you are continuing these facts on an attached page.)

7. **Former names**
*{Indicate **all** that apply}*

_____My name has never been changed **by a court**.

_____My name previously was changed **by court order** from _____

to _____ on *{date}*_____,

by *{court, city, and state}* _____.

**A copy of the court order is attached**.

_____My name previously was changed **by marriage** from _____

to _____ on *{date}*_____,

in *{city, county, and state}* _____.

**A copy of the marriage certificate is attached**.

_____I have never been known or called by any other name.

_____I have been known or called by the following other name(s):

*{list name(s) and explain where you were known or called by such name(s)}* _____

_____

_____.

8. **Occupation**
My occupation is: _____.

I am employed at: *{company and address}* _____

_____.

During the past 5 years, I have had the following jobs:

Dates (to/from)                    Employer and employer's address

_____/_____          _____

_____/_____          _____

_____/_____          _____

_____/_____          _____

_____/_____          _____

(_____Please indicate here if you are continuing these facts on an attached page.)

9. **Business**

*{Choose **one** only}*

_____ I do not own and operate a business.

_____ I own and operate a business. The name of the business is: _____.

The street address is: _____.

My position with the business is: _____.

I have been involved with the business since: *{date}* _____.

10. **Profession**

*{Choose **one** only}*

_____I am not in a profession.

_____I am in a profession. My profession is: _____.

I have practiced this profession:

| Dates (to/from) | Place and address |
|---|---|
| _____/_____ | _____ |
| _____/_____ | _____ |
| _____/_____ | _____ |
| _____/_____ | _____ |
| _____/_____ | _____ |

( _____ Please indicate here if you are continuing these facts on an attached page.)

11. **Education**

I have graduated from the following school(s):

| Degree Received | Date of Graduation | School |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(_____ Please indicate here if you are continuing these facts on an attached page.)

12. **Criminal History**

*{Choose **one** only}*

_____ I have never been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication.

_____ I have a criminal history. In the past I have been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication. The details of my criminal history are:

| Date | City/State | Event (arrest, charge, plea, or adjudication) |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

( _____ Please indicate here if you are continuing these facts on an attached page.)

13. **Bankruptcy**

*{Choose **one** only}*

____I have never been adjudicated bankrupt.

____I was adjudicated bankrupt on *{date}* _____, in *{city}* _____,
*{county}* _____, *{state}* _____.

(___Please indicate here if you have filed additional bankruptcies, and explain on an attached page.)

14. **Creditor(s)' Judgments**

*{Choose **one** only}*

_____I have never had a money judgment entered against me by a creditor.

_____The following creditor(s)' money judgment(s) have been entered against me:

| Date | Amount | Creditor | Court entering judgment and case number | if Paid *{date}* |
|------|--------|----------|------------------------------------------|------------------|
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |

(_____ Please indicate here if these facts are continued on an attached page.)

15. **Fingerprints and Criminal History Records Check**

Unless I am seeking to restore a former name, a copy of my fingerprints has been taken in a manner approved by the Department of Law Enforcement and submitted for a state and national criminal history records check. **I understand that I cannot request a hearing on my Petition until the Clerk of Court receives the results of the criminal history records check.**

16. I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.

17. My civil rights have never been suspended, or, if my civil rights have been suspended, they have been fully restored.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____     _____

Signature of PETITIONER

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Address(es):_____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

____ Personally known
____ Produced identification
____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____,*{ zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.982(c)
# PETITION FOR CHANGE OF NAME (MINOR CHILD(REN)) (11/15)

## When should this form be used?

This form should be used when a parent or parents want the court to change the name of their minor child(ren).  For the purposes of this proceeding, a person under the age of 18 is a minor. This form is not to be used in connection with an adoption, dissolution of marriage, or **paternity action**.  If you want a change of name for your child(ren) because of an adoption or paternity action that is not yet final, the change of name should be requested as part of that case.

This form should be typed or printed in black ink and must be signed before a notary public or deputy clerk. You should file the original with the clerk of the circuit court, in the county where you live and keep a copy for your records. The **Petition** should only be completed by one Petitioner for one child.  If you wish to change the name of more than one child or if there is more than one Petitioner, you should complete and file a Supplemental Form for Petition for Change of Name (Minor Child) for each child and/or a Supplemental Form for Petition for Change of Name. The supplemental form(s) is an attachment to the petition.  **Be sure that the bottom of each page of each supplemental form is initialed by the petitioner(s)**.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in

Instructions for Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (11/15)

- 500 -

electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# What should I do next?

**Unless you are seeking to restore a former name, each adult petitioner(s)'s fingerprints must be submitted for a state and national criminal history records check.** The fingerprints must be taken in a manner approved by the Department of Law Enforcement. The fingerprints must be submitted to the Department of Law Enforcement for a state and national criminal history records check. **The Petitioner(s) may not request a hearing on the Petition until the copy of the fingerprints are filed and the clerk of court has received the results of the criminal history records check.** The clerk of court can instruct you on the process for having the fingerprints taken and submitted, including information on law enforcement agencies or service providers authorized to submit fingerprints electronically to the Department of Law Enforcement. The process may take several weeks and the parent or guardian of the minor must pay the cost of processing the fingerprints and conducting the state and national history records check.

If **both** parents agree to the change of name and live in the county where the change of name is sought, you may both file as **petitioners**. In this situation, **service** is not necessary, and you need only to set a **hearing**. You should ask the clerk of court, **family law intake staff**, or **judicial assistant** about the local procedure for setting a hearing.

If only one parent is a resident of the county where the change of name(s) is sought **or** only one parent asks for the child(ren)'s name(s) to be changed, the other parent must be notified and his or her consent obtained, if possible. If the other parent consents to the change of name, a

Instructions for Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (11/15)

**Consent for Change of Name (Minor Child(ren))**, Florida Supreme Court Approved Family Law Form 12.982(d), should be filed.

If the other parent does not consent to the change of name, you may still have a hearing on the petition **if** you have properly notified the other parent about your petition and the hearing. If you know where he or she lives, you must use **personal service**. If you absolutely do not know where he or she lives, you may use **constructive service**. For more information about personal and constructive service, you should refer [to] the **"General Instructions for Self-Represented Litigants"** found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.

Next, you must obtain a **final hearing** date for the court to consider your request. If you are seeking to restore a former name, a hearing on the petition MAY be held immediately after the petition is filed. The final hearing on any other petition for a name change may be held immediately after the clerk of court receives the results of your criminal history records check. You should ask the clerk of court, family law intake staff, or judicial assistant about the local procedure for setting a hearing. You may be required to attend the hearing. Included in these forms is a **Final Judgment of Change of Name (Minor Child(ren))**, Florida Supreme Court Approved Family Law Form 12.982(e), which may be used when a judge grants a change of name for a minor child(ren). If you attend the hearing, you should take the final judgment with you. You should complete the top part of the form, including the circuit, county, case number, division, and the name(s) of the petitioner(s) and leave the rest blank for the judge to complete. It should be typed or printed in black ink.

If the judge grants your petition, he or she will sign this **order**. This officially changes your child(ren)'s name(s). The clerk can provide you with **certified copies** of the signed order. There will be charges for the certified copies, and the clerk can tell you the amount of the charges.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see section 68.07, Florida Statutes.

## Special notes…

The heading of the form calls for the name(s) of the **petitioner(s)**. This means the parent(s) who is (are) requesting the change of their child(ren)'s name(s). The judicial circuit, case number, and

Instructions for Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (11/15)

- 502 -

division may be obtained from the clerk of court's office when you file the petition.

It may be helpful to compile a list of all of the people and places that will need a copy of the final judgment. This list may include the driver's license office, social security office, banks, schools, etc. A list will help you know how many copies of your order you should get from the clerk of court after your hearing.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (11/15)

- 503 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

IN RE: THE NAME CHANGE OF

_____ ,
Petitioner/Father,

_____ ,
Petitioner/Mother.

# PETITION FOR CHANGE OF NAME (MINOR CHILD(REN))

I/We, *{full legal name(s)}* _____ , being sworn, certify that the following information is true:

**I am/We are the birth or legal parent(s) or guardian of the minor child(ren) named in this petition.**
*{Choose **only** one}*
   a. _____ There is only one minor child named in this petition.
   b. _____ There are *{enter number of children}* _____ children named in this petition. The information on the first child is entered below. I/We have attached the completed supplemental forms for each other child.

The adult petitioner(s)'s fingerprints have been taken in a manner approved by the Department of Law Enforcement and submitted for a state and national criminal history records check**. I /We understand that I/we cannot request a hearing on my/our Petition until the clerk of court receives the results of the criminal history records check.**

A. **THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD #     1    :**

   1. **Minor child's complete present name is:**

   _____

   **I/We request that this minor child's name be changed to:**

   _____

   2. The minor child lives in _____ County, Florida, at *{street address}* _____

   _____

# PETITIONER(S) MUST INITIAL HERE _____
Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (11/15)

3. The minor child was born on *{date}* _____, in *{city, county, state, country}* _____

_____

4. The minor child's father's full legal name: _____.
   The minor child's mother's full legal name: _____.
   The minor child's mother's maiden name: _____.

5. The minor child has lived in the following places since birth:

   Dates (to/from)          Address
   _____/_____        _____

   _____/_____        _____

   _____/_____        _____
   _____/_____        _____

   _____/_____        _____

   (____ Please indicate here if you are continuing these facts on an attached page.)

6. *{Choose **one** only}*
   ____ The minor child is not married.
   ____ The minor child is married to: *{full legal name}* _____.

7. *{Choose **one** only}*
   ____ The minor child has no children.
   ____ The minor child is the parent of the following child(ren): {enter full name(s) and date(s) of birth} _____.

8. **Former names.**
   *{Indicate **all** that apply}*
   _____ The minor child's name has never been changed by a court.
   _____ The minor child's name previously was changed **by court order** from _____
   to _____ on *{date}*_____,
   by *{court, city, and state}* _____.
   **A copy of the court order is attached.**

   _____ The minor child's name previously was changed **by marriage** from _____
   to _____ on *{date}*_____,
   in *{city, county, and state}* _____.
   **A copy of the marriage certificate is attached.**

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (11/15)

_____ The minor child has never been known or called by any other name.
_____ The minor child has been known or called by the following other name(s): *{list name(s) and explain where child was known or called by such name(s)}* _____

_____

_____

9. The minor child is not employed in an occupation or profession, does not own and operate a business, and has received no educational degrees.  If the minor child has a job, explain: _____

_____

10. **Criminal History.**
    *{Choose **one** only}*
    _____ The minor child has never been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication.
    _____ The minor child has a criminal history.  In the past, the minor child was arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication.  The details of the criminal history are:

    | Date | City/State | Event (arrest, charge, plea, or adjudication) |
    |------|------------|-----------------------------------------------|
    |      |            |                                               |
    |      |            |                                               |
    |      |            |                                               |

    (_____ Please indicate here if you are continuing these facts on an attached page.)

11. **Money Judgments.**
    *{Choose **one** only}*
    _____ The minor child has never been adjudicated bankrupt, and no money judgment has ever been entered against him or her.
    _____ The following money judgment(s) has been entered against him or her:

    | Date | Amount | Creditor | Court entering judgment and case number | *{date)* if Paid |
    |------|--------|----------|------------------------------------------|------------------|
    |      |        |          |                                          |                  |
    |      |        |          |                                          |                  |

B. **THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER(S):**
   **_____ FATHER _____ MOTHER _____GUARDIAN**
   **_____ A Supplemental Form has been attached for the other parent or petitioner.**

   1. My complete present name is: _____

   _____

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (11/15)

.

2. I live in _____ County, Florida, at *{street address}* _____
_____.

3. I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.

4. My civil rights have never been suspended, or, if ever suspended, they have been fully restored.

**PETITIONER(S) MUST INITIAL HERE** _____

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (11/15)

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: 

_____

Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**PETITIONER(S) MUST INITIAL HERE _____**

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (11/15)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the Petitioner(s).

This form was completed with the assistance of:

*{name of individual}* _____ ,

*{name of business}* _____ ,

*{address}* _____ ,

*{city}* _____ ,*{state}* ___ ,*{zip code}* _____ , *{telephone number}* _____ .

**PETITIONER(S) MUST INITIAL HERE** _____

**ADULT SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME (MINOR CHILDREN)**

Case No.: _____

**THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER(S):**
**(    ) FATHER   (    ) MOTHER   (    ) GUARDIAN**

1. My complete present name is: _____
_____

.

2. I live in _____ County, Florida, at *{street address}* _____
_____.

3. I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.

4. My civil rights have never been suspended, or, if ever suspended, they have been fully restored.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated:
_____

_____

|  |  |
|---|---|
|  | Signature of Petitioner |
|  | Printed Name: _____ |
|  | Address: _____ |
|  | City, State, Zip: _____ |
|  | Telephone Number: _____ |
|  | Fax Number: _____ |
|  | Designated                          E-mail |

Address(es):_____

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (11/15)

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____ .

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
[Print, type, or stamp commissioned name of notary or clerk.]

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the Petitioner(s).
This form was completed with the assistance of:
*{name of individual}* _____ ,
*{name of business}* _____ ,
*{address}*_____ ,
*{city}* _____,*{state}* ___,*{zip code}*_____, *{telephone number}* _____.

**PETITIONER(S) MUST INITIAL HERE _____**

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (11/15)

**SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME (MINOR CHILD(REN))**

Case No.: _____

**THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD #_____:**

1. **Minor child's complete present name is:**

   _____ .

   **I/We request that minor child's name be changed to:**

   _____ .

2. The minor child lives in _____ County, Florida, at *{street address}* _____

   _____ .

3. The minor child was born on *{date}* _____, in *{city, county, state, country}* _____

   _____ .

4. The minor child's father's full legal name: _____ .
   The minor child's mother's full legal name: _____ .
   The minor child's mother's maiden name: _____ .

5. The minor child has lived in the following places since birth:

   Dates (to/from)        Address

   _____    / _____

   _____

   _____    / _____

   _____

   _____    / _____

   _____

   _____    / _____

   _____

   _____    / _____

   _____

   _____    / _____

   _____

   _____

## PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (11/15)

(_____ Please indicate here if you are continuing these facts on an attached page.)

6. [Choose **one** only]
   ____The minor child is not married.
   ____The minor child is married to: *{full legal name}* _____.

7. [Choose **one** only]
   ____The minor child has no children.
   ____The minor child is the parent of the following child(ren): *{enter name(s) and date(s) of birth}*
   _____.

8. **Former names**
   [Choose all that apply]
   ____The minor child's name has never been changed **by a court**.
   ____The minor child's name previously was changed **by court order** from _____
   to _____ on *{date}*_____,
   by *{court, city, and state}* _____.
   A copy of the court order is attached.
   ____The minor child's name previously was changed **by marriage** from _____
   to _____ on *{date}* _____,
   in *{city, county, and state}* _____.
   A copy of the marriage certificate is attached.
   ____The minor child has never been known or called by any other name.
   ____The minor child has been known or called by the following other name(s): *{list name(s) and*
   *explain where child was known or called by such name(s)}* _____
   _____
   _____

9. The minor child is not employed in an occupation or profession, does not own and operate a business, and has received no educational degrees. If the minor child has a job, explain: _____
   _____.

10. **Criminal History**
    [Choose **one** only]
    ____ The minor child has never been arrested for or charged with, pled guilty or nolo contendere to or been found to have committed a criminal offense, regardless of adjudication.
    ____ The minor child has a criminal history. In the past, the minor child was arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication. The details of the criminal history are:

**PETITIONER(S) MUST INITIAL HERE** _____

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (11/15)

- 513 -

| Date | City/State | Event (arrest, charge, plea, or adjudication) |
|------|------------|-----------------------------------------------|
|      |            |                                               |
|      |            |                                               |
|      |            |                                               |

(_____ Please indicate here if you are continuing these facts on an attached page.)

11. **Money Judgments**
[Choose **one** only]

_____ The minor child has never been adjudicated bankrupt, and no money judgment has ever been entered against him or her.

_____ The following money judgment(s) has (have) been entered against him or her:

| Date | Amount | Creditor Court entering judgment and case number | *{date}* if Paid |
|------|--------|--------------------------------------------------|-------------------|
|      |        |                                                  |                   |
|      |        |                                                  |                   |

_____.

**PETITIONER(S) MUST INITIAL HERE _____**

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.982(f),
# PETITION FOR CHANGE OF NAME (FAMILY) (11/15)

## When should this form be used?

This form should be used when a family wants the court to change its name.  This form is **not** to be used in connection with a **dissolution of marriage**, **paternity**, or adoption action.  If you want a change of name because of a dissolution of marriage, paternity, or adoption action that is not yet final, the change of name should be requested as part of that case.

This form should be typed or printed in black ink and must be signed before a **notary public or deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records. The petition should only be completed for one adult.  If you wish to change the name(s) of another adult and/or any child(ren), you should complete and file with the clerk of court the attached Supplemental Form(s) for Petition for Change of Name (Family) for each additional family member.  **Be sure that the bottom of each page of each supplemental form is initialed.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT**

**REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

**Unless you are seeking to restore a former name, each adult petitioner must have fingerprints submitted for a state and national criminal history records check**. The fingerprints must be taken in a manner approved by the Department of Law Enforcement and must be submitted to the Department for a state and national criminal history records check. **You may not request a hearing on the petition until the clerk of court has received the results of your criminal history records check.** The clerk of court can instruct you on the process for having the fingerprints taken and submitted, including information on law enforcement agencies or service providers authorized to submit finger prints electronically to the Department of Law Enforcement. The process may take several weeks and you will have to pay for the cost of processing the fingerprints and conducting the state and national criminal history records check.

If any of the children for whom you are requesting this change of name are not the legal children of both adults filing this petition, you must obtain the consent of the legal parent(s). A parent not named as a **petitioner** in this action may consent by submitting a **Consent for Change of Name (Minor Child(ren))**, Florida Supreme Court Approved Family Law Form 12.982(d).

If the other parent does not consent to the change of name, you may still have a **hearing** on the **petition if** you have properly notified the other parent about your petition and the hearing. If you know where he or she lives, you must use **personal service**. If you absolutely do not know where he or she lives, you may use **constructive service**. For more information about personal and constructive service, you should refer to the **General Instructions for Self-Represented Litigants** found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). The law on constructive service is very complex and you may wish to consult an attorney regarding constructive service.

Before a **final hearing** on your request may be held, you must obtain a date for the court to consider your request. If you are seeking to restore a former name, the final hearing on the petition MAY be held immediately after the petition is filed. The final hearing on any other petition for a name change may be held immediately after the clerk of court receives the results of your criminal history records check. You should ask the clerk of court, **family law intake staff**, or **judicial assistant** about the local procedure for

Instructions for Florida Supreme Court Approved Family Law Form 12.982(f), Petition for Change of Name (Family) (11/15)

setting a hearing. You may be required to attend the hearing. Included in these forms is a **Final Judgment of Change of Name (Family)**, Florida Supreme Court Approved Family Law Form 12.982(g), which may be used when a judge grants a change of name for a family. If you attend the hearing, you should take the **final judgment** form with you. You should complete the top part of this form, including the circuit, county, case number, division, the name(s) of the petitioner(s) and leave the rest blank for the judge to complete. It should be typed or printed in black ink.

If the judge grants your petition, he or she will sign this **order**. This officially changes your family's name. The clerk can provide you with **certified copies** of the signed order. There will be charges for the certified copies, and the clerk can tell you the amount of the charges.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see section 68.07, Florida Statutes.

## Special notes...

The heading of the form calls for the name(s) of the **petitioner(s)**. This is (are) the parent(s) who is/are requesting the change of their family's name(s). The judicial circuit, case number, and division may be obtained from the clerk of court's office when you file the petition.

It may be helpful to compile a list of all of the people and places that will need a copy of the final judgment. This list may include the driver's license office, social security office, banks, schools, etc. A list will help you know how many copies of your order you should get from the clerk of court after your hearing.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN RE: THE NAME CHANGE OF

_____,
Petitioner/Father,

_____,
Petitioner/Mother.

# PETITION FOR CHANGE OF NAME (FAMILY)

I/We, *{full legal name(s)}* _, _____being sworn, certify that the following information is true:

**There are** *{enter number}* _____ **adults named in this petition.** A supplemental form is attached for each adult not set out below.

**There are** *{enter number}* _____ **children named in this petition. I am/We are the birth or legal parents or guardian of the minor child(ren) named in this petition.** I/We have attached a completed supplemental form for each minor child.

Unless I am seeking to restore a former name, a copy of the fingerprints of each adult person seeking a name change in this petition has/have been taken in a manner approved by the Department of Law Enforcement, and submitted for a state and national criminal history records check. **I/We understand that I/We cannot request a hearing on my/our Petition until the clerk of court receives the results of the criminal history records check**.

**THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER:**
**_____ HUSBAND _____ WIFE _____ GUARDIAN**
**_____ A Supplemental Form has been attached for the other parent or petitioner.**

1.  My complete present name is:

    _____.

    I request that my name be changed to:

    _____.

2.  I live in _____ County, Florida, at *{street address}* _____

    _____.

3.  I was born on *{date}* _____, in *{city}*_____,

*{county}*_____,*{state}* _____, *{country}* _____.

4. My father's full legal name: _____.
   My mother's full legal name: _____.
   My mother's maiden name: _____.

5. I have lived in the following places since birth:
   Dates (to/from)            Address
   _____/_____
   _____/_____
   _____/_____
   _____/_____
   _____/_____
   _____/_____
   _____/_____
   _____/_____

   (_____ Please indicate here if you are continuing these facts on an attached page.)

6. **Family**
   *{Indicate **all** that apply}*
   a. _____ I am not married.
   b. _____ I am married. My spouse's full legal name is: _____.
   c. _____ I do not have child(ren).
   d. _____ The name(s), age(s), and address(es) of my child(ren) are as follows (all children, **including those over 18**, must be listed):

   **Name** *{last, first, middle initial}*        **Age**      **Address, City, State**
   _____
   _____
   _____
   _____
   _____

(_____ Please indicate here if you are continuing these facts on an attached page.)

7. **Former names**
   *{Indicate **all** that apply}*
   _____ My name has never been changed **by a court**.

   _____ My name previously was changed **by court order** from _____
       to _____ on *{date}*_____,
       by *{court, city, and state}* _____.
       **A copy of the court order is attached.**

   _____ My name previously was changed **by marriage** from _____
       to _____ on *{date}*_____,
       in *{city, county, and state}* _____.
       **A copy of the marriage certificate is attached.**

   _____ I have never been known or called by any other name.

   _____ I have been known or called by the following other name(s): *{list name(s) and explain where you were known or called by such name(s)}*_____
   _____
   _____.

8. **Occupation**
   My occupation is: _____.
   I am employed at: *{company and address}* _____
   _____.
   During the past 5 years, I have had the following jobs:

   Dates (to/from)       Employer and employer's address
   _____/_____

   _____/_____

   _____/_____

   _____/_____

   _____/_____

   (_____ Please indicate here if you are continuing these facts on an attached page.)

Instructions for Florida Supreme Court Approved Family Law Form 12.982(f), Petition for Change of Name (Family) (11/15)

9. **Business**
   *{Choose **one** only}*
   \_\_\_\_\_I do not own and operate a business.

   \_\_\_\_\_I own and operate a business.  The name of the business is: _____.
   The street address is: _____.
   My position with the business is: _____.
   I have been involved with the business since: *{date}* _____.

10. **Profession**
    *{Choose **one** only}*
    \_\_\_\_\_I am not in a profession.

    \_\_\_\_\_I am in a profession.  My profession is: _____.
    I have practiced this profession:

    | Dates (to/from) | Place and address |
    |---|---|
    | \_\_\_\_/\_\_\_\_ | _____ |
    | \_\_\_\_/\_\_\_\_ | _____ |
    | \_\_\_\_/\_\_\_\_ | _____ |
    | \_\_\_\_/\_\_\_\_ | _____ |

    (\_\_\_\_ Please indicate here if you are continuing these facts on an attached page.)

11. **Education**
    I have graduated from the following school(s):

    | Degree Received | Date of Graduation | School |
    |---|---|---|
    | _____ | _____ | _____ |
    | _____ | _____ | _____ |
    | _____ | _____ | _____ |

    (\_\_\_\_ Please indicate here if you are continuing these facts on an attached page.)

12. **Criminal History**
    *{Choose **one** only}*
    \_\_\_\_\_ I have never been arrested for or charged with, pled guilty or nolo contendere to, or have been found to have committed a criminal offense, regardless of adjudication.

    \_\_\_\_\_ I have a criminal history.  In the past I have been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication.  The details of my criminal history are:

| Date | City/State | Event (arrest, charge, plea, or adjudication) |
|------|-----------|-----------------------------------------------|
|      |           |                                               |
|      |           |                                               |
|      |           |                                               |

(_____ Please indicate here if you are continuing these facts on an attached page.)

13. **Bankruptcy**
    *{Choose one only}*
    _____I have never been adjudicated bankrupt.

    _____I was adjudicated bankrupt on *{date}* _____, in *{city}* _____,
    *{county}* _____, *{state}* _____.
    (_____ Please indicate here if you have had additional bankruptcies, and explain on an attached page.)

14. **Creditor(s)' Judgments**
    *{Choose **one** only}*
    _____I have never had a money judgment entered against me by a creditor.

    _____ The following creditor(s)' money judgment(s) have been entered against me:

    | Date | Amount | Creditor | Court entering judgment and case number | *{date}* if Paid |
    |------|--------|----------|------------------------------------------|------------------|
    |      |        |          |                                          |                  |
    |      |        |          |                                          |                  |
    |      |        |          |                                          |                  |
    |      |        |          |                                          |                  |

    (_____ Please indicate here if these facts are continued on an attached page.)

15. I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.

16. My civil rights have never been suspended, or, if my civil rights have been suspended, they have been fully restored.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____

Instructions for Florida Supreme Court Approved Family Law Form 12.982(f), Petition for Change of Name (Family) (11/15)

Telephone Number: _____

Fax Number: _____

Designated                                E-mail

Address(es):_____

_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known

_____ Produced identification

Type of identification produced _____

**IF A NONLAWYER HLPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the Petitioner.

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____,*{state}*_____,*{zip code}*_____, *{telephone number}* _____.

**ADULT SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME (FAMILY)**

Case No.: _____

**THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER:**
**(    ) HUSBAND (    ) WIFE (    ) GUARDIAN**

1. My complete present name is:

   _____.

   I request that my name be changed to:

   _____.

2. I live in _____ County, Florida, at *{street address}* _____

   _____.

3. I was born on *{date}* _____, in *{city}* _____,
   *{county}* _____,*{state}* _____, *{country}* _____.

4. My father's full legal name: _____.
   My mother's full legal name: _____.
   My mother's maiden name: _____.

5. I have lived in the following places since birth:

   Dates (to/from)            Address
   _____ / _____
   _____ / _____
   _____ / _____
   _____ / _____
   _____ / _____
   _____ / _____
   _____ / _____
   _____ / _____
   _____ / _____

   (_____ Please indicate here if you are continuing these facts on an attached page.)

6. **Family**{*[Indicate **all** that apply}*
   a. _____ I am not married.

   b. _____ I am married.  My spouse's full legal name is: _____.

   c. _____ I do not have child(ren).

   d. _____ The name(s), age(s), and address(es) of my child(ren) are as follows (all children,
      **including those over 18**, must be listed):

## PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (11/15)

- 524 -

**Name** *{last, first, middle initial}*    **Age**    **Address, City, State**

(_____ Please indicate here if you are continuing these facts on an attached page.)

7. **Former names**
   *{Indicate **all** that apply}*
   _____My name has never been changed **by a court**.

   _____My name previously was changed **by court** order from_____
   to _____ on *{date}*_____
   by *{court, city, and state}* _____.
   **A copy of the court order is attached.**

   _____My name previously was changed **by marriage** from _____
   to _____ on *{date}*_____
   in *{city, county, and state}* _____.
   **A copy of the marriage certificate is attached.**

   _____I have never been known or called by any other name.

   _____I have been known or called by the following other name(s): *{list name(s) and explain*
   *where you were known or called by such name(s)}* _____
   _____
   _____

8. **Occupation**
   My occupation is: _____.
   I am employed at: *{company and address}* _____
   _____.
   During the past 5 years, I have had the following jobs:

   Dates (to/from)        Employer and employer's address
   _____/_____    _____
   _____/_____    _____
   _____/_____    _____
   _____/_____    _____
   _____/_____    _____
   _____/_____    _____
   _____/_____    _____
   _____/_____    _____
   (_____ Please indicate here if you are continuing these facts on an attached page.)

9. **Business**
   *{indicate **all** that apply}*
   _____I do not own and operate a business.

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name
(Family) (11/15)

____I own and operate a business.  The name of the business is: _____.
  The street address is: _____ ___.
  My position with the business is: _____.
  I have been involved with the business since: *{date}* _____.

10. **Profession**
*{Indicate **all** that apply}*
____I am not in a profession.

____I am in a profession.  My profession is: _____.
  I have practiced this profession:
  Dates (to/from)        Place and address
  _____/_____

  _____/_____

  _____/_____

  _____/_____

(___ Please indicate here if you are continuing these facts on an attached page.)

11. **Education**
  I have graduated from the following school(s):

  | Degree Received | Date of Graduation | School |
  |---|---|---|
  | _____ | | _____ |
  | _____ | | _____ |
  | _____ | | _____ |

(___ Please indicate here if you are continuing these facts on an attached page.)

12. **Criminal History**
*{Choose **one** only}*
  ____I have never been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication.

  ____I have a criminal history.  In the past I have been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of

**PETITIONER(S) MUST INITIAL HERE** _____

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (11/15)

PETITIONER # _____, continued

adjudication.  The details of my criminal history are:

Date            City/State            Event (arrest, charge, plea, or adjudication)

_____

_____

_____

(___ Please indicate here if you are continuing these facts on an attached page.)

13. **Bankruptcy**
{*Choose* **one** *only*}
_____I have never been adjudicated bankrupt.

_____I was adjudicated bankrupt on *{date}* _____, in *{city}* _____,
*{county}* _____, *{state}* _____.
(___ Please indicate here if you have had additional bankruptcies, and explain on an attached page.)

14. **Creditors' Judgments**
{*Choose* **one** *only*}
_____    I have never had a money judgment entered against me by a creditor.

_____    The following creditor(s)' money judgment(s) have been entered against me:

Date      Amount      Creditor      Court entering judgment and case number  *{date}* **if** Paid

_____

_____

_____

_____

(_____ Please indicate here if these facts are continued on an attached page.)

15. I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.

16. My civil rights have never been suspended, or, if my civil rights have been suspended, they have been fully restored.

**PETITIONER(S) MUST INITIAL HERE _____**

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (11/15)

PETITIONER # _____, continued

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                        Signature of Petitioner
                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-mail Address(es):_____

STATE OF FLORIDA
COUNTY OF _____
Sworn to or affirmed and signed before me on _____ by _____.

                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK

                                        _____
                                        *[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known
_____ Produced identification
        Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}*_____,*{zip code}*_____, *{telephone number}* _____.

**PETITIONER(S) MUST INITIAL HERE _____**

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (11/15)

- 528 -

**CHILD SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME (FAMILY)**

Case No.: _____

**THE FOLLOWING INFORMATION IS TRUE ABOUT MINOR CHILD # _____:**

1. Minor child's complete present name is:

   _____

   I/We request that minor child's name be changed to:_____

2. The minor child lives in _____ County, Florida, at *{street address}* _____
   _____.

3. The minor child was born on _____, in *{city, county, state, country}*
   _____.

4. The minor child's father's full legal name: _____.
   The minor child's mother's full legal name: _____.
   The minor child's mother's maiden name: _____.

5. The minor child has lived in the following places since birth:

   Dates (to/from)                Address

   _____ / _____

   _____ / _____

   _____ / _____

   _____ / _____

   _____ / _____

   _____ / _____

   _____ / _____

   _____ / _____

   (_____ Please indicate here if continuing these facts on an attached page.)

6. *[Choose one only]*
   _____The minor child is not married

   _____The minor child is married to: *{full legal name}* _____.

   *[Choose one only}*
   _____ The minor child has no children.

   _____ The minor child is the parent of the following child(ren): *{enter name(s) and     date(s) of*

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (11/15)

*birth}* _____ .

**7. Former names**
*{Indicate **all** that apply}*

____The minor child's name has never been changed **by court order**.

____The minor child's name previously was changed **by court order** from:
_____to_____
on *{date}*_____ *{court, city, and state}* _____
_____ .

    **A copy of the court order is attached.**

____The minor child's name previously was changed by marriage from _____
to _____ on *{date}* _____, in *{city,
county, and state}* _____ .
____The minor child has never been known or called by any other name.

____The minor child has been known or called by the following other name(s): *{list name(s) and
explain where child was known or called by such name(s)}* _____
_____
_____ .

**8.** The minor child is not employed in an occupation or profession, does not own and operate a business, and has received no educational degrees. If the minor child has a job, explain:
_____
_____
_____

**9. Criminal History**
*{Choose **one** only}*

____The minor child has never been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication.

____The minor child has a criminal history. In the past, the minor child was arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication. The details of the criminal history are:

Date          City/State          Event (arrest, charge, plea, or adjudication)
_____
_____
_____

(____ Please indicate here if you are continuing these facts on an attached page.)

**10. Money Judgments**
*{Choose **one** only}*

____The minor child has never been adjudicated bankrupt, and no money judgment has ever been entered against him or her.

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (11/15)

____The following money judgment(s) has been entered against him or her:

Date    Amount    Creditor    Court entering judgment and case number *{date}* **if** Paid

_____

_____

_____

_____

_____

**PETITIONER(S) MUST INITIAL HERE** _____

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (11/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(a), PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (11/15)

## When should this form be used?

This form should be used by a birth mother or father to ask the court to establish **paternity**, a **time-sharing schedule**, and/or **child support** of a minor child or children. This means that you are trying to legally establish who is the father of the child(ren).

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please

Instructions for Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (11/15)

- 532 -

**CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

For your case to proceed, you must properly notify the **respondent** of the **petition**.  If you know where he or she lives, you should use **personal service**.  If you absolutely do not know where he or she lives, you may use **constructive service**.  However, if constructive service is used, the court may only grant limited relief.  You should seek legal advice on constructive service in a paternity case.  For more information see chapter 49, Florida Statutes, or you may contact Child Support Enforcement at the Florida Department of Revenue if you need assistance with your case.

If personal service is used, the **respondent** has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT...**  If after 20 days, no **answer** has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court.  Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify the other party of the hearing by using a **Notice of Hearing (General)**,  Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED...**  If the respondent files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing.  You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...**  If the respondent files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure, completed the **scientific paternity testing**, if necessary, and filed all of the required papers.  Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).  If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.983(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (11/15)

# Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

More than one child of the same alleged father may be listed on a single petition. However, if you are filing a paternity action involving more than one possible father, a separate petition must be filed for each alleged father.
If the respondent files an answer denying that the person named in the petition is the child(ren)'s father, one of you should file a Motion for **Scientific Paternity Testing**, Florida Supreme Court Approved Family Law Form 12.983(e). This is used to ask the court to order a scientific test to determine who is the child(ren)'s father.

If the father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be indicated on page 2, section 9a on this form.

If the paternity of a child who was conceived or born during a marriage is at issue, the court may appoint a **guardian ad litem** to assist the court in this matter and to protect the rights of child.

With this petition, you must file the following and provide a copy to the other party:
- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days, if not filed with the petition, unless you and the other party have agreed not to exchange these documents.)
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been filed.)
- **Parenting Plan**, Florida Supreme Court Approved Family Law Form, 12.995(a), 12.995(b), or 12.995(c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan **may** be filed.

**Parenting Plan and Time-Sharing.** If the parties are unable to agree on parenting arrangements and a time-sharing schedule**,** a judge will decide as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)'s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor or dependent child(ren).

Instructions for Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (11/15)

- 534 -

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) are being served. For more information, you may consult sections 61.401–61.405, Florida Statutes.

Listed below are some terms with which you should become familiar before completing your petition. **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

Many circuits require that parents of a minor or dependent child(ren) who are involved in dissolution or paternity actions attend **mediation** before being allowed to schedule a final hearing. A **parenting course** must be completed prior to entry of the final judgment. You should check with your local clerk of court's office, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.

**Child Support.** The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.

Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents. You should file a **financial affidavit**, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Final Judgments.** These family law forms contain a **Final Judgment of Paternity**, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form

Instructions for Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (11/15)

- 535 -

he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (11/15)

- 536 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                    Petitioner,
And

_____,
                    Respondent.

# PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF

Petitioner, *{full legal name}*_____, being sworn, certifies that the following information is true:

This is an action for paternity and to determine parental responsibility, time-sharing, and child support under chapter 742, Florida Statutes.

**SECTION I.**

1.  Petitioner is the _____ Mother _____ Father of the following minor child(ren):

    | Name | Birth Date |
    |---|---|
    | 1._____ | _____ |
    | 2._____ | _____ |
    | 3._____ | _____ |
    | 4._____ | _____ |
    | 5._____ | _____ |
    | 6._____ | _____ |

2.  Petitioner' s current address is: *{street address, city, state}* _____
    _____.

3.  Respondent's current address is: *{street address, city, state}* _____
    _____

4.  Both parties are over the age of 18.

Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (11/15)

- 537 -

5.  Petitioner *{Choose only **one**}* _____ is _____ is not a member of the military service.
    Respondent *{Choose only **one**}* _____ is _____ is not a member of the military service.

6.  Neither Petitioner nor Respondent is mentally incapacitated.

7.  A completed **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

8.  A completed **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

9.  A completed **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.

10. **Paternity Facts.**
    *{Choose only **one**}*
    a.  _____Paternity has previously been established as a matter of law.

    b.  _____The parties engaged in sexual intercourse with each other in the month(s) of *{list month(s) and year(s)}* _____in *{city and state}* _____
        As a result of the sexual intercourse, _____ Petitioner _____ Respondent conceived and gave birth to the minor child(ren) named in paragraph 1. _____ Petitioner _____Respondent is the natural father of the minor child(ren). The mother _____ was _____ was not married at the time of the conception and/or birth of the minor child(ren) named in paragraph 1. If the mother was married, the name and address of her husband at the time of conception and/or birth is: _____ _____

**SECTION II.  PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING**

1.  The minor child(ren) currently reside(s) with _____ Mother _____ Father _____ other: *{explain}*
    _____
    _____.

2.  **Parental Responsibility.**  It is in the child(ren)'s best interests that parental responsibility be:
    *{Choose only **one**}*
    a.  _____ shared by both Father and Mother.

    b.  _____awarded solely to _____ Father _____ Mother.  Shared parental responsibility would be detrimental to the child(ren) because: _____
        _____
        _____
        _____.

3.  **Parenting Plan and Time-Sharing**. It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan that _____ includes _____does **not** include parental time-sharing

Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (11/15)

with the child(ren).  The Petitioner states that it is in the best interests of the child(ren) that**:**
*{Choose only **one**}*
a. _____The attached proposed Parenting Plan should be adopted by the court.

   The parties _____ have _____ have **not** agreed to the Parenting Plan.


b. _____ The court should establish a Parenting Plan with the following provisions:
   1.____ No time-sharing for the                         _____ Father  _____ Mother
   2.____ Limited time-sharing with the              _____ Father  _____ Mother
   3.____ Supervised time-sharing for the           _____ Father  _____ Mother.
   4.____ Supervised or third-party exchange of the child(ren).
   5.____  Time-sharing schedule as follows:
   _____
   _____
   _____


   Explain why this schedule is in the best interests of the child(ren):  _____
   _____
   _____
   _____

4. The minor child(ren) should
   *{Choose only **one**}*
   a. _____retain his/her (their) present name(s).


   b. _____receive a change of name as follows:
         present name(s)                              be changed to
      (1). _____      (1). _____
      (2). _____      (2). _____
      (3). _____      (3). _____
      (4). _____      (4). _____
      (5). _____      (5). _____
      (6). _____      (6). _____

   c. The name change would be in the best interest of the child(ren) because:_____
      _____

**SECTION III.  CHILD SUPPORT**
*{Indicate all that apply}*
1. _____Petitioner requests that the Court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes. A completed **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be, filed.  Such support should be ordered retroactive to:
   *{Choose only **one**}*
   a. _____the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months before the date of filing of this petition.


   b. _____the date of the filing of this petition.

Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (11/15)

- 539 -

c. _____other: *{date}_____ {Explain}* _____
_____

2. _____Petitioner requests that the Court award a child support amount that is more than or less than Florida's child support guidelines. Petitioner understands that a **Motion to Deviate from Child Support Guidelines**, Florida Supreme Court Approved Family Law Form 12.943, **must** be completed before the Court will consider this request.

3. _____Petitioner requests that medical/dental insurance for the minor child(ren) be provided by: *{Choose only **one**}*
   a. _____Father.

   b. _____Mother.

4. _____Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid by: *{Choose only **one**}*
   a. _____Father.
   b. _____Mother.
   c. _____Father and Mother each pay one-half.
   d. _____Father and Mother each pay according to the percentages in the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e).
   e. _____Other *{explain}*: _____
      _____
      _____

5. _____Petitioner requests that life insurance to secure child support be provided by: *[Choose only **one**]*
   a. _____Father.
   b. _____Mother.
   c. _____Both

6. _____ Petitioner _____ Respondent _____ Both has (have) incurred medical expenses in the amount of $_____ on behalf of the minor child(ren), including hospital and other expenses incidental to the birth of the minor child(ren). There should be an appropriate allocation or apportionment of these expenses.

7. _____ Petitioner _____ Respondent _____ Both has (have) received past public assistance for this (these) minor child(ren).

**PETITIONER'S REQUEST**

1. Petitioner requests a hearing on this petition and understands that he or she must attend the hearing.

2. Petitioner requests that the Court enter an order that: *[Indicate **all** that apply]*
   a. _____establishes paternity of the minor child(ren), ordering proper scientific testing, if necessary;
   b. _____adopts or establishes a Parenting Plan containing provisions for parental responsibility

Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (11/15)

and time-sharing for the minor or dependent child(ren);

c. _____awards child support, including medical/dental insurance coverage for the minor child(ren);

d. _____determines the appropriate allocation or apportionment of all expenses incidental to the birth of the child(ren), including hospital and medical expenses;

e. _____determines the appropriate allocation or apportionment of all other past, present, and future medical and dental expenses incurred or to be incurred on behalf of the minor child(ren);

f. _____changes the child(ren)'s name(s);

g. _____other relief as follows: _____
_____
_____
_____ and grants such other relief as may be appropriate and in the best interests of the minor child(ren).

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____         _____
                                     Signature of PETITIONER

                                     Printed Name: _____

                                     Address: _____

                                     City, State, Zip: _____

                                     Telephone Number: _____

                                     Fax Number: _____

                                     Designated E-mail Address(es):_____

                                     _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

                                     _____
                                     NOTARY PUBLIC or DEPUTY CLERK

                                     _____
                                     *{Print, type, or stamp commissioned name of notary or deputy clerk.}*

_____ Personally known
_____Produced identification
_____ Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (11/15)

- 541 -

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the Petitioner.

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}*_____,

*{address}* _____,

*{city}* _____,*{state}* _____,*{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (11/15)

- 542 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(b)
# ANSWER TO PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (11/15)

## When should this form be used?

This form should be used when you are responding to a **petition** to determine **paternity**.  You may use this form to admit or deny the allegations contained in the petition.  However, if you wish to ask the court for things not included in the petition, such as, parental responsibility and time-sharing or **child support**, you should file an **Answer to Petition and Counterpetition to Determine Paternity and for Related Relief**, Florida Supreme Court Approved Family Law Form 12.983(c).

This form should be typed or printed in black ink.  After completing this form, you should sign this form before a **notary public** or **deputy clerk**.  You should then **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT**

Instructions for Florida Supreme Court Approved Family Law Form 12.983(b), Answer to Petition to Determine Paternity and for Related Relief (11/15)

- 543 -

**REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

If you deny that the person named in the petition is the child(ren)'s father, a **Motion for <u>Scientific Paternity Testing</u>**, Florida Supreme Court Approved Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)'s father.

You have 20 days to file an answer to the other party's petition. A copy of this form, along with all of the other forms required with this **<u>answer</u>**, must be mailed, e-mailed, **or** hand delivered to the other party in your case. After you file your answer, the case will generally proceed in one of the following two ways:

**<u>UNCONTESTED</u>…** This case is uncontested if you and the petitioner agree on all issues raised in the petition. If this is the case, **and** you and the other party have complied with **<u>mandatory disclosure</u>** and filed all of the required papers, either party may call the clerk, **<u>family law intake staff</u>**, or **<u>judicial assistant</u>** to set a **<u>final hearing</u>**. If you request the hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**<u>CONTESTED</u>…** This case is contested if you and the other party disagree on any issues raised in the petition. If you are unable to settle the disputed issues, either party may file a **Notice for Trial** Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **<u>mediation</u>** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **<u>trial</u>** (final hearing).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **<u>bold underline</u>** in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(b), Answer to Petition to Determine Paternity and for Related Relief (11/15)

# Special notes...

With this answer, you must file the following and provide a copy to the other party:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit,** Florida Supreme Court Approved Family Law Form 12.902(d).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit,** Florida Family Law Rules of Procedure Form 12.902 (b) or (c). (This must be filed within 45 days of the **service** of the petition on you, if not filed at the time you file this answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of the **service** of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
- **Child Support Guidelines Worksheet,** Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this form after the other party files his or her financial affidavit.)

Many circuits require completion of **mediation** before being allowed to schedule a final hearing. A **parenting course** must be completed prior to entry of the final judgment. You should check with your local clerk, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.

**Parenting Plan and Time-Sharing.** If the parents are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide these issues as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) are being served. For more information, you may consult sections 61.401 and 61.405, Florida Statutes.

Listed below are some terms with which you should become familiar before completing your answer. **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**

Instructions for Florida Supreme Court Approved Family Law Form 12.983(b), Answer to Petition to Determine Paternity and for Related Relief (11/15)

- 545 -

- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support…** The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents. You should file a **financial affidavit**, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Final Judgments…** These family law forms contain a **Final Judgment of Paternity**, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from a Nonlawyer,** Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(b), Answer to Petition to Determine Paternity and for Related Relief (11/15)

- 546 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# ANSWER TO PETITION TO DETERMINE PATERNITY
# AND FOR RELATED RELIEF

I, *{full legal name}* _____, Respondent, being
sworn, certify that the following information is true:

1.  I **agree** with Petitioner as to the allegations raised in the following numbered paragraphs in the
    Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}* _____
    _____.

2.  I **disagree** with Petitioner as to the allegations raised in the following numbered paragraphs in the
    Petition and, therefore, **deny** those issues: *{indicate section and paragraph number}* _____
    _____.

3.  I currently am unable to admit or deny the following paragraphs due to lack of information:
    *{indicate section and paragraph number}* _____
    _____.

4.  *[I applicable]* A completed **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)
    Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this answer
    as I disagree with the Affidavit filed by the Petitioner.

5.  A completed **Notice of Social Security Number,** Florida Supreme Court Approved Family Law Form
    12.902(j), is filed with this answer if one has not already been filed in this case.

6.  A completed **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form
    12.902(b) or (c), _____ is, or _____ will be, filed.

Florida Supreme Court Approved Family Law Form 12.983(b), Answer to Petition to Determine Paternity and for
Related Relief (11/15)

- 547 -

I certify that a copy of this document was (     ) mailed (     ) faxed and mailed (     ) e-mailed (     ) hand delivered to the person(s) listed below on *{date}* _____ .

**Petitioner or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

Florida Supreme Court Approved Family Law Form 12.983(b), Answer to Petition to Determine Paternity and for Related Relief (11/15)

- 548 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated:_____

_____
Signature of Respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
Type of identification produced_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (     ) Petitioner (     ) Respondent.
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.983(c),
# ANSWER TO PETITION AND COUNTERPETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (11/15)

## When should this form be used?

This form should be used when you are responding to a **petition** to determine **paternity** and asking the court for something different than what was in the petition, such as parental responsibility, time-sharing, and **child support**. The **answer** is used to admit or deny the allegations contained in the petition, and the **counterpetition** is used to ask for whatever you want the court to do for you. The other party has 20 days to answer your counterpetition after being served with your counterpetition.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should then **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (11/15)

- 550 -

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

You have 20 days to file an answer or answer and counterpetition to the other party's petition. A copy of this form, along with all of the other forms required with this answer and counterpetition, must be mailed **or** hand delivered to the other party in your case.

If you deny that the person named in the petition is the child(ren)'s father, a **Motion for Scientific Paternity Testing** Florida Supreme Court Approved Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)'s father.

After you file an answer and counterpetition, the case will then generally proceed as follows:

**UNCONTESTED.**  This case is uncontested if you and the other party agree on all issues raised in the petition and the counterpetition. If this is the case, **and** you and the other party have complied with **mandatory disclosure** and filed all of the required papers, either party may call the clerk, **family law intake staff**, or **judicial assistant** to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.**  This case is contested if you and the other party disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a **Notice for Trial,** Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (**final hearing**).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants@ for some basic information.**  The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (11/15)

- 551 -

# Special notes...

If the child(ren)'s father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be indicated on page 2, section 10a of the counterpetition part of this form. With this answer, you must file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Notice of Social Security Number** Florida Supreme Court Approved Family Law Form 12.902(j).

- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of **service** of the petition on you if not filed with this answer.)

- **Certificate of Compliance with Mandatory Disclosure** Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed with this answer, unless you and the other party have agreed not to exchange these documents.)

- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been filed.)

- **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), 12.995(b), or (c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan **may** be filed.

Many jurisdictions may require the completion of **mediation** before a final hearing may be set. A **parenting course** must be completed prior to entry of the final judgment. You should contact the office of your local clerk of court, family law intake staff, or the judicial assistant about requirements for parenting courses or mediation where you live.

**Parenting Plan and Time-Sharing.** If the parties are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is being served. For more information, you may consult section 61.401 and 61.405, Florida Statutes.

Listed below are some terms with which you should become familiar before completing your answer and counterpetition. **If you do not fully understand any of the terms below or their implications, you should**

Instructions for Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (11/15)

- 552 -

**speak with an attorney before going any further.**

> **Shared Parental Responsibility**
> **Sole Parental Responsibility**
> **Supervised Time-Sharing**
> **No contact**
> **Parenting Plan**
> **Parenting Plan Recommendations**
> **Time-Sharing Schedule**

**Child Support.** The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.

Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents. You should file a **financial affidavit**, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Parenting Plan.** In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If the parties have reached an agreement, you should file a **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), 12.995(b), or 12.995(c) which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan **may** be filed. **A Parenting Plan will be established by the court.**

**Final Judgments.** These family law forms contain a **Final Judgment of Paternity,** Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (11/15)

- 553 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,

And

_____,
Respondent.

# ANSWER TO PETITION AND COUNTERPETITION
# TO DETERMINE PATERNITY AND FOR RELATED RELIEF

I, {full legal name} _____, Respondent,
being sworn, certify that the following information is true:

**ANSWER TO PETITION**

1.  I **agree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: {indicate section and paragraph number}
    _____
    _____.

2.  I **disagree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **deny** those issues: {indicate section and paragraph number}
    _____
    _____.

3.  I currently am unable to admit or deny the following paragraphs due to lack of information: {indicate section and paragraph number} _____
    _____.

**COUNTERPETITION TO DETERMINE PATERNITY
AND FOR RELATED RELIEF**

**SECTION I.  PATERNITY**

1.  Respondent is the _____ mother _____ father of the following minor child(ren):
    **Name**                                             **Birth Date**
    (1). _____

Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (11/15)

- 554 -

(2). _____

(3). _____

(4). _____

(5). _____

(6). _____

2.  Petitioner's current address is: *{street address, city, state}*
    _____
    _____ .

3.  Respondent's current address is: *{street address, city, state}*
    _____
    _____ .

4.  Both parties are over the age of 18.

5.  Petitioner *{Choose only one}* _____ is _____ is not a member of the military service.

    Respondent *{Choose only one}* _____is _____ is not a member of the military service.

6.  Neither Petitioner nor Respondent is mentally incapacitated.

7.  A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this counterpetition.

8.  A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this counterpetition.

9.  A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), _____is, or_____ will be, filed.

10. **Paternity Facts.**
    *{Choose only **one**}*
    a.  _____Paternity has previously been established as a matter of law.

    b.  _____ The parties engaged in sexual intercourse with each other in the month(s) of *{list month(s) and year(s)}* _____,
        in: *{city and state}* _____.
        As a result of the sexual intercourse, _____ Petitioner _____ Respondent conceived and gave birth to the minor child(ren) named in paragraph 1. _____ Petitioner _____ Respondent is the natural father of the minor child(ren). The mother _____ was _____ was not married at the time of the conception and/or birth of the minor child(ren) named in paragraph l. If the mother was married, the name and address of her husband at the time

Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (11/15)

- 555 -

of conception and/or birth is: _____

_____ .


**SECTION II.  PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING**

1. The minor child(ren) currently reside(s) with _____Mother _____ Father _____ Other: *{explain}_*

    _____ .

2. **Parental Responsibility.**  It is in the child(ren)'s best interests that parental responsibility be:
   *{Choose only **one**}*
   a. _____ shared by both Father and Mother.

   b. _____ awarded solely to _____ Father _____ Mother.  Shared parental responsibility would be detrimental to the child(ren) because:

      _____

      _____

      _____

      _____ .

3. **Parenting Plan and Time-Sharing.**  It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan that _____ includes _____ does not include parental time-sharing with the child(ren).  The Respondent  states that it is in the best interests of the child(ren) that:
   *{Choose only **one**}*
   a. _____The attached proposed Parenting Plan should be adopted by the court.
      The parties ( ) have ( ) have **not** agreed to the Parenting Plan.

   b. _____The court should establish a Parenting Plan with the following provisions:
      1._____ **No** time-sharing for the          _____ Father _____ Mother.
      2._____ Limited time-sharing with the     _____ Father _____ Mother.
      3._____ Supervised time-sharing for the _____ Father     _____ Mother
      4._____ Supervised or third-party exchange for the child(ren).
      5._____ Time-sharing schedule as follows:

      _____
      _____
      _____ .

4. **Explain why this request is in the best interest of the child(ren)**:_____

   _____

   _____

   _____

   _____

   _____

Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (11/15)

- 556 -

_____ .

5. The minor child(ren) should:
   *[Choose only **one**]*
   a. _____ retain his/her (their) present name(s).

   b. _____ receive a change of name as follows:

   present name(s)                          be changed to:
   1. _____          1._____
   2._____           2._____
   3._____           3._____
   4. _____          4._____
   5._____           5._____
   6. _____          6._____

**SECTION III.  CHILD SUPPORT**

*[Indicate **all** that apply]*

1. Respondent requests that the court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes. A completed **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be, filed.  Such support should be ordered retroactive to:

*[Choose only **one**]*
a. _____the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months before the date of filing of this counterpetition.

b. _____the date of the filing of this petition.

c. _____other: *{date}* _____ *{Explain}* _____
_____ .

2. _____Respondent requests that the Court award a child support amount that is more than or less than Florida's child support guidelines.  Respondent understands that a **Motion to Deviate from Child Support Guidelines**, Florida Supreme Court Approved Family Law Form 12.943, **must** be completed before the Court will consider this request.

3. _____Respondent requests that medical/dental insurance coverage for the minor child(ren) be provided by:

*[Choose only **one**]*

Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (11/15)

- 557 -

a. _____Father.

b. _____Mother.

    4. _____Respondent requests that uninsured medical/dental expenses for the child(ren) be paid by: *[Choose only **one**]*

a. _____Father.
b. _____Mother.
c. _____Father and Mother each pay one-half.
d. _____Father and Mother each pay according to the percentages in the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e).
e. _____Other *{explain}*: _____
_____
_____

    5. _____Respondent requests that life insurance to secure child support be provided by: *[Choose only **one**]*

a. _____Father.
b. _____Mother.
c. _____Both.

    6. _____ Petitioner _____ Respondent _____ Both has (have) incurred medical expenses in the amount of $_____ on behalf of the minor child(ren), including hospital and other expenses incidental to the birth of the minor child(ren). There should be an appropriate allocation or apportionment of these expenses.

    7. _____ Petitioner _____ Respondent _____ Both has (have) received past public assistance for this (these) minor child(ren).

**RESPONDENT'S REQUEST**

1. Respondent requests a hearing on this petition and understands that he or she must attend the hearing.

2. Respondent requests that the Court enter an order that:
   *[Choose **all** that apply]*
   a. _____establishes paternity of the minor child(ren), ordering proper scientific testing, if necessary;
   b. _____establishes a Parenting Plan containing provisions for parental responsibility and time-sharing for the minor or dependent child(ren);
   c. _____awards child support, including medical/dental insurance coverage, for the minor child(ren);

Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (11/15)

- 558 -

d. _____determines the appropriate allocation or apportionment of all expenses incidental to the birth of the child(ren), including hospital and medical expenses;

e. _____determines the appropriate allocation or apportionment of all other past, present, and future medical and dental expenses incurred or to be incurred on behalf of the minor child(ren);

f. _____changes the child(ren)'s name(s); and

g. _____other relief as follows:_____

_____

_____

_____;

and grants such other relief as may be appropriate and in the best interests of the minor child(ren).

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed
(    ) e-mailed (    ) hand-delivered to the person(s) listed below on *{date}*_____.

**Petitioner or his/her attorney:**
Name:_____
Address:_____
City, State, Zip:_____
Fax Number:_____
Designated E-mail Address(es):_____

_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated:_____          _____
                                                Signature of Respondent/Counterpetitioner
                                                Printed Name: _____
                                                Address: _____
                                                City, State, Zip: _____
                                                Telephone Number: _____
                                                Fax Number: _____
                                                Designated E-mail Address(es):_____
                                                _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
Type of identification produced_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks]This form was prepared for the Respondent/Counterpetitioner.
This form was completed with the assistance of:
*{name of individual}* _____ ____,
*{name of business}* _____ ___,
*{address}* _____ __,
*{city}* _____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (11/15)

- 560 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(d), ANSWER TO COUNTERPETITION (11/15)

## When should this form be used?

This form may be used by a **petitioner** to respond to the **respondent's counterpetition** in a **paternity** case. You may use this form to admit or deny the allegations contained in the respondent's counterpetition.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should then **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form

12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

A copy of this form must be mailed, e-mailed, **or** hand-delivered to the other party in your case.

If the respondent has denied that the person named in the petition is the father of the child(ren) and requested a **scientific paternity test**, you must now wait until the test is complete. You should then proceed according to the instructions in **Petition to Determine Paternity and for Related Relief**, Florida Supreme Court Approved Family Law Form 12.983(a).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner/Counterrespondent,

and

_____,
Respondent/Counterpetitioner.

# ANSWER TO COUNTERPETITION

I, *{full legal name}* _____,
Petitioner/Counterrespondent, being sworn, certify that the following information is true:

l.  I **agree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}* _____.

2.  I **disagree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **deny** those issues: *{indicate section and paragraph number}* _____.

3.  I currently am unable to admit or deny the following paragraphs due to lack of information: *{indicate section and paragraph number}* _____.

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand delivered to the person(s) listed below on *{date}* _____.

**Respondent or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es); _____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Petitioner/Counter-respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____ .


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known
_____ Produced identification
Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only one}* (    ) Petitioner (    ) Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(e), MOTION FOR SCIENTIFIC PATERNITY TESTING (11/15)

## When should this form be used?

This form should be used when the mother or alleged father wants the court to order a **scientific paternity test** to determine the **paternity** of a minor child(ren).

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(e), Motion for Scientific Paternity Testing (11/15)

- 565 -

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

When you have filed this motion, you are ready to set a **hearing** on this motion. You should check with the clerk, **family law intake staff**, or **judicial assistant** for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

A copy of this motion and the Notice of Hearing must be mailed, e-mailed **or** hand-delivered to the other party in your case.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

## Special notes...

These family law forms contain an **Order on Motion for Scientific Paternity Testing**, Florida Supreme Court Approved Family Law Form 12.983(f), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(e), Motion for Scientific Paternity Testing (11/15)

- 566 -

IN THE CIRCUIT COURT OF THE          JUDICIAL CIRCUIT,
IN AND FOR          COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# MOTION FOR SCIENTIFIC PATERNITY TESTING

I, *{choose only one}* _____ Petitioner _____ Respondent certifies that the following information is true:

1. At this time, other than testimony, very little or no substantial proof of paternity or nonpaternity is available in this action.

2. I request, under section 742.12, Florida Statutes, that the Court enter an order for appropriate scientific testing of the biological samples of Petitioner and Respondent and the minor child(ren) listed below, so that a determination of paternity of the minor child(ren) can be made to a reasonable degree of medical certainty:

| **Name** | **Birth Date** |
|---|---|
| (1) | |
| (2) | |
| (3) | |
| (4) | |
| (5) | |
| (6) | |

3. I request that the costs of the scientific testing initially be borne by ( ) Petitioner ( ) Respondent ( ) both Petitioner and Respondent.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand delivered to the person(s) listed below on *{date}* _____.

**_____ Petitioner or his/her attorney:**
**_____ Respondent or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____ _____
Fax Number: _____

Florida Supreme Court Approved Family Law Form 12.983(g), Final Judgment of Paternity (11/15)

Designated E-mail Address(es):_____

_____

|  |  |
|---|---|
|  | Signature of Party |
|  | Printed Name: _____ |
|  | Address: _____ |
|  | City, State, Zip: _____ |
|  | Telephone Number: _____ |
|  | Fax Number: _____ |
|  | Designated E-mail Address(es):_____ |
|  | _____ |

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known
_____ Produced identification
     Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent. This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(a)
# PARENTING PLAN (11/15)

## When should this form be used?

A **Parenting Plan** is required in all cases involving **time-sharing** with minor child(ren), even when time-sharing is not in dispute. The Parenting Plan must be developed and agreed to by the parents and approved by the court. If the parties cannot agree to a Parenting Plan or if the parents agreed to a plan that is not approved by the court, a Parenting Plan will be established by the court with or without the use of parenting plan recommendations. This form or a similar form should be used in the development of a Parenting Plan. If the case involves **supervised time-sharing**, the **Supervised/Safety Focused Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(b) or a similar form should be used. If the case involves relocation, pursuant to Section 61.13001, Florida Statutes, then a **Relocation/Long Distance Parenting Plan,** Florida Supreme Court Approved Family Law Form 12.995(c) or a similar form should be used.

This form should be typed or printed in black ink. Please either delete or strike-through terms or paragraphs that are inappropriate or inapplicable to your agreement. If an agreement has been reached, **both** parties must sign the Parenting Plan and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**). If the parents have not reached an agreement, a proposed Parenting Plan may be filed by either parent at the time of or any time prior to the final hearing. If an agreed Parenting Plan is not filed by the parties, the court shall establish a Plan.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain

circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

## Special notes...

At a minimum, the **Parenting Plan** must describe in adequate detail:
- How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
- The **time-sharing schedule** arrangements that specify the time that the minor child(ren) will spend with each parent,
- A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities, and
- The methods and technologies that the parents will use to communicate with the child(ren).

The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular

minor child(ren) and the circumstances of that family, as listed in section 61.13(3), Florida Statutes, including, but not limited to:

- The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
- The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;
- The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;
- The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
- The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a child(ren);
- The moral fitness of the parents;
- The mental and physical health of the parents;
- The home, school, and community record of the child(ren);
- The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
- The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)'s friends, teachers, medical care providers, daily activities, and favorite things;
- The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
- The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor child(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the child(ren);
- Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge in writing that such evidence was considered when evaluating the best interests of the child(ren);
- Evidence that either parent has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;
- The particular parenting tasks customarily performed by each parent and the division or parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;
- The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)'s school and extracurricular activities;
- The demonstrated capacity and disposition of each parent to maintain an environment for the child(ren) which is free from substance abuse;

- The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the child)ren); and

- The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each parent to meet the child(ren)'s developmental needs.

This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.

In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____

Division: _____

_____
                    Mother
        and
_____
                    Father

# PARENTING PLAN

This parenting plan is: *{Choose only **one**}*

_____A Parenting Plan submitted to the court with the agreement of the parties.

_____A proposed Parenting Plan submitted by or on behalf of:

*{Parent's Name}*_____.

_____A Parenting Plan established by the court.

This parenting plan is: *{Choose only **one**}*

_____A final Parenting Plan established by the court.

_____A temporary Parenting Plan established by the court.

_____A modification of a prior final Parenting Plan or prior final order.

**I.      PARENTS**

**Mother**

Name:_____

Address: _____

Telephone Number: _____

E-Mail: _____

_____ Address Unknown: *{Please indicate here if mother's address is unknown}*

_____ Address Confidential: *{Please indicate here if mother's address and phone numbers are confidential pursuant to either a _____ Final Judgment for Protection Against Domestic Violence, or _____ other court order _____}.*

**Father**

Name:_____

Address: _____

Telephone Number: _____

E-Mail: _____

_____ Address Unknown: *{Please indicate here if father's address is unknown}*

_____ Address Confidential: *{Please indicate here if father's address and phone numbers are confidential pursuant to either a _____ Final Judgment for Protection Against Domestic Violence or _____ other court order_____.}*

**II.     CHILDREN**: This parenting plan is for the following child(ren) born to, or adopted by the parties: (*add additional lines as needed*)

Name                                                                    Date of Birth

_____

_____

_____

_____

_____

**III.     JURISDICTION**

The United States is the country of habitual residence of the child(ren).

The State of Florida is the child(ren)'s home state for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act.

This Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. Sections 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980, and for all other state and federal laws.

Other: _____.

**IV.     PARENTAL RESPONSIBILITY AND DECISION MAKING**

4.  **Parental Responsibility *{Choose only one}***

_____     **Shared Parental Responsibility.**
It is in the best interests of the child(ren) that the parents confer and **jointly** make all major decisions affecting the welfare of the child(ren). Major decisions include, but are not limited to, decisions about the child(ren)'s education, healthcare, and other responsibilities unique to this family.

**OR**

_____     **Shared Parental Responsibility with Decision Making Authority**

It is in the best interests of the child(ren) that the parents confer and attempt to agree on the major decisions involving the child(ren). If the parents are unable to agree, the authority for making major decisions regarding the child(ren) shall be as follows:

Education/Academic decisions          _____ Mother _____ Father
Non-emergency health care             _____ Mother _____ Father
Other: *{Specify}*_____        _____ Mother _____ Father
_____     _____ Mother _____ Father
_____     _____ Mother _____ Father

**OR**

_____ **Sole Parental Responsibility:**
It is in the best interests of the child(ren) that the ____ Mother ____ Father shall have sole authority to make major decisions for the child(ren.) It is detrimental to the child(ren) to have shared parental responsibility.

5. **Day-to-Day Decisions**
Unless otherwise specified in this plan, each parent shall make decisions regarding day-to-day care and control of each child while the child is with that parent. Regardless of the allocation of decision making in the parenting plan, either parent may make emergency decisions affecting the health or safety of the child(ren) when the child is residing with that parent. A parent who makes an emergency decision shall share the decision with the other parent as soon as reasonably possible.

6. **Extra-curricular Activities** *{Indicate all that apply}*

a._____Either parent may register the child(ren) and allow them to participate in the activity of the child(ren)'s choice.

b._____The parents must mutually agree to all extra-curricular activities.

c._____ The parent with the minor child(ren) shall transport the minor child(ren) to and/or from all mutually agreed upon extra-curricular activities, providing all necessary uniforms and equipment within the parent's possession.

d._____ The costs of the extra-curricular activities shall be paid by:
Mother _____% Father _____ %

e._____ The uniforms and equipment required for the extra-curricular activities shall be paid by: Mother _____ % Father _____%

f._____       Other:
{Specify}_____

_____.

**V.**      **INFORMATION SHARING**.  Unless otherwise indicated or ordered by the Court:

Unless otherwise prohibited by law, each parent shall have access to medical and school records and information pertaining to the child(ren) and shall be permitted to independently consult with any and all professionals involved with the child(ren). The parents shall cooperate with each other in sharing information related to the health, education, and welfare of the child(ren) and they shall sign any necessary documentation ensuring that both parents have access to said records.

Each parent shall be responsible for obtaining records and reports directly from the school and health care providers.

Both parents have equal rights to inspect and receive governmental agency and law enforcement records concerning the child(ren).

Both parents shall have equal and independent authority to confer with the child(ren)'s school, day care, health care providers, and other programs with regard to the child(ren)'s educational, emotional, and social progress.

Both parents shall be listed as "emergency contacts" for the child(ren).

Each parent has a continuing responsibility to provide a residential, mailing, and contact address and contact telephone number to the other parent.  Each parent shall notify the other parent in writing within 24 hours of any changes. Each parent shall notify the court in writing within seven (7) days of any changes.

Other: _____

_____.

**VI.**      **SCHEDULING**

     1.    **School Calendar**
        If necessary, on or before _____ of each year, both parents should obtain a copy of the school calendar for the next school year. The parents shall discuss the calendars and the time-sharing schedule so that any differences or questions can be resolved.

The parents shall follow the school calendar of: *{Indicate all that apply}*

a.\_\_\_\_\_the oldest child

b.\_\_\_\_\_the youngest child

c.\_\_\_\_\_ _____ County

d.\_\_\_\_\_ _____ School

2. **Academic Break Definition**

   When defining academic break periods, the period shall begin at the end of the last scheduled day of classes before the holiday or break and shall start on the first day of regularly scheduled classes after the holiday or break.

3. **Schedule Changes** *{Indicate all that apply}*

   a.\_\_\_\_\_A parent making a request for a schedule change will make the request as soon as possible, but in any event, except in cases of emergency, no less than _____ _____before the change is to occur.

   b.\_\_\_\_\_A parent requesting a change of schedule shall be responsible for any additional child care, or transportation costs caused by the change.

   c.\_\_\_\_\_Other *{Specify}*_____.

## VII. TIME-SHARING SCHEDULE

1. **Weekday and Weekend Schedule**

   The following schedule shall apply beginning on _____ with the _____ Mother _____ Father and continue as follows:

   The child(ren) shall spend time with the **Mother** on the following dates and times:

   WEEKENDS: \_\_\_\_\_ Every \_\_\_\_\_ Every Other \_\_\_\_\_ Other *{specify}* _____

   From_____ to _____

   WEEKDAYS: *{Specify days}* _____

   From _____ to _____

   OTHER: *{Specify}* _____

   _____

   _____.

   The child(ren) shall spend time with the **Father** on the following dates and times:

   WEEKENDS: \_\_\_\_\_ Every \_\_\_\_\_ Every Other \_\_\_\_\_ Other *{specify}*_____

   From_____ to _____

   WEEKDAYS: *{Specify days}* _____

From _____ to _____

OTHER: *{Specify}* _____

_____

_____.

**Please indicate if there is a different time sharing schedule for any child. Complete a separate Attachment for each child for whom there is a different time sharing schedule.**

_____ There is a different time-sharing schedule for the following child(ren) in Attachment _____.

_____, and _____.
(Name of Child)                                              (Name of Child)

2. **Holiday Schedule** *{Choose only **one**}*

a. _____No holiday time sharing shall apply. The regular time-sharing schedule set forth above shall apply.

b. _____Holiday time-sharing shall be as the parties agree.

c. _____Holiday time-sharing shall be in accordance with the following schedule. The Holiday schedule will take priority over the regular weekday, weekend, and summer schedules. Fill in the blanks with Mother or Father to indicate where the child(ren) will be for the holidays. Provide the beginning and ending times. If a holiday is not specified as even, odd, or every year with one parent, then the child(ren) will remain with the parent in accordance with the regular schedule

| Holidays | Even Years | Odd Years | Every Year | Begin/End Time |
|---|---|---|---|---|
| Mother's Day | _____ | _____ | _____ | _____ |
| Father's Day | _____ | _____ | _____ | _____ |
| President's Day | _____ | _____ | _____ | _____ |
| M. L. King Day | _____ | _____ | _____ | _____ |
| Easter | _____ | _____ | _____ | _____ |
| Passover | _____ | _____ | _____ | _____ |
| Memorial Day Wkd | _____ | _____ | _____ | _____ |
| 4th of July | _____ | _____ | _____ | _____ |
| Labor Day Wkd | _____ | _____ | _____ | _____ |
| Columbus Day Wkd | _____ | _____ | _____ | _____ |
| Halloween | _____ | _____ | _____ | _____ |
| Thanksgiving | _____ | _____ | _____ | _____ |
| Veteran's Day | _____ | _____ | _____ | _____ |
| Hanukkah | _____ | _____ | _____ | _____ |
| Yom Kippur | _____ | _____ | _____ | _____ |

Rosh Hashanah _____ _____ _____ _____

Child(ren)'s

Birthdays: _____ _____ _____ _____ _____

_____ _____ _____ _____ _____

_____ _____ _____ _____ _____

This holiday schedule may affect the regular Time-Sharing Schedule. Parents may wish to specify either or both of the following options:

d.\_\_\_\_\_When the parents are using an alternating weekend plan and the holiday schedule would result in one parent having the child(ren) for three weekends in a row, the parents will exchange the following weekend, so that each has two weekends in a row before the regular alternating weekend pattern resumes.

e.\_\_\_\_\_If a parent has the child(ren) on a weekend immediately before or after an unspecified holiday or non-school day, they shall have the child(ren) for the holiday or non-school day.

3. **Winter Break** *{Choose only **one**}*

a. \_\_\_\_\_The \_\_\_\_\_ Mother \_\_\_\_\_ Father shall have the child(ren) from the day and time school is dismissed until December _____ at _____ a.m./p. m in \_\_\_\_odd-numbered years \_\_\_\_\_ even-numbered years \_\_\_\_ every year. The other parent will have the children for the second portion of the Winter Break. The parties shall alternate the arrangement each year.

b.\_\_\_\_\_The \_\_\_\_\_ Mother \_\_\_\_\_ Father shall have the child(ren) for the **entire** Winter Break during \_\_\_\_\_ odd-numbered years \_\_\_\_\_ even-numbered years \_\_\_\_\_ every year.

c.\_\_\_\_\_Other: _____

_____

_____.

d**. \_\_\_\_\_Specific Winter Holidays**

If not addressed above, the specific Winter Holidays such as Christmas, New Year's Eve, Hanukkah, Kwanzaa, etc. shall be shared as follows:

_____

_____

_____

_____.

7. **Spring Break** *{Choose only **one**}*

a.\_\_\_\_\_The parents shall follow the regular schedule.

b._____The parents shall alternate the entire Spring Break with the Mother having the child(ren) during the _____odd-numbered years _____even numbered years.

c._____The _____ Father _____ Mother shall have the child(ren) for the entire Spring Break every year.

d._____The Spring Break will be evenly divided.  The first half of the Spring Break will go to the parent whose regularly scheduled weekend falls on the first half and the second half going to the parent whose weekend falls during the second half.

e._____Other: *{Specify}*_____.

8.   **Summer Break** *{Choose only **one**}*

a._____The parents shall follow the regular schedule through the summer.

b._____The _____ Mother _____ Father shall have the entire Summer Break from _____after school is out until _____ before school starts.

c._____The parents shall equally divide the Summer Break as follows: During _____ odd-numbered years_____ even numbered years, the _____ Mother _____ Father shall have the children from _____ _after school is out until _____. The other parent shall have the child(ren) for the second one-half of the Summer Break.  The parents shall alternate the first and second one-halves each year unless otherwise agreed.  During the extended periods of time-sharing, the other parent shall have the child(ren) _____.

d._____Other: *{Specify}*_____
_____.

6**.   Number of Overnights:**
Based upon the time-sharing schedule, the Mother has a total of _____ overnights per  year and the Father has a total of _____ overnights per year.
**Note: The two numbers must equal 365.**

7.   _____**If not set forth above,** the parties shall have time-sharing in accordance with  the schedule which is attached and incorporated herein.

## VIII.   TRANSPORTATION AND EXCHANGE OF CHILD(REN)

6.   **Transportation** *{Choose only **one**}*

a.____The ____ Mother ____ Father shall provide all transportation.

b. _____The parent beginning their time-sharing shall provide transportation for the child(ren).

c._____The parent ending their time-sharing shall provide transportation for the child(ren).

d._____Other: *{Specify}*_____.



2. **Exchange**

   Both parents shall have the child(ren) ready on time with sufficient clothing packed and ready at the agreed upon time of exchange. If a parent is more than _____ minutes late without contacting the other parent to make other arrangements, the parent with the child(ren) may proceed with other plans and activities.
   *{Choose only one}:*

   a._____Exchanges shall be at Mother's and Father's homes unless both parents agree to a different meeting place.

   b._____Exchanges shall occur at _____ _____ unless both parties agree in advance to a different meeting place.

   c._____Other: _____.

3. **Transportation Costs** *{Choose only **one**}*

   a._____Transportation costs are included in the Child Support Worksheets and/or the Order for Child Support and should not be included here.

   b._____The Mother shall pay _____% and the Father shall pay _____ % of the transportation costs.

   c._____Other: _____.

4. **Foreign and Out-Of-State Travel** *{Indicate all that apply}*

   a._____Either parent may travel within the United States with the child(ren) during his/her time-sharing.  The parent traveling with the child(ren) shall give the other parent at least ____ days written notice before traveling out of state unless there is an emergency, and shall provide the other parent with a detailed itinerary, including

locations and telephone numbers where the child(ren) and parent can be reached at least _____ days before traveling.

b._____Either parent may travel out of the country with the child(ren) during his/her time-sharing. At least ___ days prior to traveling, the parent shall provide a detailed itinerary, including locations, and telephone numbers where the child(ren) and parent may be reached during the trip. Each parent agrees to provide whatever documentation is necessary for the other parent to take the child(ren) out of the country.

c._____If a parent wishes to travel out of the country with the child(ren), he/she shall provide the following security for the return of the child

_____
_____.

d._____Other _____.

## IX.     EDUCATION

1.     **School designation.**
    For purposes of school boundary determination and registration, the _____ Mother's _____ Father's address shall be designated.

2.     _____ *{If Applicable}* The following provisions are made regarding private or home schooling: _____
    _____
    _____.

3.     **Other.** _____
    _____
    _____.

## X.     DESIGNATION FOR OTHER LEGAL PURPOSES

The child(ren) named in this Parenting Plan are scheduled to reside the majority of the time with the _____ Mother _____ Father. This majority designation is **SOLELY** for purposes of all other state and federal laws which require such a designation. **This designation does not affect either parent's rights and responsibilities under this Parenting Plan.**

## XI.     COMMUNICATION

1.     **Between Parents**

All communications regarding the child(ren) shall be between the parents. The parents shall not use the child(ren) as messengers to convey information, ask questions, or set up schedule changes.

The parents shall communicate with each other: *{Indicate all that apply}*

_____in person
_____by telephone
_____by letter
_____by e-mail
_____Other: *{Specify}*_____.


2. **Between Parent and Child(ren)**

Both parents shall keep contact information current. Telephone or other electronic communication between the child(ren) and the other parent shall not be monitored by or interrupted by the other parent. "Electronic communication" includes telephones, electronic mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless technologies or other means of communication to supplement face to face contact.

The child(ren) may have _____ telephone _____ e-mail _____ other electronic communication in the form of _____ with the other parent: *{Choose only **one**}*
    a._____Anytime
    b._____Every day during the hours of _____ to _____.
    c._____On the following days_____
    during the hours of _____ to _____.
    d._____Other: _____.

3. Costs of Electronic Communication shall be addressed as follows:
    _____
    _____
    _____.


**XII.** **CHILD CARE** *{Choose only **one**}*

    a._____Each parent may select appropriate child care providers
    b._____All child care providers must be agreed upon by both parents.
    c._____Each parent must offer the other parent the opportunity to care for the child(ren) before using a child care provider for any period exceeding _____ hours.
    d._____Other : *{Specify}*_____.

**XIII.    CHANGES OR MODIFICATIONS OF THE PARENTING PLAN**

Temporary changes to this Parenting Plan may be made informally without a written document; however, if the parties dispute the change, the Parenting Plan shall remain in effect until further order of the court.

Any substantial changes to the Parenting Plan must be sought through the filing of a supplemental petition for modification.

**XIV.    RELOCATION**

Any relocation of the child(ren) is subject to and must be sought in compliance with section 61.13001, Florida Statutes.

**XV.     DISPUTES OR CONFLICT RESOLUTION**

Parents shall attempt to cooperatively resolve any disputes which may arise over the terms of the Parenting Plan. The parents may wish to use mediation or other dispute resolution methods and assistance, such as Parenting Coordinators and Parenting Counselors, before filing a court action.

**XVI.    OTHER PROVISIONS**

_____
_____
_____
_____
_____
_____
_____.

### SIGNATURE OF PARENTS

**I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this Plan and intend to be bound by it.**

Dated: _____          _____
                                        Signature of Mother
                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____

Designated E-mail Address(es):_____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this Plan and intend to be bound by it.**

Dated:_____          _____
                                          Signature of Father
                                          Printed Name: _____
                                          Address: _____
                                          City, State, Zip: _____
                                          Telephone Number: _____
                                          Fax Number: _____
                                          Designated E-mail Address(es):_____

                                          _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____

Florida Supreme Court Approved Family Law Form 12.995(a), Parenting Plan (11/15)

*{Print, type, or stamp commissioned name of notary or clerk.}*

_____Personally known
_____Produced identification
      Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Mother (   ) Father

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____,*{state}* _____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(b), SUPERVISED/SAFETY-FOCUSED PARENTING PLAN (11/15)

## When should this form be used?

A **Parenting Plan** is required in all cases involving minor child(ren). This form or a similar form should be used in cases when you feel your child(ren) cannot be safely alone with the other parent or if you believe **shared parental responsibility** presents a detriment to the child(ren). In this case, a Parenting Plan must be developed that allows **time-sharing** with any minor child(ren), while providing protection for the child(ren). If safety or supervised time-sharing is not a concern, **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a) or a similar form should be used. If the case involves relocation, pursuant to Section 61.13001, Florida Statutes, then **Relocation/Long Distance Parenting Plan,** Florida Supreme Court Approved Family Law Form 12.995(c) or a similar form should be used.

This form should be typed or printed in black ink. If an agreement has been reached, **both** parties must sign the Parenting Plan and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**). If the parents have not reached an agreement, a proposed Parenting Plan may be filed by either parent at the time of or any time prior to the final hearing. If an agreed Parenting Plan is not filed by the parties, the court shall establish a Plan.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings

by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **"<u>bold underline</u>"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

## Special notes...

If you fear that disclosing your address would put you in danger, you should complete a Request for Confidential Filing of Address, Florida Supreme Court Approved Form 12.980(h), file it with the clerk of the circuit court and write confidential in the space provided in the Parenting Plan.

At a minimum, the **Parenting Plan** must describe in adequate detail:
- How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
- The **time-sharing schedule** arrangements that specify the time that the minor child(ren) will spend with each parent,
- A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities, and
- The methods and technologies that the parents will use to communicate with the child(ren).

The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of that family, as listed in section 61.13(3), Florida Statutes, including, but not limited to:

• The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;

• The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;

• The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;

• The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;

• The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a child(ren);

• The moral fitness of the parents;

• The mental and physical health of the parents;

• The home, school, and community record of the child(ren);

• The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;

• The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)'s friends, teachers, medical care providers, daily activities, and favorite things;

• The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;

• The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor child(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the child(ren);

• Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge, in writing that such evidence was considered when evaluating the bests interests of the child(ren);

• Evidence that either parent has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;

• The particular parenting tasks customarily performed by each parent and the division or parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;

- The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)'s school and extracurricular activities;
- The demonstrated capacity and disposition of each parent to maintain an environment for the child(ren) which is free from substance abuse;
- The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the child)ren); and
- The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each parent to meet the child(ren)'s developmental needs.

This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.

In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____
                        Mother,
        and

_____
                        Father.

# SUPERVISED/SAFETY-FOCUSED PARENTING PLAN

This parenting plan is: *{Choose only one}*
_____ A Parenting Plan submitted to the court with the agreement of the parties.
_____ A proposed Parenting Plan submitted by or on behalf of:
        *{Parent's Name}*_____.
_____ A Parenting Plan established by the court.

This parenting plan is: *{Choose only one}*
_____ A final Parenting Plan established by the court.
_____ A temporary Parenting Plan established by the court.
_____ A modification of a prior final Parenting Plan or prior final order.

   **I.   PARENTS**
        **Mother**
        Name:_____
        Address:_____
        Telephone Number:_____
        E-Mail:_____
        _____ Address Unknown: *{Please indicate if mother's address is unknown}*
        _____ Address Confidential:  *{Please indicate if mother's address and phone numbers are*


        *confidential pursuant to either a _____ Final Judgment for Protection Against Domestic Violence*
        *or other court order _____.}*

        **Father**
        Name:_____
        Address:_____
        Telephone Number: _____

Instructions for Florida Supreme Court Family Law Form 12.995(b), Supervised/Safety-Focused Parenting Plan (11/15)

- 591 -

E-Mail: _____

_____ Address Unknown: *(Please indicate if father's address is unknown}*

_____ Address Confidential: *(Please indicate if father's address and telephone numbers are confidential pursuant to either a _____ Final Judgment for Protection Against Domestic Violence or _____ other court order _____.)*

II. **CHILDREN**: This parenting plan is for the following child(ren) born to, or adopted by the parties: *(add additional lines as needed)*

Name                                                          Date of Birth

_____

_____

_____

_____

III. **JURISDICTION**

The United States is the country of habitual residence of the child(ren).

The State of Florida is the child(ren)'s home state for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act.

This Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. Section 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980, and for other state and federal laws.

Other: _____.

IV. **PARENTAL RESPONSIBILITY** *{Choose only **one**}*

_____ **Sole** Parental Responsibility
It is in the best interests of the child(ren) that the_____ Mother _____ Father shall have **sole** authority to make major decisions for the child(ren.)  It is detrimental to the child(ren) for the parents to have shared parental responsibility.

_____ **Shared** Parental Responsibility with Decision Making Authority
It is in the best interests of the child(ren) that the parents confer and attempt to agree on the major decisions involving the child(ren).  If the parents are unable to agree, the authority for making major decisions regarding the child(ren) shall be as follows:

Education/Academic decisions _____ Mother _____ Father
Non-emergency health care _____ Mother _____ Father
_____ _____ Mother _____ Father
_____ _____ Mother _____ Father
_____ _____ Mother _____ Father

_____**Other**: *(Explain)* _____.

**V. TIME SHARING SCHEDULE** *{Choose only one}*

_____ **No Time-Sharing:** The _____ Mother _____Father shall have no contact with the child(ren) until further order of the court. All parenting decisions shall be made by the other parent.

1. _____ **Supervised Time-Sharing:** Whenever the child(ren) are with the _____ Mother _____ Father, the supervisor shall be present. The _____ Mother _____ Father has the right to spend time with the child(ren) even though the other parent will be making most, if not all, of the parenting decisions which are made on the child(ren)'s behalf. The time-sharing schedule shall be mutually agreed to between the parents, but not less than the schedule set forth below: *{Choose only one}*

   _____ hours per week. The place(s), and time(s) shall be set by the _____ Mother _____Father.

   _____ From _____ __m. to _____ __ m, on the following day(s) _____ _____.

2. _____ **Restricted Time-Sharing:** The _____ Mother _____ Father shall have time-sharing with the following restrictions. *{The restrictions should be described in detail such as time-sharing only in public places, no overnight visits, etc.}* The time-sharing schedule shall be mutually agreed upon between the parents, but not less than the schedule set forth below:_____

   _____
   _____
   _____.

3. _____ hours per week. The place(s), and time(s) shall be set by the _____ Mother _____ Father.

4. _____Other: _____.

Instructions for Florida Supreme Court Family Law Form 12.995(b), Supervised/Safety-Focused Parenting Plan (11/15)

**VI. SUPERVISOR AND SUPERVISION** *{Choose only one}*

1. **Supervisor.** The person supervising the time-sharing shall: *{Choose only one}*
   _____          Be selected by the _____ Mother _____ Father.

   _____ Be selected by the _____ Mother _____ Father, subject to the other parent's approval.

   _____ Other: _____.

2. **Restrictions or Level of Supervision**: _____
   _____
   _____ .

3. **Costs of Supervision**
   _____The costs of the supervision shall be paid by the _____ Mother _____ Father

   _____Other: _____.

**VII. LOCATION:** *{Choose only one}*

The _____ Mother _____ Father shall spend his/her time-sharing with the child(ren) at the following location(s):

1. _____Supervised visitation center (*name and address of facility*) _____
   _____.

2._____ _____ (*location*) or other location designated
   by the _____ Mother _____ Father

3._____Any location designated by the _____ Mother _____ Father with the approval of the supervisor.

4._____Other: _____ .

**VIII. DESIGNATION FOR OTHER LEGAL PURPOSES**

1. The child(ren) named in this Safety-Focused Parenting Plan are scheduled to reside the majority of the time with the _____ Mother _____Father. This majority designation is **SOLELY** for purposes of all other state and federal statutes which require such a designation. **This designation does not affect either parent's rights and responsibilities under this parenting**

**plan.**

2. For purposes of school boundary determination and registration, the _____ Mother's _____ Father's address shall be designated.

## IX. TRANSPORTATION AND EXCHANGE OF CHILD(REN)

1. **Transportation**
   The child(ren) shall not be driven in a car unless the driver has a valid driver's license, automobile insurance, seat belts, and child safety seats as required by Florida law.

   The _____ Mother _____ Father or mutually agreed upon person shall be responsible for transporting the child(ren) to the exchange point. The child(ren) shall be picked up and/or returned to the exchange point by *{Choose only one}*

   _____ The _____ Mother _____ Father with the supervisor present.

   _____ The supervisor alone.

   _____ Other: _____.

2. **Exchange**

   The exchange of the child(ren) shall occur at: *{Indicate all that apply}*

   a._____ The site of the supervised visit.

   b._____ A monitored exchange location *{specify name and address of facility}*_____
   _____.

   c._____ Other: _____.

   d._____ The _____ Mother _____ Father is prohibited from coming to the exchange point.

## X. COMMUNICATION

1. **Between Parents**
   All communications regarding the child(ren) shall be between the parents. The parents shall not use the child(ren) as messengers to convey information, ask questions, or set up schedule changes.

_____The parents shall communicate with each other: *{Indicate all that apply}*
_____in person
_____by telephone
_____by letter
_____by e-mail
_____Other: *{Specify}* _____.

_____ **No Communication**. Unless otherwise prohibited by court order, all information and communication regarding the child(ren) shall be exchanged via or through
_____.

2.  **Between Parent and Child(ren)**

    The _____ Mother _____ Father *{Indicate all that apply}*

    a._____Shall not telephone, write, or e-mail the child(ren) unless the contact is agreed to in advance by the other parent.

    b._____May write or e-mail the child(ren) at any time. Each parent shall provide a contact address (and e-mail address if appropriate) to the other parent, unless other prohibited by court order.

    c._____May call the child(ren) on the telephone _____ times per week. The call shall last no more than _____ minutes and shall take place between _____ __m. and _____ __ m. Each parent shall provide a telephone number to the other parent, unless otherwise prohibited by court order or law.

    d._____ Long distance telephone calls made by the child(ren) to a parent shall be paid by _____. Each parent shall provide a telephone number to the other parent, unless otherwise prohibited by court order or law.

    e._____Other: _____.

3.  **Costs of Electronic Communication**

    "Electronic communication" includes telephones, electronic mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless technologies or other means of communication to supplement face-to face contact.

    The costs of electronic communication shall be addressed as follows:
    _____

_____
_____.

### XI. ACCESS TO ACTIVITIES AND EVENTS

The _____ Mother _____ Father *{Choose only one}*

1._____Shall not attend the child(ren)'s activities and events, including but not limited to, school, athletic, and extra-curricular activities and events.

2._____May attend the child(ren)'s school, athletic, and extra-curricular activities and events.

3._____The _____ Mother _____ Father must stay _____ feet from the other parent and _____ feet from the child.

4._____ Other _____.

### XII. CHILD(REN)'S SAFETY

The _____ Mother _____ Father shall follow the safety rules checked below.
*(Indicate all that apply)*

1._____There shall be no firearms in the home, car, or in the child(ren)'s presence during time-sharing.

2. _____No alcoholic beverages shall be consumed from twenty-four (24) hours before the child(ren) arrive until they are returned to the other parent.

3._____The child(ren) shall not be disciplined by corporal punishment.

4._____The following person(s) present a danger to the child(ren) and shall not be present during time-sharing: _____
_____.

5._____Other: _____.

### XIII. CHANGES OR MODIFICATIONS OF THE PARENTING PLAN

All changes to the Safety-Focused Parenting Plan must be pursuant to a court order.

**XIV.  OTHER PROVISIONS**

_____
_____
_____
_____
_____
_____.


**SIGNATURES OF PARENTS**

**I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this Plan and intend to be bound by it.**


Dated: _____          _____
                                          Signature of Mother
                                          Printed Name: _____
                                          Address: _____
                                          City, State, Zip: _____
                                          Telephone Number: _____
                                          Fax Number: _____
                                          Designated E-mail Address(es):_____
                                          _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.



                                          _____
                                          NOTARY PUBLIC or DEPUTY CLERK


                                          _____
                                          *{Print, type, or stamp commissioned name of notary or clerk}*

_____ Personally known

_____ Produced identification


Instructions for Florida Supreme Court Family Law Form 12.995(b), Supervised/Safety-Focused Parenting Plan (11/15)

Type of identification produced _____

**I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this Plan and intend to be bound by it.**

Dated: _____          _____
                                        Signature of Father
                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-mail Address(es):_____

                                        _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK

                                        _____
                                        *{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification

Instructions for Florida Supreme Court Family Law Form 12.995(b), Supervised/Safety-Focused Parenting Plan (11/15)

Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
 [fill in **all** blanks] This form was prepared for the: *{choose only one}* (      ) Mother (      ) Father. This form was completed with the assistance of:
 *{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(c) RELOCATION/LONG DISTANCE PARENTING PLAN (11/15)

## When should this form be used?

A **Parenting Plan** is required in all cases involving **time-sharing** with minor child(ren), even when time-sharing is not in dispute. The Parenting Plan must be developed and agreed to by the parents and every other person entitled to access or time-sharing with the child(ren) and approved by the court. "Other Person" means an individual who is not the parent, but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with or visitation with the child(ren). If the parties cannot agree to a Parenting Plan or if the parents agreed to a Plan that is not approved by the court, a Parenting Plan will be established by the court with or without the use of Parenting Plan Recommendations.

This form or a similar form should be used in the development of a Parenting Plan when you are planning to relocate your or the child(ren)'s principal residence more than 50 miles from the principal place of residence:

- at the time of the last order either establishing or modifying time-sharing, or
- at the time of filing the pending action to either establish or modify time-sharing

This form should be typed or printed in black ink. If an agreement has been reached, **both** parties must sign the Parenting Plan and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**). If an agreed Parenting Plan is not filed by the parties, the Court shall establish a Plan.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

Instructions for Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (11/15)

- 601 -

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case

## Special notes...

At a minimum, the **Relocation/Long Distance Parenting Plan** must describe in adequate detail:
- How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
- The **time-sharing schedule** that specifies the time that the minor child(ren) will spend with each parent and every other person entitled to access or time-sharing,
- A designation of who will be responsible for any and all forms of health care, school-related

Instructions for Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (11/15)

matters, including the address to be used for school-boundary determination and registration, other activities,

- The methods and technologies that the parties will use to communicate with the child(ren), and
- Any transportation arrangements related to access or time-sharing.

The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parties, including the parties' historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of the family as listed in section 61.13(3), Florida Statutes, including, but not limited to:

- The demonstrated capacity and disposition of each party to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
- The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;
- The demonstrated capacity and disposition of each party to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;
- The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
- The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either party with a child(ren);
- The moral fitness of the parties;
- The mental and physical health of the parties;
- The home, school, and community record of the child(ren);
- The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
- The demonstrated knowledge, capacity, and disposition of each party to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)'s friends, teachers, medical care providers, daily activities, and favorite things;
- The demonstrated capacity and disposition of each party to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
- The demonstrated capacity of each party to communicate with and keep the other part(y)ies informed of issues and activities regarding the minor child(ren), and the willingness of each party to adopt a unified front on all major issues when dealing with the child(ren);
- Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the court accepts evidence of prior or pending actions regarding

Instructions for Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (11/15)

- 603 -

domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge in writing that such evidence was considered when evaluating the best interests of the child(ren);

- Evidence that any party has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;

- The particular parenting tasks customarily performed by each patty and the division of parental responsibilities before the institution of litigation and during the pending litigation,
including the extent to which parenting responsibilities were undertaken by third parties;

- The demonstrated capacity and disposition of each party to participate and be involved in the child(ren)'s school and extracurricular activities;

- The demonstrated capacity and disposition of each party to maintain an environment for the child(ren) which is free from substance abuse;

- The capacity and disposition of each party to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing
documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about any other party to the child)ren); and

- The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each party to meet the child(ren)'s developmental needs.

This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.

In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (11/15)

- 604 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
               Petitioner,

And

_____,
               Respondent.

# RELOCATION/LONG-DISTANCE PARENTING PLAN

This parenting plan is: *{Choose only **one**}*

_____            A Parenting Plan submitted to the court with the agreement of the parties.
_____            A proposed Parenting Plan submitted by or on behalf of:
                  *{Name of Parent or Other Person}*_____.
_____            A Parenting Plan established by the court.

This parenting plan is: *{Choose only **one**}*

_____            A final Parenting Plan established by the court.
_____            A temporary Parenting Plan established by the court.
_____            A modification of a prior final Parenting Plan or prior final order.

**I.   PARTIES**

**Mother**
Name:_____
Address: _____
Telephone Number: _____
E-Mail: _____

**Father**
Name:_____
Address: _____
Telephone Number: _____
E-Mail: _____

**Other Person *{If Applicable}***
Name:_____
Address:_____
Telephone Number_____
E-mail:_____

**II.**    **CHILDREN**: This parenting plan is for the following child(ren):
*{Add additional lines as needed}*

| **Name(s)** | **Birth Date(s)** |
|---|---|

_____
_____
_____
_____
_____

**III.**    **JURISDICTION**

The United States is the country of habitual residence of the child(ren).

The State of Florida is the child(ren)'s home state for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act.

This Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. Sections 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980, and for all other state and federal laws.

Other: _____.

**IV.**    **PARENTAL RESPONSIBILITY AND DECISION MAKING**

   1.     **Parental Responsibility** *{Choose only one}*

_____     **Shared** Parental Responsibility.
It is in the best interests of the child(ren) that the parties confer and **jointly** make all major decisions affecting the welfare of the child(ren). Major decisions include, but are not limited to, decisions about the child(ren)'s education, healthcare, and other responsibilities unique to this family.

_____     **Shared Parental** Responsibility with Decision Making Authority
It is in the best interests of the child(ren) that the parties confer and attempt to agree on the major decisions involving the child(ren). If the parties are unable to agree, the authority for making major decisions regarding the child(ren) shall be as follows:

Education/Academic decisions   ____ Mother ____ Father ____ Other Person
Non-emergency health care     ____ Mother   ____ Father ____ Other Person
_____ _____ Mother ____ Father ____ Other Person
_____ ____ Mother   ____ Father ____ Other Person

_____ _____ Mother _____ Father _____ Other Person

_____     **Sole** Parental Responsibility:
It is in the best interests of the child(ren) that the _____ Mother _____ Father _____ Other Person shall have sole authority to make major decisions for the child(ren.) It is detrimental to the child(ren) for the parties to share decision making.

2. **Day-to-Day Decisions**
Unless otherwise specified in this plan, each party shall make decisions regarding day-to-day care and control of each child, including the performance of daily tasks, while the child is with that party. Regardless of the allocation of decision making in the Parenting Plan, any party may make emergency decisions affecting the health or safety of the child(ren) when the child is residing with that party. A party who makes an emergency decision shall share the decision with the other party as soon as reasonably possible.

3. **Extracurricular Activities** *(Indicate all that apply)*

i.     _____ Any party may register the child(ren) and allow them to participate in the activity of the child(ren)'s choice.

ii.     _____ The parties must mutually agree to all extracurricular activities.

c. _____ The party with the minor child(ren) shall transport the minor child(ren) to and/or from all mutually agreed upon extra-curricular activities, providing all necessary uniforms and equipment within the party's possession.

d. _____ The costs of the extracurricular activities shall be paid by:
Mother _____% Father _____ %

e. _____ The uniforms and equipment required for the extracurricular activities shall be paid by:
Mother _____ %     Father _____%

f. _____ Other: _____ .

**V.**     **INFORMATION SHARING. Unless Otherwise Indicated or Ordered by the Court**:

1. Unless otherwise prohibited by law, the parties shall have access to medical and school records, and information pertaining to the child(ren), and shall be permitted to independently consult with any and all professionals involved with the child(ren). The parties shall cooperate with each other in sharing information related to the health, education, and welfare of the child(ren) and they shall sign any necessary documentation ensuring that all parties have access to said records.

2. Each party shall be responsible for obtaining records and reports directly from the school and health care providers.

3. The parties have equal rights to inspect and receive governmental agency and law enforcement records concerning the child(ren).

4. The parties shall have equal and independent authority to confer with the child(ren)'s school, day care, health care providers, and other programs with regard to the child(ren)'s educational, emotional, and social progress.

5. The parties shall be listed as "emergency contacts" for the child(ren).

6. Each party has a continuing responsibility to provide a residential and mailing address, and contact telephone number (s) to the other parties.  Each party shall notify the other parties in writing within 24 hours of any changes. Each party shall notify the court in writing within seven (7) days of any changes.

7. Other: _____
_____.

## VI.    SCHEDULING

1. **School Calendar**
a.  If necessary, on or before _____ of each year, the parties should obtain a copy of the school calendar for the next school year. The parties shall discuss the calendars and the time-sharing schedule so that any differences or questions can be resolved.

b.  The parties shall follow the school calendar of: *{Indicate **all** that apply}*
_____    the oldest child
_____    the youngest child
_____    _____ County
_____    _____ School

2. **Academic Break Definition**
When defining academic break periods, the period shall begin at the end of the last scheduled day of classes before the holiday or break and shall end on the first day of regularly scheduled classes after the holiday or break.

3. **Schedule Changes** *{Indicate **all** that apply}*

1.    _____    A party making a request for a schedule change will make the request as soon as possible, but in any event, except in cases of emergency, no less than _____ before the change is to occur.

2.    _____    A party requesting a change of schedule shall be responsible for any additional child care, or transportation costs caused by the change.

3.    _____    Other

Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (11/15)

_____.

## VII. TIME-SHARING SCHEDULE

1. **Weekday and Weekend Schedule**

The following schedule shall apply beginning on _____ with the _____ Mother _____ Father _____ *{If Applicable}* Other Person and continue as follows:

The child(ren) shall spend time with the **Mother** on the following dates and   times:
**WEEKENDS**: _____ Every _____ Every Other _____ Other *{Specify}* :

_____
From _____ to _____
WEEKDAYS: *{Specify days}* _____
From _____ to _____
**OTHER**: *{Specify}* _____

_____
_____

The child(ren) shall spend time with the **Father** on the following dates and times:
**WEEKENDS**: _____ Every _____ Every Other _____ Other *{Specify}***:**

_____
From_____ to _____
**WEEKDAYS**: *{Specify days}* _____
From _____ to _____
**OTHER:** *{Specify}* _____

_____
_____

The child(ren) shall spend time with the **Other Person** *{If Applicable}* on the following dates and times:
**WEEKENDS:** _____ Every _____ Every Other _____ Other *{Specify}* :

_____
From _____to _____
**WEEKDAYS:** *{Specify Days}*_____
From _____to _____
**OTHER:** *{Specify}* _____

_____
_____

**Please indicate if there is a different time sharing schedule for any child. Complete a separate Attachment for each child for whom there is a different time sharing schedule.**

_____ There is a different time-sharing schedule for the following child(ren) in Attachment _____.

_____, and _____.
         *{Name of* Child*}*                                         *{Name of Child}*

Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (11/15)

2. **Holiday Schedule** *{Choose only **one**}*

a. _____No holiday time sharing shall apply. The regular time-sharing schedule set forth above shall apply.

b. _____Holiday time-sharing shall be as the parties agree.

c. _____Holiday time-sharing shall be in accordance with the following schedule.  The Holiday schedule will take priority over the regular weekday, weekend, and summer schedules.  Fill in the blanks with Mother, Father, or *{If Applicable}* Other Person to indicate where the child(ren) will be for the holidays. Provide the beginning and ending times.  If a holiday is not specified as even, odd, or every year with one party, then the child(ren) will remain with the other party in accordance with the regular schedule

| Holidays | Even Years | Odd Years | Every Year | Begin/End Time |
|---|---|---|---|---|
| Mother's Day | _____ | _____ | _____ | _____ |
| Father's Day | _____ | _____ | _____ | _____ |
| President's Day | _____ | _____ | _____ | _____ |
| Martin Luther King Day | _____ | _____ | _____ | _____ |
| Easter | _____ | _____ | _____ | _____ |
| Passover | _____ | _____ | _____ | _____ |
| Memorial Day Weekend | _____ | _____ | _____ | _____ |
| 4th of July | _____ | _____ | _____ | _____ |
| Labor Day Weekend | _____ | _____ | _____ | _____ |
| Columbus Day Weekend | _____ | _____ | _____ | _____ |
| Halloween | _____ | _____ | _____ | _____ |
| Thanksgiving | _____ | _____ | _____ | _____ |
| Veteran's Day | _____ | _____ | _____ | _____ |
| Hanukkah | _____ | _____ | _____ | _____ |
| Yom Kippur | _____ | _____ | _____ | _____ |
| Rosh Hashanah | _____ | _____ | _____ | _____ |
| Child(ren)'s Birthdays | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |

This holiday schedule may affect the regular time-sharing schedule. Parties may wish to specify one or more of the following options:

d_____ When the parties are using an alternating weekend plan and the holiday schedule would result in one party having the child(ren) for three weekends in a row, the parties will exchange the following weekend, so that each has two weekends in a row before the regular alternating weekend pattern resumes.

e. _____ If a party has the child(ren) on a weekend immediately before or after an unspecified holiday or non-school day, they shall have the child(ren) for the holiday or non-school day.

3**. Winter Break** *{choose only one}*

a. _____ The _____ Mother _____ Father _____*{If Applicable}* Other Person shall have the child(ren) from the day and time school is dismissed until December ____ at ____ a.m./p. m in _____odd-numbered years _____ even-numbered years _____ every year.  The other party will have the child(ren) for the second portion of the Winter Break.  The parties shall alternate the arrangement each year.

b._____ The _____ Mother _____ Father _____ *{If Applicable}* Other Person shall have the child(ren) for the entire Winter Break during _____ odd-numbered years _____ even-numbered years _____ every year

c._____ Other:_____
_____
_____

4.  **Specific Winter Holidays**
If not addressed above, the specific Winter Holidays such as Christmas, New Year's Eve, Hanukkah, Kwanzaa, etc. shall be shared as follows:
_____
_____
_____
_____.

5.  **Spring Break** *{Choose only **one**}*

a. _____The parties shall follow the regular schedule.

b. _____The parties shall alternate the entire Spring Break with the _____ Mother _____ Father _____ *{If Applicable}* Other Person having the child(ren) during the _____ odd-numbered _____ even-numbered years

c. _____The _____ Father _____ Mother _____ *{If Applicable}* Other Person shall have the child(ren) for the entire Spring Break every year.

d. _____The Spring Break will be evenly divided.  The first half of the Spring Break will go to the party whose regularly scheduled weekend falls on the first half and the second half going to the party whose weekend falls during the second half.

e. _____Other: _____.

6. **Summer Break** *{Choose only **one**}*

a. _____        The parents shall follow the regular schedule through the summer.

b. _____        The _____ Mother _____ Father _____ *{If Applicable}* Other Person shall have the entire Summer Break from _____after school is out until _____ before school starts.

c. _____        The parties shall equally divide the Summer Break as follows:
_____
_____
_____
_____

d. _____        Other:
_____
_____.

7.   **Number of Overnights:**

Based upon the time-sharing schedule, the Mother has a total of _____ overnights per year, the Father has a total of _____ overnights per year and *{If Applicable}* the Other Person has a total of _____ overnights per year.  **Note: The total of these numbers must equal 365.**

8. **Attached Time-Sharing Schedule:**

_____**If not set forth above,** the parties shall have time-sharing in accordance with the schedule which is attached as Attachment _____and incorporated herein.

**VIII.    TRANSPORTATION AND EXCHANGE OF CHILD(REN)**

1.     The parties shall have the child(ren) ready on time with sufficient clothing packed and ready at the agreed upon time of exchange.  All necessary information and medicines will accompany the child(ren).

2.     The parties shall exchange travel information and finalize travel plans at least _____days in advance of the date of travel.  Except in cases of emergency, any party requesting a change of travel plans after the date of finalization shall be solely responsible for any additional costs.

3.     **Automobile Transportation and Exchange** *{Choose only one}*
If a party is more than _____minutes late without contacting the other party to make other arrangements, the party with the child(ren) may proceed with other plans and activities.

a._____ The _____ Mother _____ Father _____ *{If Applicable}* Other Person shall provide all transportation.

b. _____ The _____ Mother _____ Father _____ *{If Applicable}* Other Person shall pick up the child(ren) at the beginning of the visit and the other party shall pick up the child(ren) at the end of the visit.  The exchange shall take place:
_____ At the parties' homes unless otherwise agreed
_____ At the following location unless the parties agree in advance to a different location:*{specify}*_____.
_____ The parties shall meet at the following central location:
*{specify}*_____
_____.

c. _____Other:_____.

4. **Airplane and Other Public Transportation and Exchange**

Airline regulations govern the age at which a child may fly unescorted.  An older child or children may fly under such regulations as each airline may establish.

a._____ Until a child reaches the age of _____, the parties agree that the child(ren) shall take a direct flight and/or fly accompanied by: _____.

b._____ Once a child reaches the age of _____, the child shall be permitted to fly accompanied by an airline employee.

c._____ Once a child reaches the age of _____, the child shall be permitted to fly unescorted.

d._____ Other:
_____.

Airline reservations should be made well in advance and preferably, non-stop or direct.

All flight information shall be sent to the other party(ies) at least _____days in advance of the flight by the party purchasing the tickets.

If the child(ren) are flying accompanied by a party, the party picking up the child(ren) shall exchange the child(ren) with the other party at_____ and the party returning the child(ren) shall exchange the children  at _____.
If the exchange is to be made at the airport, the party flying in to pick up or drop off the child(ren) from/to the airport must notify the other party of any flight delays.

Unless otherwise agreed in advance, the party taking the child(ren) to the airport must call the other party(ies) immediately upon departure to notify the other party(ies) that the child(ren) is/are arriving, and the party who meets the child(ren) must immediately notify the other party(ies) upon the child(ren)'s arrival.

5. **Costs of Airline and Other Public Transportation** *{Indicate all that apply}*

   a. _____Ticket Purchase *{If Applicable}*:
   The parties shall work together to purchase the most convenient and least expensive tickets.

   After consultation among the parties, it shall be the responsibility of _____ to purchase the tickets by *{date}* _____.
   All parties entitled to access to, or time-sharing with the child(ren) shall be notified of the purchase by *{date}*_____.

   Proof of the purchase and a copy of the itinerary (choose only **one**) [   ] shall be provided to all parties by *{date}*_____[   ] shall not be provided.

   Unless otherwise agreed or in the case of an unavoidable emergency, any costs incurred by a missed travel connection shall be the sole responsibility of the party who failed to timely deliver the child(ren) to the missed connection.

   b. _____Transportation costs are included in the Child Support Worksheets and/or the Order for Child Support and should not be included here.

   c. _____Mother shall pay _____%  Father shall pay _____% of the transportation costs.

   d. _____Mother shall pay _____% Father shall pay _____% of the transportation costs for an adult to accompany the child(ren) during travel.

   e. _____If the parties are sharing travel costs, the non-purchasing party shall reimburse the other party within _____days of receipt of documentation establishing the travel costs.

   f. _____Other:_____.

6. **Foreign and Out-Of-State Travel** *{Indicate **all** that apply}*

   a. _____          The parties may travel within the United States with the child(ren) during his/her time-sharing.  The party traveling with the child(ren) shall give the other party(ies) at least ____ days written notice before traveling out of state unless there is an emergency, and shall provide the other party(ies) with a detailed

itinerary, including locations and telephone numbers where the child(ren) and party can be reached at least _____ days in advance of the date of travel.

b. _____A party may travel out of the country with the child(ren) during his/her time-sharing. At least _____ days in advance of the date of travel, the party shall provide a detailed itinerary, including locations, and telephone numbers where the child(ren) and party may be reached during the trip. Each party agrees to provide whatever documentation is necessary for the other party(ies) to take the child(ren) out of the country.

c. _____If a party wishes to travel out of the country with the child(ren), he/she shall provide the following security for the return of the child _____ _____.

d. _____Other_____.

7. **Other Travel and Exchange Arrangements:** _____ _____ _____

## IX. EDUCATION

4. **School designation.** For purposes of school boundary determination and registration, the _____ Mother's _____ Father's _____ *{If Applicable}* Other Person's address shall be designated.

5. *{If Applicable}* The following provisions are made regarding private or home schooling: _____ _____ _____.

6. **Other.** _____ _____ _____.

## X. DESIGNATION FOR OTHER LEGAL PURPOSES

The child(ren) named in this Parenting Plan are scheduled to reside the majority of the time with the _____ Mother _____ Father _____ *{If Applicable}* Other Person. This majority designation is **SOLELY** for purposes of all other state and federal laws which require such a designation. **This designation does not affect the rights or responsibilities of any party under this Parenting Plan.**

## XI. COMMUNICATION

4. **Between Parties**

All communications regarding the child(ren) shall be between the parties.  The parties shall not use the child(ren) as messengers to convey information, ask questions, or set up schedule changes.

The parties shall communicate with each other by: *{Indicate **all** that apply}*
_____ in person
_____ by telephone
_____ by letter
_____ by e-mail
_____ Other:_____.


5. **Between Parties and Child(ren)**

The parties shall keep contact information current.  Telephone or other electronic communication between the child(ren) and another party shall not be monitored by or interrupted by the other party.  "Electronic communication" includes telephones, electronic mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless technologies or other means of communication to supplement face to face contact.

The child(ren) may have _____ telephone _____ e-mail _____ other electronic communication in the form of _____ with the other party: *{Choose only **one**}*
_____ Anytime
_____ Every day during the hours of _____ to _____
_____ On the following days_____
        during the hours of _____ to _____
_____ Other: _____

6. **Costs of Electronic Communication** shall be addressed as follows:
_____
_____
_____

**XII. CHILD CARE** *{Choose only **one**}*

1. _____ Each party may select appropriate child care providers
2. _____ All child care providers must be agreed upon by the parties.
3. _____ Each party must offer the other party the opportunity to care for the child(ren)
            before using a child care provider for any period
   exceeding _____ hours.
4. _____ Other _____.

**XIII. CHANGES TO OR MODIFICATIONS OF THE PARENTING PLAN**

Temporary changes may be made informally without a written document. When the parties do not agree, this Parenting Plan remains in effect until further order of the court.

Any substantial changes to the Parenting Plan must be sought through the filing of a supplemental petition for modification.

## XIV.     RELOCATION

Any relocation of the child(ren) is subject to and must be sought in compliance with Section 61.13001, Florida Statutes.

## XV. DISPUTES OR CONFLICT RESOLUTION

The parties shall attempt to cooperatively resolve any disputes which may arise over the terms of the Parenting Plan. The parties may wish to use mediation or other dispute resolution methods and assistance, such as Parenting Coordinators and Parenting Counselors, before filing a court action.

## XVI.     OTHER PROVISIONS

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

**SIGNATURES OF PARTIES**

**I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this plan and intend to be bound by it.**

Dated: _____

_____
Signature of Mother

Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (11/15)

**I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this plan and intend to be bound by it.**


Dated: _____     _____
                                    Signature of Father

                                    Printed Name: _____
                                    Address: _____
                                    City, State, Zip: _____
                                    Telephone Number: _____
                                    Fax Number: _____
                                    Designated E-mail Address(es):_____

                                    _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                    _____
                                    NOTARY PUBLIC or DEPUTY CLERK


                                    _____

                                    *[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____   Personally known
_____   Produced identification
_____   Type of identification produced _____

**I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this plan and intend to be bound by it.**

Dated: _____       _____
                                     Signature of Other Person

                                     Printed Name: _____
                                     Address: _____
                                     City, State, Zip: _____
                                     Telephone Number: _____
                                     Fax Number: _____
                                     Designated E-mail Address(es):_____

                                     _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

                                     _____
                                     NOTARY PUBLIC or DEPUTY CLERK

                                     _____
                                     *[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____  Personally known
_____  Produced identification
_____  Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks] This form was prepared for the: *{choose only one}* (    ) Mother (    ) Father (    ) Other Person. This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,

*{city} _____, {state} _____,{zip code}_____,{telephone number}*